```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-1-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
IN RE MUNICIPAL DERIVATIVES     :    08 Civ. 2516
ANTITRUST LITIGATION            :
                                :    **DECISION AND ORDER**
                                :
------------------------------ X

**VICTOR MARRERO, United States District Judge.**

By motion dated July 2, 2008, plaintiff Haywood County, Tennessee moved to have the firm of Pomerantz, Haudek, Block, Grossman & Gross LLP ("Pomerantz") appointed interim lead counsel or interim co-lead counsel for all plaintiffs in this action. On July 10, 2008, plaintiffs Fairfax County, Virginia; the State of Mississippi; the Mayor and City Council of Baltimore; the City of Chicago; the City of Fall River, Massachusetts; the Charleston County School District; Berkeley County, South Carolina; Central Bucks School District; and Hinds County, Mississippi, filed a motion seeking the appointment of the law firms of Cohen, Milstein, Hausfeld & Toll PLLC ("Cohen"), Boies, Schiller & Flexner LLP ("Boies"), and Susman Godfrey ("Susman") (collectively, the "Firms") as interim co-lead counsel. On July 14, 2008, plaintiffs City of Oakland, California and the County of Alameda, California filed a motion seeking the appointment of the firm of Lieff, Cabraser, Heimann & Bernstein LLP ("Lieff Cabraser") as interim lead counsel or co-lead counsel. By Order dated July 25, 2008, the Court granted the Firms' motion, appointed them

as interim co-lead counsel, and indicated that it would subsequently state its findings, reasoning, and conclusions in a separate decision. For the reasons stated below, the Firms' motion is GRANTED.

## I.   BACKGROUND

The claims in this action arise out of an alleged unlawful conspiracy on the part of more than forty corporate defendants and others to illegally rig bids, limit competition, and fix prices in the trillion-dollar municipal derivatives market. In September of 2007, defendant Bank of America ("BoA") entered into the antitrust corporate leniency program administered by the Department of Justice under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 ("ACPERA"). See Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, tit. II, § 201 et seq., 118 Stat. 661, 665-669. ACPERA provides that the damages recoverable from a defendant who meets certain cooperation requirements shall not exceed the damages actually caused by that defendant. Id. at § 213(a). On September 12, 2007, Cohen entered into an agreement with BoA under which Cohen agreed not to seek treble damages against BoA in exchange for information and evidence pertaining to the alleged conspiracy for the purposes of settlement negotiations. (See Confidentiality Agreement, dated Sept. 12,

2007 (the "Agreement"), attached as Ex. B to Mem. of Law in Support of Mot. For Appointment of Interim Leadership Structure.) The Agreement specifically preserves plaintiffs' right to seek treble damages against any and all of the other defendants in the case, who remain jointly and severally liable for all the damages caused by the conspiracy, including those attributable to BoA. Id. ¶ 12. On March 12, 2008, Cohen and Boies filed the first complaint in this case in the United States District Court for the District of Columbia. On March 24, 2008, Pomerantz filed a complaint on behalf of plaintiff Haywood County, Tennessee in the Southern District of New York, and on April 23, 2008, Lieff Cabraser filed a complaint in the Northern District of California on behalf of the plaintiff City of Oakland, California. On June 16, 2008, the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, transferred all pending and subsequent related actions to this District and ordered that they be assigned to this Court for coordinated or consolidated pretrial proceedings.

## II. DISCUSSION

A. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) ("Rule 23(g)(3)") provides that the Court "may designate interim counsel to act on behalf of a putative class before

determining whether to certify the class." "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities ...." Manual For Complex Litigation (Fourth) § 21.11 (2004). When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). See In re Air Cargo Shipping, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Air Cargo"). Rule 23(g)(1)(A) provides that the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court "must appoint the applicant best able to represent the interests of" the plaintffs.

B.  APPLICATION

In considering the qualifications of the applicant firms in light of the above factors, the Court is satisfied that each firm seeking appointment as interim lead counsel possesses the necessary experience handling class actions and complex litigation. Similarly, the Court finds that each applicant firm has sufficiently demonstrated knowledge of

antitrust law to serve effectively as interim lead counsel. (See Decl. of Michael D. Hausfeld, dated July 10, 2008 ("Hausfeld Decl."), ¶¶ 4, 7, and 9; Resume of Boies Schiller & Flexner LLP, at 2, attached as Ex. 1 to Decl. of William A. Issacson; Resume of Susman Godfrey LLP, at 1-5, attached as Ex. 1 to Decl. of Marc. M. Seltzer; Resume of Lieff, Cabraser, Heimann & Bernstein LLP, at 2-9, attached as Ex. A to Decl. of Eric B. Fastiff ("Fastiff Decl."); Mem. of Pl. Haywood County, Tennessee In Support of Mot. for Appointment of Interim Lead Counsel, dated July 2, 2008, at 8.)

