UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Oakland v. AIG Finan. Prods. Corp., et al.,* 08 Civ. 6340 (VM); *County of Alameda v. AIG Finan. Prods. Corp., et al.,* 08 Civ. 7034 (VM); *City of Fresno v. AIG Finan. Prods. Corp., et al.,* 08 Civ. 7355 (VM); *Fresno County Financing Authority v. AIG Finan. Prods. Corp., et al.*, 09 Civ. 1199 (VM) | MDL No. 1950 (VM) (GWG)<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS CITY OF OAKLAND, COUNTY OF ALAMEDA, CITY OF FRESNO, AND FRESNO COUNTY FINANCING AUTHORITY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS JOINT SECOND AMENDED CLASS ACTION COMPLAINT** |

Pursuant to Federal Rule of Evidence 201, plaintiffs respectfully request that the Court take judicial notice of the following records and the facts contained in them, including the admissions or charges of guilt:

    a.    Letter from Rebecca Meiklejohn, United States Department of Justice ("DOJ"), to the Honorable Victor Marrero, United States District Judge, dated February 27, 2010, and attachments thereto (attached hereto as Exhibit 1);

    b.    Plea Agreement, *United States of America v. Douglas Alan Goldberg*, No. 1:10-cr-00209 (S.D.N.Y. filed Mar. 15, 2010) (attached hereto as Exhibit 2);

    c.    Information, *United States of America v. Douglas Alan Goldberg*, No. 1:10-cr-00209 (S.D.N.Y. filed Mar. 15, 2010) (attached hereto as Exhibit 3);

    d.    Plea Agreement, *United States of America v. Matthew Adam Rothman*, No. 1:10-cr-00200 (S.D.N.Y. filed Mar. 11, 2010) (attached hereto as Exhibit 4);

    e.    Information, *United States of America v. Matthew Adam Rothman*, No. 1:10-cr-00200 (S.D.N.Y. filed Mar. 11, 2010) (attached hereto as Exhibit 5);

    f.    Plea Agreement, *United States of America v. Daniel Moshe Naeh, A/K/A Dani Naeh*, No. 1:10-cr-00139 (S.D.N.Y. filed Feb. 24, 2010) (attached hereto as Exhibit 6);

    g.    Information, *United States v. Daniel Moshe Naeh, A/K/A Dani Naeh*, No. 1:10-cr-00139 (S.D.N.Y. filed Feb. 23, 2010) (attached hereto as Exhibit 7);

    h.    Indictment, *United States of America v. Rubin/Chambers Dunhill Insurance Services, Inc. dba Chambers, Dunhill Rubin & Co. and CDR Financial Products, Inc.; David Rubin; Zevi Wolmark, aka Stewart Wolmark; and Evan Andrew Zarefsky*, No. 1:09-cr-01058 (S.D.N.Y. filed Oct. 29, 2009) (attached hereto as Exhibit 8); and

    i.    The Antitrust Criminal Penalty Enhancement and Reform Act of 2004, P.L. 108-237, tit. II, § 201, *et seq*., 118 Stat. 661, 665-669 ("ACPERA") (attached hereto as Exhibit 9).

**DISCUSSION**

In their opposition to the motion to dismiss, the California class plaintiffs discuss the relevance of the above-listed records and certain facts in them, such as admissions and charges of guilt. *See* Plaintiffs City of Oakland, County of Alameda, City of Fresno, and Fresno County Financing Authority's Opposition to Defendants' Joint Motion to Dismiss Joint Second Amended Class Action Complaint ("Opp."). The DOJ letter, guilty plea agreements, informations, and indictment listed above are not subject to dispute, and their accuracy is capable of ready determination. Plaintiffs also request that the Court take judicial notice of a federal statute, the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, P.L. 108-237 ("ACPERA"). These documents are the proper subject of judicial notice.

