UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>City of Oakland v. AIG Finan. Prods. Corp., 08 Civ. 6340 (VM);<br>County of Alameda v. AIG Finan. Prods. Corp., 08 Civ. 7034 (VM);<br>City of Fresno v. AIG Finan. Prods. Corp., 08 Civ. 7355 (VM);<br>Fresno County Fin. Auth. v. AIG Finan. Prods. Corp., 09 Civ. 1199 (VM);<br>City of Stockton v. Bank of Am., N.A., 08 Civ. 10350 (VM);<br>City of Los Angeles v. Bank of Am., N.A., 08 Civ. 10351 (VM);<br>County of San Diego v. Bank of Am., N.A., 09 Civ. 1195 (VM);<br>County of San Mateo v. Bank of Am., N.A., 09 Civ. 1196 (VM);<br>Contra Costa County v. Bank of Am., N.A., 09 Civ. 1197 (VM);<br>City of Riverside v. Bank of Am., N.A., 09 Civ. 10102 (VM);<br>Sacramento Mun. Util. Dist. v. Bank of Am., N.A., 09 Civ. 10103 (VM);<br>L.A. World Airports v. Bank of Am., N.A., 10 Civ. 0627 (VM);<br>County of Tulare v. Bank of Am., N.A., 10 Civ. 0628 (VM);<br>Sacramento Suburban Water Dist. v. Bank of Am., N.A., 10 Civ. 0629 (VM);<br>Redev. Agency of Stockton v. Bank of Am., N.A., 10 Civ. 0630 (VM). | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG)<br><br>**MORGAN STANLEY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE CALIFORNIA COMPLAINTS FOR FAILURE TO STATE A CLAIM**<br><br>ECF CASE<br><br>ELECTRONICALLY FILED |

Concurrently with its motion for reconsideration of the Court's March 25, 2010 Decision and Order (the "3/25/10 Order"), Morgan Stanley hereby files this reply memorandum in further support of its motion to dismiss the Joint Second Amended Class Action Complaint ("JSAC") filed by Lieff Cabraser and the eleven "Cotchett Complaints" filed by Cotchett Pitre (collectively, the "California Complaints"). Whether viewed separately or collectively, the California Complaints fail to suggest in any way that Morgan Stanley "made an agreement" to engage in any anticompetitive conduct whatsoever. (See 3/25/10 Order at 16-17.)

**JSAC (Lieff Cabraser)**

With respect to Morgan Stanley, the JSAC is identical to the SCAC, alleging nothing more than that Morgan Stanley received an opportunity to lower a bid through a last look. (See JSAC ¶ 160.) In opposition to Morgan Stanley's motion to dismiss and the accompanying memorandum, Lieff Cabraser Plaintiffs offer just a single footnote within their memorandum in opposition to Defendants' joint submission. (See dkt. no. 644 at 13 n.8.) Relying on the 3/25/10 Order, Plaintiffs argue that the JSAC need not, among other things, "'provide any particular details about conduct undertaken by Morgan Stanley.'" (Id. at 13 n.8 (quoting 3/25/10 Order at 28).) Regardless of Plaintiffs' interpretation of the Court's 3/25/10 Order, however, Twombly requires that – to survive Morgan Stanley's motion to dismiss – the California Complaints must plausibly suggest Morgan Stanley made an agreement to participate in the alleged conspiracy. (See 3/25/10 Order at 16-17.)

As a matter of law, an allegation regarding a "mere opportunity to conspire does not by itself support the inference that such an illegal combination actually occurred." See Capital Imaging Assocs., PC v. Mohawk Valley Med. Assocs., Inc., 996 F.2d 537, 545 (2d Cir. 1993); see also Hinds County, Miss. v. Wachovia Bank N.A., 620 F. Supp. 2d 499, 513 (S.D.N.Y.

1

2009).  Here, the allegation is so indefinite – lacking specifics such as the type of financial product and whether competitive bidding was required under IRS rules – that it is patently <u>unreasonable</u> to infer such a communication even amounted to an invitation for Morgan Stanley to conspire.  But even assuming that the purported last look communication was an offer to conspire, without more, Plaintiffs cannot state a claim against Morgan Stanley because the allegation does not suggest that Morgan Stanley ever made an agreement with any other alleged co-conspirator or acted according to anything but its own independent business judgment.  To the contrary, the L.A. Complaint, of which this Court has already taken judicial notice, (<u>see</u> 3/25/10 Order at 29), along with every other Cotchett Complaint, alleges that Morgan Stanley did <u>not</u> accept this purported opportunity to lower its bid.  (<u>See, e.g.</u>, L.A. Compl. ¶ 215; Tulare Compl. ¶ 229.)[1]

