```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
HINDS COUNTY, MISSISSIPPI,           :
                                     :
                        Plaintiff,   :
                                     :
    - against -                      :
                                     :     08 Civ. 2516
                                     :
WACHOVIA BANK N.A. et al.,           :
                                     :
                        Defendants.  :
------------------------------------X
IN RE MUNICIPAL DERIVATIVES          :
ANTITRUST LITIGATION                 :     08 MDL No. 1950
                                     :
THIS DOCUMENT RELATES TO:            :     DECISION AND ORDER
ALL ACTIONS                          :
------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-10

**VICTOR MARRERO, United States District Judge.**

## I. BACKGROUND

By Decision and Order dated March 25, 2010 (the "March 2010 Decision")[1], the Court denied the motion of defendant Morgan Stanley to dismiss the second consolidated amended class action complaint (the "SCAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court determined that the plaintiff municipalities and other purchasers of municipal derivatives (collectively, "Plaintiffs") had stated a plausible Sherman Act, 15 U.S.C. § 1 ("§ 1") claim against Morgan Stanley.

Morgan Stanley now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. Morgan Stanley's

---

[1] The March 2010 Decision is reported as Hinds County, Miss. v. Wachovia Bank N.A., -- F. Supp. 2d --, 2010 WL 1244765 (S.D.N.Y. Mar. 25, 2010).

submission in support of the instant motion reiterates essentially the same arguments made in its motion to dismiss, points that this Court fully considered and found meritless.

## II. STANDARD OF REVIEW

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litg., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). To these ends, a request for reconsideration under Local Rule 6.3 ("Rule 6.3"), which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be

expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. See Montanile v. National Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

### III. DISCUSSION

Morgan Stanley urges reconsideration on the basis of the same arguments that were raised in briefing on the original motion to dismiss. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the March 2010 Decision. Indeed, the Court took into account and rejected

the various considerations Morgan Stanley asserts as grounds for this motion.

Specifically, Morgan Stanley asserts that the allegations in the SCAC do not raise a plausible inference that it participated in the alleged antitrust conspiracy. Morgan Stanley argues that the SCAC's lone allegation against it describes a mere opportunity to lower its bid on a municipal derivatives transaction, an allegation that it asserts cannot, without more, make it plausible that Morgan Stanley participated in the alleged conspiracy. Morgan Stanley points to another complaint in this multidistrict litigation, City of Los Angeles v. Bank of America, 08 Civ. 2516 (S.D.N.Y.) (the "L.A. Complaint"), which alleges that Morgan Stanley did not accept the opportunity to lower its bid described in the SCAC. The Court's decision, however, was not grounded solely on Morgan Stanley's isolated opportunity to lower its bid. Rather, as stressed by the Court in the March 2010 Decision, the Court considered the allegations against Morgan Stanley in light of the SCAC as a whole. See Hinds, 2010 WL 1244765, at *13. While Morgan Stanley selectively supports its argument with the L.A. Complaint's allegation that Morgan Stanley did not lower its bid in response to the opportunity described in the SCAC, the fuller picture as alleged in the L.A. Complaint is that two individuals employed by other co-defendants, about

whom the SCAC is replete with factual allegations connecting them to the alleged conspiracy, were shocked that Morgan Stanley did not change its bid "in this instance." (L.A. Complaint ¶ 215.) The phrase "in this instance," viewed in light of the SCAC as a whole, raises a plausible inference that Morgan Stanley, in other instances, participated in the alleged conspiracy.

Because Morgan Stanley has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Morgan Stanley's motion for reconsideration is DENIED.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion of defendant Morgan Stanley for reconsideration (Docket No. 671) of the Court's Decision and Order dated March 25, 2010 is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         9 April 2010

                                        Victor Marrero
                                          U.S.D.J.