UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG)<br><br>RABOBANK GROUP'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE CALIFORNIA COMPLAINTS FOR FAILURE TO STATE A CLAIM |
| THIS DOCUMENT RELATES TO:<br><br>City of Stockton v. Bank of Am., N.A., 08 Civ. 10350 (VM);<br>City of Los Angeles v. Bank of Am., N.A., 08 Civ. 10351 (VM);<br>County of San Diego v. Bank of Am., N.A., 09 Civ. 1195 (VM);<br>County of San Mateo v. Bank of Am., N.A., 09 Civ. 1196 (VM);<br>Contra Costa County v. Bank of Am., N.A., 09 Civ. 1197 (VM);<br>City of Riverside v. Bank of Am., N.A., 09 Civ. 10102 (VM);<br>Sacramento Mun. Util. Dist. v. Bank of Am., N.A., 09 Civ. 10103 (VM)<br>L.A. World Airports v. Bank of Am., N.A., 10 Civ. 00627 (VM)<br>County of Tulare v. Bank of Am., N.A., 10 Civ. 00628 (VM)<br>Sacramento Suburban Water Dist. v. Bank of Am., N.A., 10 Civ. 00629 (VM)<br>Redev. Agency of Stockton v. Bank of Am., N.A., 10 Civ. 00630 (VM) | |

Rabobank respectfully submits this Reply Memorandum of Law in support of dismissal of Rabobank as a defendant in the eleven complaints filed on behalf of California plaintiffs by the Cotchett Pire law firm in the above-referenced actions ("the California Complaints"). As explained herein, the factual allegations against Rabobank in the California Complaints, which are the *only* complaints in this multi-district litigation to name Rabobank as a defendant, fall far short of those deemed sufficient by the Court in denying the Class Defendants motion to dismiss the Second Consolidated Amended Complaint ("SCAC"). As to Rabobank, the California

Complaints demonstrate no more than participation in an industry in which anticompetitive conduct is alleged to have occurred – precisely the type of allegations that the Court has already deemed insufficient to survive a motion to dismiss. Accordingly, Rabobank respectfully requests that this Court dismiss the California Complaints against Rabobank.

### **Argument**

The factual allegations in the California Complaints are insufficient to give rise to a plausible inference that Rabobank participated in an illegal agreement to restrain trade. As demonstrated in Rabobank's opening brief, the California Plaintiffs' claims against Rabobank are based almost entirely on the so-called "statistical analysis" that is unique to the California Complaints. *See* Rabobank's Supp. Mem. in Support of Its Motion to Dismiss The Cal. Compls. (Dkt. 597) at 3. Indeed, the Opposition Brief submitted by the California Plaintiffs includes a chart of "allegations of involvement in the conspiracy by defendant." *See* Public Entity Pls.' Mem. in Opp. to Defs.' Joint Mot. to Dismiss ("Opposition Brief") (Dkt. 665), Exh. A. All but one of the allegations listed for Rabobank directs the Court to this statistical analysis. *Id.* The only other allegation referenced concerns the DOJ's investigation into certain City of Riverside transactions, not into Rabobank itself or any action by Rabobank.

The factual allegations included in the California Complaints' statistical analysis suggest no more than that Rabobank submitted allegedly low bids in a handful of GIC auctions that appear to have been part of a highly competitive bidding process. *See* Joint Mem. in Support of Defs.' Motion to Dismiss The Cotchett Compls. ("Joint Mem.") (Dkt. 594) at 21-26. While the California Plaintiffs assert that Rabobank's bids must have been "courtesy bids" submitted in furtherance of the alleged conspiracy, their own allegations describing the statistical analysis acknowledge that there may be competitive reasons for a large spread among bids and that the

2

presence of a courtesy bid is only one of the inferences that might be drawn from such a spread. *See* Joint Mem. at 24-25.

With no additional facts to render plausible the assertion that Rabobank submitted these bids in furtherance of an illegal agreement, the California Plaintiffs' claims against Rabobank must fail.  As the Second Circuit recently confirmed, "[t]he crucial question in a Section 1 case is [] whether the challenged conduct stems from independent decision or from an agreement, tacit or express." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quotations omitted); *see also Hinds County v. Wachovia*, --- F. Supp. 2d ---, 2010 WL 1244765, *10 (S.D.N.Y. March 25, 2010) ("March 25 Order")  (The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement.") (quoting *Starr*, 592 F.3d at 322).  Indeed, this Court originally dismissed claims against certain defendants in the Consolidated Class Action Complaint precisely because the Named Plaintiffs "failed to plead facts plausibly suggesting a meeting of the minds" among any of those defendants.  *Hinds County v. Wachovia*, 620 F. Supp. 2d 499, 513 (S.D.N.Y. 2009). While the Court has found that problem solved in the SCAC, where Rabobank is not named as a defendant, the California Complaints lack sufficient factual allegations from which it plausibly could be inferred that Rabobank's bid in any particular auction was the result of an agreement.

