UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Los Angeles v.*<br>*AIG Financial Products Corp.*, No. 08-10351<br>*City of Stockton v. Bank of America, N.A.*,<br>No. 08-10350<br>*County of San Diego v. Bank of America, N.A.*,<br>No. 09-1195<br>*County of San Mateo v. Bank of America, N.A.*,<br>No. 09-1196<br>*County of Contra Costa v. Bank of America, N.A*,<br>No. 09-1197<br>*Sacramento Municipal Utility District v.*<br>*Bank of America, N.A.*, No. 09-10103<br>*City of Riverside v. Bank of America, N.A.*,<br>No. 09-10102<br>*Los Angeles World Airports v.*<br>*Bank of America, N.A*, No. 10-0627<br>*Sacramento Suburban Water District v.*<br>*Bank of America, N.A.*, No. 10-0629<br>*County of Tulare v. Bank of America, N.A.*,<br>No. 10-0628<br>*Redevelopment Agency of the City of Stockton v.*<br>*Bank of America, N.A.*, No. 10-0630 | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG)<br><br>SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEXIA S.A.'S MOTION TO DISMISS |

**DEFENDANT DEXIA S.A.'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINTS**

Defendant Dexia S.A. ("Dexia") respectfully submits this supplemental reply memorandum in further support of Defendants' joint motion to dismiss the above captioned Plaintiffs' ("Cotchett Plaintiffs") complaints ("Complaints") for failure to state a claim upon which relief can be granted pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Dexia joins in the Defendants' joint reply memorandum in support of the motion.

**ARGUMENT**

Dexia is not named as a defendant in the federal or California class complaints. The arguments herein are entirely distinct from arguments related to the federal and California classes, and they serve as independent bases for dismissing Dexia from the Complaints.

The Cotchett Plaintiffs' Memorandum in Opposition to Dexia's Supplemental Motion to Dismiss ("Opposition Brief") fails to provide any legitimate argument against dismissal of the Complaints as to Dexia. The Opposition Brief primarily argues that Financial Security Assurance Holdings Ltd. ("FSA Holdings") is liable for the actions of the FSA GIC Subsidiaries,[1] Opp. Br. at 1-3, but that argument is entirely irrelevant to Dexia's arguments for dismissal.[2] Indeed, the only relevant argument the Cotchett Plaintiffs make — without any basis or legal support whatsoever — is that an alleged indemnification agreement Dexia entered into with Assured Guaranty US Holdings Inc. ("Assured") created a right of action for the Cotchett

---

[1] The FSA GIC Subsidiaries were the subsidiaries of FSA Holdings, alleged to have engaged directly in the municipal derivatives business. *See* Tulare Compl. ¶ 58.

[2] Dexia's opening brief argued that there is no basis to find Dexia itself liable for the actions of the FSA GIC Subsidiaries. *See generally* Dexia Supp. Br. In addition to being irrelevant, the argument that FSA Holdings is liable for the actions of the FSA GIC Subsidiaries is also wrong, for the same reasons stated in Assured's Supplemental Reply Memorandum at p. 2.

-1-

Plaintiffs against Dexia. As discussed below, that argument has no merit, and it remains clear that the Court should dismiss Dexia from the Complaints with prejudice.

I. **The Cotchett Plaintiffs Do Not Oppose Dexia's Argument for Dismissal of the Contra Costa, Los Angeles, San Diego, San Mateo, and Stockton Complaints as against Dexia**

