# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950 <br><br> Master Docket No. 08-2516(VM)(GMG) <br><br> ECF Case |
| THIS DOCUMENT RELATES TO: <br><br> *City of Los Angeles v. AIG Financial Products Corp., et al.*; No. 08-10351 <br> *City of Stockton v. Bank of America, N.A., et al.*, No. 08-10350 <br> *County of San Diego v. Bank of America, N.A., et al.*, No. 09-1195 <br> *County of San Mateo v. Bank of America, N.A., et al.*, No. 09-1196 <br> *County of Contra Costa v. Bank of America, N.A., et al.*, No. 09-1197 <br> *Sacramento Municipal Utility District v. Bank of America, N.A., et al.*, No. 09-10103 <br> *City of Riverside, et al. v. Bank of America, N.A., et al.*, No. 09-10102 <br> *Los Angeles World Airports v. Bank of America, N.A., et al.*, No. 1:10 CV-0627 <br> *Sacramento Suburban Water District v. Bank of America, N.A., et al.*, No. 1:10 CV-0629 <br> *County of Tulare v. Bank of America, N.A., et al.*, No. 1:10 CV-0628 <br> *Redevelopment Agency of the City of Stockton, et al. v. Bank of America, N.A., et al.*, No. 1:10 CV-0630 | **SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS THE COTCHETT COMPLAINTS ON BEHALF OF TRINITY FUNDING CO., LLC, GE FUNDING CAPITAL MARKET SERVICES, INC., TRINITY PLUS FUNDING CO., LLC, AND GENERAL ELECTRIC CAPITAL CORP.** |

Plaintiffs have sued four separate entities—GE Funding Capital Market Services, Inc. ("GE Funding"), Trinity Funding Co., LLC ("Trinity Funding"), Trinity Plus Funding Co., LLC ("Trinity Plus"), and General Electric Capital Corporation ("GECC")—which they lump together in their brief under the label "GE Trinity." They make no effort to distinguish among the actions of these four individual defendants. But using a single, short-hand term for these four separate entities does not relieve plaintiffs of their legal burden of alleging facts sufficient to show that *each* of these four separate entities participated in the alleged conspiracy. Plaintiffs have not alleged sufficient facts as to *any* of them. Not surprisingly, none of the four "GE Trinity" entities is named as a defendant in either the Second Consolidated Amended Class Action Complaint or in any of the complaints filed by the Lieff Cabraser firm.

## ARGUMENT

### I. PLAINTIFFS ALLEGE NO WRONGDOING OF ANY SORT BY GECC

Plaintiffs do not make a single factual allegation of wrongdoing *of any kind* by GECC in *any* of their eleven Complaints. They do not even allege that GECC ever bid on any GIC. Plaintiffs have sued GECC simply because it is a corporate affiliate of the other three defendants that plaintiffs collectively refer to as "GE Trinity." But plaintiffs have not made—nor could they make—any factual allegations sufficient to pierce the corporate veil between GECC and the other three "GE Trinity" defendants. To pierce GECC's corporate veil under governing law, plaintiffs would have had to allege facts showing that GECC "exercised complete domination" over each of the other "GE Trinity" entities and that the "domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *DeGraziano v. Verizon Commc'ns, Inc.*, 325 F. Supp. 2d 238, 246 (E.D.N.Y. 2004) (finding, *inter alia*, the following allegations insufficient to warrant veil piercing: complete domination and control by the parent, a close

2

relationship between parent and subsidiary, and consolidated assets and liabilities on the balance sheet of the parent). There are no such allegations in any complaint, nor could there be.[1]

## II. GE FUNDING AND TRINITY FUNDING SHOULD BE DISMISSED

The allegations against GE Funding and Trinity Funding were deemed legally insufficient by this Court in its April 29, 2009, Order. Nothing has changed to support a reversal of this Court's opinion with respect to GE Funding or Trinity Funding.

Instead, plaintiffs here attempt to remedy their pleading insufficiency by providing a laundry list of deals without making *any* specific allegation that either GE Funding or Trinity Funding engaged in any wrongdoing in connection with those deals. *See, e.g.*, Tulare Compl. ¶¶ 497-518. With respect to GE Funding and Trinity Funding, plaintiffs allege only that:

- GE Funding won one deal and bid on, but lost, a second deal. *See* Riverside Compl. ¶¶ 510, 513. The remaining ten Complaints contain no allegation that GE Funding was involved in any GIC sought by any of the Plaintiffs in those Complaints.

- Trinity Funding bid on one GIC, and passed on three GICs, sought by the City of Los Angeles, and won a single GIC for the City of Riverside. *See* Los Angeles Compl. ¶¶ 504, 507, 510, 512; Riverside Compl. ¶ 545. Trinity Funding is not alleged to have participated in any of Plaintiffs' transactions in the remaining nine Complaints.

In short, plaintiffs seek to include GE Funding and Trinity Funding in this conspiracy case simply by alleging that these defendants participated in the GIC market. But as this Court has recognized, market participation is not enough to infer participation in a conspiracy. *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

---

[1] The allegations about GECC's relationship to the other "GE Trinity" entities do no more than set forth commonplace activities engaged in by affiliated corporations -- i.e., that GECC consolidated the assets and liabilities of the other affiliates into its financial statements and guaranteed their GICs, and that "day-to-day" operations were conducted by GECC in its Connecticut office. Such allegations, as a matter of law, do not suffice to make a corporation liable for the conduct of other, separate corporations.

