SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3203

E-MAIL ADDRESS
jwayland@stblaw.com

<u>BY HAND</u>

April 27, 2010

Re:   *In Re: Municipal Derivatives Antitrust Litigation*, MDL
      No. 1950, Master Docket No. 08-cv-2516 (VM) (GWG)
      (SDNY)

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 4-27-10

Dear Judge Marrero:

      We write on behalf of Defendants in the above-captioned action, including Bank of America, to request a short postponement of the April 30 pretrial conference until after Magistrate Judge Gorenstein has ruled on the Department of Justice's ("DOJ") pending application for a limited stay of discovery.[1] The DOJ has moved to intervene, pursuant to Fed. R. Civ. P. 24, for the limited purpose of seeking a stay of discovery under the same terms as the stay that was in effect from June 24, 2009 to March 25, 2010. The motion will be fully briefed by May 14, 2010. Because the stay request is pending, we do not believe the April 30 conference will be productive. In any event, a short delay will not prejudice any party in the case.

      We understand the principal purpose of the pretrial conference is to review with the Court the matters set forth in the Court's form civil case management plan and scheduling order. The ten items on the form order provide for calendaring various milestones in the case. Here, however, setting several key milestones, including dates for the close of fact discovery and the submission of class certification and summary judgment motions will depend on Magistrate Judge Gorenstein's decision (and possibly this Court's review of that decision) regarding the DOJ's stay motion. That motion seeks to preclude the production of

---

[1] There is currently a stay of discovery in place as to Defendants named only in the actions filed by the Cotchett firm (the "Cotchett-Only Defendants") until the Court's resolution of the Cotchett-Only Defendants' pending motions to dismiss the Cotchett Complaints.

LOS ANGELES    PALO ALTO    WASHINGTON, D.C.    BEIJING    HONG KONG    LONDON    TOKYO

SIMPSON THACHER & BARTLETT LLP

The Honorable Victor Marrero     -2-     April 27, 2010

certain evidence, including tape recordings of communications involving certain defendants and all substantive depositions and the service of interrogatories. We anticipate that Plaintiffs will oppose the motion in its entirety and, alternatively, seek some less restrictive stay. In these circumstances, it does not make sense to waste the Court's or the parties' time and unnecessarily require a large number of counsel to travel to New York to consider a case management order that cannot be finally set until after the DOJ's stay request is decided.

     Moreover, postponing the pretrial conference until after Judge Gorenstein rules on the DOJ's pending motion will have little impact on the overall progress of this case. For the past several weeks, the parties have been engaged in case management discussions and we anticipate that agreement can be reached on several milestones without the Court's intervention, in advance of the case management conference, whether on April 30 or at some later time. These milestones include (i) the date for answering the Second Consolidated Amended Class Action Complaint, likely to be June 4, 2010 (ii) the date for submission to the court of a joint ESI discovery protocol, likely to be sometime between late July and mid-August, and (iii) the date for providing Rule 26(a)(1) disclosures (assuming that the parties cannot reach agreement on alternative initial disclosures) likely to be July 15, 2010.

     Indeed, as far as we can tell, there does not appear to be any issue for the Court to resolve on April 30. The parties may need a conference if there are serious disagreements about key milestones, such as the end of discovery and the dates for filing motions, once we know whether there will be a limited discovery stay. In the meantime, there is no reason to burden the Court or the parties with an unnecessary conference based on assumptions about the DOJ's stay request that may well turn out to be wrong.

     Finally, this case likely will continue for a number of years and involve substantial discovery. Even the Plaintiffs' own case management proposal, which is based on the denial of the DOJ's stay request, does not contemplate the end of fact discovery until July, 2012. Thus, a short postponement of the pretrial conference will not prejudice the Plaintiffs.

     Plaintiffs do not join in this request, although Plaintiffs' counsel have not identified any issues that they believe require the Court's consideration on April 30.

Respectfully submitted,

Joe Wayland

> Request GRANTED. The status conference set for 4-30-10 is adjourned until a date to be scheduled after the resolution of the motion to intervene filed by the Department of Justice. This Order supersedes the scheduling order set forth in the Court's Decision and Order dated
> SO ORDERED: 3-25-10 and 4-26-10.
> 4-27-10
> DATE    VICTOR MARRERO, U.S.D.J.