# PLAINTIFFS' PROPOSED ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG)<br><br>**[PROPOSED] LIMITED STAY OF DISCOVERY** |

IT IS this      day of    2010 ORDERED

    1.    The Department of Justice, Antitrust Division ("ATR") shall be permitted to intervene pursuant to Fed. R. Civ. P. 24 to move to intervene for the limited purpose of staying certain discovery.

    2.    The parties will submit an agreed protective order to the Court five business days from the entry of this order. If the parties cannot agree on a protective order, the court shall impose one.

    3.    Except as provided below, discovery in this matter shall proceed as in the ordinary course:

        a.  Tape Recordings and Transcripts. Until the date of the termination of this order, no party shall seek the production, in this action, of any audio file or tape recording of communications as to which it can be determined that one or

more current or former employees of Rubin/Chambers, Dunhill Insurance Services, Inc. ("CDR") are among the participants to such communications.

b. Depositions and interrogatories shall proceed, except as noted below:

   i. No notice of deposition, or interrogatory, may be directed to a current or former employee of Defendants until November 15, 2010.

   ii. On November 10, 2010, ATR shall submit to this Court under seal a list of all current and former employees of Defendants, whose deposition ATR opposes, along with the specific reasons, as to each employee, as to why such deposition could reasonably be expected to materially harm the grand jury's investigation or any pending trial. ATR shall promptly modify this list as circumstances warrant.

   iii. Parties who intend to depose a current or former employee of a Defendant shall provide notice of such intention to ATR and the Court ten business days prior to the issuance of such notice. The parties will also use good faith efforts to determine whether the proposed deponent will be asserting their Fifth Amendment privileges.

   iv. Where a party has sought to depose a person named within ATR's sealed list, ATR shall promptly notify the party seeking said deposition, and the deposition shall not proceed except upon order of this Court. A party so notified may not, absent order of the court, reveal to any other party to this action or to any third party, that the intended deponent was named in ATR's sealed list. A party so notified may seek to appeal such designation to this Court. The terms

of this order stay shall expire upon conclusion of the trial in United States v. Rubin/Chambers Dunhill Ins. Serv., Inc. et al., No. 09-CR-1058 (S.D.N.Y.), or April 1, 2011, whichever occurs first.

IT IS SO ORDERED this    day of          2010.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District Of New York