UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950 <br><br> Master Docket No. 08-02516 (VM) (GWG) <br><br> **DEFENDANTS THE GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS MITSUI MARINE DERIVATIVE PRODUCTS, L.P., AND GOLDMAN SACHS BANK USA'S RESPONSE TO PUBLIC ENTITY PLAINTIFFS' SUPPLEMENTARY BRIEF IN OPPOSITION TO ANTITRUST DIVISIONS' MOTION FOR A STAY OF DISCOVERY** |
| THIS DOCUMENT RELATES TO: <br><br> Sacramento Municipal Utility District v. Bank of America, N.A., et al., 09-CV-10103 <br><br> City of Riverside, et al. v. Bank of America, N.A., et al., 09-CV-10102 <br><br> Los Angeles World Airports v. Bank of America, N.A., et al., 10-CV-627 <br><br> Sacramento Suburban Water District v. Bank of America, N.A., et al., 10-CV-629 <br><br> The Redevelopment Agency of the City of Stockton, et al. v. Bank of America, N.A., et al., 10-CV-630 <br><br> County of Tulare v. Bank of America, N.A., et al., 10-CV-628 | |

The Goldman Sachs Defendants respectfully submit this response to the Public Entity Plaintiffs' Supplementary Brief in Opposition to Antitrust Division's Motion for Stay of Discovery.

## STATEMENT

The briefing before the Court will allow for resolution of the Department of Justice's Motion for Stay of Discovery, and the Goldman Sachs Defendants will accordingly not burden the Court further. However, we are compelled to respond to the Public Entity Plaintiffs' grossly unfair and irresponsible mischaracterization (at p. 8 of their submission) of a conversation between Sacramento Municipal Utility District ("SMUD") and an employee at Goldman Sachs' affiliate J. Aron, the transcript of which was attached to the Dennis Holcomb declaration submitted in connection with the Supplementary Brief. Despite the Public Entity Plaintiffs' attempt to twist the benign conversation into a purported attempt at intimidating SMUD to withdraw its claims, the transcript itself makes clear that the J. Aron representative did no such thing, nor anything else improper. The representative merely communicated to SMUD the firm's position that in light of the lawsuit instituted by SMUD and the serious nature of its allegations, the firm did not consider it appropriate to engage in certain commercial dealings with SMUD at present. That position is an understandable and commonplace reaction to being sued, was communicated simply as a courtesy given Goldman Sachs' long business relationship with SMUD, and should have been fully anticipated by SMUD or any other plaintiff asserting antitrust claims against a longtime business counterparty.

Dated: New York, New York
May 14, 2010

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Evan A. Davis
*edavis@cgsh.com*
Victor L. Hou
*vhou@cgsh.com*
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Defendants The Goldman Sachs Group, Inc., Goldman Sachs Mitsui Marine Derivative Products, L.P., and Goldman Sachs Bank USA*