| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950 |
| | Master Docket No. 08-02516 (VM) (GWG) |
| THIS DOCUMENT RELATES TO: All Actions | ECF Case |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS WACHOVIA BANK, N.A. AND WELLS FARGO & COMPANY**

Defendants Wachovia Bank, N.A., n/k/a Wells Fargo Bank, N.A.

("Wachovia Bank"), and Wells Fargo & Company (collectively, "Wells Fargo"), by and

through their undersigned counsel, for their Answer and Affirmative Defenses to the

Second Consolidated Amended Class Action Complaint (the "Complaint"), state as

follows:

**RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT**

1.      Wells Fargo denies the allegations of paragraph 1 of the

Complaint.

2.      Wells Fargo lacks knowledge and information sufficient to form a

belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore

denies them.

3.      To the extent that paragraph 3 of the Complaint states legal

conclusions, they require no response.  To the extent that any response is required, Wells

Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5.      To the extent that paragraph 5 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo denies the allegations of paragraph 5 of the Complaint.

6.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them, except that Wachovia Bank admits that (a) it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts"; (b) it received a subpoena, dated November 15, 2006, from the Securities and Exchange Commission requesting, *inter alia*, documents related to "guaranteed investment contracts"; (c) it received subpoenas or civil investigative demands from various states' attorneys general requesting, *inter alia*, documents related to "guaranteed investment contracts and other municipal bond derivatives"; (d) former Wachovia Bank employee Martin McConnell received a target letter from the Department of Justice, Antitrust Division in or about November 2007; and (e) former Wachovia Bank employee Paul "Jay" Saunders received a target letter from the Department of Justice, Antitrust Division in or about November 2007.  Wells Fargo respectfully refers the Court to the documents referenced herein for a complete and accurate description of their contents.

7. To the extent that paragraph 7 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo denies the allegations of paragraph 7 of the Complaint, except that Wachovia Bank admits that it offered for sale financial instruments generally described as municipal derivatives during part of the putative class period. Wells Fargo denies that this action may be properly maintained as a class action.

8. Wells Fargo denies the allegations of paragraph 8 of the Complaint, except admits that plaintiffs purport to assert claims under sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, for damages allegedly incurred as a result of alleged conduct in violation of section 1 of the Sherman Act, 15 U.S.C. § 1.

9. Wells Fargo admits that this Court has jurisdiction over the purported claims set forth in the Complaint.

10. Wells Fargo denies the allegations of paragraph 10 of the Complaint, except that it admits that (a) Wachovia Bank transacted business in the Southern District of New York during part of the period January 1, 1992 to the present; and (b) Wells Fargo & Company through its subsidiaries transacted business in the Southern District of New York during part of the period January 1, 1992 to the present.

11. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies them, except that Wachovia Bank admits that in October 2003 it entered into two Debt Service Forward Delivery Agreements, two Debt Service Reserve Forward Delivery Agreements and an Operating Reserve Forward Delivery Agreement with the Mayor and City Council of Baltimore, Maryland.

12.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies them, except that Wells Fargo admits that the State of Mississippi was a named plaintiff in an action captioned *Fairfax County, Virginia* v. *Wachovia Bank, N.A.*, No. 08-00432 (D.D.C.).

17.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies them, except that Wells Fargo admits that in March 2002 First Union National Bank entered into a Purchase and Resale Agreement with the Central Bucks School District.

18.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies them, except that Wells Fargo admits that in August 1999 First Union National Bank entered into a Debt Service Reserve Fund Forward Delivery Agreement with Bucks County Water & Sewer Authority.

19.      Paragraph 19 of the Complaint sets forth no allegations and therefore requires no response.

20.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.

22.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them.

23.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies them.

24.      Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies them.

25.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies them.

26.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies them.

27.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies them.

28.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies them.

29.     Wells Fargo denies the allegations of paragraph 29 of the Complaint, except that Wells Fargo admits that (a) Wachovia Bank was a national bank with its principal executive offices in Charlotte, North Carolina until it merged with and into Wells Fargo Bank, N.A. on March 20, 2010; and (b) Wachovia Bank offered for sale financial instruments generally described as municipal derivatives during part of the putative class period.  Wachovia respectfully refers the Court to Wells Fargo & Company's Form 10-Q for the period ending March 31, 2009 for a complete and accurate description of its contents.

