# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
                                                      :
IN RE MUNICIPAL DERIVATIVES                           :
ANTITRUST LITIGATION                                  :
                                                      :
                                                      :
                                                      :
                                                      :
THIS DOCUMENT RELATES TO:                             :
ALL ACTIONS                                           :
                                                      :
------------------------------------------------------x
```

MDL No. 1950

Master Docket No. 08-02516
(VM) (JCF)

**ANSWER TO SECOND
CONSOLIDATED AMENDED
CLASS ACTION COMPLAINT**

Defendant, National Westminster Bank PLC ("National Westminster") answers the allegations of the Second Consolidated Amended Class Action Complaint ("SCAC") in the above captioned action, dated June 18, 2009, as set forth below. Unless otherwise stated, National Westminster answers with knowledge as to itself and upon information and belief as to all other Parties. National Westminster expressly denies that it engaged in any conspiracy or other wrongdoing assumed, implied or alleged in any of the averments contained in the SCAC.

1.      Denies the averments contained in paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 and respectfully refers the Court to the presentation available on the DOJ's website for the contents thereof.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 except admits that the Department of Justice

Antitrust Division ("DOJ-AT") has filed a motion in this action seeking a partial stay of certain discovery.

5. Denies the averments contained in paragraph 5 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 with respect to the other Defendants.

6. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6, except states that National Westminster has not received a letter advising that National Westminster is a target of any investigation concerning antitrust or municipal bond contracts.

7. Denies the averments contained in the first and last sentences of paragraph 7. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 7. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the third sentence of paragraph 7 with respect to the other Defendants and denies that National Westminster "issued and/or sold" municipal derivatives "at all relevant times." Denies the averments contained in the fourth and fifth sentences of paragraph 7 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the fourth and fifth sentences of paragraph 7 with respect to the other Defendants.

8. Paragraph 8 contains legal conclusions, to which National Westminster is not required to admit or deny. To the extent there are factual averments contained in paragraph 8, National Westminster denies those factual averments as they relate to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

9. Paragraph 9 contains legal conclusions, to which National Westminster is not required to admit or deny.

10. Denies the averments contained in paragraph 10 with respect to National Westminster, except admits that National Westminster resided and/or transacted business in this district and/or had agents in this district during some portions of the Class Period. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 with respect to the other Defendants. To the extent that paragraph 10 contains legal conclusions, National Westminster is not required to admit or deny those legal conclusions.

11. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15.

16. Plaintiffs assert no factual averments in the first sentence of paragraph 16, and therefore that sentence requires no response. To the extent any response is required, National Westminster denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 16. Denies knowledge or

information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18.

19. Plaintiffs assert no factual averments in paragraph 19, and therefore this paragraph requires no response. To the extent any response is required, National Westminster denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19.

20. Plaintiffs assert no factual averments in paragraph 20, and therefore this paragraph requires no response. To the extent any response is required, National Westminster denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24.

25.     Admits the averments contained in the first and third sentences of paragraph 25.   Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 25, except admits that National Westminster issued and/or sold municipal derivatives during some portion of the Class Period.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30.

31.     Plaintiffs assert no factual averments in paragraph 31, and therefore this paragraph requires no response.  To the extent any response is required, National Westminster denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37.

38.     Paragraph 38 contains averments so vague and general that no response is possible and therefore it is denied in its entirety.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 48.

49.     Plaintiffs assert no factual averments in paragraph 49, and therefore this paragraph requires no response.  To the extent any response is required, National Westminster denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 49.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 53.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 55.

56. Plaintiffs assert no factual averments in paragraph 56, and therefore this paragraph requires no response. To the extent any response is required, National Westminster denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 56.

57. Plaintiffs assert no factual averments in paragraph 57, and therefore this paragraph requires no response. To the extent any response is required, National Westminster denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 57.

58. Admits the averments contained in the first sentence of paragraph 58. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second and third sentences of paragraph 58.

59. The averments contained in paragraph 59 are overly generalized and simplistic and are therefore denied.

60. The averments contained in paragraph 60 are overly generalized and simplistic and are therefore denied. National Westminster respectfully refers the Court to the IRS regulations that govern municipal bonds for the contents thereof.

