UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950 |
| THIS DOCUMENT RELATES TO: | Master Docket No. 08-02516 (VM) (GWG) |
| SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT | **UBS AG's ANSWER TO SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

Defendant, UBS AG ("UBS"),[1] through its undersigned counsel, hereby answers and asserts the following affirmative defenses to Plaintiffs' Second Consolidated Amended Class Action Complaint ("SCAC"):

**SPECIFIC RESPONSES**

**NATURE OF THE CASE**

1.      UBS admits that Plaintiffs purport to make the allegations contained in ¶ 1.  UBS denies the allegations.

2.      UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 2, and UBS therefore denies them.

3.      UBS admits that Bank of America has publicly stated that it entered into a Corporate Conditional Leniency Letter with the Department of Justice ("DOJ") in connection with an investigation of certain Municipal Derivatives products.  UBS denies that the term "Municipal Derivatives" is an umbrella term that is used in the industry to describe the myriad

---

[1] For ease of reference only, UBS uses the term "UBS" in this Answer to refer to either UBS AG or one or more subsidiaries or related entities.  UBS denies that these entities are identical for purposes of this litigation.

types of financial instruments and transactions identified in the SCAC.  Solely for ease of reference, in this Answer UBS will use the term "Municipal Derivatives" as defined in the SCAC; no agreement or waiver by such use is intended. UBS states that the purported presentation excerpt referenced in ¶ 3 speaks for itself, and UBS denies any characterization of the document or its applicability to Bank of America's Corporate Conditional Leniency Letter. UBS denies all remaining allegations in ¶ 3.

4.      UBS admits that the DOJ is conducting an investigation relating to certain Municipal Derivatives products and that the DOJ has requested a partial stay of discovery in these proceedings.  The stay request speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 4, and UBS therefore denies them.

5.      UBS admits that the Complaint purports to arise out of the allegations contained in ¶ 5.  To the extent the allegations are intended to reference actions taken by or on behalf of UBS, UBS denies the allegations in ¶ 5.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 5 pertaining to other entities, and UBS therefore denies them.

6.      UBS admits that there are investigations by the DOJ, the Securities and Exchange Commission ("SEC"), the IRS and certain state attorneys general relating to certain Municipal Derivatives products, and that UBS has received document subpoenas from the DOJ, the SEC, and state attorneys general relating to these investigations.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 6, and UBS therefore denies them.

7.    UBS admits that Plaintiffs purport to bring this case as a class action on behalf of the putative class alleged.  UBS denies that this case may be properly maintained as a class action.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 7, and UBS therefore denies them.  UBS denies the allegations in the third, fourth, and fifth sentences of ¶ 7 to the extent they reference actions taken by UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of ¶ 7 pertaining to other entities, and UBS therefore denies them.  UBS denies all remaining allegations in ¶ 7.

## JURISDICTION AND VENUE

8.    Paragraph 8 is a legal statement to which no response is required, and on that basis UBS denies these allegations.

9.    Paragraph 9 is a legal statement to which no response is required, and on that basis UBS denies these allegations.

10.    Paragraph 10 is a legal statement to which no response is required, and on that basis UBS denies these allegations.

## PLAINTIFFS

11.    UBS admits that Plaintiff City of Baltimore purchased certain types of Municipal Derivatives from a desk within an indirect subsidiary of UBS during the purported Class Period. UBS is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in ¶ 11 pertaining to other entities, and UBS therefore denies them. UBS denies all remaining allegations in ¶ 11.

12.    To the extent the allegations in ¶ 12 are intended to reference actions taken by or on behalf of UBS, UBS denies them.  UBS lacks sufficient information or knowledge to

form a belief as to the truth of the allegations in ¶ 12 pertaining to other entities, and UBS therefore denies them.

13.      To the extent the allegations in ¶ 13 are intended to reference actions taken by or on behalf of UBS, UBS denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 13 pertaining to other entities, and UBS therefore denies them.

14.      To the extent the allegations in ¶ 14 are intended to reference actions taken by or on behalf of UBS, UBS denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 14 pertaining to other entities, and UBS therefore denies them.

15.      To the extent the allegations in ¶ 15 are intended to reference actions taken by or on behalf of UBS, UBS denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 15 pertaining to other entities, and UBS therefore denies them.

16.      The first sentence of ¶ 16 contains no factual allegations to which a response is required and on that basis is denied. UBS is without sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 16, and UBS therefore denies them.

17.      To the extent the allegations in ¶ 17 are intended to reference actions taken by or on behalf of UBS, UBS denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 17 pertaining to other entities, and UBS therefore denies them.

18.     To the extent the allegations in ¶ 18 are intended to reference actions taken by or on behalf of UBS, UBS denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 18 pertaining to other entities, and UBS therefore denies them.

19.     Paragraph 19 contains no factual allegations to which a response is required and on that basis is denied.

**PROVIDER DEFENDANTS**

20.     Paragraph 20 contains no factual allegations to which a response is required and on that basis is denied.

21.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 21, and UBS therefore denies them.

22.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 22, and UBS therefore denies them.

23.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 23, and UBS therefore denies them.

24.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 24, and UBS therefore denies them.

