# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
                                                 :
IN RE MUNICIPAL DERIVATIVES                      :
ANTITRUST LITIGATION                             :
                                                 :
                                                 :
                                                 :
                                                 :
THIS DOCUMENT RELATES TO:                        :
ALL ACTIONS                                      :
                                                 :
------------------------------------------------x
```

MDL No. 1950

Master Docket No. 08-02516
(VM) (JCF)

ECF Case

**ANSWER TO SECOND
CONSOLIDATED AMENDED
CLASS ACTION COMPLAINT**

## <u>ANSWER TO SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT</u>

Defendant, Investment Management Advisory Group, Inc. ("IMAGE") answers the allegations of the Second Consolidated Amended Class Action Complaint ("SCAC") in the above captioned action, dated June 18, 2009, as set forth below. Unless otherwise stated, IMAGE answers with knowledge as to itself and upon information and belief as to all other Parties. IMAGE expressly denies that it engaged in any conspiracy or other wrongdoing assumed, implied or alleged in any of the averments contained in the SCAC.

1.    Denies the averments contained in paragraph 1 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 with respect to the other Defendants.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3. By way of further answer, the presentation

available on the DOJ's website to which this paragraph refers speaks for itself and IMAGE refers to the content of such presentation and denies any allegations inconsistent therewith.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 except admits that the Department of Justice Antitrust Division ("DOJ-AT") has filed a motion in this action seeking a partial stay of certain discovery.

5.     Denies the averments contained in paragraph 5 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 with respect to the other Defendants.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6.

7.     Denies the averments contained in the first and last sentences of paragraph 7.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 7.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the third sentence of paragraph 7 with respect to the other Defendants and denies that IMAGE "issued and/or sold" municipal derivatives "at all relevant times."  Denies the averments contained in the fourth and fifth sentences of paragraph 7 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the fourth and fifth sentences of paragraph 7 with respect to the other Defendants.

8.     Paragraph 8 contains legal conclusions, to which IMAGE is not required to admit or deny.  To the extent there are factual averments contained in paragraph 8, IMAGE denies those factual averments as they relate to IMAGE and denies knowledge or information

sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

9.      Paragraph 9 contains legal conclusions, to which IMAGE is not required to admit or deny.

10.      Denies the averments contained in paragraph 10 with respect to IMAGE, except admits that IMAGE resided and/or transacted business in this district and/or had agents in this district during some portions of the Class Period.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 with respect to the other Defendants.  To the extent that paragraph 10 contains legal conclusions, IMAGE is not required to admit or deny those legal conclusions.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15.

16.      Plaintiffs assert no factual averments in the first sentence of paragraph 16, and therefore that sentence requires no response.  To the extent any response is required, IMAGE denies knowledge or information sufficient to form a belief as to the truth of the

averments contained in the first sentence of paragraph 16. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18.

19.     Plaintiffs assert no factual averments in paragraph 19, and therefore this paragraph requires no response. To the extent any response is required, IMAGE denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19.

20.     Plaintiffs assert no factual averments in paragraph 20, and therefore this paragraph requires no response. To the extent any response is required, IMAGE denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30.

31.     Plaintiffs assert no factual averments in paragraph 31, and therefore this paragraph requires no response.  To the extent any response is required, IMAGE denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32.

33.     Admits the averments contained in the first sentence of paragraph 33. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 33, except admits that IMAGE acted as a broker in relation to the purchasing of municipal derivatives during some portion of the Class Period.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37.

38.     Paragraph 38 contains averments so vague and general that no response is possible and therefore it is denied in its entirety.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 48.

49.     Plaintiffs assert no factual averments in paragraph 49, and therefore this paragraph requires no response.  To the extent any response is required, IMAGE denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 49.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 53.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 55.

56. Plaintiffs assert no factual averments in paragraph 56, and therefore this paragraph requires no response. To the extent any response is required, IMAGE denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 56.

57. Plaintiffs assert no factual averments in paragraph 57, and therefore this paragraph requires no response. To the extent any response is required, IMAGE denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 57.

58. Admits the averments contained in the first sentence of paragraph 58. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second and third sentences of paragraph 58.

59. The averments contained in paragraph 59 are overly generalized and simplistic and are therefore denied.

60. The averments contained in paragraph 60 are overly generalized and simplistic and are therefore denied. By way of further answer, the IRS regulations that govern municipal bonds are in writing and speak for themselves and IMAGE denies any characterization by Plaintiffs contrary to their express language.

61. The averments contained in paragraph 61 are overly generalized and simplistic and are therefore denied.

62. The averments contained in paragraph 62 are overly generalized and simplistic and are therefore denied.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 63.

