UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG) |
| THIS DOCUMENT RELATES TO:<br><br>SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT | JPMORGAN CHASE & CO.'S ANSWER TO SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT |

Defendant JPMorgan Chase & Co. ("Defendant" or "JPMorgan") hereby states it

answer to the June 18, 2009 Second Consolidated Amended Class Action Complaint ("SCAC")

filed by plaintiffs City of Baltimore, Maryland, University of Mississippi Medical Center,

University of Southern Mississippi, Mississippi Department of Transportation, University of

Mississippi, Central Bucks School District, and Bucks County Water & Sewer Authority

(collectively, "Plaintiffs"). JPMorgan states that all the allegations in the SCAC, unless

specifically admitted, are denied.[1] JPMorgan, by its undersigned attorneys, answers the

Complaint's numbered Paragraphs as follows:

1.      States that the allegations contained in Paragraph 1 constitute legal or

other conclusions as to which no response is required. To the extent a response may be required,

JPMorgan denies the allegations contained in Paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the truth

---

[1]      Defendant Bear, Stearns & Co., Inc. (n/k/a JPMorgan Securities, Inc.) has filed a separate Answer to the Second Consolidated Amended Complaint. JPMorgan states that nothing herein shall be construed as an admission with respect to any allegations concerning Bear Stearns & Co., Inc.

of the allegations contained in Paragraph 2.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 3. States that the allegations contained in remainder of Paragraph 3 constitute legal or other conclusions as to which no response is required. To the extent a response may be required, JPMorgan denies the allegations contained in the remainder of Paragraph 3, except refers to the November 19, 2008 presentation by Scott D. Hammond, Deputy Assistant Attorney General for Criminal Enforcement for the true and complete content of the presentation.

4.      Denies the allegations contained in the first sentence of Paragraph 4. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 4, except admits that the Department of Justice Antitrust Division has filed a motion in this action seeking a partial stay discovery.

5.      States that the allegations contained in Paragraph 5 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies the allegations contained in Paragraph 5 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the trust of the allegations in said paragraph insofar as they relate to other parties.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      States that the allegations contained in the first sentence of Paragraph 7 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies the allegations contained in the first sentence of Paragraph 7, except admits that the first sentence purports to be Plaintiffs' characterization of its

case. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in Paragraph 7. JPMorgan denies the allegations contained in the third, fourth and fifth sentences of Paragraph 7 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth and fifth sentences of Paragraph 7 as they relate to other parties. JPMorgan denies the allegations contained in the last sentence of Paragraph 7.

8.     States that the allegations contained in Paragraph 8 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan states that Plaintiffs purport to allege a claim under the statutes set forth in Paragraph 8, and denies that Plaintiffs have any valid claim against it and denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

9.     States that the allegations contained in Paragraph 9 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan admits that Plaintiffs purport to allege federal causes of action, but denies that Plaintiffs state federal causes of action.

10.     States that the allegations contained in Paragraph 10 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies the allegations contained in Paragraph 10 to the extent such allegations are directed against JPMorgan, except admits that Plaintiffs allege venue on the bases set forth in said Paragraph, and further admits that JPMorgan maintains an office, transacts business and may be found within this District, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Admits that Paragraph 19 purports to state Plaintiffs' definition of Bucks County Plaintiffs.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except admits that Paragraph 20 purports to state Plaintiffs' definition of Provider Defendants.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Denies the allegations contained in Paragraph 22, except admits that Defendant Bear, Stearns & Co., Inc. was a corporation organized under the laws of the State of Delaware that from time to time participated in certain municipal derivative transactions, and further avers that in May 2008, JPMorgan acquired The Bear Stearns Companies, Inc.

