UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

MDL No. 1950

Master Docket No. 08-02516 (VM)
(GWG)

**DEFENDANT MORGAN
STANLEY'S ANSWER TO SECOND
CONSOLIDATED AMENDED
CLASS ACTION COMPLAINT**

ECF CASE

ELECTRONICALLY FILED

**ANSWER OF DEFENDANT MORGAN STANLEY TO CLASS
PLAINTIFFS' SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant Morgan Stanley ("Defendant"), by and through its undersigned counsel,

answers the Second Consolidated Amended Class Action Complaint ("Complaint") filed by

Class Plaintiffs ("Plaintiffs") as follows:

1. Defendant denies the allegations in paragraph 1 of the Complaint, except

admits that Plaintiffs purport to allege a conspiracy.

2. Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 2 of the Complaint, and on that basis the allegations

are denied, except admits that Plaintiffs purport to have engaged in confidential discussions with

Bank of America ("BoA") and admits that the Court's order of April 30, 2009 dismissed

Plaintiffs' (prior) Consolidated Amended Class Action Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint, except

admits that BoA has received a conditional leniency letter from the Department of Justice's

1

Antitrust Division ("DOJ") and admits that Plaintiffs purport to quote a November 19, 2008 presentation available at http://www.justice.gov/atr/public/criminal/239583.htm.

4.     Defendant denies the allegations in paragraph 4 of the Complaint, except admits that the DOJ has been investigating the municipal bond derivatives industry and admits that the DOJ sought and was granted a partial stay of discovery.  Defendant denies knowledge or information sufficient to form a belief as to the basis for Plaintiffs' purported references to the contents of audiotapes obtained from BoA, and on that basis the allegation is denied.

5.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy.  Defendant denies any remaining allegations in paragraph 5 of the Complaint.

6.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admits that the DOJ, Internal Revenue Service ("IRS"), Securities and Exchange Commission ("SEC") and a group of state attorneys general have been investigating the municipal bond derivatives industry and admits that the DOJ has been conducting a grand jury investigation in the United States District Court for the Southern District of New York.  Defendant denies any remaining allegations. Defendant affirmatively states that it has not received a target letter.

7.     Defendant denies the allegations in paragraph 7 of the Complaint, except admits that Plaintiffs have instituted a civil action and purport to represent a class of entities that purchased Municipal Derivatives in the period from January 1, 1992 to June 18, 2009.

8.    Paragraph 8 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.  Defendant denies any remaining allegations in this paragraph, except admits that Plaintiffs purport to bring an action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. §1.

9.    Paragraph 9 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.  Defendant denies any remaining allegations in this paragraph, except admits that Plaintiffs purport to base this Court's jurisdiction over the claims on 28 U.S.C. §§ 1331 and 1337 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

10.    Paragraph 10 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.  Defendant denies any remaining allegations in this paragraph, except admits that Plaintiffs purport to base venue in this district on Sections 4, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 22 and 26, and 28 U.S.C. § 1391 (b), (c) and (d).

11.     Defendant admits that Plaintiff Baltimore purchased one or more Municipal Derivatives from at least one defendant.  Defendant denies any remaining allegations in paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis the allegations are denied.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis the allegations are denied.

14.     Defendant admits that Plaintiff Mississippi Department of Transportation purchased one or more Municipal Derivatives from at least one defendant.  Defendant denies any remaining allegations in paragraph 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis the allegations are denied.

16.     Plaintiffs assert no factual averments in the first sentence of paragraph 16 of the Complaint, and therefore that sentence requires no response.  To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of this paragraph.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of this paragraph.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis the allegations are denied.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis the allegations are denied.

19. Plaintiffs assert no factual averments in paragraph 19 of the Complaint, and therefore this paragraph requires no response. To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

20. Plaintiffs assert no factual averments in paragraph 20 of the Complaint, and therefore this paragraph requires no response. To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis the allegations are denied, except admits that BoA transacts business in New York, New York.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis the allegations are denied, except admits that JP Morgan Chase & Co. acquired Bear Stearns.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis the allegations are denied.

