# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
:
IN RE MUNICIPAL DERIVATIVES     :     MDL No. 1950
ANTITRUST LITIGATION          :
:     Master Docket No. 08-02516
:     (VM) (ECF)
:
THIS DOCUMENT RELATES TO:   :
ALL ACTIONS             :    **ANSWER TO SECOND**
:    **CONSOLIDATED AMENDED**
-------------------------------------------------------x  **CLASS ACTION COMPLAINT**

## ANSWER TO SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendant, CDR Financial Products ("CDR"), by its attorneys, Howrey LLP, for

its answer to the Second Consolidated Amended Class Action Complaint ("SCAC"), avers as

follows:

        1.     CDR denies the averments contained in paragraph 1.

        2.     CDR lacks knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 2, and therefore denies them.

        3.     CDR lacks knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 3, and therefore denies them; the quoted excerpts from a

document on the Department of Justice ("DOJ") website speak for themselves and require no

answer.

        4.     CDR lacks knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 4, and therefore denies them.

5.    CDR denies the allegations contained in paragraph 5 with respect to CDR, and lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 with respect to the other defendants, and therefore denies them.

6.    CDR admits that there have been investigations by several federal agencies and state attorneys general into the municipal bond industry; CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 6, and therefore denies them.

7.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of the first and second sentences of paragraph 7. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in the third sentence of paragraph 7 with respect to the phrase "at all relevant times," and therefore denies them. CDR denies the allegations in the fourth and fifth sentences of paragraph 7 that relate to CDR, and lacks knowledge or information sufficient to form a belief as to the allegations contained in the fourth and fifth sentences of paragraph 7 with respect to the other defendants; these allegations are therefore denied. CDR denies the allegations in the last sentence of paragraph 7.

8.    Paragraph 8 contains legal conclusions, which CDR is not required to admit or deny. To the extent there are factual allegations contained in paragraph 8, CDR denies those factual allegations as they relate to CDR and lacks knowledge or information sufficient to form a belief as to the allegations as they relate to other parties; these allegations are therefore denied.

9.    Paragraph 9 contains legal conclusions, which CDR is not required to admit or deny.

10.    Paragraph 10 contains legal conclusions, which CDR is not required to admit or deny.  To the extent that paragraph 10 contains factual allegations, CDR denies the allegations as they relate to CDR.   CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 with respect to the other defendants; these allegations are therefore denied.

11.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 11, and therefore denies them.

12.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 12, and therefore denies them.

13.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 13, and therefore denies them.

14.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 14, and therefore denies them.

15.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 15, and therefore denies them.

16.    The first sentence of paragraph 16 contains no factual allegations to which an answer is required.  CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 16, and therefore denies them.

17.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 17, and therefore denies them.

18.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 18, and therefore denies them.

19.    Paragraph 19 contains no factual allegations to which an answer is required.

20.    Paragraph 20 contains no factual allegations to which an answer is required.

21.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 21, and therefore denies them.

22.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 22, and therefore denies them.

23.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 23, and therefore denies them.

24.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 24, and therefore denies them.

25.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 25, and therefore denies them.

26.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 26, and therefore denies them.

27.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 27, and therefore denies them.

28.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 28, and therefore denies them.

29.    CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 29, and therefore denies them.

30. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 30, and therefore denies them.

31. Paragraph 31 contains no factual allegations to which an answer is required.

32. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 32, and therefore denies them.

33. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 33, and therefore denies them.

34. CDR admits that CDR is a California corporation with its principal place of business in Beverly Hills, California. CDR denies the remaining allegations of paragraph 34.

35. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 35, and therefore denies them.

36. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 36, and therefore denies them.

37. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 37, and therefore denies them.

38. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 38, and therefore denies them.

39. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 39, and therefore denies them.

40. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 40, and therefore denies them.

41. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 41, and therefore denies them.

42. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 42, and therefore denies them.

43. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 43, and therefore denies them.

44. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 44, and therefore denies them.

45. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 45, and therefore denies them.

46. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 46, and therefore denies them.

47. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 47, and therefore denies them.

48. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 48, and therefore denies them.

49. Paragraph 49 contains no factual allegations to which an answer is required.

50. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 50, and therefore denies them.

51. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 51, and therefore denies them.

52. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 52, and therefore denies them.

53. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 53, and therefore denies them.

54. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 54, and therefore denies them.

55. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 55, and therefore denies them.

56. Paragraph 56 contains no factual allegations to which an answer is required.

57. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 57, and therefore denies them.

58. CDR admits the allegations contained in the first sentence of paragraph 58. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in the second and third sentences of paragraph 58, and therefore denies them.

59. The allegations contained in paragraph 59 are overly general, oversimplified, and incomplete, and are therefore denied.

60. Paragraph 60 contains legal conclusions, which CDR is not required to admit or deny.

61. The allegations contained in paragraph 61 are overly general, oversimplified, and incomplete, and are therefore denied.

62. The allegations contained in paragraph 62 are overly general, oversimplified, and incomplete, and are therefore denied.

63. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 63, and therefore denies them.

64. The allegations contained in the first and third sentences of paragraph 64 are overly general, oversimplified, and incomplete, and are therefore denied. The second and fourth sentences of paragraph 64 contain no factual allegations to which an answer is required.

65. The allegations contained in paragraph 65 are overly general, oversimplified, and incomplete, and are therefore denied.

66. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 66, and therefore denies them.

67. The allegations contained in paragraph 67 are overly general, oversimplified, and incomplete, and are therefore denied.

68. The allegations contained in paragraph 68 are overly general, oversimplified, and incomplete, and are therefore denied.

69. The allegations contained in paragraph 69 are overly general, oversimplified, and incomplete, and are therefore denied.

70. The allegations contained in paragraph 70 are overly general, oversimplified, and incomplete, and are therefore denied.

71. The allegations contained in paragraph 71 are overly general, oversimplified, and incomplete, and are therefore denied.

72. The allegations contained in the first, second, fourth, fifth and sixth sentences of paragraph 72 are overly general, oversimplified, and incomplete, and are therefore denied. The third sentence of paragraph 72 contains legal conclusions, which CDR is not required to admit or deny.

73. The allegations contained in paragraph 73 are overly general, oversimplified, and incomplete, and are therefore denied.

74. The allegations contained in paragraph 74 are overly general, oversimplified, and incomplete, and are therefore denied.

75. The allegations contained in paragraph 75 are overly general, oversimplified, and incomplete, and are therefore denied.

76. The allegations contained in paragraph 76 are overly general, oversimplified, and incomplete, and are therefore denied.

77. The allegations contained in paragraph 77 are overly general, oversimplified, and incomplete, and are therefore denied.

78. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 78, and therefore denies them.

79. CDR lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 79, and therefore denies them.

80. The allegations contained in paragraph 80 are overly general, oversimplified, and incomplete, and are therefore denied. Paragraph 89 also contains a legal conclusion that CDR is not required to answer or deny.

81. Paragraph 81 contains legal conclusions that CDR is not required to answer or deny.

82. Paragraph 82 contains legal conclusions that CDR is not required to answer or deny.

83. Paragraph 83 contains legal conclusions that CDR is not required to answer or deny.

84. The first sentence of paragraph 84 contains legal conclusions that CDR is not required to answer or deny. CDR denies the allegations contained in the second sentence of paragraph 84 to the extent that they may relate to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of paragraph 84 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

85. CDR denies the allegations in paragraph 85 to the extent that they may relate to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 85 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

86. CDR denies the allegations contained in paragraph 86 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

87. CDR denies the allegations contained in paragraph 87 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

88. CDR denies the allegations contained in paragraph 88 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

89. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 89 and the first sentence in footnote 2 of paragraph 89, and therefore denies them. The second sentence in footnote 2 of paragraph 89 references a document which speaks for itself, and to which no answer is required.

90. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 90, and therefore denies them.

91. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 91, and therefore denies them.

