# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____
                                        :
IN RE MUNICIPAL DERIVATIVES             :
ANTITRUST LITIGATION                    :       MDL No. 1950
                                        :
_____:       Master Docket No. 08-2516 (VM)(GWG)
                                        :
THIS DOCUMENT RELATES TO:               :       Hon. Victor Marrero
                                        :
*Hinds County* (No. 08-2516);           :       **ANSWER AND AFFIRMATIVE**
*Fairfax County* (No. 08-5493);         :       **DEFENSES OF DEFENDANT**
*Central Bucks* (No. 08-6341);          :       **BANK OF AMERICA, N.A.**
*Baltimore County* (No. 08-6140);       :       **TO CLASS PLAINTIFFS'**
*Washington County* (No. 08-6304);      :       **SECOND CONSOLIDATED**
*Haywood County* (No. 08-3002)          :       **AMENDED CLASS ACTION**
                                        :       **COMPLAINT**
                                        :
_____:

## BANK OF AMERICA, N.A.'S ANSWER

Defendant Bank of America, N.A. ("Bank of America"), by its attorneys, King &

Spalding LLP, answers the Class Plaintiffs' Second Consolidated Amended Class Action

Complaint ("SCAC") as follows:

### PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b)(5), any averment in the SCAC as to

which Bank of America is without knowledge or information sufficient to form a belief as to its

truth shall have the effect of a denial, unless otherwise stated. Bank of America hereby denies

any averment in the SCAC that it does not specifically admit.

Bank of America's Answer is set forth in numbered paragraphs that correspond to the

numbered paragraphs in the SCAC. Bank of America has not answered any averment or

characterization that is or may be contained in the headings, sub-headings, or footnotes in the

SCAC, and Bank of America shall not be deemed to have admitted the truth or accuracy of any

of the information, allegations or characterizations set forth in such headings, sub-headings, or footnotes. Bank of America uses the SCAC's headings, sub-headings, and footnotes herein only for purposes of organization and neither admits nor denies the appropriateness of the descriptions used by Class Plaintiffs.

The United States Department of Justice ("DOJ") Antitrust Division has granted Bank of America conditional leniency under Part A of the DOJ's Corporate Leniency Policy in connection with Bank of America's reporting of possible bid-rigging or other practices in the municipal derivatives industry violative of the Sherman Act, 15 U.S.C. § 1. In order to receive conditional leniency, Bank of America was not required, nor did it, admit to the conspiracy alleged by Class Plaintiffs. Instead, Bank of America was required to report conduct to the DOJ before DOJ had begun an investigation, and to comply with the other five Part A conditions. As the recipient of conditional leniency, the DOJ, subject to Bank of America's full, continuing, and complete cooperation, agreed not to bring any criminal antitrust prosecution against Bank of America as well as certain directors, officers, and employees in connection with the matters reported to the DOJ. Bank of America's cooperation with DOJ, as well as with a number of other federal and state agencies has been full and complete, and continues to this day.

The Antitrust Criminal Penalties Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213(a)-(b), 118 Stat. 665, 66-67 (2004) ("ACPERA"), provides that leniency recipients, such as Bank of America, may eliminate treble damages as well as exposure to joint-and-several liability in actions by civil claimants, in return for "satisfactory cooperation," as determined by the court in which said civil claimants' actions are pending. *Id.* § 213(b). ACPERA excludes "a State or a subdivision of a State" from the definition of a "claimant," and as a result, such States and subdivisions are not entitled to ACPERA cooperation. Bank of America, however, has

entered a written cooperation agreement with Interim Co-Lead Class Counsel on behalf of Class Plaintiffs, pursuant to which Bank of America is entitled to the damages limitations of ACPERA, in exchange for the cooperation it agreed to provide, has provided, and continues to provide to Class Plaintiffs. As part of its cooperation, Bank of America has provided factual proffers to Interim Co-Lead Class Counsel concerning evidence, including information from a cooperating witness, of possible anticompetitive activity related to certain derivatives during a portion of the purported Class Period (hereinafter "factual proffers").

\*                        \*                        \*

**NATURE OF THE CASE**

1.      Bank of America admits that Class Plaintiffs purport to bring this action as set forth in Paragraph 1.

2.      Bank of America admits the allegations in the first, second, and fifth sentences of Paragraph 2. The allegations in the third sentence of Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that the discussions between Bank of America and Class Plaintiffs have been conducted pursuant to a written cooperation agreement, which speaks for itself, and that Bank of America has provided and continues to provide the cooperation called for by that agreement. Bank of America is without sufficient information to either admit or deny the allegations in the fourth and sixth sentences of Paragraph 2, except that Bank of America admits that some of the information in the SCAC comes in part from information provided by Bank of America and that prior to this Court's dismissal of the Class Plaintiffs' Consolidated Amended Complaint, the United States Department of Justice Antitrust Division had not allowed Bank of America to provide Class Plaintiffs with this information.

