## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr>
<td>

IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION

---

THIS DOCUMENT RELATES TO:
    *City of Oakland* v. *AIG Fin. Prods. Corp.*, No. 08 CV 6340
    *County of Alameda* v. *AIG Fin. Prods. Corp.*, No. 08 CV 7034
    *City of Fresno* v. *AIG Fin. Prods. Corp.*, No. 08 CV 7355
    *Fresno County Fin. Auth.* v. *AIG Fin. Prods. Corp.*, No. 09 CV 1199

</td>
<td>

MDL No. 1950

Master Docket No. 08-02516 (VM) (GWG)

ECF Case

</td>
</tr>
</table>

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANTS WACHOVIA BANK, N.A. AND WELLS FARGO & COMPANY

Defendants Wachovia Bank, N.A., n/k/a Wells Fargo Bank, N.A. ("Wachovia Bank"), and Wells Fargo & Company (collectively, "Wells Fargo"), by and through their undersigned counsel, for their Answer and Affirmative Defenses to the Joint Second Amended Class Action Complaint (the "Complaint"), state as follows:

### RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT

1. Wells Fargo denies the allegations of paragraph 1 of the Complaint.

2. To the extent that paragraph 2 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo denies the allegations of paragraph 2 of the Complaint.

3.	Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore denies them, except that Wachovia Bank admits that (a) it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts"; (b) it received a subpoena, dated November 15, 2006, from the Securities and Exchange Commission requesting, *inter alia*, documents related to "guaranteed investment contracts"; (c) it received subpoenas or civil investigative demands from various states' attorneys general requesting, *inter alia*, documents related to "guaranteed investment contracts and other municipal bond derivatives"; (d) former Wachovia Bank employee Martin McConnell received a target letter from the Department of Justice, Antitrust Division in or about November 2007; and (e) former Wachovia Bank employee Paul "Jay" Saunders received a target letter from the Department of Justice, Antitrust Division in or about November 2007.  Wells Fargo respectfully refers the Court to the documents referenced herein for a complete and accurate description of their contents.

4.	Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, on or about October 29, 2009; and (b) the quotations in paragraph 4 of the Complaint appeared in the U.S. Department of Justice's Press Release, dated October 29, 2009, titled "Financial Products and Services Firm, Two Executives and One Former Executive Indicted for Roles in Conspiracies Involving Proceeds of Municipal Bonds".

5. To the extent that paragraph 5 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore denies them.

6. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies them.

7. To the extent that paragraph 7 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo denies the allegations of paragraph 7 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq.*, on behalf of a class of similarly situated entities.

8. To the extent that paragraph 8 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo denies the allegations of paragraph 8 of the Complaint, except that Wachovia Bank admits that it offered for sale financial instruments generally described as municipal derivatives during part of the putative class period. Wells Fargo denies that this action may be properly maintained as a class action.

9. Wells Fargo denies the allegations of paragraph 9 of the Complaint, except that Wells Fargo admits that plaintiffs purport to assert claims

(a) under section 4 of the Clayton Act, 15 U.S.C. § 15, for damages allegedly incurred as a result of alleged conduct in violation of section 1 of the Sherman Act, 15 U.S.C. § 1; (b) under the Cartwright Act, Cal. Bus. & Prof. Code § 16720, *et seq.*; and (c) under the California False Claims Act, Cal. Gov't Code § 12650, *et seq.*  Wells Fargo avers that (a) on April 26, 2010, this Court stated (i) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (ii) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq.*, on behalf of a class of similarly situated entities; and (b) plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

10.     Wells Fargo admits that this Court has jurisdiction over the purported claims set forth in the Complaint.

11.     Wells Fargo denies the allegations of paragraph 11 of the Complaint, except that it admits that (a) Wachovia Bank transacted business in the Southern District of New York during part of the period January 1, 1992 to the present; and (b) Wells Fargo & Company through its subsidiaries transacted business in the Southern District of New York during part of the period January 1, 1992 to the present.

12.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore denies them.

13.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies them.

14.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies them.

15.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies them.

16.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore denies them.

17.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies them.

18.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies them.

19.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore denies them.

20.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore denies them.

21.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore denies them.

22.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies them.

23.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore denies them.

24.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore denies them.

25.     Wells Fargo denies the allegations of paragraph 25 of the Complaint, except that Wells Fargo admits that (a) Wachovia Bank was a national bank with its principal executive offices in Charlotte, North Carolina until it merged with and into Wells Fargo Bank, N.A. on March 20, 2010; and (b) Wachovia Bank offered for sale financial instruments generally described as municipal derivatives during part of the putative class period.

