UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG) |
| THIS DOCUMENT RELATES TO:<br><br>*City of Oakland v. AIG Finan. Prods. Corp., et al.*, 08 Civ. 6340 (VM); *County of Alameda v. AIG Finan. Prods. Corp., et al.*, 08 Civ. 7034 (VM); *City of Fresno. v. AIG Finan. Prods. Corp., et al.*, 08 Civ. 7355 (VM); *Fresno County Financing Authority v. AIG Finan. Prods. Corp., et al.*, 09 Civ. 1199 (VM) | BEAR, STEARNS & CO., INC.'S ANSWER TO JOINT SECOND AMENDED CLASS ACTION COMPLAINT |

Defendant Bear, Stearns & Co., Inc. (n/k/a JPMorgan Securities, Inc.)

("Defendant" or "Bear Stearns") hereby states its answer to the December 15, 2009 Joint Second

Amended Class Action Complaint ("JSAC") filed by plaintiffs City of Oakland, California,

County of Alameda, California, City of Fresno, California, and Fresno County Financing

Authority (collectively, "Plaintiffs"). Bear Stearns states that all the allegations in the JSAC,

unless specifically admitted, are denied.[1] Bear Stearns, by its undersigned attorneys, answers the

Complaint's numbered Paragraphs as follows:

      1. States that the allegations contained in Paragraph 1 and the footnote

thereto constitute legal or other conclusions as to which no response is required. To the extent

that any response may be required, Bear Stearns denies the allegations contained in Paragraph 1,

except admits that the allegations in the footnote purport to state the reasons Plaintiffs filed the

---

[1]     Defendant JPMorgan Chase & Co. has filed a separate Answer to the Joint Second Amended Class Action Complaint. Bear Stearns states that nothing herein shall be construed as an admission with respect to any allegations concerning JPMorgan Chase & Co.

JSAC.

2.     States that the allegations contained in Paragraph 2 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 2 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except refers to the June 30, 2009 announcement by the Financial Industry Regulatory Authority referenced in Paragraph 3 for the true and complete content thereof.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except refers to the DOJ announcements referenced in Paragraph 4 for the true and complete content thereof.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 5.  Bear Stearns states that the allegations contained in the remainder of Paragraph 5 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in the remainder of Paragraph 5, except refers to the statement of Scott D. Hammond and to the statements from the DOJ Antitrust Division's website referenced in Paragraph 5 for the true and complete content thereof.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.     States that the allegations contained in the first sentence of Paragraph 7 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in the first sentence of Paragraph 7, except admits that the first sentence purports to be Plaintiffs' characterization of their case.  Bear Stearns denies the allegations contained in the second and third sentences of Paragraph 7 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 7 insofar as they relate to other parties.  Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 7.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8.  Bear Stearns denies the allegations contained in the second, third and fourth sentences of Paragraph 8 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences of Paragraph 8 insofar as they relate to other parties.  Bear Stearns denies the allegations contained in the last sentence of Paragraph 8.

9.     States that the allegations contained in Paragraph 9 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns states that Plaintiffs purport to allege claims under the statutes set forth in Paragraph 9, except states that Plaintiffs have voluntarily dismissed their purported claim under the California Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, and denies that Plaintiffs have any valid claim against it and denies that Plaintiffs are entitled to bring

this action individually or on behalf of others.

        10.     States that the allegations contained in Paragraph 10 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, Bear Stearns admits that Plaintiffs purport to allege federal causes of action, but denies that Plaintiffs state federal causes of action.

        11.     States that the allegations contained in Paragraph 11 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 11 to the extent such allegations are directed against Bear Stearns, except admits that Plaintiffs allege venue on the bases set forth in said Paragraph, and further admits that Bear Stearns maintains an office, transacts business and may be found within this District, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

        12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 12. Bear Stearns denies the allegations contained in the fourth sentence of Paragraph 12 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 12 insofar as they relate to other parties. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 12.

