UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG) |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | DEFENDANT SOUND CAPITAL MANAGEMENT, INC.'S ANSWER TO THE JOINT SECOND AMENDED CLASS ACTION COMPLAINT |

Defendant, Sound Capital Management, Inc. ("Sound Capital") answers the allegations of the Joint Second Amended Class Action Complaint ("JSAC") in the above captioned action, dated December 15, 2009, as set forth below. Unless otherwise stated, Sound Capital answers with knowledge as to itself and upon information and belief as to all other Parties. Sound Capital expressly denies that it engaged in any conspiracy or other wrongdoing assumed, implied or alleged in any of the averments contained in the JSAC.

1.      States that the averments contained in paragraph 1 constitute legal or other conclusions as to which no response is required. To the extent a response may be required, Sound Capital denies the allegations contained in paragraph 1.

2.      Denies the averments contained in paragraph 2 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 with respect to the other Defendants.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 and respectfully refers the Court to the presentation available on the DOJ's website for the contents thereof.

6. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 except admits that other plaintiffs have filed a Second Consolidated Amended Class Action Complaint in this litigation.

7. States that the averments contained in the first sentence of paragraph 7 constitute legal or other conclusions as to which no response is required. Denies the remaining averments contained in paragraph 7 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 with respect to the other Defendants.

8. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 8. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 8 with respect to the other Defendants and denies that Sound Capital "issued and/or sold" municipal derivatives "at all relevant times." Denies the remaining averments contained in paragraph 8 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 8 with respect to the other Defendants.

9. Paragraph 9 contains legal conclusions, to which Sound Capital is not required to admit or deny. To the extent there are factual averments contained in paragraph 9,

Sound Capital denies those factual averments as they relate to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of any factual averments as they relate to any other parties.

10. Paragraph 10 contains legal conclusions, to which Sound Capital is not required to admit or deny.

11. Denies the averments contained in paragraph 11 with respect to Sound Capital, except admits that Sound Capital resided and/or transacted business in this district and/or had agents in this district during some portions of the Class Period. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 with respect to the other Defendants. To the extent that paragraph 11 contains legal conclusions, Sound Capital is not required to admit or deny those legal conclusions.

12. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first, second, and third sentences of paragraph 12. Denies the averments contained in the fourth sentence of paragraph 12 to the extent such averments are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments in the fourth sentence of paragraph 12 with respect to the other Defendants. Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first, second and third sentences of paragraph 13. Denies the averments contained in the fourth sentence of paragraph 13 to the extent such averments are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments in the fourth sentence of paragraph 13 with respect to the other

Defendants. Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first, second and third sentences of paragraph 14. Denies the averments contained in the fourth sentence of paragraph 14 to the extent such averments are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments in the fourth sentence of paragraph 14 with respect to the other Defendants. Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first, second, third, and fourth sentences of paragraph 15. Denies the averments contained in the fifth sentence of paragraph 15 to the extent such averments are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments in the fourth sentence of paragraph 15 with respect to the other Defendants. Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 15.

16. Plaintiffs assert no factual averments in paragraph 16, and therefore this paragraph requires no response. To the extent any response is required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23

24.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25

26.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26.

27.     Plaintiffs assert no factual averments in paragraph 27, and therefore this paragraph requires no response.  To the extent any response is required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30, and respectfully refers the Court to the text of the indictment referenced in paragraph 30 for the contents thereof.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32.

33.     Admits the averments contained in the first sentence of paragraph 33. Regarding the second sentence of paragraph 33, admits only that Sound Capital acted as a broker for municipal derivatives during some portion of the Class Period.

34.     Plaintiffs assert no factual averments in paragraph 34, and therefore this paragraph requires no response.  To the extent any response is required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45.

46.     Plaintiffs assert no factual averments in paragraph 46 and therefore this paragraph requires no response.  To the extent any response is required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 48.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 49.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52.

53.     Plaintiffs assert no factual averments in paragraph 53 and therefore this paragraph requires no response.  To the extent any response is required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 53.

54.     Plaintiffs assert no factual averments in paragraph 54 and therefore this paragraph requires no response.  To the extent any response is required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 54.

55.     Plaintiffs assert no factual averments in paragraph 55 and therefore this paragraph requires no response.  To the extent any response is required, Sound Capital denies

knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 55.