In considering the work done by counsel in identifying and investigating potential claims in this action, the Court finds that the work done by the Firms weighs in favor of their appointment as interim lead counsel. Approximately eleven months ago, the Firms initiated settlement negotiations with BoA, overseen by the Honorable Daniel Weinstein (Ret.), and culminating in the Agreement. (See Mem. of Law In Support of Mot. for Appointment of Interim Leadership Structure, dated July 10, 2008 at 3.) The Firms actively obtained information related to the alleged antitrust scheme from BoA pursuant to the Agreement, which facilitated the filing of complaints in this action. (See Hausfeld Decl. ¶ 2b.) Additionally, the Firms filed the first complaints in this case, and the subsequent complaints filed by Lieff Cabraser and Pomerantz

are substantially similar to those initial filings. (See Hausfeld Decl. ¶ 23.) These events demonstrate that the Firms have a substantial history of investigating the potential claims in this action.

Lieff Cabraser and Pomerantz assert that they have also conducted significant investigations into the potential claims in this action. Specifically, Lieff Cabraser argues that it has invested significant resources in investigating the claims in this action by compiling a proprietary database of bid information and retaining various experts to search for evidence of bid-rigging or other illegal activities. (See Fastiff Decl. ¶ 9.) Pomerantz, while not claiming investigative efforts of its own, asserts that all the information contained in the Firms' initial complaint was publicly available. (See Chart Comparing Factual Content, attached as Ex. B. to Decl. of Michael M. Buchman.) Although the Court does not question that Lieff Cabraser and Pomerantz expended investigative efforts in this matter, the Court finds that, after weighing their proffered investigative efforts as against those of the Firms, the Firms expended substantially more effort and resources and obtained more substantial and more valuable and reliable information. The Court thus concludes that considering the work done to identify and investigate the alleged antitrust violations weighs in favor

of the Firms' appointment as interim co-lead counsel.

As for the resources that interim lead counsel in the instant matter will likely commit to representing the plaintiffs, the Court finds that this factor also weighs in favor of appointing the Firms. Because many of the defendants in this case are large financial institutions with substantial financial and legal resources, it is likely that interim lead plaintiffs in this case will have to expend considerable resources when representing the plaintiffs. Altogether, the Firms have substantial resources at their disposal, including more than 380 lawyers and offices in several major cities throughout the country. By contrast, neither Lieff Cabraser (with fifty-three lawyers in three offices), nor Pomerantz (with twenty-one lawyers in five offices) have resources comparable to those of the Firms. Accordingly, the Firms' greater collective resources weighs in favor of their appointment as interim co-lead counsel.

Finally, Lieff Cabraser and Pomerantz argue that it would be improper to appoint the Firms because they have improperly exchanged the plaintiffs' right to recover treble damages against BoA for the information BoA provided pursuant to the Agreement, thereby lessening any potential recovery for the plaintiffs that involves BoA. Pomerantz relies on Air Cargo, where the Court held that a different group of firms headed by

Cohen "carrie[d] baggage which may interfere with the resolution of these actions" because it had already negotiated settlements with four of the defendants. Air Cargo, 240 F.R.D. at 58. In Air Cargo, the Court appointed three firms interim co-lead counsel in addition to Cohen partly in order to avoid the "appearance that the defendants have influenced the selection of interim class counsel." Id. Pomerantz argues that the Agreement in this case, like the four settlements in Air Cargo, similarly requires the appointment of firms not party to it as interim lead counsel. The Court disagrees. Unlike the settlements in Air Cargo, the Agreement does not dispose of the claims against BoA in any way. Rather, it merely reduces the amount of damages that plaintiffs may seek directly from BoA, a reduction that is already contemplated by ACPERA as an incentive to encourage cooperation with the government. See ACPERA § 213(a). Furthermore, the Agreement expressly reserves plaintiffs' right to seek treble damages from each of the other defendants in this action, who remain potentially jointly and severally liable for the total damages caused by the alleged conspiracy, including those attributable to BoA. (See Agreement ¶ 12.) The Court concludes that the Firms have not waived the plaintiffs' rights so as to create "baggage interfer[ing] with the resolution of these actions." Air Cargo, 240 F.R.D. at

58. Therefore, the Agreement does not render the appointment of the Firms as interim co-lead counsel inappropriate. Accordingly, after considering the arguments and submissions by the movants, the Court finds that the Firms are the "applicant[s] best able to represent the interests of" the plaintiffs. Rule 23(g)(2).

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Court's Order dated July 25, 2008 is amended to incorporate the discussion set forth in this decision above; and it is further

**ORDERED** that the motion (Docket No. 134) of plaintiffs Fairfax County, Virginia; the State of Mississippi; the Mayor and City Council of Baltimore; the City of Chicago; the City of Fall River Massachusetts; the Charleston County School District; Berkeley County, South Carolina; Central Bucks School District; and Hinds County, Mississippi to appoint the law firms of Cohen, Milstein, Hausfeld & Toll P.L.L.C., Boies, Schiller & Flexner LLP, and Susman Godfrey as interim lead counsel is GRANTED; and it is finally

**ORDERED** that the motions (Docket Nos. 137 and 147) of all other movants seeking appointment to serve as interim co-lead counsel are DENIED.

**SO ORDERED.**

Dated:   New York, New York
         31 July 2008

                                    Victor Marrero
                                       U.S.D.J.