A court may judicially notice facts that are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Court records and filings are among the types of records that that courts judicially notice. *See Bienville Water Supply Co. v. City of Mobile*, 186 U.S. 212, 217 (1902) ("we take judicial notice of our own records"); *Ira S. Bushey & Sons v. W.E. Hedger Transp. Corp.*, 167 F.2d 9, 12 (2d Cir. 1948) ("It is of course thoroughly settled that the court takes judicial notice of its own records"). Under this rule, judicially noticing the DOJ's submission of February 17, 2010, is warranted because the DOJ's statement that the conspiracy included 25 corporate co-conspirators and 30 individual co-conspirators, and adversely affected at least 250 specifically-identified transactions, undermines the defendants' claim that the conspiracy was restricted in scope.

The Court should also judicially notice the DOJ letter, guilty pleas, informations, and indictment in the criminal cases. In its Order of March 25, 2010, the Court stated it was judicially noticing the indictment. Order at 12; *see also B.T. Produce Co. v. Robert A. Johnson*

*Sales, Inc.*, 354 F. Supp. 2d 284, 287 n.3 (S.D.N.Y. 2004) (finding that an indictment, a plea agreement, and a transcript of a sentencing hearing "are subject to judicial notice pursuant to Fed. R. Evid. 201(b)."); *Davis v. Cotov*, 214 F. Supp. 2d 310, 315-16 (E.D.N.Y. 2002) (taking judicial notice of guilty plea); *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993) (taking judicial notice of conviction). Facts contained in these records are also an appropriate subject of judicial notice. *See U.S. v. Smith*, 407 F.2d 33, 35 (2d Cir. 1969) ("it is established that a plea of guilty admits all facts well pleaded"); *United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006) (by pleading guilty, a defendant admits "all of the facts charged in the information"). Here, the facts admitted in the guilty pleas corroborate numerous facts alleged in the complaint. *See* Opp., Appendix A. Therefore, for purposes of considering the plausibility of plaintiffs' factual allegations, it is appropriate for the court to take judicial notice of the facts admitted in the pleas.

In addition, plaintiffs request that the Court judicially notice the ACPERA statute. As has long been recognized, a statute is a type of document that qualifies for judicial notice under Federal Rule of Evidence 201. *See St. Louis, I.M. & S. Ry. Co. v. Starbird*, 243 U.S. 592, 598 (1917); *Vagaszki v. Consolidation Coal Co.*, 225 F. 913, 915 (2d Cir. 1915). The Court should judicially notice ACPERA because defendant Bank of America has publicly admitted that it is the leniency applicant in the DOJ's ongoing criminal investigation into bid-rigging, market allocation agreements, kickbacks, and other unlawful restraints of trade in the municipal bond industry. The statute and the DOJ's public comments regarding it (*see* JSAC ¶ 5) show that, by applying for leniency, the applicant admits it has committed antitrust violations, and, in exchange for criminal amnesty granted by the DOJ and a waiver of treble damages and joint and several liability in a parallel civil action, the applicant must cooperate both with the DOJ and with the

civil plaintiffs by providing detailed information concerning the unlawful activity in which it participated.

For the foregoing reasons, plaintiffs respectfully request that the Court judicially notice these materials.

Dated: March 26, 2010

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:     /s/ *Eric B. Fastiff*
        Eric B. Fastiff

Richard M. Heimann
*rheimann@lchb.com*
Joseph R. Saveri
*jsaveri@lchb.com*
Eric B. Fastiff
*efastiff@lchb.com*
Jordan Elias
*jelias@lchb.com*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Steven E. Fineman
*sfineman@lchb.com*
Daniel E. Seltz
*dseltz@lchb.com*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

James A. Quadra
*quadra@meqlaw.com*
Sylvia Sokol
*sokol@meqlaw.com*
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street
Mills Tower, Suite 2100
San Francisco, CA 94104
Telephone:	(415) 362-3599
Facsimile:	(415) 362-2006

*Attorneys for Plaintiffs City of Oakland, County of Alameda, City of Fresno, and Fresno County Financing Authority*

**CERTIFICATE OF SERVICE**

I certify that on March 26, 2010, I caused the foregoing to be properly served by filing the foregoing via electronic filing using the CM/ECF system, which will send notifications of such filings to counsel registered to receive such filings in this case.

*/s/ Daniel E. Seltz*
Daniel E. Seltz

861778.4