**<u>Cotchett Complaints (Cotchett Pitre)</u>**

In opposition to Morgan Stanley's motion to dismiss, Cotchett Pitre Plaintiffs argue that the allegation Morgan Stanley received <u>and rejected</u> an opportunity to lower a bid through a last look supports not only a plausible inference of participation in the alleged conspiracy, but also a per se violation of the Sherman Act.  (<u>See</u> dkt. no. 655 at 3).  Plaintiffs apparently regard "last looks" as synonymous with bid rigging.  But, last looks are not per se illegal, <u>see, e.g.</u>, <u>Sitkin Smelting & Refining Co. v. FMC Corp.</u>, 575 F.2d 440, 447-48 (3d Cir. 1978), and <u>rejecting</u> an opportunity to lower a bid certainly does not suggest that Morgan Stanley made an agreement to engage in any wrongdoing whatsoever.  Indeed, Plaintiffs' argument regarding what this

---

[1] Lieff Cabraser Plaintiffs' so-called "co-conspirator standing doctrine," (<u>see</u> dkt. no. 644 at 13 n.8), which relies instead on elements of joint and several liability, appears to contend that if Plaintiffs have standing to sue one alleged co-conspirator then they have standing against <u>all</u> alleged co-conspirators.  This of course begs the question of whether the California Complaints adequately allege that Morgan Stanley is a co-conspirator.

2

allegation "implies" about Morgan Stanley's "usual conduct during the course of the conspiracy" or "other instances," (see dkt. no. 655 at 3), asks this Court to draw blatantly <u>unreasonable</u> inferences to suggest the plausibility of an anticompetitive agreement given that this is the only allegation particular to Morgan Stanley.[2]

The Cotchett Complaints add little else to plausibly suggest Morgan Stanley participated in the alleged conspiracy. No inference can be drawn against Morgan Stanley from the allegation that "First Southwest sent revised bid information" for a Rhode Island bond refunding. (See, e.g., Tulare Compl. ¶ 369.) Not only do brokers regularly send revised bid information to providers in the ordinary course of business, but also – assuming <u>arguendo</u> some conspiratorial purpose on the part of First Southwest – this allegation (again, at best) amounts to nothing more than an alleged opportunity for Morgan Stanley to conspire based on the "mere fact" that Morgan Stanley is involved in the municipal derivatives industry. See <u>Hinds County</u>, 620 F. Supp. 2d at 515.

Finally, Plaintiffs' rank speculation that Marty Stallone at IMAGE supposedly "expected to be able to rig" a Virgin Islands debt service reserve fund transaction because "he had contacts at Morgan Stanley" is simply absurd. (See dkt. no. 655 at 4.) Nowhere is this alleged, and for good reason: according to the Cotchett Complaints, Morgan Stanley interfered with the purported object of the alleged conspiracy and won the bidding for the transaction despite the purported collusion to allocate the transaction to Bank of America. (See, e.g., Tulare Compl. ¶¶

---

[2] Plaintiffs also argue that Morgan Stanley's involvement can be inferred from the "allegations against the other co-conspirators," Doug Campbell at Bank of America and Jim Towne at Piper Jaffray. (See dkt. no. 655 at 2-3.) But whether the Cotchett Complaints plausibly suggest that Morgan Stanley ever made an agreement to participate in the alleged conspiracy is a separate inquiry from whether sufficient facts are alleged against Bank of America or Piper Jaffray, especially in light of the allegation that Morgan Stanley rejected its only purported opportunity to conspire.

373-74.) On its face, this allegation likewise <u>refutes</u> any plausible suggestion that Morgan Stanley made an agreement to participate in any way in the alleged conspiracy.

Indeed, as discussed in the accompanying motion for reconsideration, Morgan Stanley stands in a categorically different position than the other Defendants, and the California Complaints' manifestly insufficient allegations serve only to emphasize this reality. Morgan Stanley has not received a Department of Justice target letter, and was not referenced in the CDR indictment. Nor was Morgan Stanley listed as an alleged co-conspirator in the CDR Bill of Particulars.

For the foregoing reasons, and those demonstrated in Morgan Stanley's memorandum in support of its motion to dismiss the California Complaints, this Court should dismiss the California Complaints without prejudice as against Morgan Stanley.

Respectfully Submitted,

SKADDEN ARPS SLATE MEAGHER & FLOM LLP

Dated: New York, New York
April 8, 2010

By /s/ Shepard Goldfein
    Shepard Goldfein
    Shepard.Goldfein@skadden.com
    Paul M. Eckles
    Paul.Eckles@skadden.com
    Nicholas A. Danella
    Nicholas.Danella@skadden.com
    Four Times Square
    New York, NY 10036
    (212) 735-3000

*Attorneys for Morgan Stanley*