California Plaintiffs' argument that they are not required to allege the "specific time, place or person" involved in each allegation of conspiratorial conduct misses the point.  *See* Public Entity Pls.' Supp. Mem. in Opp. to Rabobank's Mot. to Dismiss (Dkt. 660) at 1.  The insufficiencies of the California Plaintiffs' claims against Rabobank extend far beyond a mere failure to include sufficient details about, for example, *which* employee of Rabobank communicated with other Defendants in furtherance of the conspiracy and when.  The

fundamental flaw is the lack of *any* allegation that *any* employee of Rabobank *ever* communicated with or interacted with another Defendant.

The deficiencies in the California Plaintiffs' allegations against Rabobank become all the more apparent when compared to the sort of factual allegations deemed sufficient by the Court in the March 25 Order. The Court evaluated Class Plaintiffs' claims against each Class Defendant, observing that the factual foundation of the SCAC was information from audiotapes and emails obtained from Bank of America and testimony from the Confidential Witness that allegedly describe communications and conduct in furtherance of the conspiracy. *See* March 25 Order at *4. In upholding the claims against each Class Defendant, the Court pointed to at least one allegation gleaned from this confidential proffer of information or government investigation that allegedly described communications concerning that defendants' alleged role in the conspiracy.[1] The single factual allegation against Morgan Stanley deemed sufficient to implicate it in the conspiracy, for example, came directly from a taped conversation between an employee of Bank of America and another co-conspirator who stated that he gave Morgan Stanley a "last look" at a bid. *Id.* at *11. No similar allegations exist here to plausibly link Rabobank to the alleged conspiracy.

In addition, while the Court evaluated the claims in the SCAC in light of investigations into the municipal derivatives industry, it placed specific emphasis on the recent grand jury

---

[1] *See, e.g.*, March 25 Order at *12 ("The SCAC alleged numerous communications between the Confidential Witness and [an employee of] Investment Management Advisory – illustrating Investment Management Advisory's role in coordinating bids among numerous Defendants."); *id.* ("Named Plaintiffs allege that the President and former Vice President of Sound Capital . . . advised the Confidential Witness what bid BoA needed to enter in order to win a municipal derivates trade."); *id.* ("The SCAC alleges that there exists audiotape recordings of discussions between a BoA employee and [a UBS employee] discussing the pricing terms[.]"); *id.* ("Stallone of Investment Management Advisory on one occasion told the Confidential Witness that he had received courtesy bids from NatWest[.]"); *id.* at *14 (relying on allegations about allegedly collusive trades identified by audiotapes and the Confidential Witness for which Wachovia allegedly received "last looks[.]").

indictment against CDR and inquiries into the practices of numerous banks and brokers themselves. *See* March Order at *10 (relying on allegations that "more than 30 banks, insurance companies, and brokers" have been subpoenaed, SCAC ¶ 166, and that "a total of 38 firms have received such investigative requests from state AGs," SCAC ¶ 173).[2] Unlike the banks and firms named as defendants in the SCAC, Rabobank has never been contacted concerning a single investigation into the municipal derivatives industry and not a single factual allegation in the California Complaints derived from these sources mentions Rabobank. The California Plaintiffs emphasize that the City of Riverside has been issued a subpoena concerning GIC auctions in which Rabobank participated. However, the claims against Rabobank are not rendered plausible based on the mere fact that Rabobank bid on transactions about which the City of Riverside has been subpoenaed. *Hinds* at *11 ("The mere fact that defendants are involved in an industry that is purportedly rife with antitrust violations is not, without more, enough to state a § 1 claim.").

**Conclusion**

Rabobank respectfully submits that the Court should dismiss the California Complaints as to Rabobank.

Dated: New York, New York
April 16, 2010

Respectfully submitted,

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
Lee Turner
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7165
(212) 849-7100 (facsimile)
stephenneuwirth@quinnemanuel.com
*Attorneys for Defendant Rabobank Group*

---

[2] Similarly, the California Plaintiffs rely heavily on and ask the Court to take judicial notice of the recent CDR indictment and filings in related criminal cases. *See, e.g.*, Opp. Br. at 8, 10, 16, 18.  None of these sources mentions Rabobank.

5