In its Supplemental Memorandum of Law in Support of the Motion to Dismiss ("Supplemental Brief"), Dexia argued for dismissal of the Contra Costa, Los Angeles, San Diego, San Mateo, and Stockton complaints because the only relevant allegations in these complaints were that Dexia retained "risks and responsibilities" existing prior to its transaction with Assured, and these allegations were wholly deficient. Dexia Supp. Br. at 2-3. As explained in the Supplemental Brief, the Cotchett Plaintiffs failed to allege any facts stating what these existing "risks and responsibilities" were or how they created any liability for Dexia. *Id.* The Opposition Brief fails to oppose or address this argument at all; therefore, this Court should deem these claims abandoned and dismiss these Plaintiffs' claims against Dexia. *See, e.g.*, *Moccio v. Cornell Univ.*, 2009 WL 2176626 at *4 (S.D.N.Y. Jul. 21, 2009) (dismissing claim due the failure of plaintiff's opposition brief to address defendants arguments for dismissal of said claim); *Thomas v. Atlantic Express Corp.*, 2009 WL 856993 at *2 (S.D.N.Y. Mar. 31, 2009) ("In his opposition, [plaintiff] failed to respond to [defendant's] argument that his due process claim should be dismissed, and therefore that claim is deemed abandoned."); *Hanig v. Yorktown Central Sch. Dist.*, 384 F. Supp. 2d 710, 723-24 (S.D.N.Y. 2005) (collecting cases).

II. **Dexia's Alleged Indemnification Agreement with Assured Does Not Give Plaintiffs a Direct Cause of Action against Dexia**

The Opposition Brief argues Dexia indemnified Assured for any liabilities incurred through this litigation, and as a result, the Cotchett Plaintiffs purportedly have a direct right of

action against Dexia.[3] Opp. Br. at 4. This theory is flawed and is asserted without any legal support.[4] Indeed, it runs squarely against established legal principles. To that end, it is axiomatic that a contract of indemnity benefits the indemnitee only (by providing a right of reimbursement) and does not give an incidental third party a cause of action against the indemnitor.[5] *See* 23 N.Y. Jur. 2d § 105 ("As a general rule, a contract of indemnity is for the sole benefit of the indemnitee or someone acting in his or her stead, and one with a claim or cause of action only as against the indemnitee cannot proceed directly on the contract against the indemnitor."); *see also*, 13 Williston on Contracts § 37:22 (4th ed. 2000) ("A mere promise to indemnify against damages must be distinguished from a third party beneficiary contract. In the former case, the promisor's liability does not arise until the promisee has suffered loss or expense. Until then, the promisee has no right of action, and consequently one claiming damages can assert no derivative right against the promisor, much less a direct right."). The Opposition Brief offers no basis to disturb this basic principle, much less find an exception to it here.

---

[3] The Opposition Brief quotes various SEC filings stating that Assured is indemnified by Dexia but then twists the words of the documents to claim that "Dexia has explicitly agreed to accept liability on behalf of FSA and its affiliates." Opp. Br. at 4. There is no basis to conflate indemnity with an assumption of liability, and the Cotchett Plaintiffs make no argument to support such a claim.

[4] Of course, even if valid, this argument cannot support the defective complaints filed by Contra Costa, Los Angeles, San Diego, San Mateo, and Stockton, because those complaints make no allegation regarding an indemnification agreement. *See, e.g.*, Los Angeles Compl. ¶ 54.

[5] The Cotchett Plaintiffs have not alleged that they are intended third-party beneficiaries to the alleged indemnity agreement, nor have they alleged any facts that could support such a conclusion, and a third-party beneficiary is the only party not a signatory to an indemnity agreement that may enforce such agreement against the indemnitor. *See Goodridge v. Harvey Group, Inc.*, 778 F. Supp. 115, 134-36 (S.D.N.Y. 1991) (finding that non-signatory to indemnification agreement can recover directly against indemnitor only if that person is an intended third-party beneficiary of the agreement).

# **CONCLUSION**

For the reasons stated above and for the reasons set forth in the Joint Memoranda, the Court should dismiss Dexia from the Complaints with prejudice.

Dated: April 16, 2010

CADWALADER, WICKERSHAM & TAFT LLP

By:     s/ Joseph J. Bial

Charles F. Rule
Joseph J. Bial
700 Sixth Street, NW
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

Gregory A. Markel
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

*Attorneys for Defendant Dexia S.A.*