3

Nor can plaintiffs salvage their case against GE Funding or Trinity Funding by asserting that the "Provider B" mentioned in the CDR indictment is one of the "GE Trinity" entities. The CDR indictment does *not* allege that "Provider B" engaged in any conspiracy in violation of the antitrust laws. Rather, "Provider B" is referenced only in counts alleging fraud under 18 U.S.C. §§ 371 & 1343. Moreover, there is no private right of action under those fraud statutes. *See, e.g.*, *Official Pbl'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989); *Milburn v. Blackfrica Promotions, Inc.*, 392 F. Supp. 434, 435 (S.D.N.Y. 1974). In short, the identity of "Provider B" is irrelevant, because the CDR Indictment contains no allegation that "Provider B" conspired to violate the antitrust laws.

## III.  TRINITY PLUS SHOULD BE DISMISSED

Six of the Complaints contain no allegations that Trinity Plus even bid on any of the plaintiffs' GICs; as to those Complaints, Trinity Plus should be summarily dismissed.[2] With respect to the other Complaints, the only additional allegation against Trinity Plus is the contention that plaintiffs' so-called "statistical analysis" shows that Trinity Plus benefited from a courtesy bid in one GIC deal with one plaintiff (Riverside). *See* Tulare Compl. ¶ 387. As discussed in prior briefs, this "statistical analysis" merely shows that there was a 73-point spread between the high and low bidders on this one deal, *id.* ¶¶ 387, 414, which *fails* plaintiffs' own (100-150 point) "statistical" test for when a "courtesy bid" can be inferred. *Id.* ¶¶ 382-83, 414.

But even if the "statistical analysis" were probative, the allegations against Trinity Plus are clearly time-barred. The GIC deal involving Trinity Plus in the "statistical analysis" (i.e., Riverside) was bid on July 16, 2003. If plaintiffs are right that the mere 73-point spread in this

---

[2] These Complaints are those on behalf of: City of Stockton, County of San Mateo, County of Contra Costa, Sacramento Municipal Utility District, Los Angeles World Airports, and Sacramento Suburban Water District. The remaining Complaints contain allegations that Trinity Plus bid or passed on Plaintiffs' GICs with no specific factual allegation of wrongdoing. As discussed above, this merely shows Trinity Plus's market participation and is insufficient under *Twombly* and *Iqbal*.

deal supports an inference of conspiracy, then by definition plaintiffs were on notice that Trinity Plus had conspired on July 16, 2003. There was nothing hidden about the 73-point spread—it was obviously known to the plaintiff. But Trinity Plus was not named in any complaint until September 15, 2009—more than six years later. Thus, the only part of the "statistical analysis" related to Trinity Plus falls outside the four-year antitrust statute of limitations. 15 U.S.C. § 15b.

Accordingly, there can be no plausible claim of "fraudulent concealment" with respect to this Riverside deal. Plaintiffs also assert, without citing any case law, that they "are entitled to invoke the doctrine of continuing injury" because payments continue to be made on "many" of these deals. *See* Public Entity Pls.' Mem. of P. & A. in Opp'n to Defs.' Joint Mot. to Dismiss, No. 08-2516, at 45-46 (S.D.N.Y. Mar. 26, 2010). Plaintiffs are clearly mistaken in their view of the law; they have confused cases involving a continuing *violation* with cases that merely involve a continuing *injury*. It is well-established that a continuing injury is insufficient to extend the statute of limitations in civil antitrust cases in the absence of a new overt act. *In re Buspirone Patent Litig.*, 185 F. Supp. 2d 363, 378-79 (S.D.N.Y. 2002) ("In order to establish a continuing violation, a plaintiff must prove *a continuing series of overt acts*" each of which must be "*a new and independent act, not merely a reaffirmation of a previous act*.") (emphasis added); *see also Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 406 (6th Cir. 1999) (individual payments continuing into limitations period were not "'new and independent act[s],' as required to restart the statute of limitations."). Plaintiffs have alleged *no* overt acts by Trinity Plus within the four years preceding their first complaint against Trinity Plus, so their claims are time-barred.

## CONCLUSION

The Complaints are insufficient to state a claim against any of the four defendants referred to collectively as "GE Trinity," and thus the Complaints should be dismissed with prejudice as to all of these defendants (GECC, GE Funding, Trinity Funding, and Trinity Plus).

Respectfully Submitted,

Dated: April 16, 2010

*/s/*
Craig A. Stewart
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
212-715-1000

-and-

Douglas L. Wald (admitted pro hac in 08-2516)
John Arak Freedman
Sonia Kuester Pfaffenroth (admitted pro hac in 08-2516)
Laura Cofer Taylor (admitted pro hac in 08-2516)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

*Counsel for Defendants GE Funding Capital Market Services, Inc., Trinity Funding Co., LLC, Trinity Plus Funding Co., LLC, and General Electric Capital Corp.*