30.     To the extent that paragraph 30 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo denies the allegations of paragraph 30 of the Complaint, except that Wells Fargo

admits that Wells Fargo & Company is a diversified financial services company with its headquarters in San Francisco, California; and (b) Wachovia Corporation merged with and into Wells Fargo & Company on December 31, 2008. Wells Fargo respectfully refers the Court to the document referenced in paragraph 30 of the Complaint for a complete and accurate description of its contents.

31. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies them.

32. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies them.

33. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them, except that Wells Fargo admits that Investment Management Advisory Group, Inc. was the bidding agent for (a) the Purchase and Resale Agreement into which First Union National Bank entered with the Central Bucks School District in March 2002; and (b) the Debt Service Reserve Fund Forward Delivery Agreement into which First Union National Bank entered with Bucks County Water & Sewer Authority in August 1999.

34. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class

period it sold financial instruments generally described as municipal derivatives to entities for whom CDR Financial Products was acting as a broker.

35. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Winters & Co. Advisors, LLC was acting as a broker.

36. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom George K. Baum & Co. was acting as a broker.

37. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Sound Capital Management, Inc. was acting as a broker.

38. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies them.

39. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies them.

40.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and therefore denies them.

41.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and therefore denies them.

42.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore denies them.

43.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and therefore denies them.

44.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore denies them.

45.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and therefore denies them.

46.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and therefore denies them.

47.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and therefore denies them.

48.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and therefore denies them.

49.     Paragraph 49 of the Complaint sets forth no allegations and therefore requires no response.

50.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Feld Winters Financial LLC was acting as a broker.

51.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom First Southwest Company was acting as a broker.

52.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies them.

53.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and therefore

denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Mesirow Financial was acting as a broker.

54. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Morgan Keegan & Co., Inc. was acting as a broker.

55. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Packerkiss Securities, Inc. was acting as a broker.

56. Paragraph 56 of the Complaint sets forth no allegations and therefore requires no response.

57. To the extent that paragraph 57 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and therefore denies them.

58. Wells Fargo denies the allegations of paragraph 58 of the Complaint, except that Wells Fargo admits that (a) various types of entities are entitled to issue tax-exempt debt; (b) entities issue tax-exempt debt for a variety of reasons,

including, *inter alia*, to fund large construction projects; and (c) the interest rates on tax-exempt debt may be lower than the interest rates on comparable taxable debt.

59. Wells Fargo denies the allegations of paragraph 59 of the Complaint, except that Wells Fargo admits that (a) tax-exempt debt may pay a fixed or variable rate of interest; and (b) tax-exempt debt may have maturities exceeding one year.

60. Paragraph 60 of the Complaint states a legal conclusion that requires no response. Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

61. Wells Fargo denies the allegations of paragraph 61 of the Complaint, except that Wells Fargo admits that project funds, construction funds, debt service funds, sinking funds and debt service reserve funds are among the types of funds into which issuers of tax-exempt debt may place the proceeds of the issuance of tax-exempt debt.

62. Wells Fargo denies the allegations of paragraph 62 of the Complaint, except that Wells Fargo admits that the proceeds of the issuance of tax-exempt debt may be invested in interest-bearing financial instruments until they are spent.

63. Wells Fargo denies the allegations of paragraph 63 of the Complaint, except that Wells Fargo admits that (a) an undated document available on the web site of the Securities Industry and Financial Markets Association ("SIFMA") and titled "Municipal Bond Issuance by Bid Type" indicates that $386.5 billion worth of municipal bonds were issued in 2006; and (b) an undated document available on the web

site of SIFMA and titled "Holders of U.S. Municipal Securities" indicates that approximately $2.8 trillion worth of municipal securities were outstanding at the end of 2009.

64.     Wells Fargo denies the allegations of paragraph 64 of the Complaint, except that Wells Fargo admits that it is not uncommon for the term "municipal derivatives" to be used to describe (a) the financial instruments in which the issuers of tax-exempt debt invest the proceeds of the issuance of tax-exempt debt and (b) swaps and similar financial instruments used to transfer or hedge the interest rate risk associated with the issuance of tax-exempt debt.