61. The averments contained in paragraph 61 are overly generalized and simplistic and are therefore denied.

62. The averments contained in paragraph 62 are overly generalized and simplistic and are therefore denied.

63. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 63.

64. The averments contained in paragraph 64 are overly generalized and simplistic and are therefore denied.

65. The averments contained in paragraph 65 are overly generalized and simplistic and are therefore denied.

66. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 66.

67. The averments contained in paragraph 67 are overly generalized and simplistic and are therefore denied.

68. The averments contained in paragraph 68 are overly generalized and simplistic and are therefore denied.

69. The averments contained in paragraph 69 are overly generalized and simplistic and are therefore denied.

70. The averments contained in paragraph 70 are overly generalized and simplistic and are therefore denied.

71. The averments contained in paragraph 71 are overly generalized and simplistic and are therefore denied.

72. The averments contained in the first, second, fourth, fifth and sixth sentences of paragraph 72 are overly generalized and simplistic and are therefore denied. Denies the averments contained in the third sentence of paragraph 72 and respectfully refers the Court to Section 148 of the Internal Revenue Code for the contents thereof.

73. The averments contained in paragraph 73 are overly generalized and simplistic and are therefore denied.

74. The averments contained in paragraph 74 are overly generalized and simplistic and are therefore denied.

75. The averments contained in paragraph 75 are overly generalized and simplistic and are therefore denied.

76. The averments contained in paragraph 76 are overly generalized and simplistic and are therefore denied.

77. The averments contained in paragraph 77 are overly generalized and simplistic and are therefore denied.

78. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 78.

79. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 79.

80. The averments contained in paragraph 80 are overly generalized and simplistic and are therefore denied.

81. Denies the averments contained in paragraph 81 and respectfully refers the Court to the Internal Revenue Code for the contents thereof.

82. Denies the averments contained in paragraph 82 and respectfully refers the Court to the IRS rules and regulations that govern arbitrage for the contents thereof.

83. Denies the averments contained in paragraph 83 and respectfully refers the Court to the IRS rules and regulations that set forth the procedure for establishing the fair market value of GICs, including Treasury Reg. § 1.148-5(d)(6), for the contents thereof.

84.     Denies the averments contained in the first sentence of paragraph 84 and respectfully refers the Court to the IRS rules and regulations that govern municipal derivatives transactions for the contents thereof.  Denies the averments contained in the second sentence of paragraph 84 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 84 with respect to the other Defendants and alleged co-conspirators.

85.     Denies the averments contained in paragraph 85 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 85 with respect to the other Defendants and alleged co-conspirators.

86.     Denies the averments contained in paragraph 86 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 86 with respect to the other Defendants and alleged co-conspirators.

87.     Denies the averments contained in paragraph 87 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 87 with respect to the other Defendants and alleged co-conspirators.

88.     Denies the averments contained in paragraph 88 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 88 with respect to the other Defendants and alleged co-conspirators.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 89 and the first sentence in footnote 2 of paragraph 89. The averments contained in the second sentence in footnote 2 of paragraph 89 are inaccurate, overly generalized and simplistic and are therefore denied.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 90, except acknowledges that Plaintiffs refer to a confidential witness as "CW" throughout the SCAC.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 91.

92.     Denies the averments contained in paragraph 92 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 92 with respect to the other Defendants and alleged co-conspirators.

93.     Denies the averments contained in paragraph 93 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 93 with respect to the other Defendants and alleged co-conspirators.

94.     Denies the averments contained in paragraph 94 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 94 with respect to the other Defendants and alleged co-conspirators.

95.     Denies the averments contained in paragraph 95 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of

the averments contained in paragraph 95 with respect to the other Defendants and alleged co-conspirators.

96.     Denies the averments contained in paragraph 96 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 96 with respect to the other Defendants and alleged co-conspirators.

97.     Denies the averments contained in paragraph 97 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 97 with respect to the other Defendants and alleged co-conspirators.

98.     Denies the averments contained in paragraph 98 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 98 with respect to the other Defendants and alleged co-conspirators.