25.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 25, and UBS therefore denies them.

26.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 26, and UBS therefore denies them.

27.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 27, and UBS therefore denies them.

28.     UBS admits that it is a banking corporation organized under the laws of Switzerland, with its headquarters located in Zurich and Basel, Switzerland. UBS admits that during certain portions of the purported Class Period, a desk within an indirect subsidiary of UBS sold certain Municipal Derivatives products.  UBS admits that in 2000 it acquired PaineWebber Inc.  UBS denies that this case may be properly maintained as a class action, and UBS therefore denies the allegations in ¶ 28 regarding sales of Municipal Derivatives to purported Class Members.  UBS denies all remaining allegations in ¶ 28.

29.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 29, and UBS therefore denies them.

30.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 30, and UBS therefore denies them.

**BROKER DEFENDANTS**

31.     Paragraph 31 contains no factual allegations to which a response is required, and on that basis is denied.

32.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 32, and UBS therefore denies them.

33.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 33, and UBS therefore denies them.

34.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 34, and UBS therefore denies them.

35.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 35, and UBS therefore denies them.

36. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 36, and UBS therefore denies them.

37. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 37, and UBS therefore denies them.

## NAMED AND UNNAMED CO-CONSPIRATORS

38. To the extent the allegations are intended to reference actions taken by or on behalf of UBS, UBS denies the allegations in ¶ 38. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 38 pertaining to other entities, and UBS therefore denies them.

39. To the extent that ¶ 39 alleges that AIG Financial is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 39 pertaining to other entities, and UBS therefore denies them.

40. To the extent that ¶ 40 alleges that Sunamerica is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 40 pertaining to other entities, and UBS therefore denies them.

41. To the extent that ¶ 41 alleges that FSAHL is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 41 pertaining to other entities, and UBS therefore denies them.

42. To the extent that ¶ 42 alleges that FSAI is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.

UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 42 pertaining to other entities, and UBS therefore denies them.

43.     To the extent that ¶ 43 alleges that GE Trinity is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 43 pertaining to other entities, and UBS therefore denies them.

44.     To the extent that ¶ 44 alleges that GE Funding is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 44 pertaining to other entities, and UBS therefore denies them.

45.     To the extent that ¶ 45 alleges that Lehman is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 45 pertaining to other entities, and UBS therefore denies them.

46.      To the extent that ¶ 46 alleges that XL Capital is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 46 pertaining to other entities, and UBS therefore denies them.

47.     To the extent that ¶ 47 alleges that XL Asset Funding is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 47 pertaining to other entities, and UBS therefore denies them.

48.	To the extent that ¶ 48 alleges that XL Life Insurance is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 48 pertaining to other entities, and UBS therefore denies them.

49.	Paragraph 49 contains no factual allegations to which a response is required, and on that basis is denied.

50.	To the extent that ¶ 50 alleges that Feld Winters is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 50 pertaining to other entities, and UBS therefore denies them.

51.	To the extent that ¶ 51 alleges that First Southwest is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 51 pertaining to other entities, and UBS therefore denies them.

52.	To the extent that ¶ 52 alleges that Kinsell is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 52 pertaining to other entities, and UBS therefore denies them.

53.	To the extent that ¶ 53 alleges that Mesirow is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 53 pertaining to other entities, and UBS therefore denies them.

54.     To the extent that ¶ 54 alleges that Morgan Keegan & Co. is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 54 pertaining to other entities, and UBS therefore denies them.

55.     To the extent that ¶ 55 alleges that PackerKiss is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 55 pertaining to other entities, and UBS therefore denies them.

56.     Paragraph 56 contains no factual allegations to which a response is required, and on that basis is denied.

57.     Paragraph 57 contains no factual allegations to which a response is required.  To the extent a response is required, UBS denies these allegations.

**DEFINITIONS AND BACKGROUND**

**<u>MUNICIPAL BONDS</u>**

58.     UBS admits that: (1) states, cities, counties, and other governmental and private entities may issue bonds to raise funds for a variety of different reasons and purposes; (2) when the interest on such bonds is expected to be exempt from federal taxation, some investors may accept lower interest payments on those bonds than they would if the interest on the bonds were expected to be taxed by the federal government; and (3) when bonds qualify for exemption from federal taxation, they could under some circumstances represent a lower cost source of financing to some issuers than would comparable bonds that did not qualify for such an exemption.  The remainder of the allegations in ¶ 58 are overly generalized and simplistic, and UBS therefore denies them.

59.　　UBS admits that: (1) some municipal bonds pay interest at a fixed or variable rate; (2) that bond investors in certain circumstances may purchase bonds in exchange for payment of a principal amount to the issuer of the bonds; and (3) maturity dates for some municipal bonds may span periods of years. The remainder of the allegations in ¶ 59 are overly generalized and simplistic, and UBS therefore denies them.

60.　　UBS states that the IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.

61.　　UBS admits that municipal bond proceeds may be placed into a range of different types of funds that serve a range and variety of potential purposes and uses. The remainder of the allegations in ¶ 61 are overly generalized and simplistic, and UBS therefore denies them.