64.     The averments contained in paragraph 64 are overly generalized and simplistic and are therefore denied.

65.     The averments contained in paragraph 65 are overly generalized and simplistic and are therefore denied.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 66.

67.     The averments contained in paragraph 67 are overly generalized and simplistic and are therefore denied.

68.     The averments contained in paragraph 68 are overly generalized and simplistic and are therefore denied.

69.     The averments contained in paragraph 69 are overly generalized and simplistic and are therefore denied.

70.     The averments contained in paragraph 70 are overly generalized and simplistic and are therefore denied.

71.     The averments contained in paragraph 71 are overly generalized and simplistic and are therefore denied.

72.     The averments contained in the first, second, fourth, fifth and sixth sentences of paragraph 72 are overly generalized and simplistic and are therefore denied. IMAGE denies the averments contained in the third sentence of paragraph 72. By way of further answer Section 148 of the Internal Revenue Code is in writing and speaks for itself and IMAGE denies any characterization by Plaintiffs contrary to its express language.

73. The averments contained in paragraph 73 are overly generalized and simplistic and are therefore denied.

74. The averments contained in paragraph 74 are overly generalized and simplistic and are therefore denied.

75. The averments contained in paragraph 75 are overly generalized and simplistic and are therefore denied.

76. The averments contained in paragraph 76 are overly generalized and simplistic and are therefore denied.

77. The averments contained in paragraph 77 are overly generalized and simplistic and are therefore denied.

78. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 78.

79. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 79.

80. The averments contained in paragraph 80 are overly generalized and simplistic and are therefore denied.

81. Denies the averments contained in paragraph 81. By way of further answer, the Internal Revenue Code is in writing and speaks for itself and IMAGE denies any characterization by Plaintiffs contrary to its express language.

82. Denies the averments contained in paragraph 82. By way of further answer, the IRS rules and regulations that govern arbitrage are in writing and speak for themselves and IMAGE denies any characterization by Plaintiffs contrary to their express language.

83.    Denies the averments contained in paragraph 83.  By way of further answer, the IRS rules and regulations that set forth the procedure for establishing the fair market value of GICs, including Treasury Reg. § 1.148-5(d)(6), are in writing and speak for themselves and IMAGE denies any characterization by Plaintiffs contrary to their express language.

84.    Denies the averments contained in the first sentence of paragraph 84 and respectfully refers the Court to the IRS rules and regulations that govern municipal derivatives transactions for the contents thereof.  Denies the averments contained in the second sentence of paragraph 84 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 84 with respect to the other Defendants and alleged co-conspirators.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 85.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 86.

87.    Denies the averments contained in paragraph 87 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 87 with respect to the other Defendants and alleged co-conspirators.

88.    Denies the averments contained in paragraph 88 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 88 with respect to the other Defendants and alleged co-conspirators.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 89 and the first sentence in footnote 2 of paragraph 89.

The averments contained in the second sentence in footnote 2 of paragraph 89 are inaccurate, overly generalized and simplistic and are therefore denied.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 90, except acknowledges that Plaintiffs refer to a confidential witness as "CW" throughout the SCAC.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 91.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 92.

93.     Denies the averments contained in paragraph 93 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 93 with respect to the other Defendants and alleged co-conspirators.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 94.

95.     Denies the averments contained in paragraph 95 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 95 with respect to the other Defendants and alleged co-conspirators. IMAGE avers that the IRS regulations to which this paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 96.

97. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 97.

98. Denies the averments contained in paragraph 98 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 98 with respect to the other Defendants and alleged co-conspirators.

99. Denies the averments contained in paragraph 99 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 99 with respect to the other Defendants and alleged co-conspirators.

100. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100.

(a) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(a), except denies that IMAGE participated in unlawful collusive discussions with Douglas Campbell.

(b) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(b), except denies that IMAGE participated in unlawful collusive discussions with Dean Pinard and, by way of further answer, the March 11, 2002 e-mail from Murphy to Pinard is in writing and speak for itself and IMAGE denies any characterization by Plaintiffs contrary to its express terms.

(c) Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(c), except denies that IMAGE participated in unlawful collusive discussions with Philip Murphy and, by way of further answer note that there is no "aforementioned May 11, 2002 e-mail" referenced in the preceding paragraphs of the complaint.

(d)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(d), except denies that IMAGE participated in unlawful collusive discussions with James Hertz.

(e)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(e), except denies that IMAGE participated in unlawful collusive discussions with Stephen Salvadore.