23. Denies the allegations contained in Paragraph 23, except admits that JPMorgan is a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York, and that an affiliate of JPMorgan from time to time participated in certain municipal derivative transactions.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 31, except admits that Paragraph 31 purports to state Plaintiffs' definition of Broker Defendants.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Denies the allegations contained in Paragraph 38 to the extent such allegations are directed against JPMorgan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. Admits that Paragraph 49 purports to state Plaintiffs' definition of Provider co-conspirators.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56. Admits that Paragraph 56 purports to state Plaintiffs' definition of Broker co-conspirators.

57. States that the allegations contained in Paragraph 57 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies the allegations contained in Paragraph 57.

58. Admits that Paragraph 58 purports to state Plaintiffs' description of municipal bonds. JPMorgan otherwise denies the allegations contained in the first sentence of Paragraph 58, except upon information and belief admits that many states, cities, counties and other governmental and private entities issue bonds to raise funds for many different purposes. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58.

59. Admits that Paragraph 59 purports to state Plaintiffs' description of municipal bonds. JPMorgan otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60. States that the allegations contained in Paragraph 60 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan admits that IRS regulations govern the tax-exempt status of municipal bonds

and refers to the IRS regulations that govern municipal bonds for the true and correct content thereof and denies any allegations inconsistent therewith.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64. Admits that Paragraph 64 purports to be Plaintiffs' definition of "Municipal Derivatives." JPMorgan otherwise denies the allegations contained in Paragraph 64 and denies that the diverse and distinct types of financial products referred to in the SCAC may accurately be grouped together under the term "Municipal Derivatives."

65. Denies that allegations contained in the first sentence of Paragraph 65. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67. Denies the allegations contained in Paragraph 67, except upon information and belief admits that all or part of bond proceeds are from time to time invested in various distinct financial products for various reasons.

68. Admits that Paragraph 68 purports to be Plaintiffs' definition of a "GIC." JPMorgan otherwise denies the allegations contained in paragraph 68, except admits that "GIC" is a term used to describe a variety of financial products used from time to time in connection

with all or part of bond proceeds and refers to the terms of individual "GICs" for the true and complete terms thereof.

69.　　Admits that Paragraph 69 purports to be Plaintiffs' definition of a "Forward Purchase Agreement" or "Forward Delivery Agreement." JPMorgan otherwise denies the allegations contained in Paragraph 69, except admits that "Forward Purchase Agreement" and "Forward Delivery Agreement" are terms used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "Forward Purchase Agreements" and "Forward Delivery Agreements" for the true and complete terms thereof.

70.　　Admits that Paragraph 70 purports to be Plaintiffs' definition of an "Unsecured GIC" or "Uncollateralized GIC." JPMorgan otherwise denies the allegations contained in Paragraph 70, except admits that "Unsecured GICs" or "Uncollateralized GICs" are terms used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "Unsecured GICs" or "Uncollateralized GICs" for the true and complete terms thereof.

71.　　Admits that Paragraph 71 purports to be Plaintiffs' definition of a "Repurchase Agreement" or "Collateralized GIC." JPMorgan otherwise denies the allegations contained in Paragraph 71, except admits that "Repurchase Agreement" or "Collateralized GIC" are terms used to describe a variety of financial products used from time to time in connection with bond proceeds and refers to the terms of individual "Repurchase Agreements" or "Collateralized GICs" for the true and complete terms thereof.

72.　　Admits that the first sentence of Paragraph 72 purports to be Plaintiffs' definition of an "advance refunding." JPMorgan otherwise denies the allegations contained in

10

the first sentence of Paragraph 72, except admits that "advance refunding" is a term used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "advance refundings" for the true and complete terms thereof. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 72. JPMorgan avers that the IRS regulations cited in the third sentence of Paragraph 72 speak for themselves and refers to those regulations for the true and complete content thereof and denies any allegations inconsistent therewith. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 72. JPMorgan admits that the fifth sentence of Paragraph 72 purport to be Plaintiffs' definition of a "forward float agreement." JPMorgan otherwise denies the allegations contained in the fifth sentence of Paragraph 72, except admits that "forward float agreement" is a term used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "forward float agreements" for the true and complete terms thereof. JPMorgan avers that the IRS regulations referred to in the last sentence of Paragraph 72 speak for themselves and refers to those regulations for the true complete content thereof and denies any allegations inconsistent therewith.