24.     Defendant denies the allegations in paragraph 24 of the Complaint, except admits that Defendant is a Delaware corporation with its principal place of business in New York, New York and admits that Defendant sold Municipal Derivatives from January 1, 1992, to June 18, 2009.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis the allegations are denied.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis the allegations are denied, except admits that Piper Jaffray has provided brokerage functions to issuers of municipal bonds.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis the allegations are denied.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis the allegations are denied, except admits that UBS merged with PaineWebber.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis the allegations are denied, except admits that Wells Fargo & Co. acquired Wachovia.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis the allegations are denied, except admits that Plaintiffs purport to sue Wells Fargo as the successor in interest.

31.     Plaintiffs assert no factual averments in paragraph 31 of the Complaint, and therefore this paragraph requires no response.  To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis the allegations are denied.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and on that basis the allegations are denied.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and on that basis the allegations are denied.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and on that basis the allegations are denied.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and on that basis the allegations are denied.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and on that basis the allegations are denied.

38.     Paragraph 38 of the Complaint contains averments so vague and general that no response is possible and therefore it is denied in its entirety. To the extent any response is required, Defendant denies those averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and on that basis the allegations are denied.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and on that basis the allegations are denied.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and on that basis the allegations are denied.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and on that basis the allegations are denied, except admits that Plaintiffs refer to certain entities collectively as "FSA."

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and on that basis the allegations are denied.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and on that basis the allegations are denied.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and on that basis the allegations are denied, except admits that Lehman filed for bankruptcy.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and on that basis the allegations are denied.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on that basis the allegations are denied.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and on that basis the allegations are denied, except admits that Plaintiffs refer to certain entities collectively as "XL."

49.     Defendant denies the allegations in paragraph 49 of the Complaint, except admits that Plaintiffs refer to certain entities as "Provider co-conspirators."

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and on that basis the allegations are denied.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and on that basis the allegations are denied.

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and on that basis the allegations are denied.

53.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and on that basis the allegations are denied.

54.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and on that basis the allegations are denied.

55.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and on that basis the allegations are denied.

56.    Plaintiffs assert no factual averments in paragraph 56 of the Complaint, and therefore this paragraph requires no response.

57.    Plaintiffs assert no factual averments in paragraph 57 of the Complaint, and therefore this paragraph requires no response.  To the extent any response is required, Defendant denies those averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

58.    Defendant admits that:  (1) many states, cities, counties, and other governmental and private entities issue bonds to raise funds for many different purposes; (2) when the interest on such bonds is expected to be exempt from federal taxation, investors usually accept lower interest payments on those bonds than they would if the interest on the bonds were expected to be taxed by the federal government; and (3) when bonds qualify for exemption from federal taxation, they usually represent a lower cost source of financing to an issuer than would

comparable bonds that did not qualify for such an exemption. Defendant denies any remaining allegations in paragraph 58 of the Complaint.

59. Defendant admits that: (1) municipal bonds usually pay interest at either a fixed or variable rate; (2) that bond investors purchase bonds in exchange for payment of a principal amount to the owner of the bonds; (3) bond issuers are required to repay the principal amount of the bonds to the owner of the bonds at the time of maturity; and (4) maturity dates for municipal bonds can span periods of years. Defendant denies any remaining allegations in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny. The IRS regulations to which paragraph 60 of the Complaint refers speak for themselves, and Defendant refers to the content of such regulations and denies any allegations inconsistent therewith.

61. Paragraph 61 of the Complaint contains averments so vague and general that no response is possible and therefore it is denied in its entirety. To the extent any response is required, Defendant denies those averments.

62. Defendant admits that issuers often invest unused bond proceeds until they are put to use for their stated purpose. Defendant denies any remaining allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint, except admits that Plaintiffs purport to rely on information from the Securities Industry and Financial Markets Association.