92. CDR denies the allegations contained in paragraph 92 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 92 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

93. CDR denies the allegations contained in paragraph 93 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 93 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

94. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 94 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

95. CDR denies the allegations contained in paragraph 95 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 95 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

96. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 96 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

97. Paragraph 97 contains legal conclusions to which no answer or denial is required. CDR lacks knowledge or information sufficient to form a belief as to the factual allegations contained in paragraph 97, and therefore denies them.

98. Paragraph 98 contains legal conclusions to which no answer or denial is required. CDR denies the factual allegations contained in paragraph 98 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 98 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

99. Paragraph 99 contains legal conclusions to which no answer or denial is required. CDR denies the factual allegations contained in paragraph 99 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 99 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

100. CDR denies the allegations contained in paragraph 100 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 100, and therefore denies them.

(a) CDR denies the allegations contained in paragraph 100(a) with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 100 (a) with respect to the other defendants and alleged co-conspirators,

and therefore denies them. The email document referenced in paragraph 100(a) speaks for itself, and no answer is required.

(b) CDR denies the allegations in the third sentence of paragraph 100(b). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(b), and therefore denies them.

(c) CDR denies the third sentence of paragraph 100(c). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(c), and therefore denies them.

(d) CDR denies the allegations in the fifth sentence of paragraph 100(d). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(d), and therefore denies them.

(e) CDR denies the allegations in the third sentence of paragraph 100(e). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(e), and therefore denies them.

(f) CDR denies the allegations in the fifth sentence of paragraph 100(f). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(f), and therefore denies them.

(g) CDR denies the allegations in the fourth sentence of paragraph 100(g). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(g), and therefore denies them.

(h) CDR denies the allegations in the fourth sentence of paragraph 100(h). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(h), and therefore denies them.

(i) CDR denies the allegations in the fourth sentence of paragraph 100(i). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(i), and therefore denies them.

(j) CDR denies the allegations in the third sentence of paragraph 100(j). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(j), and therefore denies them.

(k) CDR denies the allegations in the fourth sentence of paragraph 100(k). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(k), and therefore denies them.

(l) CDR denies the allegations in the fourth sentence of paragraph 100(l). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(l), and therefore denies them.

(m) CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 100(m), and therefore denies them.

(n) CDR denies the allegations in the fourth sentence of paragraph 100(n). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(n), and therefore denies them. The email document referenced in paragraph 100(n) speaks for itself and requires no answer.

(o) CDR denies the allegations in the fourth sentence of paragraph 100(o). CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 100(o), and therefore denies them.

101. CDR denies the allegations contained in paragraph 101 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 101 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

(a) CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101(a), and therefore denies them.

(b) CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101(b), and therefore denies them. The FINRA disclosure document referenced in paragraph 101(b) speaks for itself and requires no answer.

(c) CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101(c), and therefore denies them.

(d) CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101(d) and therefore denies them.

(e) CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101(e), and therefore denies them.

(f) CDR admits that Douglas Goldberg was an employee of CDR, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 101(f), and therefore denies them. The FINRA disclosure document referenced in paragraph 101(f) speaks for itself and requires no answer.

(g) CDR admits that Dani Naeh was an employee of CDR, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 101(g), and therefore denies them.

102. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 102, and therefore denies them.

103. CDR denies the allegations contained in paragraph 103 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 103 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

104. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104, and therefore denies them.

105. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105, and therefore denies them.

106. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 106, and therefore denies them.

107. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 107, and therefore denies them.

108. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 108, and therefore denies them.

109. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 109, and therefore denies them.

110. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 110, and therefore denies them.

111. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 111, and therefore denies them.

112. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 112, and therefore denies them.

113. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 113, and therefore denies them.

114. CDR denies the allegations contained in paragraph 114 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 114 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

115. CDR denies the allegations contained in paragraph 115 to the extent that they are intended to refer to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 115, and therefore denies them.

116. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 116, and therefore denies them.

117. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 117, and therefore denies them.

118. CDR denies the allegations contained in paragraph 118 to the extent that they are intended to refer to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 118, and therefore denies them.

119. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119, and therefore denies them.

120. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 120, and therefore denies them.

121. CDR denies the allegations contained in paragraph 121. The audiotape and email documents referenced in paragraph 121 speak for themselves, and no answer is required.