3.       Bank of America admits the allegations in the first sentence of Paragraph 3.  Bank of America is without sufficient information to either admit or deny the allegations in the second sentence of Paragraph 3.  Bank of America denies the allegations in the third and fourth sentences of Paragraph 3.  Bank of America is without sufficient information to admit or deny the allegations in the fifth sentence of Paragraph 3, except that Bank of America admits that the comments by Scott Hammond, the Deputy Assistant Attorney General for Criminal Enforcement, quoted in the fifth sentence of Paragraph 3 appeared on the DOJ website in November 2008, almost two years after Bank of America received its leniency letter.

4.       The allegations in Paragraph 4 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 4, except that Bank of America admits that the DOJ is conducting an investigation into bidding practices in the municipal derivatives industry and has prohibited Bank of America from providing tapes of telephone calls involving Bank of America's Municipal Derivatives Marketing Desk (or any transcripts thereof) to Class Plaintiffs.

5.       The allegations in Paragraph 5 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 5, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives during a portion of the purported Class Period.

6.       Bank of America is without sufficient information to either admit or deny the allegations in the first, third, and fourth sentences of Paragraph 6, except that Bank of America admits that the Internal Revenue Service ("IRS"), the Securities and Exchange Commission

("SEC"), and state attorneys general ("AGs") are conducting investigations of practices in the municipal derivatives industry, and that at least some municipal derivatives providers have received subpoenas, the terms of which speak for themselves. Bank of America admits the allegations in the second sentence of Paragraph 6.

7. Bank of America admits that Class Plaintiffs purport to bring this action on behalf of the entities described in the first sentence of Paragraph 7. Bank of America is without sufficient information to either admit or deny the allegations in the second and third sentences of Paragraph 7, except that Bank of America admits that it issued or sold certain types of derivatives to certain members of the purported Class during a portion of the purported Class Period. The remaining allegations in Paragraph 7 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the remaining allegations in Paragraph 7, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives during a portion of the purported Class Period.

**JURISDICTION AND VENUE**

8. Bank of America admits that Class Plaintiffs purport to bring claims under the statutes cited in Paragraph 8.

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required.

11.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 11, except that Bank of America admits that the City of Baltimore executed at least one derivative transaction with Bank of America in 1998.

12.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 12.

13.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 13.

14.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 14.

15.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 15.

16.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 16, except that Bank of America admits that the State of Mississippi previously filed an action in this litigation.

17.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 17.

18.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 18.

19.     Paragraph 19 does not contain factual allegations to which a response is required.

**PROVIDER DEFENDANTS**

20.     Paragraph 20 does not contain factual allegations to which a response is required.

21.     Bank of America admits the allegations in the first and third sentences of Paragraph 21.  Bank of America admits the allegations in the second sentence of Paragraph 21 that Bank of America sold certain types of derivatives to certain members of the purported Class at certain times during the purported Class Period.

22.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 22.

23.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 23.

24.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 24.

25.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 25.

26.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 26.

27.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 27.

28.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 28.

29.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 29.

30.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 30.

**BROKER DEFENDANTS**

31.     Paragraph 31 does not contain factual allegations to which a response is required.

32.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 32.

33.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 33.

34.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 34.

35.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 35.

36.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 36.

37.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 37.

**NAMED AND UNNAMED CO-CONSPIRATORS**

38.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 38.

39.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 39.

40.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 40.

41.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 41.

42.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 42.

43.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 43.

44.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 44.

45.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 45.

46.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 46.

47.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 47.

48.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 48.

49.     Paragraph 49 does not contain factual allegations to which a response is required.

50.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 50.

51.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 51.

52.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 52.

53.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 53.

54. Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 54.

55. Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 55.

56. Paragraph 56 does not contain factual allegations to which a response is required.

57. Paragraph 57 does not contain factual allegations to which a response is required.

## DEFINITIONS AND BACKGROUND

### MUNICIPAL BONDS

58. Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 58, except that Bank of America admits that the projects identified in Paragraph 58 are among the reasons issuers issue municipal bonds. Bank of America is without sufficient information to either admit or deny the remaining allegations in Paragraph 58.

59. Bank of America admits the allegations in the first sentence of Paragraph 59. Bank of America is without sufficient information to either admit or deny the remaining allegations in Paragraph 59, except that Bank of America admits that issuers of municipal bonds receive money in exchange for a promise to repay the holders of the bonds over time.