26.     To the extent that paragraph 26 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo denies the allegations of paragraph 26 of the Complaint, except that Wells Fargo admits that (a) Wells Fargo & Company is a diversified financial services company with its headquarters in San Francisco, California; and (b) Wachovia Corporation merged with

and into Wells Fargo & Company on December 31, 2008.  Wells Fargo respectfully refers the Court to the document referenced in paragraph 26 of the Complaint for a complete and accurate description of its contents.

27.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore denies them.

28.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore denies them.

29.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Investment Management Advisory Group, Inc. was acting as a broker.

30.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) during part of the putative class period Wachovia Bank sold financial instruments generally described as municipal derivatives to entities for whom CDR Financial Products was acting as a broker; and (b) the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, on or about October 29, 2009.

31.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and therefore

denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Winters & Co. Advisors, LLC was acting as a broker.

32. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom George K. Baum & Co. was acting as a broker.

33. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Sound Capital Management, Inc. was acting as a broker.

34. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and therefore denies them.

35. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and therefore denies them.

36. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and therefore denies them.

37.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore denies them.

38.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore denies them.

39.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and therefore denies them.

40.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore denies them.

41.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and therefore denies them.

42.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and therefore denies them.

43.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore denies them.

44.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore denies them.

45.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore denies them.

46.     Paragraph 46 of the Complaint sets forth no allegations and therefore requires no response.

47.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Feld Winters Financial LLC was acting as a broker.

48.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom First Southwest Company was acting as a broker.

49.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, and therefore denies them.

50.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and therefore

denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Mesirow Financial was acting as a broker.

51.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Morgan Keegan & Co., Inc. was acting as a broker.

52.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it sold financial instruments generally described as municipal derivatives to entities for whom Packerkiss Securities, Inc. was acting as a broker.

53.     Paragraph 53 of the Complaint sets forth no allegations and therefore requires no response.

54.     To the extent that paragraph 54 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint, and therefore denies them.

55.     Wells Fargo denies the allegations of paragraph 55 of the Complaint, except that Wells Fargo admits that (a) various types of entities are entitled to issue tax-exempt debt; (b) entities issue tax-exempt debt for a variety of reasons,

including, *inter alia*, to fund large construction projects; and (c) the interest rates on tax-exempt debt may be lower than the interest rates on comparable taxable debt.

56.     Wells Fargo denies the allegations of paragraph 56 of the Complaint, except that Wells Fargo admits that (a) tax-exempt debt may pay a fixed or variable rate of interest; and (b) tax-exempt debt may have maturities exceeding one year.

57.     Paragraph 57 of the Complaint states a legal conclusion that requires no response.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

58.     Wells Fargo denies the allegations of paragraph 58 of the Complaint, except that Wells Fargo admits that project funds, construction funds, debt service funds, sinking funds and debt service reserve funds are among the types of funds into which issuers of tax-exempt debt may place the proceeds of the issuance of tax-exempt debt.

59.     Wells Fargo denies the allegations of paragraph 59 of the Complaint, except that Wells Fargo admits that the proceeds of the issuance of tax-exempt debt may be invested in interest-bearing financial instruments until they are spent.

60.     Wells Fargo denies the allegations of paragraph 60 of the Complaint, except that Wells Fargo admits that (a) an undated document available on the web site of the Securities Industry and Financial Markets Association ("SIFMA") and titled "Municipal Bond Issuance by Bid Type" indicates that $122.3 billion worth of municipal bonds were issued in 2008; (b) the same document indicates that $196.5 billion

worth of municipal bonds were issued from January through June 2009; and (c) an undated document available on the web site of SIFMA and titled "Holders of U.S. Municipal Securities" indicates that approximately $2.8 trillion worth of municipal securities were outstanding at the end of 2009.

61.     Wells Fargo denies the allegations of paragraph 61 of the Complaint, except that Wells Fargo admits that issuers of tax-exempt debt may (a) invest the proceeds of the issuance of tax-exempt debt in interest-bearing financial instruments until they are spent; and (b) enter into financial instruments to transfer or hedge the interest-rate risk associated with the issuance of tax-exempt debt.

62.     Wells Fargo denies the allegations of paragraph 62 of the Complaint, except that Wells Fargo admits that it is not uncommon for the term "municipal derivatives" to be used to describe (a) the financial instruments in which the issuers of tax-exempt debt invest the proceeds of the issuance of tax-exempt debt and (b) swaps and similar financial instruments used to transfer or hedge the interest rate risk associated with the issuance of tax-exempt debt.

63.     Wells Fargo denies the allegations of paragraph 63 of the Complaint, except that Wachovia Bank, a national bank, admits that during part of the putative class period it offered for sale financial instruments generally described as municipal derivatives.