        13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 13. Bear Stearns denies the allegations contained in the fourth and fifth sentences of Paragraph 13 to the

extent such allegations are directed against Bear Stearns, except admits that the Department of Justice has served a subpoena on Bear Stearns and, upon information and belief, has informed certain former employees of Bear Stearns that they are the targets of an investigation, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of Paragraph 13 insofar as they relate to other parties. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence of Paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 14. Bear Stearns denies the allegations contained in the fourth sentence of Paragraph 14 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 14 insofar as they relate to other parties. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first through fifth sentences of Paragraph 15. Bear Stearns denies the allegations contained in the sixth sentence of Paragraph 15 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 15 insofar as they relate to other parties. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except admits that Paragraph 16 purports to state

Plaintiffs' definition of Provider Defendants.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Denies the allegations contained in Paragraph 18, except admits that Defendant Bear, Stearns & Co., Inc. was a corporation organized under the laws of the State of Delaware that from time to time participated in certain municipal derivative transactions, and further avers that in May 2008, JPMorgan acquired The Bear Stearns Companies, Inc.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except admits that Paragraph 27 purports to state Plaintiffs' definition of Broker Defendants.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Denies the allegations contained in Paragraph 34 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46.     Admits that Paragraph 46 purports to state Plaintiffs' definition of Provider co-conspirators.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 48.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.     Admits that Paragraph 53 purports to state Plaintiffs' definition of Broker co-conspirators.

54.     States that the allegations contained in Paragraph 54 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 54.

55.     Admits that Paragraph 55 purports to state Plaintiffs' description of municipal bonds.  Bear Stearns otherwise denies the allegations contained in the first sentence of Paragraph 55, except upon information and belief admits that many states, cities, counties and other governmental and private entities issue bonds to raise funds for many different purposes. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55.

56.     Admits that Paragraph 56 purports to state Plaintiffs' description of municipal bonds.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.     States that the allegations contained in Paragraph 57 constitute legal or other conclusions as to which no response is required. To the extent that any response may be required, Bear Stearns admits that IRS regulations govern the tax-exempt status of municipal bonds and refers to the IRS regulations that govern municipal bonds for the true and correct content thereof and denies any allegations inconsistent therewith.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     Admits that Paragraph 62 purports to be Plaintiffs' definition of "Municipal Derivatives." Bear Stearns otherwise denies the allegations contained in Paragraph 62 and denies that the diverse and distinct types of financial products referred to in the JSAC may accurately be grouped together under the term "Municipal Derivatives."

63.     Denies the allegations contained in the first sentence of Paragraph 63. Admits that the second and third sentences of Paragraph 63 purport to be Plaintiffs' definition of "Government Entity." Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 63.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65. Denies the allegations contained in Paragraph 65, except upon information and belief, admits that all or part of bond proceeds are from time to time invested in various distinct financial products for various reasons.

66. Admits that Paragraph 66 purports to be Plaintiffs' definition of a "GIC." Bear Stearns otherwise denies the allegations contained in Paragraph 66, except admits that "GIC" is a term used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "GICs" for the true and complete terms thereof.

67. Admits that Paragraph 67 purports to be Plaintiffs' definition of a "Forward Purchase Agreement" or "Forward Delivery Agreement." Bear Stearns otherwise denies the allegations contained in Paragraph 67, except admits that "Forward Purchase Agreement" and "Forward Delivery Agreement" are terms used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "Forward Purchase Agreements" and "Forward Delivery Agreements" for the true and complete terms thereof.

68. Admits that Paragraph 68 purports to be Plaintiffs' definition of an "Unsecured GIC" or "Uncollateralized GIC." Bear Stearns otherwise denies the allegations contained in Paragraph 68, except admits that "Unsecured GICs" or "Uncollateralized GICs" are terms used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "Unsecured GICs" or "Uncollateralized GICs" for the true and complete terms thereof.

69. Admits that Paragraph 69 purports to be Plaintiffs' definition of a "Repurchase Agreement" or "Collateralized GIC." Bear Stearns otherwise denies the allegations

contained in Paragraph 69, except admits that "Repurchase Agreement" or "Collateralized GIC" are terms used to describe a variety of financial products used from time to time in connection with bond proceeds and refers to the terms of individual "Repurchase Agreements" or "Collateralized GICs" for the true and complete terms thereof.