56.     The averments contained in paragraph 56 are overly generalized and simplistic and are therefore denied.

57.     The averments contained in paragraph 57 are overly generalized and simplistic and are therefore denied.

58.     The averments contained in paragraph 58 are overly generalized and simplistic and are therefore denied.

59.     The averments contained in paragraph 59 are overly generalized and simplistic and are therefore denied.

60.     The averments contained in paragraph 60 are overly generalized and simplistic and are therefore denied.

61.     The averments contained in paragraph 61 are overly generalized and simplistic and are therefore denied.

62.     The averments contained in paragraph 62 are overly generalized and simplistic and are therefore denied.

63.     The averments contained in paragraph 63 are overly generalized and simplistic and are therefore denied.

64.     The averments contained in paragraph 64 are overly generalized and simplistic and are therefore denied.

65.     The averments contained in paragraph 65 are overly generalized and simplistic and are therefore denied.

66. The averments contained in paragraph 66 are overly generalized and simplistic and are therefore denied.

67. The averments contained in paragraph 67 are overly generalized and simplistic and are therefore denied.

68. The averments contained in paragraph 68 are overly generalized and simplistic and are therefore denied.

69. The averments contained in paragraph 69 are overly generalized and simplistic and are therefore denied.

70. The averments contained in paragraph 70 are overly generalized and simplistic and are therefore denied.

71. The averments contained in paragraph 71 are overly generalized and simplistic and are therefore denied.

72. The averments contained in paragraph 72 are overly generalized and simplistic and are therefore denied.

73. The averments contained in paragraph 73 are overly generalized and simplistic and are therefore denied.

74. The averments contained in paragraph 74 are overly generalized and simplistic and are therefore denied.

75. The averments contained in paragraph 75 are overly generalized and simplistic and are therefore denied.

76. The averments contained in paragraph 76 are overly generalized and simplistic and are therefore denied.

77.     The averments contained in paragraph 77 are overly generalized and simplistic and are therefore denied.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 78.

79.     The averments contained in paragraph 79 are overly generalized and simplistic and are therefore denied.

80.     The averments contained in paragraph 80 are overly generalized and simplistic and are therefore denied.

81.     The averments contained in paragraph 81 are overly generalized and simplistic and are therefore denied.

82.     The averments contained in paragraph 82 are overly generalized and simplistic and are therefore denied.

83.     The averments contained in paragraph 83 are overly generalized and simplistic and are therefore denied.

84.     The averments contained in paragraph 84 are overly generalized and simplistic and are therefore denied.

85.     The averments contained in paragraph 85 are overly generalized and simplistic and are therefore denied.

86.     The averments contained in paragraph 86 are overly generalized and simplistic and are therefore denied.

87.     The averments contained in paragraph 87 are overly generalized and simplistic and are therefore denied.

88.     The averments contained in paragraph 88 are overly generalized and simplistic and are therefore denied.

89.     The averments contained in paragraph 89 are overly generalized and simplistic and are therefore denied.  Sound Capital respectfully refers the Court to the IRS regulations that govern municipal bonds for the contents thereof.

90.     The averments contained in paragraph 90 are overly generalized and simplistic and are therefore denied.

91.     The averments contained in paragraph 91 are overly generalized and simplistic and are therefore denied.

92.     The averments contained in paragraph 92 are overly generalized and simplistic and are therefore denied.

93.     The averments contained in paragraph 93 are overly generalized and simplistic and are therefore denied.

94.     The averments contained in paragraph 94 are overly generalized and simplistic and are therefore denied.  Sound Capital respectfully refers the Court to the IRS regulations that govern municipal bonds for the contents thereof.

95.     The averments contained in paragraph 95 are overly generalized and simplistic and are therefore denied.  Sound Capital respectfully refers the Court to the IRS regulations that govern municipal bonds for the contents thereof.

96.     The averments contained in paragraph 96 are overly generalized and simplistic and are therefore denied.  Sound Capital respectfully refers the Court to the IRS regulations that govern municipal bonds for the contents thereof.

97.     The averments contained in paragraph 97 are overly generalized and simplistic and are therefore denied.  Sound Capital respectfully refers the Court to the IRS regulations that govern municipal bonds for the contents thereof.

98.     The averments contained in paragraph 98 are overly generalized and simplistic and are therefore denied.  Sound Capital respectfully refers the Court to the IRS regulations that govern municipal bonds for the contents thereof.