65.     Wells Fargo denies the allegations of paragraph 65 of the Complaint, except that Wachovia Bank, a national bank, admits that during part of the putative class period it offered for sale financial instruments generally described as municipal derivatives.

66.     Wells Fargo denies the allegations of paragraph 66 of the Complaint, except that Wells Fargo admits that entities commonly referred to as brokers or bidding agents are often hired by issuers of tax-exempt debt to assist such issuers with the solicitation and purchase of financial instruments generally described as municipal derivatives.

67.     Wells Fargo denies the allegations of paragraph 67 of the Complaint, except that Wells Fargo admits that (a) it is not uncommon to group the financial instruments generally described as municipal derivatives into categories; and (b) the categories described in paragraph 67 of the Complaint are one possible means of grouping the financial instruments generally described as municipal derivatives.

68.     Wells Fargo denies the allegations of paragraph 68 of the Complaint, except that Wells Fargo admits that (a) regulations promulgated pursuant to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, state that "[g]uaranteed investment contract includes any nonpurpose investment that has specifically negotiated withdrawal or reinvestment provisions and a specifically negotiated interest rate, and also includes any agreement to supply investments on two or more future dates (e.g., a forward supply contract)," 26 C.F.R. § 1.148-1(b); and (b) the preamble to final regulations promulgated December 17, 1998 states that "the term guaranteed investment contract does include escrow float contracts and similar agreements purchased for a yield restricted defeasance escrow.  In addition, the term guaranteed investment contract includes debt service fund forward agreements and debt service reserve fund agreements (e.g., agreements to deliver United States Treasury obligations over a period of time)." 63 Fed. Reg. 71748, 71749 (Dec. 30, 1998).

69.     Wells Fargo denies the allegations of paragraph 69 of the Complaint, except that Wells Fargo admits that (a) issuers of tax-exempt debt can request bids for financial instruments generally described as municipal derivatives based on several criteria, including the interest rate and the upfront payment; and (b) financial instruments generally described as forward delivery agreements may involve the future delivery of securities.

70.     Wells Fargo denies the allegations in paragraph 70 of the Complaint, except that Wells Fargo admits that the financial instruments generally described as uncollateralized GICs are generally unsecured.

71.     Wells Fargo denies the allegations in paragraph 71 of the Complaint, except that Wells Fargo admits that the financial instruments generally described as collateralized GICs are generally secured.

72.     To the extent that paragraph 72 of the Complaint states legal conclusions, they require no response.  To the extent any response is required, Wells Fargo denies the allegations of paragraph 72 of the Complaint.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

73.     Wells Fargo denies the allegations of paragraph 73 of the Complaint, except that Wells Fargo admits that (a) the parties to a swap contract may swap fixed or floating interest rate obligations, or some combination thereof; and (b) the London Interbank Offered Rate or "LIBOR" and the Securities Industry and Financial Market Association or "SIFMA" indices are two indices used to determine floating interest rate obligations.

74.     Wells Fargo denies the allegations of paragraph 74 of the Complaint, except that Wells Fargo admits that financial instruments generally described as municipal derivatives may contain various options, including the option for the provider or seller of the financial instrument to cancel or terminate it on specified dates.

75.     Wells Fargo denies the allegation of paragraph 75 of the Complaint.

76.     Wells Fargo denies the allegations of paragraph 76 of the Complaint.

77. Wells Fargo denies the allegations of paragraph 77 of the Complaint.

78. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint, and therefore denies them.

79. Wells Fargo denies the allegations of paragraph 79 of the Complaint.

80. Wells Fargo denies the allegations of paragraph 80 of the Complaint.

81. To the extent that paragraph 81 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

82. To the extent that paragraph 82 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

83. To the extent that paragraph 83 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the regulations set forth at 26 C.F.R. § 1.148-5 for a complete and accurate description of their contents.