99.     Denies the averments contained in paragraph 99 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 99 with respect to the other Defendants and alleged co-conspirators.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100, except denies that National Westminster engaged in illegal communications and conduct to restrain competition.

(a)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(a), except denies that National Westminster participated in unlawful collusive discussions with Douglas Campbell.

(b)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(b), except denies that National Westminster participated in unlawful collusive discussions with Dean Pinard.

(c)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(c), except denies that National Westminster participated in unlawful collusive discussions with Philip Murphy.

(d)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(d), except denies that National Westminster participated in unlawful collusive discussions with James Hertz.

(e)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(e), except denies that National Westminster participated in unlawful collusive discussions with Stephen Salvadore.

(f)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(f), except denies that National Westminster participated in unlawful collusive discussions with Douglas MacFaddin.

(g)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(g), except denies that National Westminster participated in unlawful collusive discussions with Jay Saunders.

(h)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(h), except denies that National Westminster participated in unlawful collusive discussions with Martin McConnell.

(i)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(i), except denies that National Westminster participated in unlawful collusive discussions with Peter Ghavami.

(j)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(j), except denies that National Westminster participated in unlawful collusive discussions with Patrick Marsh.

(k)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(k), except denies that National Westminster participated in unlawful collusive discussions with Shlomi Raz.

(l)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(l), except denies that National Westminster participated in unlawful collusive discussions with Samuel Gruer.

(m)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(m).

(n)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(n), except denies that National Westminster participated in unlawful collusive discussions with James Towne.

(o)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(o), except denies that National Westminster participated in unlawful collusive discussions with Mark Zaino.

101. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101, except denies that National Westminster was involved in any illegal agreement, understanding or conspiracy.

(a) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(a).

(b) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(b).

(c) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(c), except denies that National Westminster had any conversations with Martin Stallone regarding the alleged conspiracy.

(d) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(d).

(e) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(e).

(f) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(f).

(g) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(g).

102. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 102, except denies that National Westminster engaged in any collusive conduct.

103. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 103.

104. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 104.

105. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 105.

106. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 106.

107. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 107.

108. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 108, except denies that National Westminster rigged bids, allocated customers or submitted sham courtesy bids.

109. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 109, except denies that National Westminster was requested to provide or provided courtesy bids.

110. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 110.

111. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 111.

112. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 112.

113. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 113.

114. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 114.

115. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 115, except denies that National Westminster received "last looks" or participated in collusive bidding practices.

116. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 116.

117. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 117, except admits that National Westminster participated in a municipal derivatives transaction with the County of Luzerne but denies that it engaged in any anticompetitive conduct or other misconduct in connection with that transaction.

118. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 118, except admits that National Westminster participated in certain municipal derivatives transactions.

119. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 119.

120. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 120.

121. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 121.

122. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 122.

123. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 123.

124. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 124.

125. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 125.

126. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 126.

127. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 127.

128. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 128.

129. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 129 and respectfully refers the Court to the text of the email included in paragraph 129 for the contents thereof.

130. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 130.

131. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 131.

132. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 132.

133. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 133.

134. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 134.

135. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 135.

136. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 136.

137. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 137.

138. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 138.

139. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 139, except denies that National Westminster participated in an illegal conspiracy.

140. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 140.

141. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 141.

142. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 142.

143. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 143.

144.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 144, except denies that National Westminster had communications with employees of Bank of America in furtherance of an alleged conspiracy.

145.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 145.

146.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 146.

147.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 147.

148.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 148.

149.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 149.

150.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 150, except denies that National Westminster facilitated a conspiracy through intercompetitor contacts at trade associations.

151.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 151.

152.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 152.

153.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 153.

154. Denies the averments contained in paragraph 154 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 154 with respect to the other Defendants and alleged co-conspirators and respectfully refers the Court to the *Bond Buyer* article, dated November 21, 2006, for the contents thereof.

155. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 155.

156. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 156.

157. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 157.

158. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 158.

159. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 159.

160. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 160.

161. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 161, except denies that National Westminster violated IRS regulations concerning arbitrage, IRS regulations governing GIC bidding or the federal antitrust laws.

162. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 162.

163. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 163.

164. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 164, except denies that National Westminster was served with a subpoena in connection with the investigation referenced in paragraph 164.

165. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 165.

166. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 166.

167. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 152 and further states that National Westminster has received no indication that it has been targeted for possible indictment by the DOJ or notified that it is part of a DOJ investigation.

168. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 168 and respectfully refers the Court to the *Bond Buyer* article, dated March 2, 2008, for the contents thereof.

169. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 169.

170. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 170 and respectfully refers the Court to Bank of America's February 9, 2007 press release for the contents thereof.

171. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 171.

172. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 172 and respectfully refers the Court to Bank of America's SEC Form 10-K, dated February 27, 2009, for the contents thereof.

173. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 173, except admits that National Westminster received information requests from the Connecticut and Florida state attorneys general and states further that the Connecticut and Florida state attorneys general did not require National Westminster to respond to those information requests once the Connecticut and Florida state attorneys general had been informed that National Westminster had not received subpoenas or information requests from either the Securities and Exchange Commission or the Department of Justice relating to municipal derivatives and had not been asked to (nor had it) produced any documents to those regulators relating to municipal derivatives.

174. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 174.

175. Denies the averments contained in paragraph 175 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 175 with respect to the other Defendants and alleged co-conspirators.

176. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 176 and respectfully refers the Court to Bank of America's 2009 SEC filing for the contents thereof.

177. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 177.

178. Without admitting that National Westminster was ever part of any conspiracy (and National Westminster expressly denies ever being part of any conspiracy) denies the averments contained in paragraph 178 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 178 with respect to the other Defendants and alleged co-conspirators.

179. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 179, except denies that National Westminster is a party to any municipal derivatives transactions that are ongoing.

180. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 180.

181. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 181.

182. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 182.

183. Admits that plaintiffs purport to bring this action on their own behalf and on behalf of a Class under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure as alleged in paragraph 183 but denies that the requirements for a class action have been met in this case.

184. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 184.

185. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 185.

186. Denies the averments contained in paragraph 186.

187. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 187.

188. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 188.

189. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 189.

190. Denies the averments contained in paragraph 190 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 190 with respect to the other Defendants and alleged co-conspirators.

191. Denies the averments contained in paragraph 191.

192. Denies the existence of any conspiracy, but admits that certain municipal derivatives transactions affect interstate commerce.

193. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 193 with respect to the other Defendants and alleged co-conspirators and denies the averments contained in paragraph 193 with respect to National Westminster, except admits that National Westminster "issued and/or sold" certain municipal derivatives during some portion of the Class Period to counterparties in states where National Westminster was not a citizen.

194. Denies the averments contained in paragraph 194, except admits that certain municipal derivatives transactions have an effect on United States commerce.

195. Denies the averments contained in paragraph 195 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of

the averments contained in paragraph 195 with respect to the other Defendants and alleged co-conspirators, except admits that plaintiffs have purported to sue the Defendants for an alleged violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

196. Denies the averments contained in paragraph 196 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 196 with respect to the other Defendants and alleged co-conspirators.

197. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 197, except denies that National Westminster participated in any combination or conspiracy or caused Plaintiffs and/or members of the purported class any injury to their business or property.

198. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 198 with respect to purported injuries to Plaintiffs or the alleged Class members, except denies that National Westminster caused any purported injuries to Plaintiffs or the alleged Class members and recognizes that Plaintiffs purport to seek to recover treble damages and the costs of this suit, including reasonable attorneys' fees pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26 but deny that they are entitled to any of those remedies from National Westminster.

199. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 199, except denies such averments to the extent they allege that National Westminster was involved in a conspiracy.

200. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first and third sentences of paragraph 200, except denies such

averments to the extent they allege that National Westminster was involved in a conspiracy. Denies the remaining averments contained in paragraph 200 and respectfully refers the Court to the *Bond Buyer* article, dated December 22, 2006, for the contents thereof. To the extent paragraph 200 contains legal conclusions, National Westminster is not required to admit or deny those legal conclusions.