62.　　UBS admits that some issuers of municipal bonds may choose to invest unused bond proceeds until they are put to use for their stated purpose. The remainder of the allegations in ¶ 62 are overly generalized and simplistic, and UBS therefore denies them.

63.　　UBS lacks sufficient information or knowledge to form a basis as to the truth of the allegations in ¶ 63, and UBS therefore denies them.

**<u>Municipal Derivatives</u>**

64.　　UBS denies the allegations contained in ¶ 64, including the allegation that the term "Municipal Derivatives" is an umbrella term that is used in the industry to describe the different types of financial instruments and transactions identified in this paragraph. Solely for ease of reference, in this Answer UBS will use the term "Municipal Derivatives" as defined in the SCAC; no agreement or waiver by such use is intended.

65.     UBS admits that some of the providers of certain Municipal Derivatives products may be insurance companies and banks, but UBS denies that all Municipal Derivatives are provided by such entities or that all such entities are providers of Municipal Derivatives. UBS admits that certain Municipal Derivative products can be provided to a range of different entities, including government entities. The remainder of the allegations in ¶ 65 are overly generalized and simplistic, and UBS therefore denies them.

66.     UBS admits that a governmental or private non-profit entity may engage certain types of brokers to assist them in obtaining certain types of Municipal Derivative products.  UBS denies the remainder of the allegations contained in ¶ 66.

67.     UBS admits that Municipal Derivatives may be used for a variety of different reasons and purposes.  The remainder of the allegations in ¶ 67 are overly generalized and simplistic, and UBS therefore denies them.

68.     UBS admits that a GIC may describe a range of different types of certain Municipal Derivative transactions with varying terms and features.  UBS states that the IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  The remainder of the allegations in ¶ 68 are overly generalized and simplistic, and UBS therefore denies them.

69.     UBS admits that a Forward Purchase Agreement or Forward Delivery Agreement may describe a range of different types of Municipal Derivative transactions with varying terms and features.  The remainder of the allegations in ¶ 69 are overly generalized and simplistic, and UBS therefore denies them.

70.     UBS admits that an unsecured or uncollateralized GIC may describe a range of different Municipal Derivative transactions with varying terms and features.  The

remainder of the allegations in ¶ 70 are overly generalized and simplistic, and UBS therefore denies them.

72. UBS admits that a Repurchase Agreement or "Collateralized GIC" may describe a range of different Municipal Derivative transactions with varying terms and features. The remainder of the allegations in ¶ 71 are overly generalized and simplistic, and UBS therefore denies them.

72. The allegations contained in the first, second, fourth, fifth, and sixth sentences of ¶ 72 are overly generalized and simplistic, and UBS therefore denies them. The IRS regulations cited in the third sentence of ¶ 72 speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.

73. UBS admits that a swap may describe a range of different Municipal Derivative transactions with varying terms and features. UBS admits that issuers of municipal bonds may use swaps for a variety of purposes. The remainder of the allegations in ¶ 73 are overly generalized and simplistic, and UBS therefore denies them.

74. UBS admits that an Option may describe a range of different Municipal Derivative transactions with varying terms and features. The remainder of the allegations in ¶ 74 are overly generalized and simplistic, and UBS therefore denies them.

75. UBS admits that an Swaption may describe a range of different Municipal Derivative transactions with varying terms and features. The remainder of the allegations in ¶ 75 are overly generalized and simplistic, and UBS therefore denies them.

76. UBS admits that a Floor may describe a range of different Municipal Derivative transactions with varying terms and features. The remainder of the allegations in ¶ 76 are overly generalized and simplistic, and UBS therefore denies them.

77.     UBS admits that a Collar may describe a range of different Municipal Derivative transactions with varying terms and features.  The remainder of the allegations in ¶ 77 are overly generalized and simplistic, and UBS therefore denies them.

78.     UBS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 78, and UBS therefore denies them.

79.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 79, and UBS therefore denies them.

80.     UBS denies the allegations contained in ¶ 80.

**IRS Rules and Regulations**

81.     The IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  UBS denies any remaining allegations in ¶ 81.

82.     Paragraph 82 contains a legal conclusion to which no response is required.  To the extent that a response is required, UBS states that the IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  UBS denies any remaining allegations in ¶ 82.

83.     The IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  UBS denies any remaining allegations in ¶ 83.

84.     The first sentence of Paragraph 84 contains a legal conclusion to which no response is required.  To the extent that a response is required, UBS denies the allegations contained in the first sentence of ¶ 84.  UBS denies the allegations contained in the second sentence of ¶ 84 to the extent they are intended to reference actions taken by or on behalf of

UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 84 pertaining to other entities, and UBS therefore denies them.  UBS denies all remaining allegations in Paragraph 84.

## FACTUAL ALLEGATIONS

### Overview of Wrongdoing Alleged

85.     UBS denies the allegations in ¶ 85 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 85 pertaining to other entities, and UBS therefore denies them.

86.     UBS denies the allegations in ¶ 86 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 86 pertaining to other entities, and UBS therefore denies them.

87.     UBS denies the allegations in ¶ 87 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 87 pertaining to other entities, and UBS therefore denies them.

88.      UBS denies the allegations in ¶ 88 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 88 pertaining to other entities, and UBS therefore denies them.