(f)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(f), except denies that IMAGE participated in unlawful collusive discussions with Douglas MacFaddin.

(g)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(g), except denies that IMAGE participated in unlawful collusive discussions with Jay Saunders.

(h)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(h), except denies that IMAGE participated in unlawful collusive discussions with Martin McConnell.

(i)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(i), except denies that IMAGE participated in unlawful collusive discussions with Peter Ghavami.

(j)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(j), except denies that IMAGE participated in unlawful collusive discussions with Patrick Marsh.

(k)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(k), except denies that IMAGE participated in unlawful collusive discussions with Shlomi Raz.

(l)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(l), except denies that IMAGE participated in unlawful collusive discussions with Samuel Gruer.

(m)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(m), except denies that IMAGE participated in discussion with Robert Taylor.

(n)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(n), except denies that IMAGE participated in unlawful collusive discussions with James Towne.

(o)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100(o), except denies that IMAGE participated in unlawful collusive discussions with Mark Zaino.

101.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101, except denies that IMAGE was involved in any illegal agreement, understanding or conspiracy.

(a)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(a).

(b)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(b).

(c)  Admits the averments contained in the first sentence in paragraph 101(c).  Denies the averments contained in the last sentence in paragraph 101 (c).

(d)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(d).

(e)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(e).

(f)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(f).

(g)  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101(g).

102.  Denies the averments contained in paragraph 102 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 102 with respect to the other Defendants and alleged co-conspirators.

103.  Denies averments contained in the last sentence of paragraph 103.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first, second, and third sentences of paragraph 103.

104.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 104.

105.  Denies averments contained in the third, fourth, fifth and sixth sentences of paragraph 105.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first and second sentences of paragraph 105.

106.  Denies averments contained in paragraph 106 with respect to IMAGE and denies  knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 106 with respect to Bank of America.

107.  Denies the averments contained in paragraph 107.

108.  Denies averments contained in the second sentence of paragraph 108. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first, third and fourth sentences of paragraph 108.

109.  Denies the averments contained in paragraph 109.

110.  Denies the averments contained in paragraph 110.

111.  Denies the averments contained in paragraph 111.

112.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 112.

113.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 113.

114.  Denies the averments contained in paragraph 114 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 114 with respect to the other Defendants and alleged co-conspirators.

115.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 115, except denies that IMAGE participated in collusive bidding practices.

116.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained first and last sentences in paragraph 116.  IMAGE denies the averments contained in the second through fifth sentences of paragraph 116.

117.  Denies the averments contained in paragraph 117 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 117 with respect to the listed school districts.

118.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 118, except admits that IMAGE participated in certain municipal derivatives transactions.

119.  Denies the averments contained in paragraph 119.

120.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 120.

121.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 121.

122.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 122.

123.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 123.

124.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 124.

125.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 125.

126.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 126.

127. Denies the averments contained in paragraph 127 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 127 with respect to the other Defendants and alleged co-conspirators.

128. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 128.

129. Denies the averments in paragraph 129 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 129 with respect to the other Defendants and alleged co-conspirators and respectfully refers the Court to the text of the e-mail included in paragraph 129 for the contents thereof.

130. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 130.

131. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 131.

132. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 132.

133. Denies the averments contained in paragraph 133 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 133 with respect to the other Defendants and alleged co-conspirators.

134. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 134.

135. Denies the averments contained in paragraph 135 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments

contained in paragraph 135 with JP Morgan, and, by way of further answer, avers that the lawsuit filed against JP Morgan was dismissed by this Court.

136.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 136.

137.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 137.

138.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 138.

139.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 139, except denies that IMAGE participated in an illegal conspiracy.

140.  Denies the averments contained in paragraph 140 and, by way of further answer, the March 11, 2002 e-mail from Murphy to Pinard is in writing and speaks for itself and IMAGE denies any characterization by Plaintiffs contrary to its express terms.

141.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 141.

142.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 142.

143.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 143.

144.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 144.

145.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 145, except denies that IMAGE was involved in any collusive communications or activities.

146.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 146, except denies that IMAGE was involved in any collusive communications or activities.

147.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 147.

148.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 148.

149.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 149.

150.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 150, except denies that IMAGE facilitated a conspiracy through intercompetitor contacts at trade associations.

151.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 151.

152.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 152.

153.  Denies the averments contained in paragraph 153 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 153 with respect to the other Defendants and alleged co-conspirators.