73.    Admits that Paragraph 73 purports to be Plaintiffs' definition of a "Swap." JPMorgan otherwise denies the allegations contained in Paragraph 73, except admits that "Swap" is a term used to describe a variety of financial products and refers to the terms of individual "Swaps" for the true and complete terms thereof.

74.    Admits that Paragraph 74 purports to be Plaintiffs' definition of an "Option." JPMorgan otherwise denies the allegations contained in Paragraph 74, except admits

that "Option" is a term used to describe a variety of financial products and refers to the terms of individual "Options" for the true and complete terms thereof.

75.     Admits that Paragraph 75 purports to be Plaintiffs' definition of a "Swaption." JPMorgan otherwise denies the allegations contained in Paragraph 75, except admits that "Swaption" is a term used to describe a variety of financial products and refers to the terms of individual "Swaptions" for the true and complete terms thereof.

76.     Admits that Paragraph 76 purports to be Plaintiffs' definition of a "Floor." JPMorgan otherwise denies the allegations contained in Paragraph 76, except admits that "Floor" is a term used to describe a variety of financial products and refers to the terms of individual "Floors" for the true and complete terms thereof.

77.     Admits that Paragraph 77 purports to be Plaintiffs' definition of a "Collar." JPMorgan otherwise denies the allegations contained in Paragraph 77, except admits that "Collar" is a term used to describe a variety of financial products and refers to the terms of individual "Collars" for the true and complete terms thereof.

78.     Denies the allegations contained in Paragraph 78, and avers that the SCAC does not accurately define an industry relevant to assessing JPMorgan's alleged acts.

79.     Denies the allegations contained in Paragraph 79, and avers that the SCAC does not accurately define an industry relevant to assessing JPMorgan's alleged acts.

80.     Denies the allegations in Paragraph 80 on the basis that the SCAC does not accurately define an industry relevant to assessing JPMorgan's alleged acts.

81.     States that the allegations contained in Paragraph 81 constitute legal or other conclusions as to which no responsive pleading is required. To the extent that any response may be required, JPMorgan avers that the IRS regulations to which this paragraph

refers speak for themselves, and refers such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

82.     States that the allegations contained in Paragraph 82 constitute legal or other conclusions as to which no responsive pleading is required. To the extent that any response may be required, JPMorgan avers that the IRS regulations to which this paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

83.     States that the allegations contained in Paragraph 83 constitute legal or other conclusions as to which no responsive pleading is required. To the extent that any response may be required, JPMorgan avers that the IRS regulations to which this paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

84.     States that the allegations contained in the first sentence of Paragraph 84 constitute legal or other conclusions as to which no responsive pleading is required. To the extent that any response may be required, JPMorgan avers that the IRS regulations to which the first sentence of Paragraph 84 refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith. JPMorgan denies the allegations contained in the second sentence of Paragraph 84 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

85.     Denies the allegations contained in Paragraph 85 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

86. Denies the allegations contained in Paragraph 86 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

87. Denies the allegations contained in Paragraph 87 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

88. Denies the allegations contained in Paragraph 88 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 89. Denies the allegations contained in the second sentence of Paragraph 89 and the footnote to the extent such allegations are directed against JPMorgan, except admits that JPMorgan Securities Inc. has received a Wells notice issued by the SEC, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 89 and the footnote insofar as they relate to other parties.

90. Denies the allegations contained in Paragraph 90 to the extent such allegations are directed against JPMorgan, except admits that Plaintiffs refer to a confidential

witness as "CW," and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

91.     Denies the allegations contained in the first sentence of Paragraph 91 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 91 insofar as they relate to other parties. JPMorgan denies knowledge or information sufficient to form a belief as to whether Charles Anderson made the statement Plaintiffs quote in the second sentence of Paragraph 91.