64. Defendant denies the allegations in paragraph 64 of the Complaint, except admits that Plaintiffs use "Municipal Derivatives" as an umbrella term to refer to a variety of

transactions including swaps and Guaranteed Investment Contracts ("GICs").  Solely for convenience and ease of reference, Defendant employs in this Answer the term "Municipal Derivatives" as defined in the Complaint; no agreement or waiver by such use is intended.

65.     Paragraph 65 of the Complaint contains averments so vague and general that no response is possible and therefore it is denied in its entirety.  To the extent any response is required, Defendant denies those averments.

66.     Defendant denies the allegations in paragraph 66 of the Complaint, except admits that when governmental or private non-profit entities desire to purchase Municipal Derivatives these entities may engage a broker and admits that there may be an auction among multiple providers of Municipal Derivatives.

67.     Defendant denies the allegations in paragraph 67 of the Complaint, except admits that GICs, forward purchase, forward supply, forward delivery agreements, repurchase agreements, CDs, swaps, options, swaptions, collars and floors are among the instruments government or private non-profit entities use to reinvest, or shift the risk involved with, municipal bond proceeds.

68.     Defendant denies the allegations in paragraph 68 and footnote 1 of the Complaint, except admits that interest rates for Municipal Derivatives may be calculated pursuant to LIBOR or the SIFMA or BMA Indexes.

69.     Defendant admits that a Forward Purchase or Forward Delivery Agreement is a type of GIC in which the parties agree to supply investments on two or more future dates and that they may be used for any number of purposes.  The remaining allegations in paragraph 69 of the Complaint are in the nature of speculation, and Defendant therefore lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

70. Defendant admits that: (1) an unsecured, or uncollateralized, GIC does not involve securities; (2) issuers often set forth schedules on which they propose, or anticipate, withdrawing funds from a GIC; and (3) GICs often include terms that address the issue of deviation from proposed or anticipated draw schedules. Defendant denies any remaining allegations in paragraph 70 of the Complaint.

71. Defendant admits that some GICs are secured by collateral in the form of securities purchased or held by the issuer which are sold to, or returned, to the GIC provider over the course of the draw down of the GIC by the issuer. Defendant denies any remaining allegations in paragraph 71 of the Complaint.

72. Defendant admits the allegations of all but the third sentence of paragraph 72 of the Complaint. The IRS regulations cited in the third sentence of this paragraph speak for themselves, and Defendant refers to the content of such regulations and denies any allegations inconsistent therewith.

73. Defendant admits that some issuers use swaps for a variety of purposes, including to hedge their exposure to interest rate risk. Defendant further admits that types of interest rate swaps may include: (a) floating-for-fixed interest swap; (b) fixed-for-floating interest swap; and (c) floating-for-floating (basis-rate) swap, where the two are based on different indices (e.g., LIBOR or BMA). Defendant denies any remaining allegations in paragraph 73 of the Complaint. Defendant affirmatively states that there are other types of swaps.

74. Defendant denies the allegations in paragraph 74 of the Complaint. Defendant affirmatively states that there are other types of options.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and on that basis the allegations are denied.

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, and on that basis the allegations are denied.

78. Paragraph 78 of the Complaint contains averments so vague and general that no response is possible and therefore it is denied in its entirety.

79. Defendant denies the allegations in paragraph 79 of the Complaint, except admits that there are tens of thousands of government and private non-profit entities that may issue municipal bonds.

80. The allegations in paragraph 80 of the Complaint are legal conclusions, and on that basis the allegations are denied. Defendant affirmatively states that offers from providers may differ on terms other than price.

81. Paragraph 81 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny. To the extent any response is required, the IRS regulations to which this paragraph refers speak for themselves, and Defendant refers to the content of such regulations and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in this paragraph.

82. Paragraph 82 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny. To the extent any response is required, the IRS regulations to which this paragraph refers speak for themselves, and Defendant refers to the content of such regulations and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in this paragraph.