122. CDR denies the allegations contained in paragraph 122.

123. CDR denies the allegations contained in paragraph 123 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 123 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

124. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 124, and therefore denies them.

125. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 125, and therefore denies them.

126. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 126, and therefore denies them.

127. CDR denies the allegations contained in paragraph 127 to the extent that they refer to CDR, and lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

128. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128, and therefore denies them.

129. CDR denies the allegations contained in paragraph 129 with respect to CDR and lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 129 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

130. CDR denies the allegations contained in paragraph 130 with respect to CDR and lacks knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 130 with respect to the other defendants and alleged co-conspirators. The email document referenced in paragraph 130 speaks for itself and requires no answer.

131.   CDR denies the allegations contained in paragraph 131 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 131 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

132.   CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 132, and therefore denies them.

133.   CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 133, and therefore denies them.

134.   CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 134, and therefore denies them.

135.   CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 135, and therefore denies them.

136.   CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 136, and therefore denies them.

137.   CDR denies the allegations of paragraph 137 to the extent that they characterize CDR's activities as illegal; CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 137, and therefore denies them.

138.   CDR denies the allegations of paragraph 138 to the extent that they characterize CDR's activities as illegal; CDR lacks knowledge or information sufficient to

form a belief as to the remaining allegations contained in paragraph 138, and therefore denies them.

139. CDR denies the allegations contained in paragraph 139 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

140. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 140, and therefore denies them.

141. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 141, and therefore denies them.

142. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 142, and therefore denies them.

143. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 143, and therefore denies them.

144. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 144, and therefore denies them.

145. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 145, and therefore denies them.

146. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 146, and therefore denies them.

147. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 147, and therefore denies them. The audiotape document referenced in paragraph 147 speaks for itself and requires no answer.

148. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 148, and therefore denies them. The audiotape document referenced in paragraph 148 speaks for itself and requires no answer.

149. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 149, and therefore denies them. The audiotape document referenced in paragraph 148 speaks for itself and requires no answer.

150. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 150, and therefore denies them.

151. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 151, and therefore denies them.

152. CDR admits that Evan Zarefsky was a Vice President of CDR, but lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 152, and therefore denies them.

153. CDR denies the allegations of paragraph 153 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 153 with respect to the other defendants and alleged co-conspirators, and therefore denies them. The contents of documents on CDR's website speak for themselves and require no answer.

154. CDR denies the allegations contained in paragraph 154 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 154 with respect to the other defendants and alleged co-conspirators, and therefore denies them. The *Bond Buyer* document allegedly quoted in paragraph 154 speaks for itself and requires no answer.

155. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 155, and therefore denies them.

156. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 156, and therefore denies them.

157. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 157, and therefore denies them.

158. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 158, and therefore denies them.

159. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 159, and therefore denies them.

160. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 160, and therefore denies them.

161. Paragraph 161 contains legal conclusion to which no answer or denial is required. CDR lacks knowledge or information sufficient to form a belief as to the factual allegations contained in paragraph 161, and therefore denies them.

162. CDR admits that the Antitrust Division of the DOJ conducted an investigation into the municipal bond market, but CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 162, and therefore denies them.

163. CDR admits that on November 15, 2006 the Federal Bureau of Investigation raided its offices and seized documents, but CDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 with respect to the other defendants, and therefore denies them.

164. CDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

165. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 165, and therefore denies them.

166. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 166 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

167. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 167, and therefore denies them.

168. The article referenced in paragraph 168 speaks for itself and requires no answer.

169. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 169, and therefore denies them.

170. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 170, and therefore denies them. The referenced Bank of America's February 9, 2007 press release speaks for itself and requires no answer.

171. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 171, and therefore denies them.

172. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 172, and therefore denies them. Bank of America's SEC Form 10-K, dated February 27, 2009, speaks for itself and requires no answer.

173. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 173, and therefore denies them.

174. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 174, and therefore denies them.

175. CDR denies the allegations contained in paragraph 175 with respect to CDR and lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 175 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

176. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 176, and therefore denies them. Bank of America's 2009 SEC filing document speaks for itself and requires no answer.