60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required.

61. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 61, except that Bank of America admits that municipal bonds may be issued for any number of purposes, but that the proceeds of municipal bonds that are issued for a particular project are generally placed into one or more of the following bond funds: (i) construction or

10

project funds, in which an issuer of bonds invests the proceeds of a bond issuance until they are spent for the purpose for which the bonds were issued; (ii) debt service funds, in which an issuer of bonds invests a portion of a bond issuance that it sets aside to pay future debt service on the bonds; and (iii) debt service reserve funds, in which an issuer invests a portion of a bond issuance that it sets aside to cover a temporary shortfall in revenues to make payments of debt service on the bonds.

62.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 62, except that Bank of America admits that municipal bond proceeds are, at times, invested to earn interest until they are used for their stated purpose.

63.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 63.

**MUNICIPAL DERIVATIVES**

64.     Bank of America admits the allegations in the first and second sentences of Paragraph 64 that the term "Municipal Derivatives" can include agreements pursuant to which certain types of bond issuers or certain types of entities that receive proceeds of bond issuances invest bond proceeds on a tax-exempt basis.  Bank of America admits the allegations in the third sentence of Paragraph 64.  The last sentence of Paragraph 64 does not contain factual allegations to which a response is required.

65.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 65, except that Bank of America admits that insurance companies, commercial banks, and investment banks have provided either some or all types of Municipal Derivatives, and that Municipal Derivatives can be provided to various government, quasi-governmental, and not-for-profit entities.

66.     Bank of America admits the allegations in Paragraph 66 that there are entities that seek to enter into certain types of Municipal Derivatives that hire a broker, bidding agent, or financial advisor to conduct a bidding process amongst potential providers of Municipal Derivatives.

67.     Bank of America admits the allegations in Paragraph 67 that there are two primary types of agreements issuers enter with respect to bond issuances:  (i) municipal-liability management products, *i.e.*, agreements that affect an issuer's liability relating to the interest rate on the underlying bond issuance, which include swaps, caps, floors, collars, and options; and (ii) municipal-investment products for the investment of bond proceeds, as well as other moneys associated with a bond issue that are not bond proceeds, which include:  a) investment agreements (*i.e.*, forward purchase agreements ("FPAs") and forward delivery agreements ("FDAs"), repurchase agreements ("repos"), and secured (or "collaterized") guaranteed investment contracts ("GICs"), and unsecured GICs); and b) escrow portfolios/security sales.

68.     Bank of America admits the allegations in the first two sentences of Paragraph 68 that a "GIC" can include a contract under which a provider agrees to accept funds from an issuer and agrees to repay those funds in the future on a specified date or dates together with interest at a specified rate.  Bank of America is without sufficient information to either admit or deny the allegations in the last sentence of Paragraph 68, except that Bank of America admits that types of investment agreements include: (a) Forward Purchase or Forward Delivery Agreements; (b) Repurchase Agreements or Collateralized GICs; and (c) Unsecured or Uncollateralized GICs.

69.     Bank of America is without sufficient information to admit or deny the allegations in the first through third sentences of Paragraph 69, except that Bank of America admits that Forward Purchase and Forward Delivery Agreements can be used in connection with debt

service and escrow funds; bid requests based on upfront payments are more typical for escrow funds; and Forward Purchase and Forward Delivery Agreements can be described as those in which the counterparties agree to settle their obligations at some identified future date based upon market conditions at the time the agreement is reached. Bank of America is without sufficient information to admit or deny the allegations in the fourth sentence Paragraph 69. Bank of America admits the allegations in the fifth sentence of Paragraph 69. Bank of America denies the allegations in the sixth sentence of Paragraph 69. The allegations in the last two sentences of Paragraph 69 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the last two sentences of Paragraph 69, except that Bank of America admits that the allegations in the last two sentences of Paragraph 69 state generally the description of a forward bond refunding.

70.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 70, except that Bank of America admits that an unsecured GIC is an agreement to provide a specific rate of return on funds subject to an agreement that is not secured or collateralized; that although not exclusively, unsecured GICs are often used for construction or project funds; that for construction or project funds, an issuer often includes a proposed draw-down schedule in the bid spec; and that unsecured GICs for construction or project funds can include a number of terms, including those identified in the last sentence of Paragraph 70.

71.     Bank of America admits the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 72, except that Bank of America admits that the

allegations in the second and fourth through fifth sentences of Paragraph 72 state generally the description of an "advanced refunding."