64.     Wells Fargo denies the allegations of paragraph 64 of the Complaint, except that Wells Fargo admits that entities commonly referred to as brokers or bidding agents are often hired by issuers of tax-exempt debt to assist such issuers with

the solicitation and purchase of financial instruments generally described as municipal derivatives.

65.     Wells Fargo denies the allegations of paragraph 65 of the Complaint, except that Wells Fargo admits that (a) it is not uncommon to group the financial instruments generally described as municipal derivatives into categories; and (b) the categories described in paragraph 65 of the Complaint are one possible means of grouping the financial instruments generally described as municipal derivatives.

66.     Wells Fargo denies the allegations of paragraph 66 of the Complaint, except that Wells Fargo admits that (a) regulations promulgated pursuant to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, state that "[g]uaranteed investment contract includes any nonpurpose investment that has specifically negotiated withdrawal or reinvestment provisions and a specifically negotiated interest rate, and also includes any agreement to supply investments on two or more future dates (e.g., a forward supply contract)," 26 C.F.R. § 1.148-1(b); and (b) the preamble to final regulations promulgated December 17, 1998 states that "the term guaranteed investment contract does include escrow float contracts and similar agreements purchased for a yield restricted defeasance escrow.  In addition, the term guaranteed investment contract includes debt service fund forward agreements and debt service reserve fund agreements (e.g., agreements to deliver United States Treasury obligations over a period of time)." 63 Fed. Reg. 71748, 71749 (Dec. 30, 1998).

67.     Wells Fargo denies the allegations of paragraph 67 of the Complaint, except that Wells Fargo admits that (a) issuers of tax-exempt debt can request bids for financial instruments generally described as municipal derivatives based on

several criteria, including the interest rate and the upfront payment; and (b) financial instruments generally described as forward delivery agreements may involve the future delivery of securities.

68.     Wells Fargo denies the allegations of paragraph 68 of the Complaint, except that Wells Fargo admits that the financial instruments generally described as uncollateralized GICs are generally unsecured.

69.     Wells Fargo denies the allegations of paragraph 69 of the Complaint, except that Wells Fargo admits that the financial instruments generally described as collateralized GICs are generally secured.

70.     To the extent that paragraph 70 of the Complaint states legal conclusions, they require no response.  To the extent any response is required, Wells Fargo denies the allegations of paragraph 70 of the Complaint.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

71.     Wells Fargo denies the allegations of paragraph 71 of the Complaint, except that Wells Fargo admits that (a) the parties to a swap contract may swap fixed or floating interest rate obligations, or some combination thereof; and (b) the London Interbank Offered Rate or "LIBOR" and the Securities Industry and Financial Market Association or "SIFMA" indices are two indices used to determine floating interest rate obligations.

72.     Wells Fargo denies the allegations of paragraph 72 of the Complaint, except that Wells Fargo admits that financial instruments generally described

as municipal derivatives may contain various options, including the option for the provider or seller of the financial instrument to cancel or terminate it on specified dates.

73. Wells Fargo denies the allegation of paragraph 73 of the Complaint.

74. Wells Fargo denies the allegations of paragraph 74 of the Complaint.

75. Wells Fargo denies the allegations of paragraph 75 of the Complaint.

76. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint, and therefore denies them.

77. Wells Fargo denies the allegations of paragraph 77 of the Complaint.

78. Wells Fargo denies the allegations of paragraph 78 of the Complaint.

79. Wells Fargo denies the allegations of paragraph 79 of the Complaint.

80. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint, and therefore denies them, except that Wells Fargo admits that competitive bidding facilitated by an entity commonly referred to as a broker or bidding agent is one method of soliciting the financial instruments generally described as municipal derivatives.

81.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) entities commonly referred to as brokers or bidding agents are often hired by issuers of tax-exempt debt to assist such issuers with the solicitation and purchase of financial instruments generally described as municipal derivatives; and (b) those entities commonly referred to as brokers or bidding agents typically receive a fee for their services to the issuers of tax-exempt debt.

82.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint, and therefore denies them.

83.     Wells Fargo denies the allegations of paragraph 83 of the Complaint, except that Wells Fargo admits that entities commonly referred to as brokers or bidding agents are often hired by issuers of tax-exempt debt to assist such issuers with the solicitation and purchase of financial instruments generally described as municipal derivatives.

84.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint, and therefore denies them, except that Wells Fargo admits that competitive bidding facilitated by an entity commonly referred to as a broker or bidding agent is one method of soliciting the financial instruments generally described as municipal derivatives.

85.     Wells Fargo denies the allegations of paragraph 85 of the Complaint, except that Wells Fargo admits that (a) the sellers or providers of the financial instruments generally described as municipal derivatives and the issuers of tax-exempt

debt are among the entities that are commonly parties to the financial instruments generally described as municipal derivatives; and (b) a rate of return may be one term of the financial instruments generally described as municipal derivatives.