70.     Admits that the first sentence of Paragraph 70 purports to be Plaintiffs' definition of an "advance refunding." Bear Stearns otherwise denies the allegations contained in the first sentence of Paragraph 70, except admits that "advance refunding" is a term used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "advance refundings" for the true and complete terms thereof. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 70. Bear Stearns avers that the IRS regulations cited in the third sentence of Paragraph 70 speak for themselves and refers to those regulations for the true and complete content thereof and denies any allegations inconsistent therewith. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 70. Bear Stearns admits that the fifth sentence of Paragraph 70 purport to be Plaintiffs' definition of a "forward float agreement." Bear Stearns denies the allegations contained in the fifth sentence of Paragraph 70, except admits that "forward float agreement" is a term used to describe a variety of financial products used from time to time in connection with all or part of bond proceeds and refers to the terms of individual "forward float agreements" for the true and complete terms thereof. Bear Stearns avers that the IRS regulations referred to in the last sentence of Paragraph 70 speak for themselves and refers to those regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

71.     Admits that Paragraph 71 purports to be Plaintiffs' definition of a "Swap." Bear Stearns otherwise denies the allegations contained in Paragraph 71, except admits that "Swap" is a term used to describe a variety of financial products and refers to the terms of individual swaps for the true and complete terms thereof.

72.     Admits that Paragraph 72 purports to be Plaintiffs' definition of an "Option." Bear Stearns otherwise denies the allegations contained in Paragraph 72, except admits that "Option" is a term used to describe a variety of financial products and refers to the terms of individual "Options" for the true and complete terms thereof.

73.     Admits that Paragraph 73 purports to be Plaintiffs' definition of a "Swaption." Bear Stearns otherwise denies the allegations contained in Paragraph 73, except admits that "Swaption" is a term used to describe a variety of financial products and refers to the terms of individual "Swaptions" for the true and complete terms thereof.

74.     Admits that Paragraph 74 purports to be Plaintiffs' definition of a "Floor." Bear Stearns otherwise denies the allegations contained in Paragraph 74, except admits that "Floor" is a term used to describe a variety of financial products and refers to the terms of individual "Floors" for the true and complete terms thereof.

75.     Admits that Paragraph 75 purports to be Plaintiffs' definition of a "Collar." Bear Stearns otherwise denies the allegations contained in Paragraph 75, except admits that "Collar" is a term used to describe a variety of financial products and refers to the terms of individual "Collars" for the true and complete terms thereof.

76.     Denies the allegations contained in Paragraph 76, and avers that the JSAC does not accurately define an industry relevant to assessing Bear Stearns' alleged acts.

77.     Denies the allegations contained in Paragraph 77, and avers that the JSAC

does not accurately define an industry relevant to assessing Bear Stearns' alleged acts.

78.     Denies the allegations contained in Paragraph 78.

79.     Denies the allegations in Paragraph 79 on the basis that the JSAC does not accurately define an industry relevant to assessing Bear Stearns' alleged acts.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, except admits that "Municipal Derivatives" as defined by Plaintiffs include a "wide variety" of products.

81.     Admits that Paragraph 81 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and refers to the terms of individuals GIC's for the true and complete terms thereof.

82.     States that the allegations contained in paragraph 82 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, except avers that the IRS regulations to which this Paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

83.     Admits that Paragraph 83 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and refers to the terms of individuals GIC's for the true and complete terms thereof.

84.     Admits that Paragraph 84 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and refers to the terms of individuals GIC's for the true and complete terms thereof.

85.     Admits that Paragraph 85 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and refers to the terms of individuals GIC's for the true and complete terms thereof.

86.     Admits that Paragraph 86 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86, and refers to the terms of individuals GIC's for the true and complete terms thereof.

87.     Admits that Paragraph 87 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, and refers to the terms of individuals GIC's for the true and complete terms thereof.

88.     Admits that Paragraph 88 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 88, and refers to the terms of individuals GIC's for the true and complete terms thereof.

89.     States that the allegations contained in the first sentence of Paragraph 89 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns avers that the IRS regulations to which the first sentence of Paragraph 89 refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.  Bear Stearns admits that the second sentence of Paragraph 89 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 89, and refers to the terms of individuals GIC's for the true and complete terms thereof.