99.     Denies the averments contained in paragraph 99 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 99 with respect to the other Defendants.

100.    Denies the averments contained in paragraph 100 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100 with respect to the other Defendants.

101.    Denies the averments contained in paragraph 101 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 101 with respect to the other Defendants.

102.    Denies the averments contained in paragraph 102 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 102 with respect to the other Defendants.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 103.  Sound Capital respectfully refers the Court to the complaint referenced in paragraph 103 for the contents thereof.

104.	Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 104, except acknowledges that Plaintiffs refer to a confidential witness as "CW" throughout the "Consolidated Complaint".

105.	Denies the averments contained in the first sentence of paragraph 105 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 105 with respect to the other Defendants. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 105.

106.	Denies the averments contained in paragraph 106 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 106 with respect to the other Defendants.

107.	Denies the averments contained in paragraph 107 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 107 with respect to the other Defendants.

108.	Denies the averments contained in paragraph 108 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 108 with respect to the other Defendants.

109.	Denies the averments contained in paragraph 109 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 109 with respect to the other Defendants.

110.	Denies the averments contained in paragraph 110 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 110 with respect to the other Defendants.

111.   Denies the averments contained in paragraph 111 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 111 with respect to the other Defendants.

112.   Denies the averments contained in paragraph 112 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 112 with respect to the other Defendants.

113.   Denies the averments contained in paragraph 113 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 113 with respect to the other Defendants.

114.   Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 114, including subparts (a)-(r), except denies that Sound Capital engaged in illegal communications or conduct to restrain competition, and also denies that Sound Capital or Johan Rosenberg of Sound Capital participated in unlawful collusive discussions with any of the individuals listed in paragraph 114(a)-(r).

115.   Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 115, including subparts (a)-(g), except denies that Sound Capital was involved in any illegal agreement, understanding or conspiracy.  Admits paragraph 115(d) only in that Johan Rosenberg is President of Sound Capital.  Denies that Johan Rosenberg was formerly a Vice-President of Sound Capital.  Denies the remaining averments contained in paragraph 115 with respect to Sound Capital or Johan Rosenberg and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 115 with respect to the other Defendants.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 116, and respectfully refers the Court to the text of the indictment referenced in paragraph 116 for the contents thereof.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 117, and respectfully refers the Court to the text of the indictment referenced in paragraph 117 for the contents thereof.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 118, and respectfully refers the Court to the text of the indictment referenced in paragraph 118 for the contents thereof.

119.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 119, and respectfully refers the Court to the text of the indictment referenced in paragraph 119 for the contents thereof.

120.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 120, and respectfully refers the Court to the text of the indictment referenced in paragraph 120 for the contents thereof.

121.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 121, and respectfully refers the Court to the text of the indictment referenced in paragraph 121 for the contents thereof.

122.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 122, and respectfully refers the Court to the text of the indictment referenced in paragraph 122 for the contents thereof.

123.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 123, and respectfully refers the Court to the text of the indictment referenced in paragraph 123 for the contents thereof.

124.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 124, and respectfully refers the Court to the text of the indictment referenced in paragraph 124 for the contents thereof.

125.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 125, and respectfully refers the Court to the text of the indictment referenced in paragraph 125 for the contents thereof.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 126, and respectfully refers the Court to the text of the indictment referenced in paragraph 126 for the contents thereof.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 127, and respectfully refers the Court to the text of the indictment referenced in paragraph 127 for the contents thereof.

128.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 128, and respectfully refers the Court to the text of the indictment referenced in paragraph 128 for the contents thereof.

129.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 129, and respectfully refers the Court to the text of the indictment referenced in paragraph 129 for the contents thereof.

130. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 130, and respectfully refers the Court to the text of the indictment referenced in paragraph 130 for the contents thereof.

131. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 131, and respectfully refers the Court to the text of the indictment referenced in paragraph 131 for the contents thereof.

132. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 132, and respectfully refers the Court to the text of the indictment referenced in paragraph 132 for the contents thereof.

133. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 133, and respectfully refers the Court to the text of the indictment referenced in paragraph 133 for the contents thereof.

134. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 134, and respectfully refers the Court to the text of the indictment referenced in paragraph 134 for the contents thereof.

135. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 135, and respectfully refers the Court to the text of the indictment referenced in paragraph 135 for the contents thereof.

136. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 136, and respectfully refers the Court to the text of the indictment referenced in paragraph 136 for the contents thereof.

137.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 137, and respectfully refers the Court to the text of the indictment referenced in paragraph 137 for the contents thereof.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 138, and respectfully refers the Court to the text of the indictment referenced in paragraph 138 for the contents thereof.

139.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 139, and respectfully refers the Court to the text of the indictment referenced in paragraph 139 for the contents thereof.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 140, and respectfully refers the Court to the text of the indictment referenced in paragraph 140 for the contents thereof.

141.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 141, and respectfully refers the Court to the text of the indictment referenced in paragraph 141 for the contents thereof.

142.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 142, and respectfully refers the Court to the text of the indictment referenced in paragraph 142 for the contents thereof.

143.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 143, and respectfully refers the Court to the text of the indictment referenced in paragraph 143 for the contents thereof.

144.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 144, and respectfully refers the Court to the text of the indictment referenced in paragraph 144 for the contents thereof.

145.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 145, and respectfully refers the Court to the text of the indictment referenced in paragraph 145 for the contents thereof.

146.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 146.

147.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 147, and respectfully refers the Court to the text of the Consolidated Complaint referenced in paragraph 147 for the contents thereof.

148.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 148.

149.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 149.

150.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 150.

151.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 151.

152.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 152.

153.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 153.

154. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 154.

155. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 155.

156. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 156.

157. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 157.

158. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 158, except denies that Sound Capital or Johan Rosenberg engaged in any collusive conduct or solicited or "had a practice of" soliciting "sham bids".

159. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 159, except denies that Sound Capital rigged bids, allocated customers or submitted sham courtesy bids.

160. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 160.

161. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 161.

162. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 162.

163. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 163.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 164.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 165.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 166.

167.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 167.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 168.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 169.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 170, except denies that Sound Capital engaged in any collusive conduct.  Further answering paragraph 170, Sound Capital denies that it brokered any deals involving the County of Santa Barbara, California, or Williams County.

171.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 171.

172.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 172.

173.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 173.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 174.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 175.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 176.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 177.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 178.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 179.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 180.

181.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 181.

182.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 182, except denies that Sound Capital participated in an illegal conspiracy or engaged in any collusive conduct.  Further answering paragraph 182, Sound Capital denies that it submitted "market pricing letters" when it "knew that market prices were premised on collusive activities."

183.    Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 183.

184. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 184.

185. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 185.

186. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 186.

187. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 187.

188. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 188.

189. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 189.

190. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 190.

191. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 191.

192. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 192.

193. Denies knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 193, except denies that Sound Capital facilitated a conspiracy through contacts at trade associations or engaged in any collusive conduct.

194.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 194.

195.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 195, except admits that, on information and belief, Julie Hughes was present at the Bond Buyer Derivatives/Short Term Finance Institute in June of 2006. Further answering paragraph 195, denies that Sound Capital or Julie Hughes facilitated a conspiracy through contacts at trade associations or engaged in any collusive conduct.

196.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 196.

197.     Denies the averments contained in paragraph 197 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 197 with respect to the other Defendants and alleged co-conspirators and respectfully refers the Court to the *Bond Buyer* article, dated November 21, 2006, for the contents thereof.

198.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 198.

199.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 199.

200.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 200.

201.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 201.

202.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 202.

203.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 203.

204.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 204, except denies that Sound Capital violated IRS regulations concerning arbitrage, IRS regulations governing GIC bidding or the federal antitrust laws.

205.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 205.

206.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 206, except admits that the FBI executed a search warrant on Sound Capital on November 15, 2006.

207.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 207, except admits that Sound Capital was served with a subpoena in connection with the investigation referenced in paragraph 207.

208.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 208, except admits that Sound Capital was served with a subpoena in connection with the investigation referenced in paragraph 208.

209.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 209, except admits that Sound Capital was served with a subpoena in connection with the investigation referenced in paragraph 209.

210. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 210.

211. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 211.

212. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 212 and respectfully refers the Court to the *Bond Buyer* article, dated March 2, 2008, for the contents thereof.

213. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 213.

214. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 214 and respectfully refers the Court to Bank of America's February 9, 2007 press release for the contents thereof.

215. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 215.

216. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 216 and respectfully refers the Court to Bank of America's SEC Form 10-K, dated February 27, 2009, for the contents thereof.

217. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 217, except admits that Sound Capital received investigative requests from state attorneys general.

218. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 218, except admits that Sound Capital received information requests from the Connecticut and Florida state attorneys general.

219.     Denies the averments contained in paragraph 219 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 219 with respect to the other Defendants and alleged co-conspirators.

220.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 220 and respectfully refers the Court to Bank of America's 2009 SEC filing for the contents thereof.

221.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 221, except admits that Johan Rosenberg remains employed by Sound Capital.

222.     Without admitting that Sound Capital was ever part of any conspiracy (and Sound Capital expressly denies ever being part of any conspiracy), denies the averments contained in paragraph 222 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 222 with respect to the other Defendants and alleged co-conspirators.

223.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 223, except denies that Sound Capital is a party to any municipal derivatives transactions that are ongoing.

224.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 224.

225.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 225.

226.     Admits that plaintiffs purport to bring this action on their own behalf and on behalf of a Class under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure as alleged in paragraph 226 but denies that the requirements for a class action have been met in this case.

227.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 227.

228.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 228.

229.     Denies the averments contained in paragraph 229.

230.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 230.

231.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 231.

232.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 232.

233.     Denies the averments contained in paragraph 233 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 233 with respect to the other Defendants and alleged co-conspirators.

234.     Denies the averments contained in paragraph 234.

235.     Denies the existence of any conspiracy, but admits that certain municipal derivatives transactions affect interstate commerce.

236. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 236 with respect to the other Defendants and alleged co-conspirators and denies the averments contained in paragraph 236 with respect to Sound Capital, except admits that Sound Capital brokered certain municipal derivatives during some portion of the Class Period to counterparties in states where Sound Capital was not a citizen.

237. Denies the averments contained in paragraph 237, except admits that certain municipal derivatives transactions have an effect on United States commerce.

238. Denies the averments contained in paragraph 238 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 238 with respect to the other Defendants and alleged co-conspirators, except admits that plaintiffs have purported to sue the Defendants for an alleged violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

239. Denies the averments contained in paragraph 239 with respect to Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 239 with respect to the other Defendants and alleged co-conspirators.

240. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 240, except denies that Sound Capital participated in any combination or conspiracy or caused Plaintiffs and/or members of the purported class any injury to their business or property.

241. Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 241 with respect to purported injuries to Plaintiffs or the alleged Class members, except denies that Sound Capital caused any purported injuries to

Plaintiffs or the alleged Class members and recognizes that Plaintiffs purport to seek to recover treble damages and the costs of this suit, including reasonable attorneys' fees pursuant Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26 but deny that they are entitled to any of those remedies from Sound Capital.

242.    Answers the allegations in paragraph 242 in accordance with its answers to the allegations in paragraphs 1 through 241, inclusive, set forth above.  Sound Capital further denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

243.    States that the allegations contained in paragraph 243 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 243 to the extent such allegations are directed against Sound Capital, denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties, and denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

244.    States that the allegations contained in paragraph 244 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 244 to the extent such allegations are directed against Sound Capital, denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

245.    States that the allegations contained in paragraph 245 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 245 to the extent

such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

246.     States that the allegations contained in paragraph 246 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 246 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

247.     States that the allegations contained in paragraph 247 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 247 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

248.     States that the allegations contained in paragraph 248 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 248 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

249.     States that the allegations contained in paragraph 249 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response

may be required, Sound Capital states that Plaintiffs purport to seek treble damages and the costs of this suit under Section 16750(a) of the California Business and Professions Code, and denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in paragraph 249.

250.    Answers the allegations in paragraph 250 in accordance with its answers to the allegations in paragraphs 1 through 249, inclusive, set forth above.  Sound Capital further denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

251.    States that the allegations contained in paragraph 251 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  To the extent any further response may be required, Sound Capital denies the allegations contained in paragraph 251 to the extent such allegations are directed against Sound Capital, denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties, and denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

252.    States that the allegations contained in paragraph 252 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  To the extent any further response may be required, Sound Capital denies the allegations contained in paragraph 252 to the extent such allegations are directed against Sound Capital and denies knowledge or information

sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

253. States that the allegations contained in paragraph 253 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent any further response may be required, Sound Capital denies the allegations contained in paragraph 253 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

254. States that the allegations contained in paragraph 254 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent any further response may be required, Sound Capital denies the allegations contained in paragraph 254 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

255. States that the allegations contained in paragraph 255 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent any further response

may be required, Sound Capital denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in paragraph 255.