84. To the extent that paragraph 84 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo denies the allegations of paragraph 84 of the Complaint. Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

85. Wells Fargo denies the allegations of paragraph 85 of the Complaint.

86. Wells Fargo denies the allegations of paragraph 86 of the Complaint.

87. Wells Fargo denies the allegations of paragraph 87 of the Complaint.

88. Wells Fargo denies the allegations of paragraph 88 of the Complaint.

89. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint, and therefore denies them, except that Wachovia Bank admits that it was informed "that in connection

with the bidding of various financial instruments associated with municipal securities, the Staff of the Securities and Exchange Commission is considering recommending that the Commission institute civil and/or administrative proceedings against Wachovia Bank." (Wachovia Corp. Form 10-Q (Aug. 11, 2008).)

90.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint, and therefore denies them.

91.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint, and therefore denies them.

92.     Wells Fargo denies the allegations of paragraph 92 of the Complaint.

93.     Wells Fargo denies the allegations of paragraph 93 of the Complaint.

94.     Wells Fargo denies the allegations of paragraph 94 of the Complaint, except that Wells Fargo admits that during part of the putative class period (a) employees of Wachovia Bank's municipal derivatives group sat on a trading floor in Charlotte, North Carolina; (b) Wachovia Bank recorded the telephone lines assigned to employees in its municipal derivatives group; (c) recordings of the telephone lines assigned to employees in Wachovia Bank's municipal derivatives group were generally retained for 90 or 180 days, depending on the retention policy then in effect, and unless a litigation or other hold was in effect; and (d) employees of Wachovia Bank's municipal derivatives group had access to e-mail.

95.     Wells Fargo denies the allegations of paragraph 95 of the Complaint.

96.     Wells Fargo denies the allegations of paragraph 96 of the Complaint.

97.     Wells Fargo denies the allegations of paragraph 97 of the Complaint.

98.     Wells Fargo denies the allegations of paragraph 98 of the Complaint.

99.     Wells Fargo denies the allegations of paragraph 99 of the Complaint.

100.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) Douglas Campbell and Martin McConnell communicated on certain occasions via e-mail and telephone during the time that Mr. McConnell was an employee in the municipal derivatives group at Wachovia Bank; (b) Paul "Jay" Saunders was an employee in the municipal derivatives group at Wachovia Bank from April 2004 to June 2008; (c) Mr. Saunders' title was "Director" when his employment with Wachovia Bank was terminated in June 2008; (d) Mr. McConnell was an employee in the municipal derivatives group at Wachovia Bank from July 1998 to June 2008; (e) Mr. McConnell's title was "Managing Director" and he was head of Municipal Derivatives Origination (Marketing) when he was put on administrative leave in or about November 2006; and (f) Mr. McConnell and Martin Stallone communicated on certain occasions via e-mail during the time that Mr.

McConnell was an employee in the municipal derivatives group at Wachovia Bank. Further, Wells Fargo respectfully refers the Court to the documents and web site referenced in paragraph 100 of the Complaint for a complete and accurate description of their contents.

101.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint, and therefore denies them, except that Wells Fargo admits that Martin McConnell and Martin Stallone communicated on certain occasions via e-mail during the time that Mr. McConnell was an employee in the municipal derivatives group at Wachovia Bank. Wells Fargo respectfully refers the Court to the documents referenced in paragraph 101 of the Complaint for a complete and accurate description of their contents.

102.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint, and therefore denies them.

103.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint, and therefore denies them.

104.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, and therefore denies them.

105.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint, and therefore denies them.

106.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint, and therefore denies them.

107.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint, and therefore denies them.

108.     Wells Fargo denies the allegations of paragraph 108 of the Complaint as to both Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint as to others, and therefore denies them. Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

109.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint, and therefore denies them.

110.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint, and therefore denies them.

111.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint, and therefore denies them.

112. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint, and therefore denies them.

113. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint, and therefore denies them.

114. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint, and therefore denies them.

115. Wells Fargo denies the allegations of paragraph 115 of the Complaint as to both Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint as to others, and therefore denies them.

116. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint, and therefore denies them.

117. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint, and therefore denies them.

118. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint, and therefore denies them.

119. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint, and therefore denies them.

120. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint, and therefore denies them.

121. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint, and therefore denies them.

122. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint, and therefore denies them.

123. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint, and therefore denies them.

124. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint, and therefore denies them.

125. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint, and therefore denies them.

126. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint, and therefore denies them.

127. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint, and therefore denies them.

128. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint, and therefore denies them.

129. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the e-mail contained in paragraph 129 of the Complaint for a complete and accurate description of its contents.

130. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint, and therefore denies them.

131. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint, and therefore denies them.

132. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint, and therefore denies them.

133.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint, and therefore denies them.

134.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Complaint, and therefore denies them.

135.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint, and therefore denies them.

136.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint, and therefore denies them.

137.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint, and therefore denies them.

138.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint, and therefore denies them.

139.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint, and therefore denies them.

140.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint, and therefore

denies them. Wells Fargo respectfully refers the Court to the document referenced in paragraph 140 of the Complaint for a complete and accurate description of its contents.

141. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint, and therefore denies them.

142. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint, and therefore denies them.

143. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint, and therefore denies them.

144. Wells Fargo denies the allegations of paragraph 144 of the Complaint as to both Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint as to others, and therefore denies them.

145. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint, and therefore denies them.

146. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint, and therefore denies them.

147.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint, and therefore denies them.

148.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint, and therefore denies them.

149.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint, and therefore denies them.

150.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) Wells Fargo & Company is a member of the International Swaps & Derivative Association; and (b) Wells Fargo Bank, N.A. is a member of the American Bankers Association.  Wells Fargo respectfully refers the Court to the web sites referenced in paragraph 150 of the Complaint for a complete and accurate description of their contents.

151.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to the web sites referenced in paragraph 151 of the Complaint for a complete and accurate description of their contents.

152.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint, and therefore denies them.

153.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to the web site referenced in paragraph 153 of the Complaint for a complete and accurate description of its contents.

154.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint, and therefore denies them, except that Wells Fargo admits that the quotation in paragraph 154 of the Complaint appeared in an article in the *Bond Buyer*.  Wells Fargo respectfully refers the Court to the article referenced in paragraph 154 of the Complaint for a complete and accurate description of its contents.

155.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint, and therefore denies them.

156.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint, and therefore denies them.

157.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Complaint, and therefore denies them.

158.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint, and therefore denies them.

159.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the Complaint, and therefore denies them.

160.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint, and therefore denies them.

161.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint, and therefore denies them.

162.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint, and therefore denies them, except that Wachovia Bank admits that it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts".

163.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Complaint, and therefore denies them.

164.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint, and therefore denies them, except that Wachovia Bank admits that it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts".

165.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint, and therefore denies them.

166.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 166 of the Complaint, and therefore denies them, except that Wachovia Bank admits that (a) it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts"; (b) it received a subpoena, dated November 15, 2006, from the Securities and Exchange Commission requesting, *inter alia*, documents related to "guaranteed investment contracts"; and (c) it received subpoenas or civil investigative demands from various states' attorneys general requesting, *inter alia*, documents related to "guaranteed investment contracts and other municipal bond derivatives".

167.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) Martin McConnell received a target letter from the Department of Justice, Antitrust Division in or about November 2007; and (b) Paul "Jay" Saunders received a target letter from the Department of Justice, Antitrust Division in or about November 2007.

168.     Wells Fargo admits that the quotations in paragraph 168 of the Complaint appeared in an article in the *Bond Buyer*.  Wells Fargo denies any remaining allegations contained in paragraph 168 of the Complaint.  Wells Fargo respectfully refers

the Court to the article referenced in paragraph 168 of the Complaint for a complete and accurate description of its contents.

169.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the Complaint, and therefore denies them.

170.     Wells Fargo admits that the quotations in paragraph 170 of the Complaint appeared in a Bank of America Corporation press release, dated February 9, 2007.   Wells Fargo denies any remaining allegations contained in paragraph 170 of the Complaint.  Wells Fargo respectfully refers the Court to the press release referenced in paragraph 170 of the Complaint for a complete and accurate description of its contents.

171.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint, and therefore denies them.

172.     Wells Fargo admits that the quotations in paragraph 172 of the Complaint appear in Bank of America Corporation's Form 10-K for the period ending December 31, 2008.  Wells Fargo denies any remaining allegations contained in paragraph 172 of the Complaint.  Wells Fargo respectfully refers the Court to the Bank of America Corporation Form 10-K referenced in paragraph 172 of the Complaint for a complete and accurate description of its contents.