201. Denies the averments contained in the first sentence of paragraph 201 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 201 with respect to the other Defendants and alleged co-conspirators. Denies the remaining averments contained in paragraph 201, and to the extent paragraph 201 contains legal conclusions, National Westminster is not required to admit or deny those legal conclusions.

202. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 202, except denies such averments to the extent they allege that National Westminster participated in a conspiracy in violation of antitrust laws.

203. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 203, except denies such averments to the extent they allege that National Westminster violated any antitrust laws.

204. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 204, except denies that National Westminster rigged bids or engaged in any other unlawful collusive practices.

205. Denies the averments contained in the first sentence of paragraph 205, and respectfully refers the Court to the IRS regulations that govern pricing certifications in municipal derivatives transactions for the contents thereof. Denies knowledge or information

sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 205.

205. 206. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 206, except denies that National Westminster supplied false market pricing letters.

207. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 207.

208. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 208 and respectfully refers the Court to the *Bond Buyer* article, dated December 22, 2006, and the *Bloomberg* article, dated December 7, 2006, for the contents thereof.

209. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 209.

210. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 210, except denies that National Westminster made any false representations to Baltimore.

211. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 212, except denies that National Westminster made any false representations to the Bucks County Plaintiffs and denies that National Westminster concealed or participated in any alleged conspiracy.

212. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 212, and respectfully refers the Court to the standardized bid forms referred to in paragraph 212 for the contents thereof.

213.  Denies the averments contained in paragraph 213 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 213 with respect to the other Defendants and alleged co-conspirators.

214.  Denies the averments contained in paragraph 214 with respect to National Westminster and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 214 with respect to the other Defendants and alleged co-conspirators.

215.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 215, except denies that National Westminster participated in any conspiratorial or concealing activity.

216.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 216, except denies that National Westminster concealed any conspiracy, failed to apprise Plaintiffs of the existence of audiotapes, or reused or overwrote evidence contained on such audiotapes.

217.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 217, except denies that National Westminster made any misleading press statements and respectfully refers the Court to the *Bond Buyer* article, dated November 17, 2006, for the contents thereof.

218.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 218, except denies such averments to the extent they allege that National Westminster participated in or fraudulently concealed a conspiracy.  To the

extent that paragraph 218 contains legal conclusions, National Westminster is not required to admit or deny those legal conclusions.

National Westminster further states to the extent that any averment which is asserted in the SCAC is not specifically admitted herein, such averment is hereby expressly denied.

In light of the fact that National Westminster denies all of the substantive averments of wrongdoing with respect to National Westminster contained in the SCAC, it denies that plaintiffs are entitled to any relief from National Westminster, including the relief sought in paragraphs A-E of Plaintiffs Prayer for Relief.

## AFFIRMATIVE DEFENSES

National Westminster sets forth below its affirmative defenses. By setting forth these affirmative defenses, National Westminster does not assume the burden of proof for any issue, fact or element of a claim as to which applicable law places the burden on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The SCAC, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The SCAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that National Westminster is considered a co-conspirator in any antitrust conspiracy alleged by Plaintiffs, National Westminster withdrew from any such conspiracy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any and all of National Westminster's actions challenged by Plaintiffs were justified, constitute bona fide business competition, and were carried out in furtherance of National Westminster's legitimate business interests.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claim is precluded by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## TENTH AFFIRMATIVE DEFENSE

The SCAC concerns conduct impliedly immune from the antitrust laws.

## ELEVENTH AFFIRMATIVE DEFENSE

The SCAC fails to provide adequate notice of National Westminster's alleged involvement in the alleged conspiracy.

WHEREFORE, National Westminster prays for judgment against plaintiffs dismissing the SCAC with prejudice and granting such other relief as this Court may deem just and proper.

Dated: New York, New York
June 4, 2010

SCHULTE ROTH & ZABEL LLP

By:   /s/ Harry S. Davis
Harry S. Davis
Taleah E. Jennings

919 Third Avenue
New York, New York 10022
(212) 756-2000
(212) 593-5955
harry.davis@srz.com
*Attorneys for Defendant*
*National Westminster Bank PLC*