89.      UBS admits that it has received a Wells notice from the SEC.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first

and second sentences of ¶ 89, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in the first sentence of footnote 2 in ¶ 89, and UBS therefore denies them. The allegations in the second sentence of footnote 2 in ¶ 89 are overly generalized and simplistic, and UBS therefore denies them.

90.     Paragraph 90 does not contain allegations directed at UBS, and no response by UBS is therefore required. To the extent a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 90, and UBS therefore denies them.

91.     With regards to the first sentence in ¶ 91, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and UBS therefore denies them. The purported statement of Charles Anderson referenced in ¶ 91 speaks for itself, and UBS denies any characterization of it or the relevance of it. With regard to any additional allegations in ¶ 91, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of allegations in ¶ 91 pertaining to other entities, and UBS therefore denies them.

**Agreement and Conspiracy to Rig Bids and Allocate Customers**

92.     UBS denies the allegations in ¶ 92 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 92 pertaining to other entities, and UBS therefore denies them.

93.     UBS denies the allegations in ¶ 93 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge

to form a belief as to the truth of the allegations in ¶ 93 pertaining to other entities, and UBS therefore denies them.

94.     UBS admits that it had an indirect subsidiary with a desk located in New York City that marketed certain Municipal Derivatives products during certain portions of the purported Class Period.  UBS admits that e-mails to and from this desk were sent, but deny that any such emails were sent as part of the conspiracy alleged in the SCAC.  With regards to the remainder of the allegations in ¶ 94, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 94 pertaining to other entities, and UBS therefore denies them.

95.     UBS denies the allegations in ¶ 95 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 95 pertaining to other entities, and UBS therefore denies them.

96.     UBS denies the allegations in ¶ 96 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 96 pertaining to other entities, and UBS therefore denies them.

97.     UBS denies the allegations in ¶ 97 and each of its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 97 and each of its subparts pertaining to other entities, and UBS therefore denies them.

98.     UBS denies the allegations in ¶ 98 and each of its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 98 and each of its subparts pertaining to other entities, and UBS therefore denies them.

99.     UBS denies the allegations in ¶ 99 and each of its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 99 and each of its subparts pertaining to other entities, and UBS therefore denies them.

**Partial Listing of Individual Participants in the Alleged Conspiracy**

100.     UBS denies the allegations in the two first sentences of ¶ 100 to the extent they are intended reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 100 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 100, and UBS therefore denies them.

a.  UBS admits that Douglas Campbell had communications with Mark Zaino, but denies any characterizations of these communications or that these were part of any conspiracy alleged in the SCAC or violated any applicable laws.  UBS denies the remainder of the allegations in ¶ 100(a) to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(a), and UBS therefore denies them.

b.  UBS denies the allegations in ¶ 100(b) to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(b), and UBS therefore denies them.

c.  UBS denies the allegations in ¶ 100(c) to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(c), and UBS therefore denies them.

d.  UBS denies the allegations in ¶ 100(d) to the extent they are intended to reference actions taken by or on behalf of UBS.  The information alleged to have been quoted from Mr. Hertz's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(d), and UBS therefore denies them.

e.  UBS denies the allegations in ¶ 100(e) to the extent they are intended to reference actions taken by or on behalf of UBS.  The information alleged to have been quoted from Mr. Salvadore's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(e), and UBS therefore denies them.

f.  UBS denies the allegations in ¶ 100(f) to the extent they are intended to reference actions taken by or on behalf of UBS.  The information alleged to have been quoted from MacFaddin's disclosures to FINRA speaks for itself, and UBS denies

any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(f), and UBS therefore denies them.

g. UBS denies the allegations in ¶ 100(g) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. Saunder's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(g), and UBS therefore denies them.

h. UBS denies the allegations in ¶ 100(h) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. McConnell's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(h), and UBS therefore denies them.

i. UBS admits that Peter Ghavami was at one time a former manager of the desk within the UBS indirect subsidiary that marketed certain Municipal Derivatives products for certain portions of the purported Class Period. UBS admits that Mr. Ghavami joined UBS from JP Morgan and worked at UBS from on or about April of 1999 to on or about January 2008. UBS denies the remainder of the allegations in ¶ 100(i) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. Ghavami's disclosures to FINRA speaks for itself, and UBS denies any

characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 100(h) pertaining to other entities, and UBS therefore denies them.

j.  UBS denies the allegations in ¶ 100(j) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been taken from Mr. Marsh's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder allegations in ¶ 100(j), and UBS therefore denies them.

k.  UBS denies the allegations in ¶ 100(k) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. Raz's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(k), and UBS therefore denies them.

l.  UBS denies the allegations in ¶ 100(l) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been taken from Mr. Gruer's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(l), and UBS therefore denies them.

m.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 100(m), and UBS therefore denies them.

n.   UBS denies the allegations in ¶ 100(n) to the extent they are intended to reference actions taken by or on behalf of UBS.  The information alleged to have been quoted from Mr. Towne's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 100(n), and UBS therefore denies them.

o.   UBS admits that Mr. Zaino worked on the desk within the UBS indirect subsidiary that marketed certain types of Municipal Derivatives products from on or about March 2001 until he left the company on or about December 2006.  UBS denies the remainder of the allegations in ¶ 100(o) to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 100(o) pertaining to other entities, and UBS therefore denies them.