154.  Denies the averments contained in paragraph 154 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 154 with respect to the other Defendants and alleged co-conspirators. By way of further answer, the *Bond Buyer* article, dated November 21, 2006, is in writing and speaks for itself and IMAGE denies any characterization by Plaintiffs contrary to its express language.

155.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 155.

156.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 156.

157.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 157.

158.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 158.

159.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 159.

160.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 160.

161.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 161, except denies that IMAGE violated IRS regulations concerning arbitrage, IRS regulations governing GIC bidding or the federal antitrust laws.

162. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 162.

163. Admits that on or about November 15, 2006 the FBI executed a search warrant and seized certain documents from IMAGE's offices. IMAGE denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 163.

164. IMAGE admits that it received a subpoena from the Department of Justice. By way of further answer, IMAGE avers that it has fully cooperated with the DOJ's investigation. The DOJ subpoenas are in writing and speak for themselves and IMAGE denies any characterization by Plaintiffs contrary to their express language. IMAGE denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 164.

165. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 165.

166. IMAGE admits that it received a subpoena from the DOJ and has fully cooperated with the investigation. IMAGE denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 166.

167. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 152.

168. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 168 and respectfully refers the Court to the *Bond Buyer* article, dated March 2, 2008, for the contents thereof.

169. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 169.

170. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 170 and respectfully refers the Court to Bank of America's February 9, 2007 press release for the contents thereof.

171. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 171.

172. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 172 and respectfully refers the Court to Bank of America's SEC Form 10-K, dated February 27, 2009, for the contents thereof.

173. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 173.

174. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 174.

175. Denies the averments contained in paragraph 175 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 175 with respect to the other Defendants and alleged co-conspirators.

176. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 176 and respectfully refers the Court to Bank of America's 2009 SEC filing for the contents thereof.

177. Admits that Stallone is currently employed by IMAGE. Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 177.

178. Denies the averments contained in paragraph 178 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 178 with respect to the other Defendants and alleged co-conspirators.

179. Denies the averments in paragraph 179 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 179 with respect to the other Defendants and alleged co-conspirators.

180. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 180.

181. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 181.

182. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 182.

183. Admits that plaintiffs purport to bring this action on their own behalf and on behalf of a Class under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure as alleged in paragraph 183 but denies that the requirements for a class action have been met in this case.

184. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 184.

185. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 185.

186. Denies the averments contained in paragraph 186.

187. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 187.

188. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 188.

189. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 189.

190. Denies the averments contained in paragraph 190 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 190 with respect to the other Defendants and alleged co-conspirators.

191. Denies the averments contained in paragraph 191.

192. Denies the existence of any conspiracy, but admits that certain municipal derivatives transactions affect interstate commerce.

193. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 193 with respect to the other Defendants and alleged co-conspirators and denies the averments contained in paragraph 193 with respect to IMAGE.

194. Denies the averments contained in paragraph 194, except admits that certain municipal derivatives transactions have an effect on United States commerce.

195. Denies the averments contained in paragraph 195 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 195 with respect to the other Defendants and alleged co-conspirators, except admits that plaintiffs have purported to sue the Defendants for an alleged violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

196. Denies the averments contained in paragraph 196 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 196 with respect to the other Defendants and alleged co-conspirators.

197. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 197, except denies that IMAGE participated in any combination or conspiracy or caused Plaintiffs and/or members of the purported class any injury to their business or property.

198. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 198 with respect to purported injuries to Plaintiffs or the alleged Class members, except denies that IMAGE caused any purported injuries to Plaintiffs or the alleged Class members and recognizes that Plaintiffs purport to seek to recover treble damages and the costs of this suit, including reasonable attorneys' fees pursuant Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26 but deny that they are entitled to any of those remedies from IMAGE.

199. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 199, except denies such averments to the extent they allege that IMAGE was involved in a conspiracy.

200. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first and third sentences of paragraph 200, except denies such averments to the extent they allege that IMAGE was involved in a conspiracy. Denies the remaining averments contained in paragraph 200 and respectfully refers the Court to the *Bond Buyer* article, dated December 22, 2006, for the contents thereof. To the extent paragraph 200 contains legal conclusions, IMAGE is not required to admit or deny those legal conclusions.

201. Denies the averments contained in the first sentence of paragraph 201 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 201 with respect to the other

Defendants and alleged co-conspirators. Denies the remaining averments contained in paragraph 201, and to the extent paragraph 201 contains legal conclusions, IMAGE is not required to admit or deny those legal conclusions.

202. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 202, except denies such averments to the extent they allege that IMAGE participated in a conspiracy in violation of antitrust laws.

203. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 203, except denies such averments to the extent they allege that IMAGE violated any antitrust laws.

204. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 204, except denies that IMAGE rigged bids or engaged in any other unlawful collusive practices.

205. Denies the averments contained in the first sentence of paragraph 205, and respectfully refers the Court to the IRS regulations that govern pricing certifications in municipal derivatives transactions for the contents thereof. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 205.

206. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 206, except denies that IMAGE supplied false market pricing letters.

207. Denies the averments contained in paragraph 207 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 207 with respect to the other Defendants and alleged co-conspirators.

208.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 208 and respectfully refers the Court to the *Bond Buyer* article, dated December 22, 2006, and the *Bloomberg* article, dated December 7, 2006, for the contents thereof.

209.  Denies the averments contained in paragraph 209 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 209 with respect to the other Defendants and alleged co-conspirators and, by way of further answer, refers to the "Certificate of Bidding Agent" for the contents thereof.

210.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 210, except denies that IMAGE made any false representations to Baltimore.

211.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 212.

212.  Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 212, and respectfully refers the Court to the standardized bid forms referred to in paragraph 212 for the contents thereof.

213.  Denies the averments contained in paragraph 213 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 213 with respect to the other Defendants and alleged co-conspirators.

214.  Denies the averments contained in paragraph 214 with respect to IMAGE and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 214 with respect to the other Defendants and alleged co-conspirators.

215. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 215, except denies that IMAGE participated in any conspiratorial or concealing activity.

216. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 216.

217. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 217, except denies that IMAGE made any misleading press statements and respectfully refers the Court to the *Bond Buyer* article, dated November 17, 2006, for the contents thereof.

218. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 218, except denies such averments to the extent they allege that IMAGE participated in or fraudulently concealed a conspiracy. To the extent that paragraph 218 contains legal conclusions, IMAGE is not required to admit or deny those legal conclusions.

IMAGE further states to the extent that any averment which is asserted in the SCAC is not specifically admitted herein, such averment is hereby expressly denied.

In light of the fact that IMAGE denies all of the substantive averments of wrongdoing with respect to IMAGE contained in the SCAC, it denies that plaintiffs are entitled to any relief from IMAGE, including the relief sought in paragraphs A-E of Plaintiffs Prayer for Relief.

## AFFIRMATIVE DEFENSES

IMAGE sets forth below its affirmative defenses. By setting forth these affirmative defenses, IMAGE does not assume the burden of proof for any issue, fact or element of a claim as to which applicable law places the burden on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The SCAC, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered any cognizable antitrust injury.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered injury in fact.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not appropriate class representatives.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are improperly joined because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and/or do not involve any questions of law or fact common to all Plaintiffs or to all Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the putative class representatives lack Article III standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver and unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any and all of IMAGE's actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute bona fide business practices, and were carried out in furtherance of IMAGE's legitimate business interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because IMAGE is not liable for the acts of any other Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom IMAGE was not responsible, through forces in the marketplace over which IMAGE has no control, or through acts or omissions on the part of one or more of the Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted and barred, in whole or in part, because IMAGE's alleged conduct has implied or express immunity from the antitrust laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded, in whole or in part, by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the SCAC has insufficiently alleged a product and geographic market, and is so vague and ambiguous as to deny IMAGE notice of the markets alleged by Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

The SCAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that IMAGE is considered a co-conspirator in any antitrust conspiracy alleged by Plaintiffs, IMAGE withdrew from any such conspiracy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to mitigate damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The SCAC fails to provide adequate notice of IMAGE's alleged involvement in the alleged conspiracy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no antitrust injury as the result of the alleged conduct because they had no right to earn arbitrage on any investment of the proceeds from the issuance of tax-exempt bonds.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

IMAGE hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent IMAGE may share in such defense.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

IMAGE has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. IMAGE reserves the right to amend or seek to amend its answer and/or affirmative defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, IMAGE prays as follows:

1.      That this action be dismissed with prejudice and that Plaintiffs take nothing by their SCAC;

2.      That judgment be entered in favor of IMAGE and against Plaintiffs with respect to the causes of action asserted in the SCAC;

3.      That the Court award IMAGE reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and

4.      That the Court award such other relief as may be appropriate.


Dated: June 4, 2010

By:      s/ Timothy E. Hoeffner _____

Timothy E. Hoeffner (TH-4195)
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Tel: (215) 656-3341
Fax: (215) 606-3341
*Attorney for Defendant*
*Investment Management Advisory Group,*
*Inc.*