92.     Denies the allegations contained in Paragraph 92 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

93.     Denies the allegations contained in Paragraph 93 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

94.     Denies the allegations contained in Paragraph 94 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

95.     States that the allegations contained in Paragraph 95 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies the allegations contained in Paragraph 95 to the extent such

allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties. JPMorgan avers that the IRS regulations to which this Paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

96. Denies the allegations contained in Paragraph 96 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

97. Denies the allegations contained in Paragraph 97 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

98. Denies the allegations contained in Paragraph 98 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

99. Denies the allegations contained in Paragraph 99 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

100. Denies the allegations contained in Paragraph 100 to the extent such allegations are directed against JPMorgan, except admits that James Hertz, Douglas MacFaddin,

Shlomi Raz, and Samuel Gruer are former employees of an affiliate of JPMorgan and that upon

information and belief disclosures have been made to the Financial Industry Regulatory Authority

indicating each individual received a letter from the Department of Justice stating that he is a target of

a grand jury investigation, and denies knowledge or information sufficient to form a belief as to

the truth of the allegations in said Paragraph insofar as they relate to other parties.

101. Denies the allegations contained in Paragraph 101 to the extent such

allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other

parties.

102. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 102, except denies that JPMorgan engaged in any

collusive conduct.

103. Denies the allegations contained in Paragraph 103 to the extent such

allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other

parties.

104. Denies the allegations contained in Paragraph 104 to the extent such

allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other

parties.

105. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 105.

106. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 106.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    Denies the allegations contained in Paragraph 108 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    Denies the allegations contained in Paragraph 114 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

115.    Denies the allegations contained in Paragraph 115 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

116. Denies the allegations contained in Paragraph 116 to the extent such allegations are directed against JPMorgan, except admits that Gruer, MacFaddin, Raz and Hertz are former employees of an affiliate of JPMorgan and Gruer reported to MacFaddin from time to time, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117.

118. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, except admits that an affiliate of JPMorgan participated in various types of transactions that Plaintiffs have grouped under their purported definition of "Municipal Derivatives."

119. Denies the allegations contained in Paragraph 119 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

120. Denies the allegations contained in Paragraph 120 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

121. Denies the allegations contained in Paragraph 121 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

122. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122.

123. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

124. Denies the allegations contained in Paragraph 124 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

125. Denies the allegations contained in Paragraph 125 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

126. Denies the allegations contained in Paragraph 126 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other

127. Denies the allegations contained in Paragraph 127 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

128. Denies the allegations contained in Paragraph 128 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

129. Denies the allegations contained in Paragraph 129 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

130. Denies the allegations contained in Paragraph 130 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

131. Denies the allegations contained in Paragraph 131 to the extent such allegations are directed against JPMorgan, except avers that JPMorgan indicated in its 10-Q for the quarter ending March 31, 2009 that the SEC had authorized the filing of an enforcement action against it in connection with certain Jefferson County deals and refers to the 10-Q for the quarter ending March 31, 2009 for the true and complete content thereof, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

132. Denies the allegations contained in Paragraph 132 to the extent such allegations are directed against JPMorgan, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

133. Denies the allegations contained in Paragraph 133 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

134. Denies the allegations contained in Paragraph 134 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

135. Denies the allegations contained in Paragraph 135, except admits that the Butler Area School District and Butler County General Authority sued JPMorgan in 2008 for alleged federal securities law and common law fraud violations in connection with a 2003 swaption and that the action was dismissed on all counts and refers to the decision *School District of City of Erie v. J.P Morgan Chase Bank*, No. 08 CV 07688, 08 CV 07982 (LAP, 2009 WL 234128 (S.D.N.Y. Jan. 30, 2009) for the true and complete content thereof.

136. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136.

137. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137.

138. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138.

139. Denies the allegations contained in Paragraph 139 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

140. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 140.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141.