83. Paragraph 83 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny. To the extent any response is required, the IRS regulations to which this paragraph refers speak for themselves, and Defendant refers to the content of such regulations and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in this paragraph and each of its subparts. Defendant affirmatively states that, under Section 1.148-5(d)(6)(iii)(a)(7) for the relevant safe harbor to apply, at least three reasonably competitive providers must be solicited for bids and affirmatively states that, under Section 1.148-5(d)(6)(iii)(a)(5) for the relevant safe harbor to apply, bid specifications for purchases of GICs only must contain a reasonably expected deposit and drawdown schedule.

84. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that others entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 84 of the Complaint, except admits that the IRS regulations apply to certain municipal bond derivatives transactions.

85. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into

such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 85 of the Complaint.

86.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 86 of the Complaint.

87.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 87 of the Complaint.

88.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 88 of the Complaint.

89.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 89 and footnote 2 of the Complaint, except admits that Plaintiffs purport to have engaged in

confidential discussions with BoA and admits that the SEC has been investigating the municipal bond derivatives industry. Defendant affirmatively states that it has not received a Wells notice.

90. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 90 of the Complaint, and on that basis the allegations are denied, except admits that Plaintiffs refer to a purported person as "CW." Defendant denies any remaining allegations.

91. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint, and on that basis the allegations are denied.

92. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 92 of the Complaint.

93. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 93 of the Complaint.

94. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 94

of the Complaint, except admits that providers have municipal bond derivatives trading desks located in Charlotte, North Carolina and New York, New York and admits that certain providers may have audiotaped telephonic conversations on municipal bond derivatives trading desks.

95. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 95 of the Complaint. Defendant affirmatively states that IRS regulations do not apply to all municipal bond derivatives transactions and affirmatively states that a last look may be not only lawful, but procompetitive.

96. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 96 of the Complaint.

97. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 97 of the Complaint and each of its subparts.

98. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into

such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 98 of the Complaint and each of its subparts.

99. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 99 of the Complaint and each of its subparts.

100. There are no allegations against Defendant in paragraph 100 of the Complaint, or any of its subparts, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

101. There are no allegations against Defendant in paragraph 101 of the Complaint, or any of its subparts, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

102. There are no allegations against Defendant in paragraph 102 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

103. There are no allegations against Defendant in paragraph 103 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

104.     There are no allegations against Defendant in paragraph 104 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

105.     There are no allegations against Defendant in paragraph 105 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

106.     There are no allegations against Defendant in paragraph 106 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

107.     There are no allegations against Defendant in paragraph 107 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

108.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy.  Defendant denies any remaining allegations in paragraph 108 of the Complaint.

109.     There are no allegations against Defendant in paragraph 109 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient

to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

110.     There are no allegations against Defendant in paragraph 110 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

111.     There are no allegations against Defendant in paragraph 111 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

112.     There are no allegations against Defendant in paragraph 112 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

113.     There are no allegations against Defendant in paragraph 113 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

114.     There are no allegations against Defendant in paragraph 114 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

115. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 115 of the Complaint, and on that basis the allegation is denied. With respect to the second sentence, Defendant denies knowledge or information sufficient to form a belief as to what Mr. Towne may have said to Mr. Campbell, and on that basis the allegation is denied, and denies that Mr. Towne gave Morgan Stanley an opportunity to lower its bid on a transaction through a last look. Defendant affirmatively states that a mere opportunity to lower a bid through a last look does not support an inference that a provider joined or participated in any alleged conspiracy and states that a last look may be not only lawful, but procompetitive.

116. There are no allegations against Defendant in paragraph 116 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

117. There are no allegations against Defendant in paragraph 117 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

118. Defendant denies the allegations in paragraph 118 of the Complaint, except admits that Bank of America and other defendants were involved in Municipal Derivatives transactions.