177. CDR admits that Goldberg ceased being an employee of CDR in or about September 2006. CDR lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 177, and therefore denies them

178. CDR denies having ever been part of any alleged conspiracy, and therefore denies the allegations of paragraph 178 with respect to CDR. CDR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

179. CDR denies the allegations contained in paragraph 179 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 179 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

180. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 180, and therefore denies them.

181. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 181, and therefore denies them.

182. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 182, and therefore denies them.

183. Paragraph 183 states a legal conclusion, which CDR is not required to admit or deny.

184. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 184. CDR and denies the allegations contained the second sentence of paragraph 184 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 184 with respect to the other defendants and alleged co-conspirators, and therefore denies them.

185. Paragraph 185 contains legal conclusions, which CDR is not required to admit or deny.

186. CDR denies the allegations contained in paragraph 186.

187. Paragraph 187 contains legal conclusions, which CDR is not required to admit or deny.

188. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 188, and therefore denies them.

189. Paragraph 189 contains legal conclusions, which CDR is not required to admit or deny.

190. Paragraph 190 contains legal conclusions, which CDR is not required to admit or deny. To the extent there are factual allegations contained in paragraph 190, CDR denies those factual allegations as they relate to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

191. CDR denies the allegations contained in paragraph 191.

192. Paragraph 192 contains legal conclusions, which CDR is not required to admit or deny. To the extent there are factual allegations contained in paragraph 192, CDR denies those factual allegations as they relate to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

193. Paragraph 193 contains legal conclusions, which CDR is not required to admit or deny. To the extent that there are factual allegations contained in paragraph 193, CDR denies the allegations as they relate to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

194. Paragraph 194 contains legal conclusions, which CDR is not required to admit or deny. To the extent there are factual allegations contained in paragraph 194, CDR denies those factual allegations as they relate to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

195. Paragraph 195 contains legal conclusions, which CDR is not required to admit or deny.

196.  CDR denies the allegations contained in paragraph 196 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

197.  CDR denies the allegations contained in paragraph 197 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

198.  Paragraph 198 contains legal conclusions, which CDR is not required to admit or deny.

199.  CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 199, and therefore denies them.  CDR further denies the allegations in paragraph 199 to the extent they allege CDR participated in an illegal conspiracy.

200.  CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 200, and therefore denies them.  CDR further denies the allegations in paragraph 200 to the extent they allege CDR participated in an illegal conspiracy. The *Bond Buyer* article referenced in paragraph 200 speaks for itself and requires no answer.

201.  Paragraph 201 contains legal conclusions, which CDR is not required to admit or deny.

202.  Paragraph 202 contains legal conclusions, which CDR is not required to admit or deny.  To the extent that paragraph 202 contains factual allegations, CDR denies the allegations contained in paragraph 202 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

203. Paragraph 203 contains legal conclusions which CDR is not required to admit or deny. CDR denies the factual allegations contained in paragraph 203 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

204. Paragraph 204 contains legal conclusions which CDR is not required to admit or deny. CDR denies the factual allegations contained in paragraph 204 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

205. Paragraph 205 contains legal conclusions which CDR is not required to admit or deny. To the extent that paragraph 205 contains factual allegations relating to CDR, CDR denies those allegations; with respect to other defendants and alleged co-conspirators, CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 205, and therefore denies them.

206. Paragraph 206 contains legal conclusions which CDR is not required to admit or deny. CDR denies the factual allegations contained in paragraph 206 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

207. Paragraph 207 contains legal conclusions which CDR is not required to admit or deny. CDR denies the factual allegations contained in paragraph 207 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

208. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 208, and therefore denies them. The articles referenced in paragraph 208 speak for themselves and require no answer.

209. Paragraph 209 contains legal conclusions which CDR is not required to admit or deny. CDR denies the factual allegations contained in paragraph 209 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

210. Paragraph 210 contains legal conclusions which CDR is not required to admit or deny. CDR denies the factual allegations contained in paragraph 210 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

211. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 211, and therefore denies them.

212. CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 212, and therefore denies them.

213. Paragraph 213 contains legal conclusions which CDR is not required to admit or deny. CDR denies the allegations contained in paragraph 213 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

214. Paragraph 214 contains legal conclusions which CDR is not required to admit or deny. CDR denies the allegations contained in paragraph 214 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

215.  CDR denies the allegations contained in paragraph 215 with respect to CDR, and CDR lacks knowledge or information sufficient to form a belief as to the allegations as they relate to any other parties, and therefore denies them.

216.  CDR lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 216, and therefore denies them.

217.  Paragraph 217 contains legal conclusions which CDR is not required to admit or deny.  The November 17, 2006 report referenced in paragraph 217 speaks for itself and requires no answer.

218.  Paragraph 218 contains legal conclusions which CDR is not required to admit or deny.

Any averment asserted in the SCAC which CDR does not specifically admit above is hereby expressly denied.

In light of the fact that CDR denies all of the allegations of wrongdoing with respect to CDR contained in the SCAC, it denies that plaintiffs are entitled to any relief from CDR, including the relief sought in paragraphs A-E of Plaintiffs Prayer for Relief.

CDR reserves the right to amend its answer and affirmative defenses, and to add counterclaims if necessary.

## AFFIRMATIVE DEFENSES

CDR sets forth below its affirmative defenses. By setting forth these affirmative defenses, CDR does not assume the burden of proof for any issue, fact or element of a claim as to which applicable law places the burden on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The SCAC, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The SCAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that CDR is considered a co-conspirator in any antitrust conspiracy alleged by Plaintiffs, CDR withdrew from any such conspiracy.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any and all of CDR's actions challenged by Plaintiffs were justified, constitute bona fide business competition, and were carried out in furtherance of CDR's legitimate business interests.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claim is precluded by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## TENTH AFFIRMATIVE DEFENSE

The SCAC concerns conduct impliedly immune from the antitrust laws.

## ELEVENTH AFFIRMATIVE DEFENSE

The SCAC fails to provide adequate notice of CDR's alleged involvement in the alleged conspiracy.

## TWELFTH AFFIRMATIVE DEFENSE

The SCAC fails because Plaintiffs have failed to allege and have not suffered any cognizable antitrust injury.

## THIRTEENTH AFFIRMATIVE DEFENSE

The SCAC fails because Plaintiffs have failed to allege and have not suffered any injury in fact.

## FOURTEENTH AFFIRMATIVE DEFENSE

The SCAC fails because Plaintiffs claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote and because of the impossibility of the proof and allocation of these alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The SCAC fails because this action is not properly maintainable as a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The SCAC fails because Plaintiffs are not appropriate class representatives.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The SCAC fails because Plaintiffs' claims are improperly joined because they did not arise out of the same transaction, occurrence, or series of transactions or occurrence and/or do not involve any questions of law or fact common to all Plaintiffs or to all Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The SCAC fails because Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

## NINETEENTH AFFIRMATIVE DEFENSE

The SCAC fails because Plaintiffs' claims are barred, in whole or in part, because CDR is not liable for the acts of any other Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom CDR was not responsible, through forces in the marketplace over which CDR has no control, or through acts or omissions on the part of one or more of the Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded, in whole or in part, by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the SCAC has insufficiently alleged a product and geographic market, and is so vague and ambiguous as to deny CDR notice of the markets alleged by Plaintiffs.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

CDR hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent CDR may share in such defense.

WHEREFORE, Defendant CDR demands judgment:

1. Dismissing the claims as to CDR in their entirety with prejudice;

2. Awarding Defendant CDR reasonable attorney's fees and expenses and the costs and disbursements of defending his action; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: Washington, DC
       June 4, 2010

                                      HOWREY LLP

                                      /s/     Richard Beckler
                                      Richard Beckler
                                      Joseph Walker
                                      HOWREY LLP
                                      1299 Pennsylvania Ave., N.W.
                                      Washington, DC 20004
                                      (202) 383-0800

                                      *Attorneys for Defendant*
                                       *CDR Financial Products*