73.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 73, except that Bank of America admits that issuers may use swaps to address the interest rate obligation on underlying bond issuances and that the last sentence of Paragraph 73 identifies different types of interest rate swaps.

74.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 74, except that Bank of America admits that an option can include a contract or agreement that gives a provider the right to cancel or terminate a municipal derivative pursuant to the terms and conditions of the contract or agreement.

75.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 75, except that Bank of America admits that in the context of a "swaption" relating to a municipal derivatives agreement, a "swaption" is a commonly used term where a provider has an option to terminate or require the counterparty to perform under a swap agreement.

76.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 76, except that Bank of America admits that there are many types of "floors" and generally a floor is a minimum price or rate agreed to by two parties.

77.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 77, except that Bank of America admits that the allegations in Paragraph 77 describe generally a type of "collar."

78.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 78.

79. Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 79.

80. The allegations in Paragraph 80 constitute legal conclusions to which no response is required.

### IRS RULES AND REGULATIONS

81. The allegations in Paragraph 81 constitute legal conclusions to which no response is required.

82. The allegations in Paragraph 82 constitute legal conclusions to which no response is required.

83. The allegations in Paragraph 83 constitute legal conclusions to which no response is required.

84. The allegations in Paragraph 84 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 84 and denies the allegations in the second sentence of Paragraph 84, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives during a portion of the purported Class Period.

## FACTUAL ALLEGATIONS

### OVERVIEW OF WRONGDOING ALLEGED

85. The allegations in Paragraph 85 consist of legal conclusions to which no response is required.

86. The allegations in Paragraph 86 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in

Paragraph 86, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives during a portion of the purported Class Period.

87.     The allegations in Paragraph 87 consist of legal conclusions to which no response is required.

88.     The allegations in Paragraph 88 consist of legal conclusions to which no response is required.

89.     Bank of America admits the allegations in Paragraph 89 that it has made factual proffers concerning some of the allegations in the SCAC.  Bank of America is without sufficient information to admit or deny the remainder of the allegations in Paragraph 89.

90.     Bank of America denies the allegations in Paragraph 90, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives during a portion of the purported Class Period, and those proffers are, in part, based upon information provided by a former Bank of America Municipal Derivatives Marketing Desk employee (the "cooperating witness").

91.     The allegations in the first sentence of Paragraph 91 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that it relied on audiotapes from its Municipal Derivatives Marketing Desk in its factual proffers. Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 91.

## AGREEMENT AND CONSPIRACY TO RIG BIDS AND ALLOCATE CUSTOMERS

92.     The allegations in Paragraph 92 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient

information to admit or deny the allegations in Paragraph 92, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives during a portion of the purported Class Period.

93. The allegations in Paragraph 93 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 93.

94. The allegations in Paragraph 94 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 94, except that Bank of America admits that at times between 1998 and 2004 members of its Municipal Derivatives Marketing Desk were located in Charlotte, North Carolina and New York City, at times between 1998 and 2004 telephone calls of its Municipal Derivative Marketing Desk were taped, and Bank of America's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 94.

95. The allegations in Paragraph 95 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 95, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 95.

96. The allegations in Paragraph 96 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 96, except that Bank of America

admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in the first sentence of Paragraph 96. Bank of America is without sufficient information to either admit or deny the allegations in the second sentence of Paragraph 96.

97. The allegations in Paragraph 97 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 97, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 97.

98. The allegations in Paragraph 98 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 98, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 98.

99. The allegations in Paragraph 99 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 99, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 99.

## PARTIAL LISTING OF INDIVIDUAL PARTICIPANTS IN THE ALLEGED CONSPIRACY

100. The allegations in Paragraph 100 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100, except that Bank of America

admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100.

a.     Bank of America admits that Campbell was a member of Bank of America's Municipal Derivatives Marketing Desk until August 2002. Bank of America is without sufficient information to admit or deny the remaining allegations in the first two sentences of Paragraph 100 a. The allegations in the third through sixth sentences of Paragraph 100 a. consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100 a., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100 a., and that a June 28, 2002 e-mail identifies Campbell as its author and the content of that e-mail speaks for itself.

b.     Bank of America admits that Pinard, at one time, headed Bank of America's Municipal Derivatives Marketing Desk and denies the remaining allegations in the first sentence of Paragraph 100 b. Bank of America denies the allegations in the second sentence of Paragraph 100 b. The allegations in the third and fourth sentences of Paragraph 100 b. consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100 b., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100 b., and that a March 11, 2002 e-mail from Phil Murphy listed Pinard as its recipient and the content of that e-mail speaks for itself.