86. Wells Fargo denies the allegations of paragraph 86 of the Complaint.

87. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint, and therefore denies them, except that Wells Fargo admits that the proceeds of the issuance of tax-exempt debt may be invested in interest-bearing financial instruments until they are spent.

88. Wells Fargo denies the allegations of paragraph 88 of the Complaint, except that Wells Fargo admits that one way in which providers of the financial instruments generally described as municipal derivatives can profit from the sales of municipal derivatives is by investing the proceeds of such sales at higher rates of return than the rates of return paid to the issuers of tax-exempt debt in connection with the financial instruments generally described as municipal derivatives.

89. To the extent that paragraph 89 of the Complaint states legal conclusions, they require no response. To the extent that any response is required, Wells Fargo denies the allegations of paragraph 89 of the Complaint. Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

90.     Wells Fargo denies the allegations of paragraph 90 of the Complaint.

91.     Wells Fargo denies the allegations of paragraph 91 of the Complaint, except that Wells Fargo admits that one means of determining the provider of the financial instruments generally described as municipal derivatives is to select the provider that offers the highest rate of return to the issuer of tax-exempt debt.

92.     Wells Fargo denies the allegations of paragraph 92 of the Complaint.

93.     Wells Fargo denies the allegations of paragraph 93 of the Complaint.

94.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

95.     To the extent that paragraph 95 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

96.     To the extent that paragraph 96 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

97.     To the extent that paragraph 97 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to the regulations set forth at 26 C.F.R. § 1.148-5 for a complete and accurate description of their contents.

98.     To the extent that paragraph 98 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo denies the allegations of paragraph 98 of the Complaint.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

99.     Wells Fargo denies the allegations of paragraph 99 of the Complaint.

100.     Wells Fargo denies the allegations of paragraph 100 of the Complaint.

101. Wells Fargo denies the allegations of paragraph 101 of the Complaint.

102. Wells Fargo denies the allegations of paragraph 102 of the Complaint.

103. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the document referenced in paragraph 103 of the Complaint for a complete and accurate description of its contents.

104. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the document referenced in paragraph 104 of the Complaint for a complete and accurate description of its contents.

105. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Complaint, and therefore denies them.

106. Wells Fargo denies the allegations of paragraph 106 of the Complaint.

107. Wells Fargo denies the allegations of paragraph 107 of the Complaint.

108. Wells Fargo denies the allegations of paragraph 108 of the Complaint, except that Wells Fargo admits that during part of the putative class period (a) employees of Wachovia Bank's municipal derivatives group sat on a trading floor in Charlotte, North Carolina; (b) Wachovia Bank recorded the telephone lines assigned to

employees in its municipal derivatives group; (c) recordings of the telephone lines assigned to employees in Wachovia Bank's municipal derivatives group were generally retained for 90 or 180 days, depending on the retention policy then in effect, and unless a litigation or other hold was in effect; and (d) employees of Wachovia Bank's municipal derivatives group had access to e-mail.

109.    Wells Fargo denies the allegations of paragraph 109 of the Complaint.

110.    Wells Fargo denies the allegations of paragraph 110 of the Complaint.

111.    Wells Fargo denies the allegations of paragraph 111 of the Complaint.

112.    Wells Fargo denies the allegations of paragraph 112 of the Complaint.

113.    Wells Fargo denies the allegations of paragraph 113 of the Complaint.

114.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 114 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) the United States of America indicted David Rubin, Zevi Wolmark, a/k/a Stewart Wolmark, and Evan Zarefsky on or about October 29, 2009; (b) Douglas Campbell and Martin McConnell communicated on certain occasions via e-mail and telephone during the time that Mr. McConnell was an employee in the municipal derivatives group at Wachovia Bank; (c) Paul "Jay" Saunders was an employee in the municipal derivatives group at Wachovia Bank from April 2004

to June 2008; (d) Mr. Saunders' title was "Director" when his employment with Wachovia Bank was terminated in June 2008; (e) Mr. McConnell was an employee in the municipal derivatives group at Wachovia Bank from July 1998 to June 2008; (f) Mr. McConnell's title was "Managing Director" and he was head of Municipal Derivatives Origination (Marketing) when he was put on administrative leave in or about November 2006; and (g) Mr. McConnell and Martin Stallone communicated on certain occasions via e-mail during the time that Mr. McConnell was an employee in the municipal derivatives group at Wachovia Bank. Further, Wells Fargo respectfully refers the Court to the documents and web site referenced in paragraph 114 of the Complaint, including the indictment filed in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, for a complete and accurate description of their contents.

115. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Complaint, and therefore denies them, except that Wells Fargo admits that Martin McConnell and Martin Stallone communicated on certain occasions via e-mail during the time that Mr. McConnell was an employee in the municipal derivatives group at Wachovia Bank. Wells Fargo respectfully refers the Court to the documents referenced in paragraph 115 of the Complaint for a complete and accurate description of their contents.

116. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a

complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

117.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

118.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

119.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and

information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

120.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

121.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

122.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

123.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

124.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

125.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

126.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*,

No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

127. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

128. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

129. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a

complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

130. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

131. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

132. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and

information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

133.    Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

134.    Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

135.    Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

136.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

137.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

138.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

139.     Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*,

No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

140. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

141. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

142. Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a

complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

143.    Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

144.    Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

145.    Wells Fargo admits that the United States of America filed an indictment in *United States* v. *Rubin/Chambers, Dunhill Insurance Services, Inc., et al.*, No. 09 CR 1058, in the U.S. District Court for the Southern District of New York on or about October 29, 2009, and respectfully refers the Court to that indictment for a complete and accurate description of its contents.  Wells Fargo lacks knowledge and

information sufficient to form a belief as to the truth of the allegations of the indictment, and therefore denies them.

146.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 146 of the Complaint, and therefore denies them.

147.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to the document referenced in paragraph 147 of the Complaint for a complete and accurate description of its contents.

148.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the Complaint, and therefore denies them.

149.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 149 of the Complaint, and therefore denies them.

150.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 150 of the Complaint, and therefore denies them.

151.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 151 of the Complaint, and therefore denies them.

152.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 152 of the Complaint, and therefore denies them.

153.     Wells Fargo denies the allegations of paragraph 153 of the Complaint as to both Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 153 of the Complaint as to others, and therefore denies them. Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

154.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 154 of the Complaint, and therefore denies them.

155.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 155 of the Complaint, and therefore denies them.

156.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 156 of the Complaint, and therefore denies them.

157.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 157 of the Complaint, and therefore denies them.

158.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint, and therefore denies them.

159.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 159 of the Complaint, and therefore denies them.

160.     Wells Fargo denies the allegations of paragraph 160 of the Complaint as to both Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 160 of the Complaint as to others, and therefore denies them.

161.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 161 of the Complaint, and therefore denies them.

162.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 162 of the Complaint, and therefore denies them.

163.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 163 of the Complaint, and therefore denies them.

164.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 164 of the Complaint, and therefore denies them.

165. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 165 of the Complaint, and therefore denies them.

166. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 166 of the Complaint, and therefore denies them.

167. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Complaint, and therefore denies them.

168. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 168 of the Complaint, and therefore denies them.

169. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint, and therefore denies them.

170. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint, and therefore denies them.

171. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 171 of the Complaint, and therefore denies them.

172.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 172 of the Complaint, and therefore denies them.

173.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 173 of the Complaint, and therefore denies them.

174.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 174 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to the e-mail contained in paragraph 174 of the Complaint for a complete and accurate description of its contents.

175.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 175 of the Complaint, and therefore denies them.

176.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 176 of the Complaint, and therefore denies them.

177.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 177 of the Complaint, and therefore denies them.

178.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 178 of the Complaint, and therefore denies them.

179.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 179 of the Complaint, and therefore denies them.

180.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 180 of the Complaint, and therefore denies them.

181.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 181 of the Complaint, and therefore denies them.

182.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 182 of the Complaint, and therefore denies them.

183.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 183 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to the document referenced in paragraph 183 of the Complaint for a complete and accurate description of its contents.

184.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 184 of the Complaint, and therefore denies them.

185.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 185 of the Complaint, and therefore denies them.

186.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 186 of the Complaint, and therefore denies them.

187.     Wells Fargo denies the allegations of paragraph 187 of the Complaint as to both Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 187 of the Complaint as to others, and therefore denies them.

188.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 188 of the Complaint, and therefore denies them.

189.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 189 of the Complaint, and therefore denies them.

190.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 190 of the Complaint, and therefore denies them.

191.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 191 of the Complaint, and therefore denies them.

192.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 192 of the Complaint, and therefore denies them.

193.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 193 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) Wells Fargo & Company is a member of the International Swaps & Derivative Association; and (b) Wells Fargo Bank, N.A. is a member of the American Bankers Association. Wells Fargo respectfully refers the Court to the web sites referenced in paragraph 193 of the Complaint for a complete and accurate description of their contents.

194.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 194 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the web sites referenced in paragraph 194 of the Complaint for a complete and accurate description of their contents.

195.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 195 of the Complaint, and therefore denies them.

196.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 196 of the Complaint, and therefore denies them. Wells Fargo respectfully refers the Court to the web site referenced in paragraph 196 of the Complaint for a complete and accurate description of its contents.