90.     Admits that Paragraph 90 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, and refers to the terms of individuals GIC's for the true and complete terms thereof.

91.     Admits that Paragraph 91 purports to comprise part of Plaintiffs' description of a general process for a variety of types of products that Plaintiffs classify as GIC's.  Bear Stearns otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, and refers to the terms of individuals GIC's for the true and complete terms thereof.

92.     Denies the allegations contained in Paragraph 92.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, but denies that Bear Stearns participated in any conspiracy alleged by Plaintiffs.

94.     States that the allegations contained in Paragraph 94 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns avers that the Treasury regulations to which this Paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

95.     States that the allegations contained in Paragraph 95 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns avers that the IRS regulations to which this Paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

96.     States that the allegations contained in Paragraph 96 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns avers that the IRS regulations to which this Paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

97.     States that the allegations contained in Paragraph 97 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns avers that the IRS regulations to which this Paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

98.     States that the allegations contained in the first sentence of Paragraph 98 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns avers that the IRS regulations to which the first sentence of Paragraph 98 refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.  Bear Stearns denies the allegations contained in the second sentence of Paragraph 98 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

99.     Denies the allegations contained in Paragraph 99 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

100.     Denies the allegations contained in Paragraph 100 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

101.     Denies the allegations contained in Paragraph 101 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

102.     Denies the allegations contained in Paragraph 102 to the extent such

allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

103.	Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103.

104.	Denies the allegations contained in Paragraph 104 to the extent such allegations are directed against Bear Stearns, except admits that Plaintiffs refer to a confidential witness as "CW," and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

105.	Denies the allegations contained in the first sentence of Paragraph 105 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 105 insofar as they relate to other parties.  Bear Stearns denies knowledge or information sufficient to form a belief as to whether Charles Anderson made the statement Plaintiffs quote in the second sentence of Paragraph 105.

106.	Denies the allegations contained in Paragraph 106 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

107.	Denies the allegations contained in Paragraph 107 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

108.     Denies the allegations contained in Paragraph 108 to the extent such allegations are directed against Bear Stearns, except avers that Bear Stearns maintained a trading desk in New York City and from time to time emails were sent at the trading desk, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

109.     States that the allegations contained in Paragraph 109 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required,  Bear Stearns denies the allegations contained in Paragraph 109 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.  Bear Stearns avers that the IRS regulations to which this paragraph refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith.

110.     Denies the allegations contained in Paragraph 110 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

111.     Denies the allegations contained in Paragraph 111 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

112.     Denies the allegations contained in Paragraph 112 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

113.     Denies the allegations contained in Paragraph 113 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

114.     Denies the allegations contained in Paragraph 114 to the extent such allegations are directed against Bear Stearns, except admits that Stephen Salvadore and Patrick Marsh are former employees of Bear Stearns, and that upon information and belief disclosures have been made to the Financial Industry Regulatory Authority indicating each individual received a letter from the Department of Justice stating that he is a target of a grand jury investigation, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

115.     Denies the allegations contained in Paragraph 115 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, except refers to the grand jury indictment

for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

123.    Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 123, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

124.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

125.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

128.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

129.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

131.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

132.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

133.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

134.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any

combination or conspiracy.

135.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

136.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

137.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

139.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, except refers to the grand jury indictment

for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

146.    Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 146, except refers to the grand jury indictment for the true and complete contents thereof, and denies that Bear Stearns participated in any combination or conspiracy.

147.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, except denies that Bear Stearns engaged in any collusive conduct.

148.     Denies the allegations contained in Paragraph 148 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

149.     Denies the allegations contained in Paragraph 149 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

150.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150.

151.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151.

152.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152.

153.     Denies the allegations contained in Paragraph 153 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other

parties.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159.    Denies the allegations contained in Paragraph 159 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

160.    Denies the allegations contained in Paragraph 160 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

161.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161.

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162.

163.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, except admits that Bear Stearns participated in various types of transactions that Plaintiffs have grouped under their purported definition of "Municipal Derivatives."