256. States that the allegations contained in paragraph 256 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent any further response may be required, Sound Capital denies the allegations contained in paragraph 256 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

257. States that the allegations contained in paragraph 257 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent any further response may be required, Sound Capital denies the allegations contained in paragraph 257 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

258. States that the allegations contained in paragraph 258 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that Plaintiffs have voluntarily dismissed their Third Claim for Relief (paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.* To the extent any further response

may be required, Sound Capital denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in paragraph 258.

259.    Answers the allegations in paragraph 259 in accordance with its answers to the allegations in paragraphs 1 through 258, inclusive, set forth above.  Sound Capital further denies that Plaintiffs are entitled to bring this action individually or on behalf of others.

260.    States that the allegations contained in paragraph 260 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that the Court dismissed Plaintiffs' Fourth Claim for Relief (paragraphs 259-262) for violations of the California False Claims Act, Cal. Gov. Code § 12650, *et seq.*, to the extent brought on behalf of other entities.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 260 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

261.    States that the allegations contained in paragraph 261 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that the Court dismissed Plaintiffs' Fourth Claim for Relief (paragraphs 259-262) for violations of the California False Claims Act, Cal. Gov. Code § 12650, *et seq.*, to the extent brought on behalf of other entities.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 261 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

262.    States that the allegations contained in paragraph 262 constitute legal or other conclusions as to which no responsive pleading is required, and further avers that the Court

dismissed Plaintiffs' Fourth Claim for Relief (paragraphs 259-262) for violations of the California False Claims Act, Cal. Gov. Code § 12650, *et seq.*, to the extent brought on behalf of other entities.  To the extent any response may be required, Sound Capital states that Plaintiffs purport to seek treble damages and the costs of this suit and other penalties under Section 12651(a) of the California Government Code, and denies that Plaintiffs have any valid claim against it or are entitled to any of the remedies stated in paragraph 262.

263.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263, except denies that Sound Capital participated in any conspiracy or collusion alleged in the JSAC.

264.    States that the allegations contained in paragraph 264 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264, except denies that Sound Capital participated in any conspiracy or collusion alleged in the JSAC, and refers to the December 22, 2006 Bond Buyer article for the true and complete content thereof.

265.    States that the allegations contained in paragraph 265 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response may be required, Sound Capital denies the allegations contained in paragraph 265 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

266.    States that the allegations contained in paragraph 266 constitute legal or other conclusions as to which no responsive pleading is required.  To the extent any response

may be required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 266, except denies that Sound Capital participated in any conspiracy or collusion alleged in the JSAC.

267. States that the allegations contained in paragraph 267 constitute legal or other conclusions as to which no responsive pleading is required. To the extent any response may be required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267, except denies that Sound Capital participated in any conspiracy or collusion alleged in the JSAC.

268. Denies the allegations contained in paragraph 268 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

269. Avers that the IRS regulations to which the first sentence of paragraph 269 refers speak for themselves, and refers to such regulations for the true and complete content thereof and denies any allegations inconsistent therewith. Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 269.

270. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270.

271. Denies the allegations contained in paragraph 271 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

272.    Denies the allegations contained in paragraph 272 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

273.    Denies the allegations contained in paragraph 273 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties, except refers to the December 22, 2006 Bond Buyer article and the December 7, 2006 Bloomberg article for the true and complete content thereof.

274.    States that the allegations contained in paragraph 274 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 274, except denies that Sound Capital participated in any conspiracy or collusion alleged in the JSAC.

275.    States that the allegations contained in paragraph 275 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Sound Capital denies the allegations contained in paragraph 275 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

276.    Denies the averments contained in paragraph 276 with respect to Sound Capital and Johan Rosenberg and denies knowledge or information sufficient to form a belief as

to the truth of the averments contained in paragraph 276 with respect to the other Defendants and alleged co-conspirators.

277.     Denies the allegations contained in paragraph 277 to the extent such allegations are directed against Sound Capital and denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph insofar as they relate to other parties.