173.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint, and therefore denies them, except that Wells Fargo admits that Wachovia Bank received subpoenas or civil investigative demands from various states' attorneys general requesting, *inter alia*,

documents related to "guaranteed investment contracts and other municipal bond derivatives".

174.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint, and therefore denies them, except that Wells Fargo admits that Wachovia Bank received subpoenas or civil investigative demands from various states' attorneys general requesting, *inter alia*, documents related to "guaranteed investment contracts and other municipal bond derivatives".

175.    Wells Fargo denies the allegations of paragraph 175 of the Complaint.

176.    Wells Fargo admits that the Bank of America Corporation's Form 10-K for the period ending December 31, 2008 states, "[t]he Antitrust Division of the U.S. Department of Justice (DOJ), the SEC, and the IRS are investigating possible anticompetitive bidding practices in the municipal derivatives industry involving various parties, including BANA, from the early 1990s to date." Wells Fargo denies any remaining allegations contained in paragraph 176 of the Complaint. Wells Fargo respectfully refers the Court to the Bank of America Corporation's Form 10-K referenced in paragraph 176 of the Complaint for a complete and accurate description of its contents.

177.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) Paul "Jay" Saunders was put on administrative leave in or about December 2007; (b) Mr. Saunders' employment with Wachovia Bank was terminated in June 2008; (c) Martin McConnell was placed on

administrative leave in or about November 2006; and (d) Mr. McConnell's employment with Wachovia Bank was terminated in June 2008.

178.     Wells Fargo denies the allegations of paragraph 178 of the Complaint.

179.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint, and therefore denies them.

180.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the Complaint, and therefore denies them.

181.     Wells Fargo admits that in a press release, dated April 6, 2000, the U.S. Securities and Exchange Commission stated that "more than $172 million will have been paid by 21 firms to resolve charges of yield burning and related claims." Wells Fargo denies any remaining allegations contained in paragraph 181 of the Complaint and avers that neither Wells Fargo & Company nor Wachovia Bank were among the 21 firms that paid more than $172 million to resolve charges of yield burning and related claims.

182.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Complaint, and therefore denies them.

183.     Wells Fargo denies the allegations of paragraph 183 of the Complaint, except admits that plaintiffs purport to bring this action on behalf of the putative class described in that paragraph. Wells Fargo denies that this action may be properly maintained as a class action.

184.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Complaint, and therefore denies them.

185.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 185 of the Complaint, and therefore denies them.

186.    Wells Fargo denies the allegations of paragraph 186 of the Complaint.

187.    To the extent that paragraph 187 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo denies the allegations of paragraph 187 of the Complaint.

188.    Wells Fargo denies the allegations of paragraph 188 of the Complaint.

189.    Wells Fargo denies the allegations of paragraph 189 of the Complaint.

190.    Wells Fargo denies the allegations of paragraph 190 of the Complaint.

191.    Wells Fargo denies the allegations of paragraph 191 of the Complaint.

192.    Wells Fargo denies the allegations of paragraph 192 of the Complaint.

193.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the Complaint, and therefore

denies them, except that Wachovia Bank admits that during part of the putative class period it offered for sale to entities located in states other than North Carolina financial instruments generally described as municipal derivatives.

194.     Wells Fargo denies the allegations of paragraph 194 of the Complaint.

195.     Wells Fargo denies the allegations of paragraph 195 of the Complaint, except admits that plaintiffs purport to sue for redress of violations of section 1 of the Sherman Act, 15 U.S.C. § 1.

196.     Wells Fargo denies the allegations of paragraph 196 of the Complaint.

197.     Wells Fargo denies the allegations of paragraph 197 of the Complaint.

198.     Wells Fargo denies the allegations of paragraph 198 of the Complaint, except admits that plaintiffs purport to seek the relief to which they refer.

199.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the Complaint, and therefore denies them.

200.     Wells Fargo denies the allegations of paragraph 200 of the Complaint, except admits that the quotation in paragraph 200 of the Complaint appeared in an article in the *Bond Buyer*.  Wells Fargo respectfully refers the Court to the article referenced in paragraph 200 of the Complaint for a complete and accurate description of its contents.