101.   UBS denies the allegations in the first two sentences of ¶ 101 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first two sentences of ¶ 101 pertaining to other entities, and UBS therefore denies them.

a.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 101(a), and UBS therefore denies them.

b.   The information alleged to have been quoted from Ms. Packer's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the remaining allegations in ¶ 101(b), and UBS therefore denies them.

c.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 101(c), and UBS therefore denies them.

d.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 101(d), and UBS therefore denies them.

e.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 101(e), and UBS therefore denies them.

f.  The information alleged to have been taken from Mr. Goldberg's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 101(f), and UBS therefore denies them.

g.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 101(g), and UBS therefore denies them.

**Examples of the Coordination of Collusive Bidding Through Brokers**

102.  The allegations in ¶ 102 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 102, and UBS therefore denies them.

103.  UBS denies the allegations in ¶ 103 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 103, and UBS therefore denies them.

104.  UBS denies the allegations in ¶ 104 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge

to form a belief as to the truth of the remainder of the allegations in ¶ 104, and UBS therefore denies them.

105.    The allegations in ¶ 105 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 105, and UBS therefore denies them.

106.    The allegations in ¶ 106 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 106, and UBS therefore denies them.

107.    The allegations in ¶ 107 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 107, and UBS therefore denies them.

108.    UBS denies the allegations contained in the first sentence of ¶ 108 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 108 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 108, and UBS therefore denies them.

109.    The allegations in ¶ 109 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in ¶ 109, and UBS therefore denies them.

110. The allegations in ¶ 110 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 110, and UBS therefore denies them.

111. The allegations in ¶ 111 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 111, and UBS therefore denies them.

112. The allegations in ¶ 112 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 112, and UBS therefore denies them.

113. The allegations in ¶ 113 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 113, and UBS therefore denies them.

114. UBS denies the allegations in ¶ 114 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114, and UBS therefore denies them.

115.    UBS denies the allegations in the first sentence of ¶ 115 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 115 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 115, and UBS therefore denies them.

116.    The allegations in ¶ 116 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 116, and UBS therefore denies them.

117.    The allegations in ¶ 117 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 117, and UBS therefore denies them.

118.    UBS admits that it participated in transactions involving Bank of America pertaining to certain Municipal Derivative products, but denies that any of them were part of the conspiracy described in the SCAC.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 118 pertaining to other entities, and UBS therefore denies them.

119.    The allegations in ¶ 119 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 119, and UBS therefore denies them.

120.     The allegations in ¶ 120 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 120, and UBS therefore denies them.

121.     UBS lacks sufficient information or knowledge to form a belief as to whether it was involved in the transactions referenced in the first sentence of ¶ 121, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the allegations contained in the last sentence of ¶ 121, and UBS therefore denies them.  UBS denies any remaining allegations in  ¶ 121 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 121, and UBS therefore denies them.

122.     The allegations in ¶ 122 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 122, and UBS therefore denies them.

123.     The allegations in ¶ 123 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 123, and UBS therefore denies them.

124.     UBS denies the allegations in the first sentence of ¶ 124 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 124 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 124, and UBS therefore denies them.

125. The allegations in ¶ 125 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS denies the allegations in the first sentence of ¶ 125 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 125 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 125, and UBS therefore denies them.

126. The allegations in ¶ 126 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS denies the allegations in the first sentence of ¶ 126 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 126 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 126, and UBS therefore denies them.

127. UBS denies the allegations in the first two sentences of ¶ 127 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first two sentences of ¶ 127 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 127, and UBS therefore denies them.

128. The allegations in ¶ 128 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 128, and UBS therefore denies them.

129. UBS admits that it acquired PaineWebber Inc. on or about November 2000. UBS states that the email alleged to be referenced in ¶ 129 speaks for itself, and UBS denies any characterization of it. UBS denies the remainder of the allegations in ¶ 129 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 129 pertaining to other entities, and UBS therefore denies them.

130. UBS denies the allegations in ¶ 130 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 130 pertaining to other entities, and UBS therefore denies them.

131. The allegations in ¶ 131 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 131, and UBS therefore denies them.

132. The purported statements of Christopher Taylor referenced in ¶ 132 speak for themselves, and UBS denies any characterization of them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 132, and UBS therefore denies them.

133. UBS denies the allegations in ¶ 133 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 133 pertaining to other entities, and UBS therefore denies them.

134. The allegations in ¶ 134 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS states that the Baum's purported settlement with the IRS referenced in ¶ 134 speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 134, and UBS therefore denies them.

135. The allegations in ¶ 135 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 135, and UBS therefore denies them.

136. The allegations in ¶ 136 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 136, and UBS therefore denies them.

137. The allegations in ¶ 137 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 137, and UBS therefore denies them.

138. The allegations in ¶ 138 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in ¶ 138, and UBS therefore denies them.

### Collusive Practices Regarding Negotiated Transactions

139.    UBS denies the allegations in the first sentence of ¶ 139 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 139 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 139, and UBS therefore denies them.