142.    Denies the allegations contained in Paragraph 142 to the extent such allegations are directed against JPMorgan, except admits that an affiliate of JPMorgan participated in a negotiated swap transaction with the City of Chicago in July 2004, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143.

144.    Denies the allegations contained in Paragraph 144 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145.

146.    Denies the allegations contained in Paragraph 146 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147.

148.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 148.

149. Denies the allegations contained in Paragraph 149 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

150. Denies the allegations in Paragraph 150 to the extent such allegations are directed against JPMorgan, except admits that an affiliate of JPMorgan is a member of the International Swaps & Derivatives Association, the American Bankers Association, and the Securities Industry and Financial Markets Association ("SIMFA), and upon information and belief admits that Blythe Masters is Chair Emeritus of SIMFA and Timothy Ryan is President and CEO of SIFMA, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties. JPMorgan refers to ISDA's website for the true and complete content of statements made therein, and refers to SIFMA's website for the true and complete content of statements made therein.

151. Denies the allegations contained in Paragraph 151 to the extent such allegations are directed against JPMorgan, except upon information and belief admits that MacFaddin was listed as a co-chair of an IMN Municipal Derivatives conference in May of 2006, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 151. JPMorgan refers to IMN's website for the true and complete content of statements made therein

152. Denies the allegations contained in the first sentence of Paragraph 152 to the extent such allegations are directed against JPMorgan, except upon information and belief admits that Michael Lena was listed as a co-presenter at the May 2006 meeting of the

Pennsylvania Association of Bond Lawyers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 152.

153.    Denies the allegations contained in Paragraph 153 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

154.    Denies the allegations contained in Paragraph 154 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties. JPMorgan refers to the *Bond Buyer* article, dated November 21, 2006, for the true and complete content thereof.

155.    Denies the allegations contained in Paragraph 155 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

156.    Denies the allegations contained in Paragraph 156 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and refers to the statements of Anderson and Scott for the true and complete content thereof.

157.    Denies the allegations contained in Paragraph 157 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other

parties, and refers to the statements of Anderson for the true and complete content thereof.

158.    Denies the allegations contained in Paragraph 158 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and refers to the statements of Born for the true and complete content thereof.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159.

160.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160.

161.    Denies the allegations contained in Paragraph 161 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162, except upon information and belief admits that the Department of Justice's Antitrust Division has been investigating the bidding or sale of guaranteed investment contracts and derivatives to municipal issuers.

163.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, except admits that JPMorgan has received a subpoena from the Department of Justice's Antitrust Division, which requests information dating back to 1992, and refers to the subpoena for the true and complete contents thereof.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, except admits that JPMorgan has received governmental subpoenas.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167, except admits that Hertz, MacFaddin, Raz, and Gruer are former employees of JPMorgan and that upon information and belief disclosures have been made to the Financial Industry Regulatory Authority indicating that each individual received a letter from the Department of Justice stating that he is a target of a grand jury investigation.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168, except refers to the March 3, 2008 Bond Buyer article for the true and complete content thereof.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, except refers to Bank of America's February 9, 2007 announcement for the true and complete content thereof.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170, except refers to Bank of America's February 9, 2007 press release for the true and complete content thereof.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172, except refers to Bank of America's February 27,

2009 SEC Form 10-K for the true and complete content thereof.

173. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173, except admits that JPMorgan has received investigative requests from certain state attorneys general.

174. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174.

175. Denies the allegations contained in Paragraph 175 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

176. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176, except refers to Bank of America's 2009 SEC filing for the true and complete content thereof.