119. There are no allegations against Defendant in paragraph 119 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient

to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

120. There are no allegations against Defendant in paragraph 120 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

121. There are no allegations against Defendant in paragraph 121 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

122. There are no allegations against Defendant in paragraph 122 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

123. There are no allegations against Defendant in paragraph 123 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

124. There are no allegations against Defendant in paragraph 124 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

125.     There are no allegations against Defendant in paragraph 125 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

126.     There are no allegations against Defendant in paragraph 126 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

127.     There are no allegations against Defendant in paragraph 127 or footnote 3 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

128.     There are no allegations against Defendant in paragraph 128 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

129.     There are no allegations against Defendant in paragraph 129 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied, except admit that Plaintiffs purport to reproduce a June 28, 2002 e-mail from Mr. Campbell to Mr. Murphy.

130.     There are no allegations against Defendant in paragraph 130 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient

to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

131.    There are no allegations against Defendant in paragraph 131 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

132.    There are no allegations against Defendant in paragraph 132 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

133.    Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 133 of the Complaint.

134.    There are no allegations against Defendant in paragraph 134 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

135.    There are no allegations against Defendant in paragraph 135 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

136.    There are no allegations against Defendant in paragraph 136 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

137.    There are no allegations against Defendant in paragraph 137 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

138.    There are no allegations against Defendant in paragraph 138 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

139.    Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy.  Defendant denies any remaining allegations in paragraph 139 of the Complaint.

140.    There are no allegations against Defendant in paragraph 140 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

141.    There are no allegations against Defendant in paragraph 141 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient

to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

142.    There are no allegations against Defendant in paragraph 142 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

143.    There are no allegations against Defendant in paragraph 143 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

144.    Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy.  Defendant denies any remaining allegations in paragraph 144 of the Complaint.

145.    There are no allegations against Defendant in paragraph 145 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

146.    There are no allegations against Defendant in paragraph 146 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

147. There are no allegations against Defendant in paragraph 147 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

148. There are no allegations against Defendant in paragraph 148 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

149. There are no allegations against Defendant in paragraph 149 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

150. Defendant denies the allegations in the first sentence of paragraph 150 of the Complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and on that basis the allegations are denied, except admits that the ISDA, American Bankers Association and SIFMA are trade associations.

151. Defendant denies the allegations in the first sentence of paragraph 151 of the Complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and on that basis the allegations are denied.

152. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint, and on that basis the allegations are denied.

153.     There are no allegations against Defendant in paragraph 153 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

154.     Defendant denies the allegations in paragraph 154 of the Complaint, except admits that Plaintiffs purport to quote a November 21, 2006 Bond Buyer report.

155.     Defendant denies the allegations in paragraph 155 of the Complaint, except admits that the IRS has investigated the municipal bond derivatives industry.

156.     Defendant denies the allegations in paragraph 156 of the Complaint, except admits that Plaintiffs purport to quote Mr. Scott.  Defendant denies knowledge or information sufficient to form a belief as to the status of any IRS investigations as of January 2005, and on that basis these allegations are denied.  The allegations in the last sentence are legal conclusions, and on that basis the allegations are denied.

157.     Defendant denies the allegations in paragraph 157 of the Complaint, except admits that Plaintiffs purport to quote Mr. Anderson.

158.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint, and on that basis the allegations are denied, except admits that Plaintiffs purport to quote Mr. Born.

159.     There are no allegations against Defendant in paragraph 159 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

160. There are no allegations against Defendant in paragraph 160 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis the allegations are denied.

161. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 161 of the Complaint.

162. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint, and on that basis the allegations are denied, except admits that the DOJ has been investigating the municipal bond derivatives industry.

163. There are no allegations against Defendant in paragraph 163 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis the allegations are denied.

164. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint, except admits that Morgan Stanley received a subpoena as described in this paragraph.

165. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint, and on that basis the allegations are denied.

166.     There are no allegations against Defendant in paragraph 166 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

167.     There are no allegations against Defendant in paragraph 167 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

168.     There are no allegations against Defendant in paragraph 168 of the Complaint, and no response is required.

169.     There are no allegations against Defendant in paragraph 169 of the Complaint, and no response is required.  To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

170.     There are no allegations against Defendant in paragraph 170 of the Complaint, and no response is required.  To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

171.     There are no allegations against Defendant in paragraph 171 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis the allegations are denied.