c.      The allegations in the first through third sentences of Paragraph 100 c. consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the first three sentences of Paragraph 100 c., except that Bank of America admits that Murphy, at one time, headed Bank of America's Municipal Derivatives Marketing Desk and that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100 c.  With regard to the allegations in the fourth sentence of Paragraph 100 c., Bank of America admits that a June 28, 2002 e-mail identifies Campbell as its author, Murphy as its recipient, and the content of that e-mail speaks for itself.  Bank of America is without sufficient information to admit or deny the allegations in the last sentence of Paragraph 100 c., except that Bank of America admits that Murphy ceased employment with Bank of America in September 2002.

d.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100 d.

e.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100 e.

f.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100 f.

g.      Bank of America admits that Saunders was, at one time, a member of Bank of America's Municipal Derivatives Marketing Desk.  Bank of America is without sufficient information to admit or deny the remaining allegations in the first through third sentences of Paragraph 100 g.  The remaining allegations of Paragraph 100 g. constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of

America is without sufficient information to admit or deny the remaining allegations in Paragraph 100 g., except that Bank of America admits that its factual proffers, included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100 g.

h.      Bank of America is without sufficient information to admit or deny the allegations in the first through third sentences in Paragraph 100 h.  The remaining allegations of Paragraph 100 h. constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 100 h., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100 h.

i.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100 i.

j.      Bank of America is without sufficient information to admit or deny the allegations in the first and second sentences in Paragraph 100 j.  The remaining allegations of Paragraph 100 j. constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 100 j., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 100 j.

k.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100 k.

l.      Bank of America is without sufficient information to admit or deny the allegations in the first four sentences of Paragraph 100 l.  The allegations in the fifth and sixth sentences of Paragraph 100 l. constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the fifth and sixth sentences of Paragraph 100 l., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 100 l.

m.      Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 100 m.  The allegations in the second sentence of Paragraph 100 m. constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 100 m., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 100 m.

n.      Bank of America is without sufficient information to admit or deny the allegations in the first three sentences of Paragraph 100 n.  The allegations in the fourth through sixth sentences of Paragraph 100 n. constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the fourth through sixth sentences of Paragraph 100 n., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100 n.  The content of the June 28, 2002 e-mail referenced in Paragraph 100 n. speaks for itself.

o.       Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 100 o.  The remaining allegations in Paragraph 100 o. constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 100 o., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 100 o.

101.       The allegations in Paragraph 101 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 101, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 101.

a.       The allegations in Paragraph 101 a. contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 101 a., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 101 a.

b.       Bank of America is without sufficient information to admit or deny the allegations in Paragraph 101 b.

c.       Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 101 c.  The allegations in the second sentence of Paragraph 101 c. consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the

allegations in the second sentence of Paragraph 101 c., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 101 c.

d.       Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 101 d.  The allegations in the second sentence of Paragraph 101 d. consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 101 d., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 101 d.

e.       Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 101 e.  Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 101 e., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 101 e.

f.       Bank of America is without sufficient information to admit or deny the allegations in the first and third sentences of Paragraph 101 f.  Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 101 f., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 101 f.

g.      Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 101 g.  Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 101 g., except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 101 g.

**EXAMPLES OF THE COORDINATION OF COLLUSIVE BIDDING THROUGH BROKERS**

102.     The allegations in Paragraph 102 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 102, except that Bank of America admits that its factual proffers included information from the cooperating witness contained in Paragraph 102.

103.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 103, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 103.

104.     The allegations in Paragraph 104 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 104, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 104.

105.    The allegations in Paragraph 105 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 105, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 105.

106.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 106, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 106.

107.    Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 107.

108.    The allegations in Paragraph 108 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 108.  Bank of America also admits that its factual proffers included references to an audiotaped 2002 conversation between Towne and Campbell, the content of which speaks for itself.

109.    The allegations in Paragraph 109 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 109.

110.     The allegations in Paragraph 110 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 110.

111.     The allegations in Paragraph 111 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 111.

112.     Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 112.

113.     The allegations in Paragraph 113 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 113.

114.     The allegations in Paragraph 114 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2002 conversation between Campbell and Goldberg, as well as audiotaped 2002 and 2004 conversations between members of Bank of America's Municipal Derivatives Marketing Desk and Piper Jaffray, IMAGE, and Sound Capital employees, the contents of which speak for themselves.

115. The allegations in Paragraph 115 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 115 and also including references to an audiotaped 2002 conversation between Campbell and Towne, the contents of which speak for themselves.

116. The allegations in Paragraph 116 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 116.

117. Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 117, except for the "Tyne-Richland School District," which was instead the Pine-Richland School District and the "Pattiston Area School District," which was instead the Pittston Area School District.