197.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 197 of the Complaint, and therefore denies them, except that Wells Fargo admits that the quotation in paragraph 197 of the Complaint appeared in an article in the *Bond Buyer*. Wells Fargo respectfully refers the

Court to the article referenced in paragraph 197 of the Complaint for a complete and accurate description of its contents.

198.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 198 of the Complaint, and therefore denies them.

199.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 199 of the Complaint, and therefore denies them.

200.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 200 of the Complaint, and therefore denies them.

201.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 201 of the Complaint, and therefore denies them.

202.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 202 of the Complaint, and therefore denies them.

203.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 203 of the Complaint, and therefore denies them.

204.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 204 of the Complaint, and therefore denies them.

205.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 205 of the Complaint, and therefore denies them, except that Wachovia Bank admits that it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts".

206.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 206 of the Complaint, and therefore denies them.

207.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 207 of the Complaint, and therefore denies them, except that Wachovia Bank admits that it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts".

208.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 208 of the Complaint, and therefore denies them, except that Wachovia Bank admits that it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts".

209.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 209 of the Complaint, and therefore denies them, except that Wachovia Bank admits that (a) it received a grand jury subpoena, dated November 15, 2006, from the Department of Justice, Antitrust Division, requesting, *inter alia*, documents related to "municipal contracts"; (b) it received a

subpoena, dated November 15, 2006, from the Securities and Exchange Commission requesting, *inter alia*, documents related to "guaranteed investment contracts"; and (c) it received subpoenas or civil investigative demands from various states' attorneys general requesting, *inter alia*, documents related to "guaranteed investment contracts and other municipal bond derivatives".

210.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 210 of the Complaint, and therefore denies them.

211.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 211 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) Martin McConnell received a target letter from the Department of Justice, Antitrust Division in or about November 2007; and (b) Paul "Jay" Saunders received a target letter from the Department of Justice, Antitrust Division in or about November 2007.

212.     Wells Fargo admits that the quotations in paragraph 212 of the Complaint appeared in an article in the *Bond Buyer*.  Wells Fargo denies any remaining allegations contained in paragraph 212 of the Complaint.  Wells Fargo respectfully refers the Court to the article referenced in paragraph 212 of the Complaint for a complete and accurate description of its contents.

213.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 213 of the Complaint, and therefore denies them.

214.     Wells Fargo admits that the quotations in paragraph 214 of the Complaint appeared in a Bank of America Corporation press release, dated February 9, 2007.  Wells Fargo denies any remaining allegations contained in paragraph 214 of the Complaint.  Wells Fargo respectfully refers the Court to the press release referenced in paragraph 214 of the Complaint for a complete and accurate description of its contents.

215.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 215 of the Complaint, and therefore denies them.

216.     Wells Fargo admits that the quotations in paragraph 216 of the Complaint appears in Bank of America Corporation's Form 10-K for the period ending December 31, 2008.  Wells Fargo denies any remaining allegations contained in paragraph 216 of the Complaint.  Wells Fargo respectfully refers the Court to the Bank of America Corporation Form 10-K referenced in paragraph 216 of the Complaint for a complete and accurate description of its contents.

217.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 217 of the Complaint, and therefore denies them, except that Wachovia Bank admits that it received subpoenas or civil investigative demands from various states' attorneys general requesting, *inter alia*, documents related to "guaranteed investment contracts and other municipal bond derivatives".

218.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 218 of the Complaint, and therefore denies them, except Wachovia Bank admits that it received subpoenas or civil

investigative demands from various states' attorneys general requesting, *inter alia*, documents related to "guaranteed investment contracts and other municipal bond derivatives".

219.    Wells Fargo denies the allegations of paragraph 219 of the Complaint.

220.    Wells Fargo admits that the Bank of America Corporation's Form 10-K for the period ending December 31, 2008 states, "[t]he Antitrust Division of the U.S. Department of Justice (DOJ), the SEC, and the IRS are investigating possible anticompetitive bidding practices in the municipal derivatives industry involving various parties, including BANA, from the early 1990s to date."  Wells Fargo denies any remaining allegations contained in paragraph 220 of the Complaint.  Wells Fargo respectfully refers the Court to the Bank of America Corporation's Form 10-K referenced in paragraph 220 of the Complaint for a complete and accurate description of its contents.

221.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 221 of the Complaint, and therefore denies them, except that Wells Fargo admits that (a) Paul "Jay" Saunders was put on administrative leave in or about December 2007; (b) Mr. Saunders' employment with Wachovia Bank was terminated in June 2008; (c) Martin McConnell was placed on administrative leave in or about November 2006; and (d) Mr. McConnell's employment with Wachovia Bank was terminated in June 2008.