164.    Denies the allegations contained in Paragraph 164 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165.

166.    Denies the allegations contained in Paragraph 166 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168.

169.    Denies the allegations contained in Paragraph 169 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

170.    Denies the allegations contained in Paragraph 170 to the extent such

allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

171.     Denies the allegations contained in Paragraph 171 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

172.     Denies the allegations contained in Paragraph 172 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

173.     Denies the allegations contained in Paragraph 173 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

174.     Denies the allegations contained in Paragraph 174 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

175.     Denies the allegations contained in Paragraph 175 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

176.     Denies the allegations contained in Paragraph 176 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

177.     Denies the allegations contained in Paragraph 177 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

178.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178.

179.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179.

180.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180.

181.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181.

182.     Denies the allegations contained in Paragraph 182 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

183.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183.

184.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 184.

185.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185.

186.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186.

187.    Denies the allegations contained in Paragraph 187 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

188.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188.

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189.

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191.

192.    Denies the allegations contained in Paragraph 192 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

193.    Denies the allegations in Paragraph 193 to the extent such allegations are directed against Bear Stearns, except upon information and belief admits that Bear Stearns was a

member of the International Swaps & Derivatives Association and the Securities Industry and Financial Markets Association ("SIMFA), and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties. Bear Stearns refers to ISDA's website for the full content and context of statements made therein, and refers to SIFMA's website for the full content and context of statements made therein.

194. Denies the allegations contained in Paragraph 194 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 194. Bear Stearns refers to IMN's website for the true and complete content of statements made therein.

195. Denies the allegations contained in the first sentence of Paragraph 195 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 195.

196. Denies the allegations contained in Paragraph 196 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

197. Denies the allegations contained in Paragraph 197 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties. Bear Stearns refers to the *Bond Buyer* article, dated November 21, 2006, for the true and complete content thereof.

198. Denies the allegations contained in Paragraph 198 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

199. Denies the allegations contained in Paragraph 199 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and refers to the statements of Anderson and Scott referenced in said Paragraph for the true and complete content thereof.

200. Denies the allegations contained in Paragraph 200 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and refers to the statements of Anderson referenced in said Paragraph for the true and complete content thereof.

201. Denies the allegations contained in Paragraph 201 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and refers to the statements of Born referenced in said Paragraph for the true and complete content thereof.

202. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202.

203. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203.

204. Denies the allegations contained in Paragraph 204 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

205. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205, except upon information and belief admits that the Department of Justice's Antitrust Division has been investigating the bidding or sale of guaranteed investment contracts and derivatives to municipal issuers.

206. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206.

207. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207, except admits that Bear Stearns has received a subpoena from the Department of Justice's Antitrust Division, which requests information dating back to 1992, and refers to the subpoena for the true and complete contents thereof.

208. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208, except admits that Bear Stearns has received a subpoena from the Department of Justice's Antitrust Division, which requests information dating back to 1992, and refers to the subpoena for the true and complete contents thereof.

209. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209, except admits that Bear Stearns has received governmental subpoenas.

210. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210.

211.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211, except admits that Marsh and Salvadore are former employees of Bear Stearns and that upon information and belief disclosures have been made to the Financial Industry Regulatory Authority indicating that each individual received a letter from the Department of Justice stating that he is a target of a grand jury investigation.

212.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212, except refers to the March 3, 2008 *Bond Buyer* article for the true and complete content thereof.

213.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, except refers to Bank of America's February 9, 2007 announcement for the true and complete content thereof.

214.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214, except refers to Bank of America's February 9, 2007 press release for the true and complete content thereof.

215.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215.

216.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216, except refers to Bank of America's February 27, 2009 SEC Form 10-K for the true and complete content thereof.

217.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217, except admits that Bear Stearns has received investigative requests from certain state attorneys general.

218.     Denies knowledge or information sufficient to form a belief as to the truth

36

of the allegations contained in Paragraph 218.

219.     Denies the allegations contained in Paragraph 219 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

220.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220, except refers to Bank of America's 2009 SEC filing for the true and complete content thereof.

221.     Denies the allegations contained in Paragraph 221 to the extent such allegations are directed against Bear Stearns, except admits that Salvadore left Bear Stearns in July of 2008, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

222.     Denies the allegations contained in Paragraph 222 and the footnote thereto to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph and the footnote thereto insofar as they relate to other parties.