278.     Denies knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 278 except denies that Sound Capital made any misleading press statements and respectfully refers the Court to the *Bond Buyer* article, dated November 17, 2006, for the contents thereof.

279.     States that the allegations contained in paragraph 279 constitute legal or other conclusions as to which no response is required.  To the extent that any response may be required, Sound Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279, except denies that Sound Capital participated in any conspiracy or collusion alleged in the JSAC.

Sound Capital further states to the extent that any averment which is asserted in the SCAC is not specifically admitted herein, such averment is hereby expressly denied.

In light of the fact that Sound Capital denies all of the substantive averments of wrongdoing with respect to Sound Capital contained in the JSAC, it denies that plaintiffs are entitled to any relief from Sound Capital, including the relief sought in paragraphs A-G of Plaintiffs Prayer for Relief.

## AFFIRMATIVE DEFENSES

Sound Capital sets forth below its affirmative defenses. By setting forth these affirmative defenses, Sound Capital does not assume the burden of proof for any issue, fact or element of a claim as to which applicable law places the burden on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The JSAC fails to state a claim against Sound Capital upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered any cognizable antitrust injury.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and have not suffered injury in fact.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of these alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not appropriate class representatives.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are improperly joined because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and/or do not involve any questions of law or fact common to all Plaintiffs or to all Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the putative class representatives lack Article III standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, failure to mitigate and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any and all of Sound Capital's actions challenged by Plaintiffs were lawful, justified, and pro-competitive, constitute

bona fide business practices, and were carried out in furtherance of Sound Capital's legitimate business interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Sound Capital is not liable for the acts of any other Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Sound Capital was not responsible, through forces in the marketplace over which Sound Capital has no control, or through acts or omissions on the part of one or more of the Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted and barred, in whole or in part, because Sound Capital's alleged conduct has implied or express immunity from the antitrust laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded, in whole or in part, by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the JSAC has insufficiently alleged a product and geographic market, and is so vague and ambiguous as to deny Sound Capital notice of the markets alleged by Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the JSAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no antitrust injury as the result of the alleged conduct because they had no right to earn arbitrage on any investment of the proceeds from the issuance of tax-exempt bonds.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, because to the extent that Sound Capital is deemed to have joined any conspiracy alleged in the JSAC, it withdrew from such conspiracy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Sound Capital did not engage in any materially deceptive trade conduct with respect to the Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not detrimentally rely on any alleged deceptive trade conduct by Sound Capital.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the events alleged took place outside the state of California without impact on California residents.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under Cal. Bus. & Prof. Code §§ 16700 and 17200, et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under Cal. Bus. & Prof. Code §§ 17200, et seq.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state false claims act claims, in whole or in part, under Cal. Gov. Code §§ 12650, et seq.,

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the Plaintiffs in this case would violate the Excessive Fines Clauses of the Eight Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and of Article I, Section 17 of the California Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action for alleged violations of Cal. Bus. & Prof. Code §§ 16700, et seq., Cal. Bus. & Prof. Code §§ 17200, et seq., and Cal. Gov. Code §§ 12650, et seq., are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of Sound Capital occurring outside of California.

## THIRTIETH AFFIRMATIVE DEFENSE

Any award of treble damages, punitive damages and/or restitution pursuant to Cal. Bus. & Prof. Code §§ 16700, et seq., would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have the right to bring a suit on behalf of certain entities they purport to represent in this lawsuit.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' purported class claims are barred, in whole or in part, because they were not asserted by Interim Lead Class Counsel.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorneys' fees are barred by Cal. Code Civ. Proc. § 1021.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' California False Claims Act claims are barred, in whole or in part, because Sound Capital has not made any false claims for payment directed to any Plaintiffs.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Sound Capital hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Sound Capital may share in such defense.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Sound Capital has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Sound Capital reserves the right to amend or seek to amend its answer and/or affirmative defenses.

**WHEREFORE**, Sound Capital prays for judgment against plaintiffs dismissing the JSAC with prejudice and granting such other relief as this Court may deem just and proper.

Dated: June 10, 2010
      Minneapolis, Minnesota

FREDRIKSON & BYRON, P.A.

By:  s/ Nicole M. Moen
John W. Lundquist
Nicole M. Moen
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
SOUND CAPITAL MANAGEMENT, INC.

4756672_1.DOC