201.     Wells Fargo denies the allegations of paragraph 201 of the Complaint.

202.     Wells Fargo denies the allegations of paragraph 202 of the Complaint.

203.     Wells Fargo denies the allegations of paragraph 203 of the Complaint.

204.     Wells Fargo denies the allegations of paragraph 204 of the Complaint.

205.     To the extent that paragraph 205 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 205 of the Complaint, and therefore denies them.

206.     Wells Fargo denies the allegations of paragraph 206 of the Complaint as to Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 206 of the Complaint as to others, and therefore denies them.

207.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the Complaint, and therefore denies them.

208.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 208 of the Complaint, and therefore denies them, except that Wells Fargo admits that the first quotation in paragraph 208 of the Complaint appeared in an article in the *Bond Buyer*.  Wells Fargo respectfully refers

the Court to the articles referenced in paragraph 208 of the Complaint for a complete and accurate description of their contents.

209. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 209 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the documents referenced in paragraph 209 of the Complaint for a complete and accurate description of their contents.

210. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 210 of the Complaint, and therefore denies them, except that Wachovia Bank admits that (a) it received from Phoenix Capital Partners, LLP three Requests for Offering for a Portfolio of Defeasance Obligations and/or Forward Purchase Agreement, dated April 29, 2003; and (b) it received from Phoenix Capital Partners, LLP three Requests for Offering for a Portfolio of Defeasance Obligations and/or Forward Purchase Agreement, dated April 30, 2003. Wells Fargo avers that Phoenix Capital Partners, LLP is neither a defendant in this action nor identified as a broker co-conspirator.

211. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 211 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the documents referenced in paragraph 211 of the Complaint for a complete and accurate description of their contents.

212. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 212 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the documents referenced in paragraph 212 of the Complaint for a complete and accurate description of their contents.

213.     Wells Fargo denies the allegations of paragraph 213 of the Complaint.

214.     Wells Fargo denies the allegations of paragraph 214 of the Complaint.

215.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 215 of the Complaint, and therefore denies them.

216.     Wells Fargo denies the allegations of paragraph 216 of the Complaint, except that Wells Fargo admits that during part of the putative class period (a) Wachovia Bank recorded the telephone lines assigned to employees in its municipal derivatives group; and (b) recordings of the telephone lines assigned to employees in Wachovia Bank's municipal derivatives group were generally only retained for 90 or 180 days, depending on the retention policy then in effect, and unless a litigation or other hold was in effect.

217.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 217 of the Complaint, and therefore denies them, except that Wells Fargo admits that the quotations in paragraph 217 of the Complaint appeared in articles in the *Bond Buyer* and on Bloomberg.  Wells Fargo respectfully refers the Court to the articles referenced in paragraph 217 of the Complaint for a complete and accurate description of their contents.

218.     Wells Fargo denies the allegations of paragraph 218 of the Complaint.

219.     Wells Fargo denies that plaintiffs are entitled to any relief as to the matters alleged in their Complaint or in their "PRAYER FOR RELIEF".

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that would otherwise rest on plaintiffs, defendants allege as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute or statutes of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack standing to assert those claims.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they did not suffer and cannot demonstrate antitrust injury.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not suffered injury in fact.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged damages are too speculative and uncertain.

## ELEVENTH DEFENSE

Plaintiffs' claims are precluded by the federal statutes and regulations, and enforcement thereof, governing the investment of proceeds of tax-exempt bonds.

**WHEREFORE**, Wells Fargo demands judgment dismissing the Complaint in its entirety and with prejudice, and awarding such additional relief to Wells Fargo as the Court may deem just and proper.

Dated:  June 4, 2010           Respectfully submitted,

SULLIVAN & CROMWELL LLP

<u>s/ Stephanie G. Wheeler</u>
David B. Tulchin
Stephanie G. Wheeler
125 Broad Street
New York, New York 10004
(212) 558-4000
Fax (212) 558-3358
tulchind@sullcrom.com
wheelers@sullcrom.com

*Attorneys for Defendants Wachovia Bank, N.A. and Wells Fargo & Company*