140.    The allegations in ¶ 140 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 140, and UBS therefore denies them.

141.    The allegations in ¶ 141 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 141, and UBS therefore denies them.

142.    The allegations in ¶ 142 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 142, and UBS therefore denies them.

143.    The allegations in ¶ 143 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in ¶ 143, and UBS therefore denies them.

**<u>Collusive Communications Among Providers</u>**

144.   UBS denies the allegations in ¶ 144 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 144 pertaining to other entities, and UBS therefore denies them.

145.   UBS denies that it was involved in any collusive conduct or otherwise unlawful activity.  To the extent that any further response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 145, and UBS therefore denies them.

146.   The allegations in ¶ 146 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 146, and UBS therefore denies them.

147.   UBS admits that PaineWebber Inc. was acquired by UBS on or about November 2000.  UBS denies that it was involved in any collusive conduct or otherwise unlawful activity.  To the extent that any further response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 147, and UBS therefore denies them.

148.   The allegations in ¶ 148 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in ¶ 148, and UBS therefore denies them.

149.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 149 pertaining to the purported audiotapes, and UBS therefore denies them.  UBS denies the remainder of the allegations in ¶ 149 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 149 pertaining to other entities, and UBS therefore denies them.

### Other Facts Indicative of a Conspiracy

150.     UBS admits the existence of ISDA, SIFMA, and the American Bankers' Association and admits that a UBS entity was a member in each at various times.  The information alleged to have been quoted from websites for these entities speaks for itself, and UBS denies any characterization of it.  UBS denies all remaining allegations in ¶ 150 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 150 pertaining to other entities, and UBS therefore denies them.

151.     UBS denies the allegations in the first sentence of ¶ 151 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 151 pertaining to other entities, and UBS therefore denies them. The information alleged to have been quoted from the IMN website speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 151, and UBS therefore denies them.

152.     The allegations in ¶ 152 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 152, and UBS therefore denies them.

153.     The allegations in ¶ 153 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 153, and UBS therefore denies them. The information alleged to have been quoted from the CDR website speaks for itself, and UBS denies any characterization of it.  UBS denies all remaining allegations in ¶ 153.

154.     UBS denies the allegations in the first sentence of ¶ 154 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 154 pertaining to other entities, and UBS therefore denies them.  The information alleged to have been quoted from the Bond Buyer article speaks for itself, and UBS denies any characterization of it.   UBS denies all remaining allegations in ¶ 154.

**Internal Revenue Service Investigation**

155.     UBS is without sufficient information or knowledge to form a belief as to the IRS's "focus," "concern," or schedule in connection with the alleged investigation, and UBS therefore denies the allegations in ¶ 155.

156.     The allegations in ¶ 156 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, the information alleged to have been quoted from Mr. Scott referenced in the first five sentences of ¶ 156 speaks for

itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in sentences six and seven of ¶ 156, and UBS therefore denies them. UBS denies the allegations contained in the last sentence of ¶ 156. UBS denies all remaining allegations in ¶ 156.

157. The allegations in ¶ 157 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, the purported statements of Mr. Anderson referenced in ¶ 157 speak for themselves, and UBS denies any characterization of them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 157, and UBS therefore denies them.

158. The allegations in ¶ 158 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, the purported statement by Mr. Born referenced in ¶ 158 speaks for itself, and UBS denies any characterization of it. UBS denies all remaining allegations in ¶ 158.

159. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 159, and UBS therefore denies them.

160. The allegations in ¶ 160 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 160, and UBS therefore denies them.

161. UBS denies the allegations in the first sentence of ¶ 161 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 161 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient

information or knowledge to form a belief as to the truth of the reminder of the allegations in ¶ 161, and UBS therefore denies them.

**Antitrust Division Investigation**

162.    UBS admits that the DOJ is conducting an investigation relating to certain Municipal Derivatives products.  The purported statement of Ms Bloomquist referenced in ¶ 162 speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 162, and UBS therefore denies them.

163.    The allegations in ¶ 163 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 163, and UBS therefore denies them.

164.    UBS admits that the DOJ has served it with a subpoena for documents. The subpoena speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in ¶ 164 pertaining to other entities, and UBS therefore denies them.  UBS denies all remaining allegations in ¶ 164.

165.    UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 165, and UBS therefore denies them.

166.    UBS admits it has issued a public filing noting that it received governmental subpoenas relating to investigations of certain Municipal Derivatives products. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations

in ¶ 166 concerning unspecified news reports and unspecified filings relating to other entities, and UBS therefore denies them.

167.    UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 167, and UBS therefore denies them.

168.    UBS states that the purported quote from the Bond Buyer article contained in ¶ 168 speaks for itself, and UBS denies any characterization of it. To the extent that a further response is required, these allegations are denied.

### The DOJ Grants Conditional Amnesty to Bank of America

169.    UBS admits that Bank of America announced that it entered into a Corporate Conditional Leniency Letter with the DOJ in connection with an investigation of certain Municipal Derivatives products. UBS denies all remaining allegations in ¶ 169.