177. Denies the allegations contained in Paragraph 177 to the extent such allegations are directed against JPMorgan, except admits that MacFaddin left an affiliate of JPMorgan in March of 2008, Hertz left an affiliate of JPMorgan in December of 2007, and Gruer left an affiliate of JPMorgan in June of 2006, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

178. Denies the allegations contained in Paragraph 178 and the footnote thereto to the extent such allegations are directed against JPMorgan, except admits that on or about September 3, 2008 JPMorgan stopped participating in certain types of municipal derivatives transactions, and that the School District of the City of Erie sued JPMorgan in 2008 for alleged

federal securities law and common law fraud violations in connection with a 2003 swaption and that the action was dismissed on all counts and respectfully refers to the decision *School District of City of Erie v. J.P Morgan Chase Bank*, No. 08 CV 07688, 08 CV 07982 (LAP, 2009 WL 234128 (S.D.N.Y. Jan. 30, 2009) for the true and correct content thereof. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

179. States that the allegations contained in Paragraph 179 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies the allegations contained in Paragraph 179 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

180. Denies the allegations contained in Paragraph 180 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

181. Denies the allegations contained in Paragraph 181 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

182. Denies the allegations contained in Paragraph 182 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other

parties.

183.    States that the allegations contained in Paragraph 183 constitute legal conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan admits Plaintiffs purport to bring this action under the provisions referred to in said Paragraph but denies that the requirements for class certification have been met in this case.

184.    States that the allegations contained in Paragraph 184 constitute legal conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 184 to the extent such allegations are directed against JPMorgan, denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and denies that the requirements for class certification have been met in this case.

185.    States that the allegations contained in Paragraph 185 constitute legal conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, and denies that the requirements for class certification have been met in this case.

186.    States that the allegations contained in Paragraph 186 constitute legal conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 186.

187.    States that the allegations contained in Paragraph 187 constitute legal conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 187, and denies that the requirements for class certification have been met in this case.

188. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188.

189. States that the allegations contained in Paragraph 189 constitute legal conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189, and denies that the requirements for class certification have been met in this case.

190. States that the allegations contained in Paragraph 190 constitute legal conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 190.

191. States that the allegations contained in Paragraph 191 constitute legal conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 191.

192. States that the allegations contained in Paragraph 192 constitute legal conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 192 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

193. States that the allegations contained in Paragraph 193 constitute legal conclusions as to which no responsive pleading is required. To the extent any response may be

required, JPMorgan denies the allegations contained in Paragraph 193 to the extent such allegations are directed against JPMorgan, except admits that an affiliate of JPMorgan from time to time during some portion of the Class Period participated in various transactions that Plaintiffs group together as "Municipal Derivatives," and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

194. States that the allegations contained in Paragraph 194 constitute legal or other conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 194.

195. States that the allegations contained in Paragraph 195 constitute legal or other conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan states that Plaintiffs purport to allege a claim under Section 1 of the Sherman Act (15 U.S.C. § 1), and denies that Plaintiffs have any valid claim against it.

196. States that the allegations contained in Paragraph 196 constitute legal or other conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 196 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

197. States that the allegations contained in Paragraph 197 constitute legal or other conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 197 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

198.    States that the allegations contained in Paragraph 198 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan states that Plaintiffs purport to seek to recover treble damages and the costs of this suit under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, and denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in Paragraph 198.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, except denies that JPMorgan participated in any conspiracy or collusion alleged in the SCAC.

200.    States that the allegations contained in Paragraph 200 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200, except denies that JPMorgan participated in any conspiracy or collusion alleged in the SCAC, and refers to the December 22, 2006 Bond Buyer article for the true and complete content thereof.

201.    States that the allegations contained in Paragraph 201 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, JPMorgan denies the allegations contained in Paragraph 201 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

202.     States that the allegations contained in Paragraph 202 constitute legal or other conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, except denies that JPMorgan participated in any conspiracy or collusion alleged in the SCAC.

203.     States that the allegations contained in Paragraph 203 constitute legal or other conclusions as to which no responsive pleading is required. To the extent any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203, except denies that JPMorgan participated in any conspiracy or collusion alleged in the SCAC.

204.     Denies the allegations contained in Paragraph 204 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

205.     Avers that the IRS regulations to which the first sentence of Paragraph 205 refer speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 205.