172.     There are no allegations against Defendant in paragraph 172 of the Complaint, and no response is required.  To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

173.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint, except admits that Morgan Stanley received a subpoena and a civil investigative demand as described in this paragraph.

174.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint.

175.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy.  Defendant denies any remaining allegations in paragraph 175 of the Complaint, except admits that the Fairfax action was filed on March 12, 2008.

176.     There are no allegations against Defendant in paragraph 176 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis the allegations are denied.

177.     There are no allegations against Defendant in paragraph 177 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

178.    The allegations in paragraph 178 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 4, and on that basis the allegations are denied.

179.    Defendant admits that there are Municipal Derivatives transactions into which parties entered prior to March 2004, pursuant to which payments were still being made as of June 18, 2009.  The remaining allegations in paragraph 179 of the Complaint are legal conclusions, and on that basis the allegations are denied.

180.    There are no allegations against Defendant in paragraph 180 of the Complaint, and no response is required.  The allegations are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

181.    There are no allegations against Defendant in paragraph 181 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

182.    There are no allegations against Defendant in paragraph 182 of the Complaint, and no response is required.  Defendant denies knowledge or information sufficient

to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

183.     Defendant denies the allegations in paragraph 183 of the Complaint, except admits that Plaintiffs purport to bring a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

184.     The allegations in paragraph 184 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments.

185.     The allegations in paragraph 185 of the Complaint are legal conclusions, and on that basis the allegations are denied.

186.     The allegations in paragraph 186 of the Complaint, including each of its subparts, are legal conclusions, and on that basis the allegations are denied.

187.     The allegations in paragraph 187 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments.

188.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the Complaint, and on that basis the allegations are denied.

189.     The allegations in paragraph 189 of the Complaint are legal conclusions, and on that basis the allegations are denied.

190.     The allegations in paragraph 190 of the Complaint are legal conclusions, and on that basis the allegations are denied.

191.     The allegations in paragraph 191 of the Complaint are legal conclusions, and on that basis the allegations are denied.

192.     Defendant denies the allegations in paragraph 192 of the Complaint, except admits that the purchase and sale of Municipal Derivatives is within the flow of and affects interstate commerce.

193.     Defendant denies the allegations in paragraph 193 of the Complaint, except admits that Municipal Derivatives were sold in a flow of interstate commerce to governmental or private non-profit entities across the United States.

194.     Defendant denies the allegations in paragraph 194 of the Complaint, except admits that the purchase and sale of Municipal Derivatives affected United States commerce.

195.     Defendant denies the allegations in paragraph 195 of the Complaint, except admits that Plaintiffs purport to bring an action for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. §1.

196.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy.  Defendant denies any remaining allegations in paragraph 196 of the Complaint and each of its subparts.

197.     Paragraph 197 of the Complaint contains legal conclusions, which Defendant is not required to admit or deny.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and

denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

198.     Defendant denies the allegations in paragraph 198 of the Complaint, except admits that Plaintiffs purport to bring an action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.

199.     The allegations in paragraph 199 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

200.     The allegations in paragraph 200 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.  Defendant admits that Plaintiffs purport to quote a December 22, 2006 Bond Buyer article.

201.     The allegations in paragraph 201 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

202.     The allegations in paragraph 202 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained

in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

203.     The allegations in paragraph 203 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

204.     The allegations in paragraph 204 of the Complaint are legal conclusions, and on that basis the allegations are denied.  To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

205.     Defendant denies the allegations in paragraph 205 of the Complaint except admits that IRS regulations apply to certain Municipal Derivatives transactions.

206.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy.  Defendant denies any remaining allegations in paragraph 206 of the Complaint.

207.     Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct.  Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into

such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 207 of the Complaint.

208. Defendant denies the allegations in paragraph 208 of the Complaint, except admits that Plaintiffs purport to quote a December 22, 2006 <u>Bond Buyer</u> article and a December 7, 2006 <u>Bloomberg</u> article.