118. Bank of America is without sufficient information to admit or deny the allegation in Paragraph 118.

119. The allegations in Paragraph 119 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 119.

120. The allegations in Paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that its factual proffers

included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 120.

121.     The allegations in Paragraph 121 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 121 and also including references to audiotaped 2002 conversations between Campbell and Zaino, the contents of which speak for themselves.

122.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 122.

123.     Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 123.

124.     The allegations in Paragraph 124 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 124 and also including references to audiotaped 2002 conversations between Campbell and Zaino, the contents of which speak for themselves.

125.     The allegations in the first sentence of Paragraph 125 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 125.

126.     The allegations in the first sentence of Paragraph 126 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain

derivatives, including information contained in Paragraph 126 and also including references to audiotaped 2002 conversations between Campbell and Steinhauer, the contents of which speak for themselves.

127. The allegations in Paragraph 127 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 127, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 127.

128. The allegations in Paragraph 128 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 128, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Campbell and Towne, the contents of which speak for themselves.

129. The allegations in Paragraph 129 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 129, except that Bank of America admits the e-mail reproduced in Paragraph 129 reflects that it was sent by Campbell and the e-mail reproduced in Paragraph 129 speaks for itself.

130. The allegations in Paragraph 130 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 130.

131.    The allegations in Paragraph 131 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 131, except that Bank of America admits that Jefferson County executed a $379,847,000 swap with Bank of America on June 10, 2004.

132.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 133.  Bank of America's written cooperation agreement with Class Plaintiffs provides for the elimination of joint-and-several liability for the conduct of other defendants in return for Bank of America's cooperation, which Bank of America has provided.

134.    The allegations in Paragraph 134 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 134, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 134.

135.    The allegations in Paragraph 135 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 135.

l36.    The allegations in Paragraph 136 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 136.

137.     The allegations in Paragraph 137 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 137.

138.     The allegations in Paragraph 138 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 138.

### COLLUSIVE PRACTICES REGARDING NEGOTIATED TRANSACTIONS

139.     The allegations in Paragraph 139 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 139.

140.     Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 140 and also including an April 11, 2002 Market Pricing Letter from Stallone at IMAGE to Murphy for an interest rate swap agreement with The Olympic Club and a March 11, 2002 e-mail from Murphy to Pinard, the contents of which speak for themselves.

141.     Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 141 and also including references to an audiotaped 2004 conversation between a member of Bank of America's Municipal Derivatives Marketing Desk and a Wachovia employee, the content of which speaks for itself.

142.     The allegations in Paragraph 142 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 142, except that Bank of America admits that its factual proffers

included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 142 and also including references to audiotaped 2004 conversations between a member of Bank of America's Municipal Derivatives Marketing Desk and Mesirow employees, the contents of which speak for themselves.

143. The allegations in Paragraph 143 consist of legal conclusions to which no response is required. To the extent a response is required, the complaint in the Biola lawsuit speaks for itself.

COLLUSIVE COMMUNICATIONS AMONG PROVIDERS

144. The allegations in Paragraph 144 consist of legal conclusions to which no response is required.

145. The allegations Paragraph 145 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between a UBS employee and a member of Bank of America's Municipal Derivatives Marketing Desk, as well as audiotaped 2002 conversations between Campbell and Zaino, the contents of which speak for themselves.

146. Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 146.

147. Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2002 conversation between Campbell and McConnell, the content of which speaks for itself.

148.     Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2002 conversation between Campbell and McConnell, the content of which speaks for itself.

149.     The allegations in Paragraph 149 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations of Paragraph 149, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 149 and also including references to audiotaped 2002 conversations between Murphy and a JP Morgan employee, as well as Campbell and a Peter (last name unknown) at UBS, the contents of which speak for themselves.

### OTHER FACTS INDICATIVE OF A CONSPIRACY

150.     The allegations in Paragraph 150 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 150, except that Bank of America admits that it is a member of ISDA, the American Bankers Association, and SIFMA.

151.     The allegations in Paragraph 151 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 151.

152.     The allegations in Paragraph 152 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 152.

153.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 153.

154.    The allegations in Paragraph 154 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 154.

## INTERNAL REVENUE SERVICE INVESTIGATION

155.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 155.

156.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 156.

157.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 157.

158.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 158.

159.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 159.

160.    Bank of America denies the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 consist of legal conclusions to which no response is required.

## ANTITRUST DIVISION INVESTIGATION

162.    The allegations in Paragraph 162 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the first sentence of Paragraph 162.  Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 162, except that Bank of

America admits that the DOJ is conducting an investigation into bidding practices in the municipal derivatives industry.