222.    Wells Fargo denies the allegations of paragraph 222 of the Complaint.

223. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 223 of the Complaint, and therefore denies them.

224. Wells Fargo admits that in a press release, dated April 6, 2000, the U.S. Securities and Exchange Commission stated that "more than $172 million will have been paid by 21 firms to resolve charges of yield burning and related claims." Wells Fargo denies any remaining allegations contained in paragraph 224 of the Complaint and avers that neither Wells Fargo & Company nor Wachovia Bank were among the 21 firms that paid more than $172 million to resolve charges of yield burning and related claims.

225. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 225 of the Complaint, and therefore denies them.

226. Wells Fargo denies the allegations of paragraph 226 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

227. Wells Fargo denies the allegations of paragraph 227 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not

assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

228. Wells Fargo denies the allegations of paragraph 228 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

229. Wells Fargo denies the allegations of paragraph 229 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

230. Wells Fargo denies the allegations of paragraph 230 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

231. Wells Fargo denies the allegations of paragraph 231 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in

this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

232. Wells Fargo denies the allegations of paragraph 232 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

233. Wells Fargo denies the allegations of paragraph 233 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

234. Wells Fargo denies the allegations of paragraph 234 of the Complaint, denies that this action may be properly maintained as a class action and avers that on April 26, 2010, this Court stated (a) that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims," and (b) that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq*., on behalf of a class of similarly situated entities.

235. Wells Fargo denies the allegations of paragraph 235 of the Complaint.

236.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 236 of the Complaint, and therefore denies them, except that Wachovia Bank admits that during part of the putative class period it offered for sale to entities located in states other than North Carolina financial instruments generally described as municipal derivatives.

237.     Wells Fargo denies the allegations of paragraph 237 of the Complaint.

238.     Wells Fargo denies the allegations of paragraph 238 of the Complaint, except admits that plaintiffs purport to sue for redress of violations of section 1 of the Sherman Act, 15 U.S.C. § 1.

239.     Wells Fargo denies the allegations of paragraph 239 of the Complaint and avers that on April 26, 2010, this Court stated that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims."

240.     Wells Fargo denies the allegations of paragraph 240 of the Complaint and avers that on April 26, 2010, this Court stated that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims."

241.     Wells Fargo denies the allegations of paragraph 241 of the Complaint, except admits that plaintiffs purport to seek the relief to which they refer. Wells Fargo avers that on April 26, 2010, this Court stated that it was "treat[ing]" the section 1 claims in this case as "individual" claims, "not as class claims."

242.     Wells Fargo incorporates its prior responses to paragraphs 1 through 241 of the Complaint as though fully set forth herein.

243. Wells Fargo denies the allegations of paragraph 243 of the Complaint as to Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 243 of the Complaint as to others, and therefore denies them.

244. Wells Fargo denies the allegations of paragraph 244 of the Complaint.

245. Wells Fargo denies the allegations of paragraph 245 of the Complaint.

246. Wells Fargo denies the allegations of paragraph 246 of the Complaint.

247. Wells Fargo denies the allegations of paragraph 247 of the Complaint.

248. Wells Fargo denies the allegations of paragraph 248 of the Complaint.

249. Wells Fargo denies the allegations of paragraph 249 of the Complaint, except admits that plaintiffs purport to seek the relief to which they refer.

250. Wells Fargo incorporates its prior responses to paragraphs 1 through 249 of the Complaint as though fully set forth herein.

251. Wells Fargo denies the allegations of paragraph 251 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

252.    Wells Fargo denies the allegations of paragraph 252 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

253.    Wells Fargo denies the allegations of paragraph 253 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

254.    Wells Fargo denies the allegations of paragraph 254 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

255.    Wells Fargo denies the allegations of paragraph 255 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

256.    Wells Fargo denies the allegations of paragraph 256 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

257.    Wells Fargo denies the allegations of paragraph 257 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

258.    Wells Fargo denies the allegations of paragraph 258 of the Complaint and further avers that plaintiffs dismissed their claims under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

259.    Wells Fargo incorporates its prior responses to paragraphs 1 through 258 of the Complaint as though fully set forth herein.

260.    Wells Fargo denies the allegations of paragraph 260 of the Complaint.

261.    Wells Fargo denies the allegations of paragraph 261 of the Complaint and avers that on April 26, 2010, this Court held that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq.*, on behalf of a class of similarly situated entities.

262.    Wells Fargo denies the allegations of paragraph 262 of the Complaint and avers that on April 26, 2010, this Court held that plaintiffs may not assert claims under the California False Claims Act, Cal. Gov't Code § 12650, *et seq.*, on behalf of a class of similarly situated entities.

263.    Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 263 of the Complaint, and therefore denies them.