223.     States that the allegations contained in Paragraph 223 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 223 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

224.     Denies the allegations contained in Paragraph 224 to the extent such

allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

225.    Denies the allegations contained in Paragraph 225 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

226.    States that the allegations contained in Paragraph 226 constitute legal conclusions as to which no responsive pleading is required.  To the extent any response may be required, Bear Stearns admits Plaintiffs purport to bring this action under the provisions referred to in said Paragraph but denies that the requirements for class certification have been met in this case.

227.    States that the allegations contained in Paragraph 227 constitute legal conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 227 to the extent such allegations are directed against Bear Stearns, denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and denies that the requirements for class certification have been met in this case.

228.    States that the allegations contained in Paragraph 228 constitute legal conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228, and denies that the requirements for class certification have been met in this case.

229. States that the allegations contained in Paragraph 229 constitute legal conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 229.

230. States that the allegations contained in Paragraph 230 constitute legal conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230, and denies that the requirements for class certification have been met in this case.

231. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231.

232. States that the allegations contained in Paragraph 232 constitute legal conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232, and denies that the requirements for class certification have been met in this case.

233. States that the allegations contained in Paragraph 233 constitute legal conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 233.

234. States that the allegations contained in Paragraph 234 constitute legal conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 234.

235. States that the allegations contained in Paragraph 235 constitute legal conclusions as to which no responsive pleading is required. To the extent that any response may

be required, Bear Stearns denies the allegations contained in Paragraph 235 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

236.     States that the allegations contained in Paragraph 236 constitute legal conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 236 to the extent such allegations are directed against Bear Stearns, except admits that Bear Stearns from time to time during some portion of the Class Period participated in various transactions that Plaintiffs group together as "Municipal Derivatives," and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

237.     States that the allegations contained in Paragraph 237 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 237.

238.     States that the allegations contained in Paragraph 238 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns states that Plaintiffs purport to allege a claim under Section 1 of the Sherman Act (15 U.S.C. § 1), and denies that Plaintiffs have any valid claim against it.

239.     States that the allegations contained in Paragraph 239 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 239 to the extent such allegations are directed against Bear Stearns and denies knowledge or information

sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

240.    States that the allegations contained in Paragraph 240 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 240 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

241.    States that the allegations contained in Paragraph 241 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns states that Plaintiffs purport to seek to recover treble damages and the costs of this suit under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, and denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in Paragraph 241.

242.    Answers the allegations in Paragraph 242 in accordance with its answers to the allegations in Paragraphs 1 through 241, inclusive, set forth above.  Bear Stearns further denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

243.    States that the allegations contained in Paragraph 243 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 243 to the extent such allegations are directed against Bear Stearns, denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and denies that Plaintiffs are entitled to bring this action individually or on

behalf of others.

244.     States that the allegations contained in Paragraph 244 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 244 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

245.     States that the allegations contained in Paragraph 245 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 245 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

246.     States that the allegations contained in Paragraph 246 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 246 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

247.     States that the allegations contained in Paragraph 247 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 247 to the extent such allegations are directed against Bear Stearns and denies knowledge or information

sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

248.    States that the allegations contained in Paragraph 248 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 248 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

249.    States that the allegations contained in Paragraph 249 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent that any response may be required, Bear Stearns states that Plaintiffs purport to seek treble damages and the costs of this suit under Section 16750(a) of the California Business and Professions Code, and denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in Paragraph 249.

250.    Answers the allegations in Paragraph 250 in accordance with its answers to the allegations in Paragraphs 1 through 249, inclusive, set forth above.  Bear Stearns further denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

251.    States that the allegations contained in Paragraph 251 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  To the extent that any further response may be required, Bear Stearns denies the allegations contained in Paragraph 251 to the extent such allegations are directed against Bear Stearns, denies knowledge or information

sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, and denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

252.     States that the allegations contained in Paragraph 252 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  To the extent that any further response may be required, Bear Stearns denies the allegations contained in Paragraph 252 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

253.     States that the allegations contained in Paragraph 253 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  To the extent that any further response may be required, Bear Stearns denies the allegations contained in Paragraph 253 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

254.     States that the allegations contained in Paragraph 254 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  To the extent that any further

response may be required, Bear Stearns denies the allegations contained in Paragraph 254 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

255.    States that the allegations contained in Paragraph 255 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent that any further response may be required, Bear Stearns denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in Paragraph 255.