170.    UBS states that the purported press release referenced in ¶ 170 speaks for itself, and UBS denies any characterization of it. To the extent that a further response is required, these allegations are denied.

171.    UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 171, and UBS therefore denies them.

172.    The information alleged to be quoted from the SEC filing referenced in ¶ 172 speaks for itself, and UBS denies any characterization of it. To the extent a further response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 172, and UBS therefore denies them.

### Investigation By State AGs

173.    UBS admits that one of its indirect subsidiaries received subpoenas from state attorneys general relating to investigations of certain Municipal Derivatives products. UBS

lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in ¶ 173 pertaining to other entities, and UBS therefore denies them. UBS denies all remaining allegations in ¶ 173.

174. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 174, and UBS therefore denies them.

## Ongoing Nature of Alleged Conspiracy

175. UBS denies the allegations in ¶ 175 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 175 pertaining to other entities, and UBS therefore denies them.

176. The information alleged to be quoted from the SEC filing referenced in ¶ 176 speaks for itself, and UBS denies any characterization of it. To the extent a further response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 171, and UBS therefore denies them.

177. UBS admits that Peter Ghavami left UBS on or about January 2008. UBS admits that Mark Zaino left UBS on or about December 2006. UBS denies the remainder of the allegations in ¶ 177 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 177 pertaining to other entities and individuals, and UBS therefore denies them. UBS denies all remaining allegations in ¶ 177.

178. UBS denies the allegations in ¶ 178 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge

to form a belief as to the truth of the allegations in ¶ 178 pertaining to other entities, and UBS therefore denies them.

179.     The allegations in ¶ 179 contain legal conclusions for which no response is required. To the extent a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 179, and UBS therefore denies them. UBS denies the allegations in the second sentence of ¶ 179 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 179 pertaining to other entities, and UBS therefore denies them.

180.     The allegations in ¶ 180 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 180, and UBS therefore denies them.

## History of Fraud in the Municipal Derivatives Market

181.     UBS admits that multiple firms entered into a settlement in or about 2000 in connection with an investigation of certain Municipal Derivatives products. The documents concerning these settlements are public and speak for themselves, and UBS denies any characterization of them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 181, and UBS therefore denies them.

182.     UBS denies the allegations in ¶ 182 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 182 pertaining to other entities, and UBS therefore denies them.

## CLASS ACTION ALLEGATIONS

183.    Paragraph 183 contains legal conclusions to which no response is required.  To the extent a response is required, UBS admits that Plaintiffs purport to bring this case as a class action on behalf of the class alleged.  UBS denies that this action can be prosecuted as a class action.  To the extent that ¶ 183 contains additional allegations requiring response, UBS denies all such allegations.

184.    UBS denies that this action can be prosecuted as a class action. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 184, and UBS therefore denies them.

185.    Paragraph 185 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 185.

186.    Paragraph 186 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 186, including all subparagraphs.

187.    Paragraph 187 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 187.

188.    Paragraph 188 contains legal conclusions to which no response is required.  To the extent a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 188, and UBS therefore denies them.

189.    Paragraph 189 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 189.

190.    Paragraph 190 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 190.

191.     Paragraph 191 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 191.

## TRADE AND INTERSTATE COMMERCE

192.     Paragraph 192 contains legal statements to which no response is required. To the extent a response is required, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 192 pertaining to other entities, and UBS therefore denies them.

193.     Paragraph 193 contains legal statements to which no response is required. To the extent a response is required, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 193 pertaining to other entities, and UBS therefore denies them.

194.     UBS denies the allegations in ¶ 194 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 194 pertaining to other entities, and UBS therefore denies them.

## CAUSE OF ACTION

195.     UBS admits that Plaintiffs purport to sue Defendants for alleged actions in violation of Section 1 of the Sherman Act.  To the extent that any further response is required, these allegations are denied.

196.     UBS denies the allegations in ¶ 196 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or

knowledge to form a belief as to the truth of the allegations in ¶ 196 and its subparts pertaining to other entities, and UBS therefore denies them. UBS denies all remaining allegations in ¶ 196 and its subparts.

197. UBS denies the allegations in ¶ 197 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 197, and UBS therefore denies them.

198. UBS admits that Plaintiffs seek to recover treble damages and the cost of this suit. To the extent that any further response is required, these allegations are denied.

## ACCRUAL OF CLAIM, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

199. UBS denies that it was involved in any conspiracy. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 199, and UBS therefore denies them.

200. UBS denies the allegations in the first and third sentences of ¶ 200. The information alleged to have been quoted from the Bond Buyer article referenced in the fourth sentence of ¶ 200 speaks for itself, and UBS denies any characterization of it. The allegations in the second sentence of ¶ 200 are assertions of law requiring no further answer. To the extent that an answer is required, UBS denies these allegations. UBS denies all remaining allegations in ¶ 200.

201. UBS denies the allegations in ¶ 201 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge

to form a belief as to the truth of the allegations in ¶ 201 pertaining to other entities, and UBS therefore denies them.