206.     Denies the allegations contained in Paragraph 206 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

207. Denies the allegations contained in Paragraph 207 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

208. Denies the allegations contained in Paragraph 208 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refers to the December 22, 2006 Bond Buyer article and the December 7, 2006 Bloomberg article for the true and complete content thereof.

209. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209.

210. Denies the allegations contained in Paragraph 210 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

211. Denies the allegations contained in Paragraph 211 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

212. Denies the allegations contained in Paragraph 212 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

213. States that the allegations contained in Paragraph 213 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, except denies that JPMorgan participated in any conspiracy or collusion alleged in the SCAC.

214. States that the allegations contained in Paragraph 214 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies the allegations contained in Paragraph 214 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

215. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215.

216. Denies the allegations contained in Paragraph 216 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

217. Denies the allegations contained in Paragraph 217 to the extent such allegations are directed against JPMorgan and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refers to the November 17, 2006 Bond Buyer article and the May 18, 2007 Bloomberg news report for the true and complete content thereof.

218. States that the allegations contained in Paragraph 218 constitute legal or

other conclusions as to which no response is required. To the extent that any response may be required, JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218, except denies that JPMorgan participated in any conspiracy or collusion alleged in the SCAC.

JPMorgan denies all allegations contained in the SCAC (including headings, and the "Prayer for Relief") not specifically admitted above and denies that Plaintiffs are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

JPMorgan states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

The SCAC fails to state a claim against JPMorgan upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered any cognizable antitrust injury.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered injury in fact.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not appropriate class representatives.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are improperly joined because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and/or do not involve any questions of law or fact common to all Plaintiffs or to all Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the putative class representatives lack Article III standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches,

estoppel, waiver, failure to mitigate and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any and all of JPMorgan's actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute bona fide business practices, and were carried out in furtherance of JPMorgan's legitimate business interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because JPMorgan is not liable for the acts of any other Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom JPMorgan was not responsible, through forces in the marketplace over which JPMorgan has no control, or through acts or omissions on the part of one or more of the Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted and barred, in whole or in part, because JPMorgan's alleged conduct has implied or express immunity from the antitrust laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded, in whole or in part, by the federal statutes and

regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the SCAC has insufficiently alleged a product and geographic market, and is so vague and ambiguous as to deny JPMorgan notice of the markets alleged by Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the SCAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no antitrust injury as the result of the alleged conduct because they had no right to earn arbitrage on any investment of the proceeds from the issuance of tax-exempt bonds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, because to the extent that JPMorgan is deemed to have joined any conspiracy alleged in the SCAC, it withdrew from such conspiracy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

JPMorgan hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent JPMorgan may share in such defense.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

JPMorgan has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. JPMorgan reserves the right to amend or seek to amend its answer and/or affirmative defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, JPMorgan prays as follows:

1. That this action be dismissed with prejudice and that Plaintiffs take nothing by their SCAC;

2. That judgment be entered in favor of JPMorgan and against Plaintiffs with respect to the causes of action asserted in the SCAC;

3. That the Court award JPMorgan reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and

4. That the Court award such other relief as may be appropriate.

## JURY DEMAND

Pursuant to the Seventh Amendment and Rule 38(b) of the Federal Rules of Civil Procedure, JPMorgan demands a trial by jury of all issues so triable.

Dated: June 4, 2010                    Respectfully submitted,

By:    /s/ Joseph F. Wayland

Joseph F. Wayland
Ryan A. Kane
Peri L. Zelig
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
*Counsel for JPMorgan Chase & Co.*

## CERTIFICATE OF SERVICE

I, Ryan A. Kane, hereby certify that on June 4, 2010, I caused the attached

*JP Morgan Chase & Co.'s Answer to Second Consolidated Amended Class Action Complaint* to

be served upon the attorney of record for each party by transmission through the Court's

electronic filing system.

/s/ Ryan A. Kane
Ryan A. Kane