209. There are no allegations against Defendant in paragraph 209 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

210. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding a form submitted to Baltimore on April 30, 2003 by Lehman, and on that basis the allegation is denied. Defendant denies any remaining allegations in paragraph 210 of the Complaint.

211. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 211 of the Complaint regarding the Bucks County Plaintiffs bidding forms, including the one used by Central Bucks, and on that basis the allegations are denied. Defendant denies any remaining allegations.

212. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 212 of the Complaint regarding the Mississippi

Plaintiffs bid forms, and on that basis the allegations are denied. Defendant denies any remaining allegations.

213. The allegations in paragraph 213 of the Complaint are legal conclusions, and on that basis the allegations are denied. To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

214. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 214 of the Complaint and each of its subparts.

215. There are no allegations against Defendant in paragraph 215 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as against any other defendant, and on that basis the allegations are denied.

216. Defendant denies that it was party to any agreement or conspiracy to engage in any unlawful or anticompetitive conduct. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations that others may have entered into such an agreement or conspiracy. Defendant denies any remaining allegations in paragraph 216 of the Complaint.

217. There are no allegations against Defendant in paragraph 217 of the Complaint, and no response is required. Defendant denies knowledge or information sufficient

to form a belief as to the truth of the allegation regarding press statement and public reports, and on that basis the allegation is denied, except admits that Plaintiffs purport to refer to a November 17, 2006 <u>Bond Buyer</u> article and a May 18, 2007 <u>Bloomberg</u> news report. Defendant denies any remaining allegations.

218. The allegations in paragraph 218 of the Complaint are legal conclusions, and on that basis the allegations are denied. To the extent there are factual averments contained in this paragraph, Defendant denies those factual averments as they relate to Morgan Stanley and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

## GENERAL DENIAL

Unless specifically admitted herein, Defendant denies the truth of each and every allegation set forth in Plaintiffs' Complaint and specifically denies that Plaintiffs are entitled to any relief against Defendant.

## AFFIRMATIVE DEFENSES

Plaintiffs' claims are barred by the following defenses. Defendant pleads each of these defenses to preserve its rights, and in doing so does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. To the contrary, several of these defenses negate elements of Plaintiffs' affirmative claims, as to which Plaintiffs bear the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack Article III standing and antitrust standing.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief under the preclusion doctrine established by the United States Supreme Court's decision in *Credit Suisse v. Billing*, 551 U.S. 264 (2007). Specifically, this lawsuit is impliedly precluded by the federal securities and tax laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot prove injury and antitrust injury. Federal tax law requires an issuer of municipal bonds to rebate to the United States Treasury any profit earned from the reinvestment or refinancing of the proceeds.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Any injury or damage to Plaintiffs was caused by the acts and omissions of others, and not by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

Any and all of Defendant's actions challenged by Plaintiffs were justified, constitute bona fide business competition and were carried out in furtherance of Defendant's legitimate business interests.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is not liable for the acts of any other Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these alleged damages.

## ADDITIONAL DEFENSES

Defendant has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Defendant reserves the right to amend this Answer to add, delete, or modify additional defenses based on legal theories that may or will be divulged through clarification of the Complaint, through discovery, change, clarification of the governing law or further legal analysis of Plaintiffs' positions in this litigation.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury of all of the claims asserted in the Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiffs take nothing by reason of the Complaint and that judgment be entered in Defendant's favor;

3. That Defendant recover its costs and attorneys' fees; and

4. That this Court award such other and further relief as it deems just and proper.

Respectfully Submitted,

Dated: New York, New York
      June 4, 2010

SKADDEN ARPS SLATE MEAGHER & FLOM LLP

By /s/ Shepard Goldfein
    Shepard Goldfein
    Shepard.Goldfein@skadden.com
    Paul M. Eckles
    Paul.Eckles@skadden.com
    Nicholas A. Danella
    Nicholas.Danella@skadden.com
    Four Times Square
    New York, NY 10036
    (212) 735-3000

*Attorneys for Morgan Stanley*