163.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 163.

164.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 164, except that Bank of America admits that at least some municipal derivatives providers have received subpoenas and the terms of those subpoenas speak for themselves.

165.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 165.

166.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 166, except that Bank of America admits that the press has reported that a number of the entities listed in Paragraph 166 have received subpoenas and/or other documents requests from the DOJ, SEC, state attorneys general, and other governmental agencies.

167.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 167, except that Bank of America admits that the press has reported that at least Gruer, Marsh, McConnell, Packer, Saunders, and Towne have received target letters.

168.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 168.

### THE DOJ GRANTS CONDITIONAL AMNESTY TO BANK OF AMERICA

169.    Bank of America admits the allegations in Paragraph 169 that it issued a press release on February 9, 2007, and the content of that press release speaks for itself.

170.    Bank of America admits the allegations in Paragraph 170 that it issued a press release on February 9, 2007, and the content of that press release speaks for itself.

171.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 171.

172.     Bank of America admits the allegations in Paragraph 172 that Bank of America filed a February 27, 2009 SEC Form 10-K, the content of that 10-K speaks for itself, and that 10-K contained some of the statements reproduced in Paragraph 172.

## INVESTIGATION BY STATE AGS

173.     Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 173.  Bank of America is without sufficient information to admit or deny the allegations in the second and third sentences of Paragraph 173, except that Bank of America admits that it has received document requests from a number of state AGs, the terms of which vary and speak for themselves.

174.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 174, except that Bank of America admits that it has received a subpoena for documents and tangible things from the California AG, which speaks for itself.

## ONGOING NATURE OF ALLEGED CONSPIRACY

175.     The allegations in Paragraph 175 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 175, except that Bank of America admits that Class Plaintiffs filed the original complaint in this consolidated litigation on March 12, 2008.

176.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 176, except that Bank of America admits that it filed a February 27, 2009 SEC Form 10-K, the content of which speaks for itself.

177.     Bank of America is without sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 177, except that Bank of America admits that it terminated Pinard effective April 26, 2007.  Bank of America is without sufficient information to admit or deny the allegations in the third and last sentences of Paragraph 177.  The allegations in the fourth sentence of Paragraph 177 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the fourth sentence of Paragraph 177.

178.     The allegations in the Paragraph 178 consist of legal conclusions to which no response is required.

179.     The allegations in Paragraph 179 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 179, except that Bank of America admits that at least some of the municipal derivatives transactions referenced in the SCAC that Bank of America executed prior to March 2004 are still active.

180.     The allegations in Paragraph 180 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 180.

### HISTORY OF FRAUD IN THE MUNICIPAL DERIVATIVES MARKET

181.     The allegations in Paragraph 181 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 181.

182.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 182.

## CLASS ACTION ALLEGATIONS

183.    Bank of America admits that Class Plaintiffs purport to bring this action on behalf of a class of entities for Municipal Derivatives sold in the United States and its territories.

184.    The allegations in Paragraph 184 consist of legal conclusions to which no response is required.  Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 184.

185.    The allegations in Paragraph 185 consist of legal conclusions to which no response is required.

186.    The allegations in Paragraph 186 consist of legal conclusions to which no response is required.

187.    The allegations in Paragraph 187 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 187.

188.    The allegations in Paragraph 188 consist of legal conclusions to which no response is required.

189.    The allegations in Paragraph 189 consist of legal conclusions to which no response is required.

190.    The allegations in Paragraph 190 consist of legal conclusions to which no response is required.

191.    The allegations in Paragraph 191 consist of legal conclusions to which no response is required.

## TRADE AND INTERSTATE COMMERCE

192.     The allegations in Paragraph 192 consist of legal conclusions to which no response is required.

193.     The allegations in Paragraph 193 consist of legal conclusions to which no response is required.

194.     The allegations in Paragraph 194 consist of legal conclusions to which no response is required.

## CAUSE OF ACTION

195.     Bank of America admits that Class Plaintiffs purport to bring this action against Defendants for violation of the Sherman Act, 15 U.S.C. § 1.

196.     The allegations in Paragraph 196 consist of legal conclusions to which no response is required.

197.     The allegations in Paragraph 197 consist of legal conclusions to which no response is required.

198.     Bank of America admits that Class Plaintiffs purport to seek damages and costs against Defendants as set forth in Paragraph 198.