264.    Wells Fargo denies the allegations of paragraph 264 of the Complaint, except admits that the quotation in paragraph 264 of the Complaint appeared in an article in the *Bond Buyer*.  Wells Fargo respectfully refers the Court to the article referenced in paragraph 264 of the Complaint for a complete and accurate description of its contents.

265.    Wells Fargo denies the allegations of paragraph 265 of the Complaint.

266.    Wells Fargo denies the allegations of paragraph 266 of the Complaint.

267.     Wells Fargo denies the allegations of paragraph 267 of the Complaint.

268.     Wells Fargo denies the allegations of paragraph 268 of the Complaint.

269.     To the extent that paragraph 269 of the Complaint states legal conclusions, they require no response.  To the extent that any response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 269 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to section 148 of the Internal Revenue Code, 26 U.S.C. § 148, and the regulations promulgated thereunder, for a complete and accurate description of their contents.

270.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 270 of the Complaint, and therefore denies them.  Wells Fargo respectfully refers the Court to the documents referenced in paragraph 270 of the Complaint for a complete and accurate description of their contents.

271.     Wells Fargo denies the allegations of paragraph 271 of the Complaint as to both Wells Fargo & Company and Wachovia Bank, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 271 of the Complaint as to others, and therefore denies them.

272.     Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 272 of the Complaint, and therefore denies them.

273. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 273 of the Complaint, and therefore denies them, except that Wells Fargo admits that the first quotation in paragraph 273 of the Complaint appeared in an article in the *Bond Buyer*. Wells Fargo respectfully refers the Court to the articles referenced in paragraph 273 of the Complaint for a complete and accurate description of their contents.

274. Wells Fargo denies the allegations of paragraph 274 of the Complaint.

275. Wells Fargo denies the allegations of paragraph 275 of the Complaint.

276. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 276 of the Complaint, and therefore denies them.

277. Wells Fargo denies the allegations of paragraph 277 of the Complaint, except that Wells Fargo admits that during part of the putative class period (a) Wachovia Bank recorded the telephone lines assigned to employees in its municipal derivatives group; and (b) recordings of the telephone lines assigned to employees in Wachovia Bank's municipal derivatives group were generally only retained for 90 or 180 days, depending on the retention policy then in effect, and unless a litigation or other hold was in effect.

278. Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 278 of the Complaint, and therefore denies them, except that Wells Fargo admits that the quotations in paragraph 278 of the

Complaint appeared in articles in the *Bond Buyer* and on Bloomberg. Wells Fargo respectfully refers the Court to the articles referenced in paragraph 278 of the Complaint for a complete and accurate description of their contents.

279. Wells Fargo denies the allegations of paragraph 279 of the Complaint.

280. Wells Fargo denies that plaintiffs are entitled to any relief as to the matters alleged in their Complaint or in their "PRAYER FOR RELIEF".

**AFFIRMATIVE DEFENSES**

Without assuming any burden of pleading or proof that would otherwise rest on plaintiffs, defendants allege as follows:

**FIRST DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the statute or statutes of limitations.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack standing to assert those claims.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they did not suffer and cannot demonstrate antitrust injury.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not suffered injury in fact.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged damages are too speculative and uncertain.

## ELEVENTH DEFENSE

Plaintiffs' claims are precluded by the federal statutes and regulations, and enforcement thereof, governing the investment of proceeds of tax-exempt bonds.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the events alleged took place outside the state of California without impact on California residents.

### THIRTEENTH DEFENSE

Plaintiffs' claims for attorneys' fees are barred by Cal. Code Civ. Proc.

§ 1021.

### FOURTEENTH DEFENSE

Plaintiffs' claims under the California False Claims Act, Cal. Gov't Code

§ 12650, *et seq*., are barred, in whole or in part, because Wells Fargo has not made any

false claims for payment directed to any Plaintiffs.

### FIFTEENTH DEFENSE

Wells Fargo hereby adopts and incorporates by reference any and all other

defenses asserted or to be asserted by any other defendant to the extent Wells Fargo may

share in such defense.

**WHEREFORE**, Wells Fargo demands judgment dismissing the

Complaint in its entirety and with prejudice, and awarding such additional relief to Wells

Fargo as the Court may deem just and proper.


Dated:  June 10, 2010                     Respectfully submitted,

                                          SULLIVAN & CROMWELL LLP

                                          s/ Stephanie G. Wheeler
                                          David B. Tulchin
                                          Stephanie G. Wheeler
                                          125 Broad Street
                                          New York, New York 10004
                                          (212) 558-4000
                                          Fax (212) 558-3358
                                          tulchind@sullcrom.com
                                          wheelers@sullcrom.com

                                          *Attorneys for Defendants Wachovia Bank, N.A. and*
                                          *Wells Fargo & Company*