256.    States that the allegations contained in Paragraph 256 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent that any further response may be required, Bear Stearns denies the allegations contained in Paragraph 256 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

257.    States that the allegations contained in Paragraph 257 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent that any further response may be required, Bear Stearns denies the allegations contained in Paragraph 257 to the

extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

258.     States that the allegations contained in Paragraph 258 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  To the extent that any further response may be required, Bear Stearns denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in Paragraph 258.

259.     Answers the allegations in Paragraph 259 in accordance with its answers to the allegations in Paragraphs 1 through 258, inclusive, set forth above.  Bear Stearns further denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

260.     States that the allegations contained in Paragraph 260 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that the Court dismissed Plaintiffs' Fourth Claim for Relief (Paragraphs 259-262) for violations of the California False Claims Act, Cal. Gov. Code § 12650, *et seq.*, to the extent brought on behalf of other entities.  To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 260 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

261.     States that the allegations contained in Paragraph 261 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that the Court dismissed Plaintiffs' Fourth Claim for Relief (Paragraphs 259-262) for violations of the

California False Claims Act, Cal. Gov. Code § 12650, *et seq.*, to the extent brought on behalf of other entities. To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 261 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

262. States that the allegations contained in Paragraph 262 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that the Court dismissed Plaintiffs' Fourth Claim for Relief (Paragraphs 259-262) for violations of the California False Claims Act, Cal. Gov. Code § 12650, *et seq.*, to the extent brought on behalf of other entities. To the extent that any response may be required, Bear Stearns states that Plaintiffs purport to seek treble damages and the costs of this suit and other penalties under Section 12651(a) of the California Government Code, and denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in Paragraph 262.

263. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263, except denies that Bear Stearns participated in any conspiracy or collusion alleged in the JSAC.

264. States that the allegations contained in Paragraph 264 constitute legal or other conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264, except denies that Bear Stearns participated in any conspiracy or collusion alleged in the JSAC, and refers to the December 22, 2006 *Bond Buyer* article for the true and complete content thereof.

265. States that the allegations contained in Paragraph 265 constitute legal or

other conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies the allegations contained in Paragraph 265 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

266. States that the allegations contained in Paragraph 266 constitute legal or other conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266, except denies that Bear Stearns participated in any conspiracy or collusion alleged in the JSAC.

267. States that the allegations contained in Paragraph 267 constitute legal or other conclusions as to which no responsive pleading is required. To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267, except denies that Bear Stearns participated in any conspiracy or collusion alleged in the JSAC.

268. Denies the allegations contained in Paragraph 268 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

269. Avers that the IRS regulations to which the first sentence of Paragraph 269 refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith. Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second

sentence of Paragraph 269.

270.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270.

271.     Denies the allegations contained in Paragraph 271 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

272.     Denies the allegations contained in Paragraph 272 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

273.     Denies the allegations contained in Paragraph 273 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refers to the December 22, 2006 *Bond Buyer* article and the December 7, 2006 Bloomberg article for the true and complete content thereof.

274.     States that the allegations contained in Paragraph 274 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274, except denies that Bear Stearns participated in any conspiracy or collusion alleged in the JSAC.

275.     States that the allegations contained in Paragraph 275 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be

required, Bear Stearns denies the allegations contained in Paragraph 275 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

276.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276.

277.     Denies the allegations contained in Paragraph 277 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties.

278.     Denies the allegations contained in Paragraph 278 to the extent such allegations are directed against Bear Stearns and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said Paragraph insofar as they relate to other parties, except refers to the November 17, 2006 *Bond Buyer* article and the May 18, 2007 Bloomberg news report for the true and complete content thereof.

279.     States that the allegations contained in Paragraph 279 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Bear Stearns denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279, except denies that Bear Stearns participated in any conspiracy or collusion alleged in the JSAC.