202. Paragraph 202 contains legal conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in the first sentence of ¶ 202. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 202 regarding Plaintiffs' alleged lack of knowledge of the allegations contained in the SCAC, and UBS therefore denies them. UBS denies that this case may be properly maintained as a class action, and UBS therefore denies all allegations in ¶ 202 regarding purported Class Members. UBS denies the remainder of the allegations in ¶ 202 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations of ¶ 202 pertaining to other entities, and UBS therefore denies them.

203. UBS denies that it was involved in any conspiracy. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 203, and UBS therefore denies them.

204. UBS denies the allegations in ¶ 204 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 204 pertaining to other entities, and UBS therefore denies them. UBS denies that this case may be properly maintained as a class action, and therefore denies all allegations in ¶ 204 regarding purported Class Members.

205. UBS denies the allegations in ¶ 205.

206. UBS denies the allegations in the first sentence of ¶ 206 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 206 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 206, and UBS therefore denies them.

207.     The allegations in ¶ 207 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 207, and UBS therefore denies them.

208.     UBS states that the information alleged to have been quoted from the Bond Buyer and Bloomberg articles referenced in ¶ 208 speak for themselves, and UBS denies any characterization of them. UBS denies all remaining allegations in ¶ 208.

209.     UBS denies the allegations in ¶ 209 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 209 pertaining to other entities, and UBS therefore denies them.

210.     UBS denies the allegations in sentences one, two, six, and seven of ¶ 210 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in sentences one, two, six, and seven of ¶ 210 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 210, and UBS therefore denies them.

211.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first two sentences of ¶ 211, and UBS therefore denies them. UBS

denies the allegations in the third sentence of ¶ 211 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the third sentence of ¶ 211 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 211, and UBS therefore denies them.

212. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 212, and UBS therefore denies them. UBS denies the allegations in the second sentence of ¶ 212 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 212 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a basis as to the truth of the remainder of the allegations in ¶ 212, and UBS therefore denies them.

213. Paragraph 213 contains legal or other conclusions to which no response is required. To the extent a response is required UBS denies the allegations in ¶ 213 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS denies that this case may be properly maintained as a class action, and therefore denies all allegations in ¶ 213 regarding purported Class Members. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 213 pertaining to other entities, and UBS therefore denies them.

214. Paragraph 214 contains legal or other conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in ¶ 214 and all of its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS

lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 214 pertaining to other entities, and UBS therefore denies them.

215.     The allegations in ¶ 215 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 215, and UBS therefore denies them.

216.     UBS denies the allegations in ¶ 216 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 216 pertaining to other entities, and UBS therefore denies them.

217.     The information alleged to have been quoted from the Bond Buyer and Bloomberg articles speak for themselves, and UBS denies any characterization of them.  UBS denies the allegations in the first and last sentences of ¶ 217 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 217, and UBS therefore denies them.

218.     UBS denies the allegations in ¶ 218 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 218 pertaining to other entities, and UBS therefore denies them.  The last sentence of ¶ 218 is a legal statement to which no response is required.  To the extent that a response is required, UBS denies these allegations.  UBS denies all remaining allegations in ¶ 218.

UBS further states that to the extent that any allegation which is asserted in the SCAC is not specifically admitted herein, such allegation is hereby expressly denied.

## AFFIRMATIVE DEFENSES

UBS sets forth below its affirmative defenses. By setting forth these affirmative defenses, UBS does not assume the burden of proof for any issue, fact or element of a claim as to which applicable law places the burden on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The SCAC, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The SCAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that UBS is considered a co-conspirator in any antitrust conspiracy alleged by Plaintiffs, UBS withdrew from any such conspiracy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and any damages, to the extent any exist, are barred, in whole or in part, by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury in fact.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury as the result of the alleged conduct because, among other reasons, they had no right to earn arbitrage on any investment of the proceeds from the issuance of tax-exempt bonds.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged damages, if any, are too remote and/or speculative to allow recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Any injury or damage to Plaintiffs, to the extent that any exist, were caused, in whole or in part, by the conduct of third parties for whom UBS was not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are deemed to have participated in the alleged anticompetitive scheme and/or misconduct, their claim is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

The SCAC concerns conduct expressly or impliedly immune from the antitrust laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims may be subject to forum-selection clauses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege facts sufficient to support a claim for attorneys' fees or costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

UBS adopts by reference all other applicable defenses asserted by all other parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

UBS hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defense.

## JURY TRIAL DEMAND

UBS demands a trial by jury of all issues triable by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, UBS prays as follows:

1.      That this action be dismissed with prejudice and that Plaintiffs take nothing by their SCAC;

2.      That judgment be entered in favor of UBS and against Plaintiffs with respect to the causes of action asserted in the SCAC;

3. That the Court award UBS reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and

4. That the Court award such other relief as may be appropriate.

Dated: June 4, 2010

By:     /s/ Steven R. Kuney

Steven R. Kuney
Jon R. Fetterolf
Jesse T. Smallwood
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for UBS AG*

## CERTIFICATE OF SERVICE

I, Jesse T. Smallwood, hereby certify that on June 4, 2010, I caused the attached

*UBS AG's Answer to Second Consolidated Amended Class Action Complaint* to be served upon

the attorney of record for each party by transmission through the Court's electronic filing system.

/s/ Jesse T. Smallwood          
Jesse T. Smallwood