## ACCRUAL OF CLAIM, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

199.     The allegations in Paragraph 199 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 199.

200.     The allegations in Paragraph 200 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 200.

201.     The allegations in Paragraph 201 consist of legal conclusions to which no response is required.

202.     The allegations in Paragraph 202 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 202.

203.     The allegations in Paragraph 203 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 203.

204.     The allegations in Paragraph 204 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 204.

205.     The allegations in Paragraph 205 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the first sentence of Paragraph 205, except that Bank of America admits that certain issuers may have required that certifications be made in connection with certain Municipal Derivative transactions.  Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 205.

206.     The allegations in first sentence of Paragraph 206 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the first sentence of Paragraph 206.  Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 206.

207. The allegations in Paragraph 207 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 207.

208. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 208.

209. The allegations in Paragraph 209 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 209.

210. The allegations in Paragraph 210 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 210.

211. The allegations in Paragraph 211 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 211.

212. The allegations in Paragraph 212 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 212.

213. The allegations in Paragraph 213 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 213.

214. The allegations in Paragraph 214 consist of legal conclusions to which no response is required.

215. The allegations in Paragraph 215 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 215, except that Bank of America admits that its factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from e-mails and the cooperating witness contained in Paragraph 215.

216. The allegations in Paragraph 216 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 216, except that Bank of America admits that the DOJ has not permitted Bank of America to produce tapes or transcripts of tapes to Class Plaintiffs.

217. The allegations in Paragraph 217 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 217.

218. The allegations in Paragraph 218 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 218.

**PRAYER FOR RELIEF**

Bank of America admits that the Class Plaintiffs purport to seek the relief set forth in the SCAC's "Prayer for Relief." The "Prayer for Relief," however, consists of legal conclusions and does not contain allegations to which a response is required. To the extent a response is required, Bank of America denies the allegations in the "Prayer for Relief."

## JURY TRIAL DEMAND

Bank of America admits that the Class Plaintiffs purport to demand a jury trial in the preceding "Jury Trial Demand." The "Jury Trial Demand," however, does not contain allegations to which a response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the "Jury Trial Demand." Bank of America hereby demands a jury trial.

\*                    \*                    \*

## BANK OF AMERICA'S AFFIRMATIVE DEFENSES

Bank of America states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on Class Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

Class Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Class Plaintiffs' claims, or some of them, are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

### THIRD AFFIRMATIVE DEFENSE

Class Plaintiffs fail to meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure.

### FOURTH AFFIRMATIVE DEFENSE

Any recovery by Class Plaintiffs is barred, or must be reduced, as a result of Class Plaintiffs' failure to mitigate any alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Class Plaintiffs' claims for damages are barred, in whole or in part, because the losses or damages, if any, are speculative, uncertain, or otherwise not cognizable.

## SIXTH AFFIRMATIVE DEFENSE

Class Plaintiffs have incurred no damages as a result of Bank of America's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Class Plaintiffs' damages and/or losses, if any, were not proximately caused by Bank of America.

## EIGHTH AFFIRMATIVE DEFENSE

Class Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata and collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

Class Plaintiffs, or some of them, lack standing and/or capacity to assert the claims asserted in the Second Amended Class Action Complaint.

## TENTH AFFIRMATIVE DEFENSE

Class Plaintiffs, or some of them, have already been compensated for the damages and/or losses claimed in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Class Plaintiffs' claims, or some of them, are barred by laches.

## TWELFTH AFFIRMATIVE DEFENSE

Class Plaintiffs' claims, or some of them, are barred in whole or in part by the equitable doctrines of  estoppel and/or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

Class Plaintiffs' claims, or some of them, are barred in whole or in part by the doctrine of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Class Plaintiffs' claims, or some of them, are barred in whole or in part or must be reduced by the set-off doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery by Class Plaintiffs, or some of them, is barred or must be reduced as provided for in the cooperation agreement between Class Plaintiffs and Bank of America and as contemplated by the damages limitations provisions of the Antitrust Criminal Penalties Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213(a), 118 Stat. 665, 66-67 (2004) ("ACPERA").

## SIXTEENTH AFFIRMATIVE DEFENSE

Bank of America hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this Answer to assert all such defenses.

Bank of America asserts, and expressly reserves all rights with respect to, all other affirmative defenses that may be revealed during the course of discovery.

Dated: June 8, 2010          By: _____

    Kevin R. Sullivan (*pro hac vice*)
    Patricia L. Maher (*pro hac vice*)
    Shannon M. Kasley (*pro hac vice*)
    KING & SPALDING LLP
    1700 Pennsylvania Avenue, N.W.
    Washington, D.C. 20006-4706

Telephone:  (202) 626-2426
Facsimile:  (202) 626-3737

Attorneys for Defendant, Bank of
America, N.A.