Bear Stearns denies all allegations contained in the JSAC (including headings, and the "Prayer for Relief") not specifically admitted above and denies that Plaintiffs are entitled to any relief in this action.

# AFFIRMATIVE DEFENSES

Bear Stearns states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs:

## FIRST AFFIRMATIVE DEFENSE

The JSAC fails to state a claim against Bear Stearns upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered any cognizable antitrust injury.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered injury in fact.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not appropriate class representatives.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are improperly joined because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and/or do not involve any questions of law or fact common to all Plaintiffs or to all Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the putative class representatives lack Article III standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, failure to mitigate and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any and all of Bear Stearns' actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute

bona fide business practices, and were carried out in furtherance of Bear Stearns' legitimate business interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Bear Stearns is not liable for the acts of any other Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Bear Stearns was not responsible, through forces in the marketplace over which Bear Stearns has no control, or through acts or omissions on the part of one or more of the Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted and barred, in whole or in part, because Bear Stearns' alleged conduct has implied or express immunity from the antitrust laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded, in whole or in part, by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the JSAC has insufficiently alleged a product and geographic market, and is so vague and ambiguous as to deny Bear Stearns notice of the markets alleged by Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the JSAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no antitrust injury as the result of the alleged conduct because they had no right to earn arbitrage on any investment of the proceeds from the issuance of tax-exempt bonds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent that Bear Stearns is deemed to have joined any conspiracy alleged in the JSAC, it withdrew from such conspiracy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Bear Stearns did not engage in any materially deceptive trade conduct with respect to the Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not detrimentally rely on any alleged deceptive trade conduct by Bear Stearns.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the events alleged took place outside the state of California without impact on California residents.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under Cal. Bus. & Prof. Code §§ 16700 and 17200, *et seq.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under Cal. Bus. & Prof. Code §§ 17200, *et seq.*

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state false claims act claims, in whole or in part, under Cal. Gov. Code §§ 12650, *et seq.*

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the Plaintiffs in this case would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and of Article I, Section 17 of the California Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action for alleged violations of Cal. Bus. & Prof. Code §§ 16700, *et seq.*, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and Cal. Gov. Code §§ 12650, *et seq.*, are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of Bear Stearns occurring outside of California.

## THIRTIETH AFFIRMATIVE DEFENSE

Any award of treble damages, punitive damages and/or restitution pursuant to Cal. Bus. & Prof. Code §§ 16700, *et seq.*, would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have the right to bring a suit on behalf of certain entities they purport to represent in this lawsuit.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' purported class claims are barred, in whole or in part, because they were not asserted by Interim Lead Class Counsel.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorneys' fees are barred by Cal. Code Civ. Proc. § 1021.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' California False Claims Act claims are barred, in whole or in part, because Bear Stearns has not made any false claims for payment directed to any Plaintiffs.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Bear Stearns hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Bear Stearns may share in such defense.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Bear Stearns has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Bear Stearns reserves the right to amend or seek to amend its answer and/or affirmative defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Bear Stearns prays as follows:

1. That this action be dismissed with prejudice and that Plaintiffs take nothing by their JSAC;

2. That judgment be entered in favor of Bear Stearns and against Plaintiffs with respect to the causes of action asserted in the JSAC;

3. That the Court award Bear Stearns reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and

4. That the Court award such other relief as may be appropriate.

## JURY DEMAND

Pursuant to the Seventh Amendment and Rule 38(b) of the Federal Rules of Civil Procedure, Bear Stearns demands a trial by jury of all issues so triable.

Dated:  June 10, 2010

By: /s/ Joseph F. Wayland

   Joseph F. Wayland
   Ryan A. Kane
   Peri L. Zelig
   SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
   New York, New York 10017
   Tel: (212) 455-2000
   Fax: (212) 455-2502
   *Counsel for Bear, Stearns & Co., Inc.*

## CERTIFICATE OF SERVICE

I, Ryan A. Kane, hereby certify that on June 10, 2010, I caused the attached *Bear, Stearns & Co., Inc.'s Answer to Joint Second Amended Class Action Complaint* to be served upon the attorney of record for each party by transmission through the Court's electronic filing system.

/s/ Ryan A. Kane
Ryan A. Kane