UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

JOINT SECOND AMENDED CLASS
ACTION COMPLAINT

MDL No. 1950

Master Docket No. 08-02516 (VM)
(GWG)

**UBS AG'S AND UBS FINANCIAL
SERVICES, INC.'S ANSWER TO
JOINT SECOND AMENDED CLASS
ACTION COMPLAINT**

Defendant, UBS AG and UBS Financial Services, Inc. (collectively "UBS"),[1] through

their undersigned counsel, hereby answer and assert the following affirmative defenses to the

Joint Second Amended Class Action Complaint ("JSAC") filed by plaintiffs City of Oakland,

California, County of Alameda, California, City of Fresno, California, and Fresno County

Financing Authority (collectively, "Plaintiffs"):

## SPECIFIC RESPONSES

## NATURE OF THE CASE

1.      UBS admits that Plaintiffs purport to make the allegations contained in ¶

1.  UBS denies the allegations.  The allegations in the first two sentences of footnote 1 contain

statements to which no response is required.  The procedural history of these complaints is a

matter of public record, and UBS refers to these filings and denies anything inconsistent

---

[1] For ease of reference only, UBS uses the term "UBS" in this Answer to refer to UBS AG, UBS
Financial Services, Inc. or one or more subsidiaries or related entities.  UBS denies that these
entities are identical for purposes of this litigation.

therewith.  The last sentence of footnote 1 contains a legal statement to which no response is required, and on that basis is denied.

2.      UBS admits that the Complaint purports to arise out of the allegations contained in ¶ 2.  To the extent the allegations are intended to reference actions taken by or on behalf of UBS, UBS denies the allegations in ¶ 2.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 2 pertaining to other entities, and UBS therefore denies them.

3.      UBS admits that there are investigations by the Department of Justice ("DOJ"), the Securities and Exchange Commission ("SEC"), the IRS and certain state attorneys general relating to certain Municipal Derivatives products, and that UBS has received document subpoenas from the DOJ, the SEC, and state attorneys general relating to these investigations. UBS denies that the term "Municipal Derivatives" is an umbrella term that is used in the industry to describe the myriad types of financial instruments and transactions identified in the JSAC. Solely for ease of reference, in this Answer UBS will use the term "Municipal Derivatives" as defined in the JSAC; no agreement or waiver by such use is intended.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 3, and UBS therefore denies them.

4.      UBS admits that DOJ and FBI officials have made announcements concerning an investigation, including announcements that an indictment was returned against CDR and three former employees of CDR on or about October 29, 2009.  UBS denies any characterization of the announcements as they speak for themselves.  UBS denies all remaining allegations in ¶ 4.

5.     UBS admits that Bank of America has publicly stated that it entered into a Corporate Conditional Leniency Letter with the DOJ in connection with an investigation of certain Municipal Derivatives products.  UBS states that the purported statements by Mr. Hammond and the information allegedly taken from the DOJ's website referenced in ¶ 5 speak for themselves, and UBS denies any characterization of them or their applicability to Bank of America's Corporate Conditional Leniency Letter.   UBS denies all remaining allegations in ¶ 5.

6.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 6, and UBS therefore denies them.

7.     UBS admits that Plaintiffs purport to bring this case as a class action on behalf of the putative class alleged.  UBS denies that this case may be properly maintained as a class action.  UBS denies the allegations in the second and third sentences of ¶ 7 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second and third sentences of ¶ 7 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 7 and UBS therefore denies them.

8.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 8, and UBS therefore denies them.  UBS denies the remaining allegations in ¶ 8 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the allegations in ¶ 8 pertaining to other entities, and UBS therefore denies them.

## JURISDICTION AND VENUE

9.     Paragraph 9 is a legal statement to which no response is required, and on that basis UBS denies these allegations.

10.     Paragraph 10 is a legal statement to which no response is required, and on that basis UBS denies these allegations.

11.     Paragraph 11 is a legal statement to which no response is required, and on that basis UBS denies these allegations.

## PLAINTIFFS

12.     To the extent the allegations in ¶ 12 are intended to reference actions taken by or on behalf of UBS, UBS denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 12 pertaining to plaintiffs and other entities, and UBS therefore denies them.

13.     To the extent the allegations in ¶ 13 are intended to reference actions taken by or on behalf of UBS, UBS denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 13 pertaining to plaintiffs and other entities, and UBS therefore denies them.

14.     To the extent the allegations in ¶ 14 are intended to reference actions taken by or on behalf of UBS, UBS denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 14 pertaining to plaintiffs and other entities, and UBS therefore denies them.

15.     To the extent the allegations in ¶ 15 are intended to reference actions taken by or on behalf of UBS, UBS denies them.  UBS lacks sufficient information or knowledge to

form a belief as to the truth of the allegations in ¶ 15 pertaining to plaintiffs and other entities, and UBS therefore denies them.

## PROVIDER DEFENDANTS

16.     Paragraph 16 contains no factual allegations to which a response is required and on that basis is denied.

17.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 17, and UBS therefore denies them.

18.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 18, and UBS therefore denies them.

19.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 19, and UBS therefore denies them.

20.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 20, and UBS therefore denies them.

21.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 21, and UBS therefore denies them.

22.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 22, and UBS therefore denies them.

23.     UBS admits that UBS AG is a banking corporation organized under the laws of Switzerland, with its headquarters located in Zurich and Basel, Switzerland. UBS admits that during certain portions of the purported Class Period, a desk within UBS sold certain Municipal Derivatives products.  UBS admits that in 2000 it acquired PaineWebber Inc.  UBS denies that this case may be properly maintained as a class action, and UBS therefore denies the

allegations in ¶ 23 regarding sales of Municipal Derivatives to purported Class Members. UBS denies all remaining allegations in ¶ 23.

24. UBS admits that (i) UBS Financial Services Inc. is a Delaware corporation with its principal place of business in New York, New York; (ii) UBS Financial Services, Inc. is a subsidiary of UBS AG; (iii) in or about 2000, UBS AG acquired PaineWebber Inc.; (iv) UBS Financial Services, Inc. was formerly known as PaineWebber Inc.; and (v) during certain portions of the purported Class Period, a desk within UBS sold certain Municipal Derivatives products. UBS denies that this case may be properly maintained as a class action, and UBS therefore denies the allegations in ¶ 24 regarding sales of Municipal Derivatives to purported Class Members. UBS denies all remaining allegations in ¶ 24.

25. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 25, and UBS therefore denies them.

26. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 26, and UBS therefore denies them.

**BROKER DEFENDANTS**

27. Paragraph 27 contains no factual allegations to which a response is required, and on that basis is denied.

28. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 28, and UBS therefore denies them.

29. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 29, and UBS therefore denies them.

30. UBS admits that an indictment has been returned against CDR and three former employees of CDR on or about October 29, 2009, but denies any characterization of that

document as the Indictment speaks for itself. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 30, and UBS therefore denies them.

31.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 31, and UBS therefore denies them.

32.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 32, and UBS therefore denies them.

33.      UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 33, and UBS therefore denies them.

### NAMED AND UNNAMED CO-CONSPIRATORS

34.     To the extent the allegations are intended to reference actions taken by or on behalf of UBS, UBS denies the allegations in ¶ 34. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 34 pertaining to other entities, and UBS therefore denies them.

35.     To the extent that ¶ 35 alleges that AIG Financial is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 35 pertaining to other entities, and UBS therefore denies them.

36.     To the extent that ¶ 36 alleges that Sunamerica is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 36 pertaining to other entities, and UBS therefore denies them.

37.     To the extent that ¶ 37 alleges that FSAHL is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 37 pertaining to other entities, and UBS therefore denies them.

38.     To the extent that ¶ 38 alleges that FSAI is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 38 pertaining to other entities, and UBS therefore denies them.

39.     To the extent that ¶ 39 alleges that GE Trinity is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 39 pertaining to other entities, and UBS therefore denies them.

40.     To the extent that ¶ 40 alleges that GE Funding is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 40 pertaining to other entities, and UBS therefore denies them.

41.     To the extent that ¶ 41 alleges that Lehman is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 41 pertaining to other entities, and UBS therefore denies them.

42.     To the extent that ¶ 42 alleges that NatWest is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of

UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 42 pertaining to other entities, and UBS therefore denies them.

43.     To the extent that ¶ 43 alleges that XL Capital is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 43 pertaining to other entities, and UBS therefore denies them.

44.     To the extent that ¶ 44 alleges that XL Asset Funding is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 44 pertaining to other entities, and UBS therefore denies them.

45.     To the extent that ¶ 45 alleges that XL Life Insurance is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 45 pertaining to other entities, and UBS therefore denies them.

46.     Paragraph 46 contains no factual allegations to which a response is required, and on that basis is denied.

47.     To the extent that ¶ 47 alleges that Feld Winters is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 47 pertaining to other entities, and UBS therefore denies them.

48.     To the extent that ¶ 48 alleges that First Southwest is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on

behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 48 pertaining to other entities, and UBS therefore denies them.

49.     To the extent that ¶ 49 alleges that Kinsell is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 49 pertaining to other entities, and UBS therefore denies them.

50.     To the extent that ¶ 50 alleges that Mesirow is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 50 pertaining to other entities, and UBS therefore denies them.

51.     To the extent that ¶ 51 alleges that Morgan Keegan & Co. is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 51 pertaining to other entities, and UBS therefore denies them.

52.     To the extent that ¶ 52 alleges that PackerKiss is a co-conspirator, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 52 pertaining to other entities, and UBS therefore denies them.

53.     Paragraph 53 contains no factual allegations to which a response is required, and on that basis is denied.

54.     Paragraph 54 contains no factual allegations to which a response is required. To the extent a response is required, UBS denies these allegations.

## DEFINITIONS AND BACKGROUND

## MUNICIPAL BONDS

55.     UBS admits that: (1) states, cities, counties, and other governmental and private entities may issue bonds to raise funds for a variety of different reasons and purposes; (2) when the interest on such bonds is expected to be exempt from federal taxation, some investors may accept lower interest payments on those bonds than they would if the interest on the bonds were expected to be taxed by the federal government; and (3) when bonds qualify for exemption from federal taxation, they could under some circumstances represent a lower cost source of financing to some issuers than would comparable bonds that did not qualify for such an exemption.  The remainder of the allegations in ¶ 55 are overly generalized and simplistic, and UBS therefore denies them.

56.     UBS admits that:  (1) some municipal bonds  pay interest at a fixed or variable rate; (2) that bond investors in certain circumstances may purchase bonds in exchange for payment of a principal amount to the issuer of the bonds; and (3) maturity dates for some municipal bonds may span periods of years.  The remainder of the allegations in ¶ 56 are overly generalized and simplistic, and UBS therefore denies them.

57.     UBS states that the IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.

58.     UBS admits that municipal bond proceeds may be placed into a range of different types of funds that serve a range and variety of potential purposes and uses.  The remainder of the allegations in ¶ 58 are overly generalized and simplistic, and UBS therefore denies them.

59. UBS admits that some issuers of municipal bonds may choose to invest unused bond proceeds until they are put to use for their stated purpose. The remainder of the allegations in ¶ 59 are overly generalized and simplistic, and UBS therefore denies them.

60. UBS lacks sufficient information or knowledge to form a basis as to the truth of the allegations in ¶ 60, and UBS therefore denies them.

## MUNICIPAL DERIVATIVES

61. UBS admits that municipalities may issue bonds for different purposes and may choose to invest the proceeds of bond sales or to hedge the interest rate risk associated with tax-exempt debt in a variety of different circumstances. The remainder of the allegations in ¶ 61 are overly generalized and simplistic, and UBS therefore denies them.

62. UBS denies the allegations contained in ¶ 62, including the allegation that the term "Municipal Derivatives" is an umbrella term that is used in the industry to describe the different types of financial instruments and transactions identified in this paragraph. Solely for ease of reference, in this Answer UBS will use the term "Municipal Derivatives" as defined in the JSAC; no agreement or waiver by such use is intended.

63. UBS admits that some of the providers of certain Municipal Derivatives products may be insurance companies and banks, but UBS denies that all Municipal Derivatives are provided by such entities or that all such entities are providers of Municipal Derivatives. UBS admits that certain Municipal Derivative products can be provided to a range of different entities, including government entities. Plaintiffs' purported definition of the term "Government Entity" does not require a response. The remainder of the allegations in ¶ 63 are overly generalized and simplistic, and UBS therefore denies them.

64.     UBS admits that a governmental or private non-profit entity may engage certain types of brokers to assist them in obtaining certain types of Municipal Derivative products.  UBS denies the remainder of the allegations contained in ¶ 64.

65.     UBS admits that Municipal Derivatives may be used for a variety of different reasons and purposes.  The remainder of the allegations in ¶ 65 are overly generalized and simplistic, and UBS therefore denies them.

66.     UBS admits that a GIC may describe a range of different types of Municipal Derivative transactions with varying terms and features.  UBS states that the IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  The remainder of the allegations in ¶ 66 are overly generalized and simplistic, and UBS therefore denies them.

67.     UBS admits that a Forward Purchase Agreement or Forward Delivery Agreement may describe a range of different types of Municipal Derivative transactions with varying terms and features.  The remainder of the allegations in ¶ 67 are overly generalized and simplistic, and UBS therefore denies them.

68.     UBS admits that an unsecured or uncollateralized GIC may describe a range of different Municipal Derivative transactions with varying terms and features.  The remainder of the allegations in ¶ 68 are overly generalized and simplistic, and UBS therefore denies them.

69.     UBS admits that a Repurchase Agreement or "Collateralized GIC" may describe a range of different Municipal Derivative transactions with varying terms and features.  The remainder of the allegations in ¶ 69 are overly generalized and simplistic, and UBS therefore denies them.

70.     The allegations contained in the first, second, fourth, fifth, and sixth sentences of ¶ 70 are overly generalized and simplistic, and UBS therefore denies them.  The IRS regulations cited in the third sentence of ¶ 70 speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.

71.     UBS admits that a swap may describe a range of different Municipal Derivative transactions with varying terms and features.  UBS admits that issuers of municipal bonds may use swaps for a variety of purposes.  The remainder of the allegations in ¶ 71 are overly generalized and simplistic, and UBS therefore denies them.

72.     UBS admits that an Option may describe a range of different Municipal Derivative transactions with varying terms and features.   The remainder of the allegations in ¶ 72 are overly generalized and simplistic, and UBS therefore denies them.

73.      UBS admits that a Swaption may describe a range of different Municipal Derivative transactions with varying terms and features.   The remainder of the allegations in ¶ 73 are overly generalized and simplistic, and UBS therefore denies them.

74.      UBS admits that a Floor may describe a range of different Municipal Derivative transactions with varying terms and features.  The remainder of the allegations in ¶ 74 are overly generalized and simplistic, and UBS therefore denies them.

75.     UBS admits that a Collar may describe a range of different Municipal Derivative transactions with varying terms and features.  The remainder of the allegations in ¶ 75 are overly generalized and simplistic, and UBS therefore denies them.

76.     UBS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 76, and UBS therefore denies them.

77.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 77, and UBS therefore denies them.

78.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations concerning whether the unattributed statements in the first sentence of ¶ 78 were made, and UBS therefore denies these allegations. UBS denies the allegations in the second sentence of ¶ 78.

79.     UBS denies the allegations contained in ¶ 79.

## COMPETITIVE BIDDING PROCESS

80.     UBS admits that a governmental entity may engage certain types of brokers to assist it in obtaining certain types of Municipal Derivative products through the use of a competitive bidding process. The remainder of the allegations in ¶ 80 are overly generalized and simplistic or state a legal conclusion, and UBS therefore denies them.

81.     Paragraph 81 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 81 are overly generalized and simplistic, and UBS therefore denies them.

82.     The IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith. UBS lacks sufficient information or knowledge to form a belief as to the remainder of the allegations in ¶ 82, and UBS therefore denies them.

83.     Paragraph 83 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 83 are overly generalized and simplistic or state a legal conclusion, and UBS therefore denies them.

84. Paragraph 84 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 84 are overly generalized and simplistic, and UBS therefore denies them.

85. Paragraph 85 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 85 are overly generalized and simplistic, and UBS therefore denies them.

86. Paragraph 86 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 86 are overly generalized and simplistic, and UBS therefore denies them.

87. Paragraph 87 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 87 are overly generalized and simplistic, and UBS therefore denies them.

88. Paragraph 88 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 88 are overly generalized and simplistic, and UBS therefore denies them.

89. The IRS regulations to which the first sentence of this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith. The remainder of ¶ 89 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 89 are overly generalized and simplistic, and UBS therefore denies them.

90. Paragraph 90 contains hypothetical statements to which no response is required. To the extent a response is required, the allegations in ¶ 89 are overly generalized and simplistic, and UBS therefore denies them.

91.     Paragraph 91 contains hypothetical statements to which no response is required.  To the extent a response is required, the allegations in ¶ 91 are overly generalized and simplistic, and UBS therefore denies them.

92.     UBS denies the allegations contained in ¶ 92.

93.     UBS denies the allegations contained in ¶ 93 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations concerning what Government Entities may or may not know, and UBS therefore denies these allegations.

## IRS RULES AND REGULATIONS

94.     The IRS regulations to which ¶ 94 refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 94, and UBS therefore denies them.

95.     The IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  UBS denies any remaining allegations in ¶ 95.

96.      Paragraph 96 contains a legal conclusion to which no response is required.  To the extent that a response is required, UBS states that the IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  UBS denies any remaining allegations in ¶ 96.

97.     The IRS regulations to which this paragraph refers speak for themselves, and UBS refers to the content of such regulations and denies any allegations inconsistent therewith.  UBS denies any remaining allegations in ¶ 97 and its subparts.

98.     The first sentence of ¶ 98 contains a legal conclusion to which no response is required.  To the extent that a response is required, UBS denies the allegations contained in the first sentence of ¶ 98.  UBS denies the allegations contained in the second sentence of ¶ 98 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 98 pertaining to other entities, and UBS therefore denies them.  UBS denies all remaining allegations in ¶ 98.

## FACTUAL ALLEGATIONS

## OVERVIEW OF WRONGDOING ALLEGED

99.     UBS denies the allegations in ¶ 99 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 99 pertaining to other entities, and UBS therefore denies them.

100.    UBS denies the allegations in ¶ 100 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 100 pertaining to other entities, and UBS therefore denies them.

101.    UBS denies the allegations in ¶ 101 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 101 pertaining to other entities, and UBS therefore denies them.

102.    UBS denies the allegations in ¶ 102 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge

to form a belief as to the truth of the allegations in ¶ 102 pertaining to other entities, and UBS therefore denies them.

103.     UBS admits that the Second Consolidated Class Action Complaint filed in this litigation makes reference to communications between Bank of America and Plaintiffs. UBS lacks sufficient information or knowledge to form a belief as to the truth of these and other allegations in ¶ 103, and UBS therefore denies them.

104.     UBS admits that the Second Consolidated Class Action Complaint filed in this litigation makes reference to a purported confidential witnesses referred to as "CW." UBS lacks sufficient information or knowledge to form a belief as to the truth of these and other allegations in ¶ 104, and UBS therefore denies them.

105.     With regards to the first sentence in ¶ 105, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and UBS therefore denies them. The purported statement of Charles Anderson referenced in ¶ 105 speaks for itself, and UBS denies any characterization of it or the relevance of it. With regard to any additional allegations in ¶ 105, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of allegations in ¶ 105 pertaining to other entities, and UBS therefore denies them.

## AGREEMENT AND CONSPIRACY OT RIG BIDS AND ALLOCATE CUSTOMERS

106.     UBS denies the allegations in ¶ 106 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 106 pertaining to other entities, and UBS therefore denies them.

107. UBS denies the allegations in ¶ 107 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 107 pertaining to other entities, and UBS therefore denies them.

108. UBS admits that it had a desk located in New York City that marketed certain Municipal Derivatives products during certain portions of the purported Class Period. UBS admits that e-mails to and from this desk were sent, but deny that any such emails were sent as part of the conspiracy alleged in the JSAC. With regards to the remainder of the allegations in ¶ 108, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 108 pertaining to other entities, and UBS therefore denies them.

109. UBS denies the allegations in ¶ 109 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 109 pertaining to other entities, and UBS therefore denies them.

110. UBS denies the allegations in ¶ 110 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 110 pertaining to other entities, and UBS therefore denies them.

111. UBS denies the allegations in ¶ 111 and each of its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in ¶ 111 and each of its subparts pertaining to other entities, and UBS therefore denies them.

112.     UBS denies the allegations in ¶ 112 and each of its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 112 and each of its subparts pertaining to other entities, and UBS therefore denies them.

113.     UBS denies the allegations in ¶ 113 and each of its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 113 and each of its subparts pertaining to other entities, and UBS therefore denies them.

## PARTIAL LISTING OF INDIVIDUAL PARTICIPANTS IN THE ALLEGED CONSPIRACY

114.     UBS denies the allegations in ¶ 114 to the extent they are intended reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 114 pertaining to other entities, and UBS therefore denies them.

  a.   UBS admits that an indictment was returned against Mr. Rubin on or about October 29, 2009, but denies any characterization of that document as the Indictment speaks for itself.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(a), and UBS therefore denies them.

  b.   UBS admits that an indictment was returned against Mr. Wolmark on or about October 29, 2009, but denies any characterization of that document as the Indictment speaks for itself.  UBS lacks sufficient information or knowledge to

form a belief as to the truth of the remainder of the allegations in ¶ 114(b), and UBS therefore denies them.

c. UBS admits that an indictment was returned against Mr. Zarefsky on or about October 29, 2009, but denies any characterization of that document as the Indictment speaks for itself. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(c), and UBS therefore denies them.

d. UBS admits that Douglas Campbell had communications with Mark Zaino, but denies any characterizations of these communications or that these were part of any conspiracy alleged in the Complaint or violated any applicable laws. UBS denies the remainder of the allegations in ¶ 114(d) to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(d), and UBS therefore denies them.

e. UBS denies the allegations in ¶ 114(e) to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(e), and UBS therefore denies them.

f. UBS denies the allegations in ¶ 114(f) to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(f), and UBS therefore denies them.

g. UBS denies the allegations in ¶ 114(g) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. Hertz's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(g), and UBS therefore denies them.

h. UBS denies the allegations in ¶ 114(h) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. Salvadore's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(h), and UBS therefore denies them.

i. UBS denies the allegations in ¶ 114(i) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from MacFaddin's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(i), and UBS therefore denies them.

j. UBS denies the allegations in ¶ 114(j) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. Saunder's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge

to form a belief as to the truth of the remainder of the allegations in ¶ 114(j), and UBS therefore denies them.

k. UBS denies the allegations in ¶ 114(k) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been quoted from Mr. McConnell's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(k), and UBS therefore denies them.

l. UBS admits that Peter Ghavami was at one time a former manager of the desk within UBS that marketed certain Municipal Derivatives products for certain portions of the purported Class Period. UBS admits that Mr. Ghavami joined UBS from JP Morgan and worked at UBS from on or about April of 1999 to on or about January 2008. The information alleged to have been quoted from Mr. Ghavami's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS denies the remainder of the allegations in ¶ 114(l) to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 114(l) pertaining to other entities, and UBS therefore denies them.

m. UBS denies the allegations in ¶ 114(m) to the extent they are intended to reference actions taken by or on behalf of UBS. The information alleged to have been taken from Mr. Marsh's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge

to form a belief as to the truth of the remainder allegations in ¶ 114(m), and UBS therefore denies them.

n.  UBS denies the allegations in ¶ 114(n) to the extent they are intended to reference actions taken by or on behalf of UBS.  The information alleged to have been quoted from Mr. Raz's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(n), and UBS therefore denies them.

o.  UBS denies the allegations in ¶ 114(o) to the extent they are intended to reference actions taken by or on behalf of UBS.  The information alleged to have been taken from Mr. Gruer's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(o), and UBS therefore denies them.

p.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 114(p), and UBS therefore denies them.

q.  UBS denies the allegations in ¶ 114(q) to the extent they are intended to reference actions taken by or on behalf of UBS.  The information alleged to have been quoted from Mr. Towne's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 114(q), and UBS therefore denies them.

r.   UBS admits that Mr. Zaino worked on the desk within UBS that marketed certain types of Municipal Derivatives products from on or about March 2001 until he left the company on or about December 2006.  UBS denies the remainder of the allegations in ¶ 114(r) to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 114(r) pertaining to other entities, and UBS therefore denies them.

115.   UBS denies the allegations in the first two sentences of ¶ 115 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first two sentences of ¶ 115 pertaining to other entities, and UBS therefore denies them.

a.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 115(a), and UBS therefore denies them.

b.   The information alleged to have been quoted from Ms. Packer's disclosures to FINRA speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the remaining allegations in ¶ 115(b), and UBS therefore denies them.

c.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 115(c), and UBS therefore denies them.

d.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 115(d), and UBS therefore denies them.

e.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 115(e), and UBS therefore denies them.

f. The information alleged to have been taken from Mr. Goldberg's disclosures to FINRA speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 115(f), and UBS therefore denies them.

g. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 115(g), and UBS therefore denies them.

## EXAMPLES OF THE COORDINATION OF COLLUSIVE BIDDING THROUGH BROKERS

116. UBS admits that an indictment was returned against CDR and three former employees of CDR on or about October 29, 2009, but denies any characterization of that document as the Indictment speaks for itself. To the extent any further response is required, UBS denies the allegations in ¶ 116 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 116 pertaining to other entities, and UBS therefore denies them.

117. The indictment referenced in ¶ 117 and its subparts speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 117 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 117 and its subparts pertaining to other entities, and UBS therefore denies them.

118. The indictment referenced in ¶ 118 and its subparts speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 118 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief

as to the truth of the allegations in ¶ 118 and its subparts pertaining to other entities, and UBS therefore denies them.

119.    The indictment referenced in ¶ 119 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 119 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 119 pertaining to other entities, and UBS therefore denies them.

120.    The indictment referenced in ¶ 120 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 120 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 120 pertaining to other entities, and UBS therefore denies them.

121.    The indictment referenced in ¶ 121 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 121 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 121 pertaining to other entities, and UBS therefore denies them.

122.    The indictment referenced in ¶ 122 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 122 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 122 pertaining to other entities, and UBS therefore denies them.

**A. Three Investment Agreements for a State Water Development Authority**

123.    The indictment referenced in ¶ 123 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 123 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 123 pertaining to other entities, and UBS therefore denies them.

124.    The indictment referenced in ¶ 124 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 124 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 124 pertaining to other entities, and UBS therefore denies them.

125.    The indictment referenced in ¶ 125 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 125 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 125 pertaining to other entities, and UBS therefore denies them.

126.    The indictment referenced in ¶ 126 speaks for itself and UBS denies any characterization of it.   To the extent any further response is required, UBS denies the allegations in ¶ 126 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 126 pertaining to other entities, and UBS therefore denies them.

127.    The indictment referenced in ¶ 127 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations

in ¶ 127 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 127 pertaining to other entities, and UBS therefore denies them.

128. The information from the indictment referenced in ¶ 128 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 128 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 128 pertaining to other entities, and UBS therefore denies them.

129. The information from the indictment referenced in ¶ 129 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 129 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 129 pertaining to other entities, and UBS therefore denies them.

130. The information from the indictment referenced in ¶ 130 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 130 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 130 pertaining to other entities, and UBS therefore denies them.

131. The information from the indictment referenced in ¶ 131 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 131 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 131 pertaining to other entities, and UBS therefore denies them.

## B. Investment Agreement With a Municipal Port Authority

132.     The indictment referenced in ¶ 132 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 132 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 132 pertaining to other entities, and UBS therefore denies them.

133.     The information from the indictment referenced in ¶ 133 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 133 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 133 pertaining to other entities, and UBS therefore denies them.

134.     The information from the indictment referenced in ¶ 134 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 134 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 134 pertaining to other entities, and UBS therefore denies them.

135.      The information from the indictment referenced in ¶ 135 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 135 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 135 pertaining to other entities, and UBS therefore denies them.

136.     The information from the indictment referenced in ¶ 136 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS

denies the allegations in ¶ 136 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 136 pertaining to other entities, and UBS therefore denies them.

137. The information from the indictment referenced in ¶ 137 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 137 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 137 pertaining to other entities, and UBS therefore denies them.

138. The information from the indictment referenced in ¶ 138 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 138 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 138 pertaining to other entities, and UBS therefore denies them.

**C.  Scheme Resulting In Award of Contracts to Provider B**

139. The indictment referenced in ¶ 139 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 139 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 139 pertaining to other entities, and UBS therefore denies them.

140. The indictment referenced in ¶ 140 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 140 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS

lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 140 pertaining to other entities, and UBS therefore denies them.

141.    The indictment referenced in ¶ 141 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 141 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 141 pertaining to other entities, and UBS therefore denies them.

142.    The indictment referenced in ¶ 142 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 142 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 142 pertaining to other entities, and UBS therefore denies them.

**D.  2004 State Housing Agency Investment Agreement**

143.    The indictment referenced in ¶ 143 speaks for itself and UBS denies any characterization of it.   To the extent any further response is required, UBS denies the allegations in ¶ 143 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 143 pertaining to other entities, and UBS therefore denies them.

144.    The information from the CDR indictment referenced in ¶ 144 speaks for itself and UBS denies any characterization of it.  To the extent any further response is required, UBS denies the allegations in ¶ 144 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 144 pertaining to other entities, and UBS therefore denies them.

145. The indictment referenced in ¶ 145 speaks for itself and UBS denies any characterization of it. To the extent any further response is required, UBS denies the allegations in ¶ 145 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 145 pertaining to other entities, and UBS therefore denies them.

**E. Plaintiffs' Involvement with CDR**

146. The allegations in ¶ 146 are not directed towards UBS, and therefore no response by UBS is required. To the extent a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 146, and UBS therefore denies them.

**BANK OF AMERICA'S CONFIDENTIAL WITNESS**

147. UBS admits that the Second Consolidated Class Action Complaint filed in this litigation contains allegations about information from a confidential witness that speak for themselves. The allegations in ¶ 147 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 147, and UBS therefore denies them.

148. UBS denies the allegations in ¶ 148 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 148, and UBS therefore denies them.

149. UBS denies the allegations in ¶ 149 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge

to form a belief as to the truth of the remainder of the allegations in ¶ 149, and UBS therefore denies them.

150. The allegations in ¶ 150 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 150, and UBS therefore denies them.

151. The allegations in ¶ 151 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 151, and UBS therefore denies them.

152. The allegations in ¶ 152 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 152, and UBS therefore denies them.

153. UBS denies the allegations contained in the first sentence of ¶ 153 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 153 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 153, and UBS therefore denies them.

154. The allegations in ¶ 154 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in ¶ 154, and UBS therefore denies them.

155.    The allegations in ¶ 155 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 155, and UBS therefore denies them.

156.    The allegations in ¶ 156 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 156, and UBS therefore denies them.

157.    The allegations in ¶ 157 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 157, and UBS therefore denies them.

158.    The allegations in ¶ 158 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 158, and UBS therefore denies them.

159.    UBS denies the allegations in ¶ 159 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 159, and UBS therefore denies them.

160.     UBS denies the allegations in the first sentence of ¶ 160 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 160 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 160, and UBS therefore denies them.

161.     The allegations in ¶ 161 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 161, and UBS therefore denies them.

162.     The allegations in ¶ 162 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 162, and UBS therefore denies them.

163.     UBS admits that it participated in transactions involving Bank of America pertaining to certain Municipal Derivative products, but denies that any of them were part of the conspiracy described in the JSAC.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 163 pertaining to other entities, and UBS therefore denies them.

164.     The allegations in ¶ 164 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 164, and UBS therefore denies them.

165.     The allegations in ¶ 165 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 165, and UBS therefore denies them.

166.     UBS lacks sufficient information or knowledge to form a belief as to whether it was involved in the transactions referenced in the first sentence of ¶ 166, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the allegations contained in the last sentence of ¶ 166, and UBS therefore denies them.  UBS denies any remaining allegations in ¶ 166 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 166, and UBS therefore denies them.

167.     The allegations in ¶ 167 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 167, and UBS therefore denies them.

168.     The allegations in ¶ 168 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 168, and UBS therefore denies them.

169.     UBS denies the allegations in the first sentence of ¶ 169 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 169 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 169, and UBS therefore denies them.

170.     The allegations in ¶ 170 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS denies the allegations in the first sentence of ¶ 170 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 170 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 170, and UBS therefore denies them.

171.     The allegations in ¶ 171 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS denies the allegations in the first sentence of ¶ 171 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 171 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 171, and UBS therefore denies them.

172.     UBS denies the allegations in the first two sentences of ¶ 172 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first two sentences of ¶ 172 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 172, and UBS therefore denies them.

173.	The allegations in ¶ 173 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 173, and UBS therefore denies them.

174.	UBS admits that it acquired PaineWebber Inc. on or about November 2000.  UBS states that the email alleged to be referenced in ¶ 174 speaks for itself, and UBS denies any characterization of it.  UBS denies the remainder of the allegations in ¶ 174 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 174 pertaining to other entities, and UBS therefore denies them.

175.	UBS denies the allegations in ¶ 175 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 175 pertaining to other entities, and UBS therefore denies them.

176.	UBS denies the allegations in ¶ 176 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 176 pertaining to other entities, and UBS therefore denies them.

177.	The allegations in ¶ 177 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS states that Baum's purported settlement with the IRS referenced in ¶ 177 speaks for itself, and UBS denies any characterization of it.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 177, and UBS therefore denies them.

178. The allegations in ¶ 178 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 178, and UBS therefore denies them.

179. The allegations in ¶ 179 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 179, and UBS therefore denies them.

180. The allegations in ¶ 180 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 180, and UBS therefore denies them.

181. The allegations in ¶ 181 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 181, and UBS therefore denies them.

## COLLUSIVE PRACTICES REGARDING NEGOTIATED TRANSACTIONS

182. UBS denies the allegations in the first sentence of ¶ 182 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 182 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 182, and UBS therefore denies them.

183. The allegations in ¶ 183 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 183, and UBS therefore denies them.

184. The allegations in ¶ 184 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 184, and UBS therefore denies them.

185. The allegations in ¶ 185 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 185, and UBS therefore denies them.

186. The allegations in ¶ 186 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 186, and UBS therefore denies them.

## COLLUSIVE COMMUNICATIONS AMONG PROVIDERS

187. UBS denies the allegations in ¶ 187 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 187 pertaining to other entities, and UBS therefore denies them.

188. UBS denies that it was involved in any collusive conduct or otherwise unlawful activity. To the extent that any further response is required, UBS lacks sufficient

information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 188, and UBS therefore denies them.

189.     The allegations in ¶ 189 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 189, and UBS therefore denies them.

190.     UBS admits that PaineWebber Inc. was acquired by UBS on or about November 2000.  UBS denies that it was involved in any collusive conduct or otherwise unlawful activity.  To the extent that any further response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 190, and UBS therefore denies them.

191.     The allegations in ¶ 191 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 191, and UBS therefore denies them.

192.     UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 192 pertaining to the purported audiotapes, and UBS therefore denies them.  UBS denies the remainder of the allegations in ¶ 192 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 192 pertaining to other entities, and UBS therefore denies them.

## OTHER FACTS INDICATIVE OF A CONSPIRACY

193.    UBS admits the existence of ISDA, SIFMA, and the American Bankers'
Association and admits that a UBS entity was a member in each at various times.  The
information alleged to have been quoted from websites for these entities speaks for itself, and
UBS denies any characterization of it.  UBS denies all remaining allegations in ¶ 193 to the
extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient
information or knowledge to form a belief as to the truth of the allegations in ¶ 193 pertaining to
other entities, and UBS therefore denies them.

194.    UBS denies the allegations in the first sentence of ¶ 194 to the extent they
are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient
information or knowledge to form a belief as to the truth of the allegations in the first sentence of
¶ 194 pertaining to other entities, and UBS therefore denies them. The information alleged to
have been quoted from the IMN website speaks for itself, and UBS denies any characterization
of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the
remaining allegations in ¶ 194, and UBS therefore denies them.

195.    The allegations in ¶ 195 are not directed to UBS, and therefore no
response by UBS is required.  To the extent that a response is required, UBS lacks sufficient
information or knowledge to form a belief as to the truth of the allegations in ¶ 195, and UBS
therefore denies them.

196.    The allegations in ¶ 196 are not directed to UBS, and therefore no
response by UBS is required.  To the extent that a response is required, UBS lacks sufficient
information or knowledge to form a belief as to the truth of the allegations in the first sentence of
¶ 196, and UBS therefore denies them. The information alleged to have been quoted from the

CDR website speaks for itself, and UBS denies any characterization of it. UBS denies all remaining allegations in ¶ 196.

197. UBS denies the allegations in the first sentence of ¶ 197 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 197 pertaining to other entities, and UBS therefore denies them. The information alleged to have been quoted from the Bond Buyer article speaks for itself, and UBS denies any characterization of it. UBS denies all remaining allegations in ¶ 197.

## INTERNAL REVENUE SERVICE INVESTIGATION

198. UBS is without sufficient information or knowledge to form a belief as to the IRS's "focus," "concern," or schedule in connection with the alleged investigation, and UBS therefore denies the allegations in ¶ 198.

199. The allegations in ¶ 199 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, the information alleged to have been quoted from Mr. Scott referenced in the first five sentences of ¶ 199 speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in sentences six and seven of ¶ 199, and UBS therefore denies them. UBS denies the allegations contained in the last sentence of ¶ 199. UBS denies all remaining allegations in ¶ 199.

200. The allegations in ¶ 200 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, the purported statements of Mr. Anderson referenced in ¶ 200 speak for themselves, and UBS denies any characterization

of them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 200, and UBS therefore denies them.

201. The allegations in ¶ 201 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, the purported statement by Mr. Born referenced in ¶ 201 speaks for itself, and UBS denies any characterization of it. UBS denies all remaining allegations in ¶ 201.

202. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 202, and UBS therefore denies them.

203. The allegations in ¶ 203 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 203, and UBS therefore denies them.

204. UBS denies the allegations in the first sentence of ¶ 204 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 204 pertaining to other entities, and UBS therefore denies them. UBS lacks sufficient information or knowledge to form a belief as to the truth of the reminder of the allegations in ¶ 204, and UBS therefore denies them.

<u>**ANTITRUST DIVISION INVESTIGATION**</u>

205. UBS admits that the DOJ is conducting an investigation relating to certain Municipal Derivatives products. UBS admits that an indictment has been returned against CDR and three former employees of CDR on or about October 29, 2009, but denies any characterization of that document as the Indictment speaks for itself. The purported statement of

Ms Bloomquist referenced in ¶ 205 speaks for itself, and UBS denies any characterization of it. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in ¶ 205, and UBS therefore denies them.

206.    The allegations in ¶ 206 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 206, and UBS therefore denies them.

207.    UBS admits that the DOJ has served it with a subpoena for documents. The subpoena speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in ¶ 207 pertaining to other entities, and UBS therefore denies them.  UBS denies all remaining allegations in ¶ 207.

208.    UBS admits that the DOJ has served it with a subpoena for documents. The subpoena speaks for itself, and UBS denies any characterization of it.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in ¶ 208 pertaining to other entities, and UBS therefore denies them.  UBS denies all remaining allegations in ¶ 208.

209.    UBS admits it has issued a public filing noting that it received governmental subpoenas relating to investigations of certain Municipal Derivatives products. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 209 concerning unspecified news reports and unspecified filings relating to other entities, and UBS therefore denies them.

210.    UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 210, and UBS therefore denies them.

211.    UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 211, and UBS therefore denies them.

212.    UBS states that the purported quote from the Bond Buyer article contained in ¶ 212 speaks for itself, and UBS denies any characterization of it.  To the extent that a further response is required, these allegations are denied.

### THE DOJ GRANTS CONDITIONAL AMNESTY TO BANK OF AMERICA

213.    UBS admits that Bank of America announced that it entered into a Corporate Conditional Leniency Letter with the DOJ in connection with an investigation of certain Municipal Derivatives products.  UBS denies all remaining allegations in ¶ 213.

214.    UBS states that the purported press release referenced in ¶ 214 speaks for itself, and UBS denies any characterization of it.  To the extent that a further response is required, these allegations are denied.

215.    UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 215, and UBS therefore denies them.

216.    The information alleged to be quoted from the SEC filing referenced in ¶ 216 speaks for itself, and UBS denies any characterization of it.  To the extent a further response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 216, and UBS therefore denies them.

### INVESTIGATION BY STATE AGs

217.    UBS admits that it received subpoenas from state attorneys general relating to investigations of certain Municipal Derivatives products.  UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations contained in ¶ 217 pertaining to other entities, and UBS therefore denies them. UBS denies all remaining allegations in ¶ 217.

218. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 218, and UBS therefore denies them.

## ONGOING NATURE OF ALLEGED CONSPIRACY

219. UBS denies the allegations in ¶ 219 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 219 pertaining to other entities, and UBS therefore denies them.

220. The information alleged to be quoted from the SEC filing referenced in ¶ 220 speaks for itself, and UBS denies any characterization of it. To the extent a further response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 220, and UBS therefore denies them.

221. UBS admits that Peter Ghavami left UBS on or about January 2008. UBS admits that Mark Zaino left UBS on or about December 2006. UBS denies the remainder of the allegations in ¶ 221 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 221 pertaining to other entities and individuals, and UBS therefore denies them. UBS denies all remaining allegations in ¶ 221.

222. UBS denies the allegations in ¶ 222 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge

to form a belief as to the truth of the allegations in ¶ 222 pertaining to other entities, and UBS therefore denies them.

223.     The allegations in ¶ 223 contain legal conclusions for which no response is required.  To the extent a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 223, and UBS therefore denies them.  UBS denies the allegations in the second sentence of ¶ 223 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 223 pertaining to other entities, and UBS therefore denies them.

## HISTORY OF FRAUD IN THE MUNICIPAL DERIVATIVES MARKET

224.     UBS admits that multiple firms entered into a settlement in or about 2000 in connection with an investigation of certain Municipal Derivatives products.  The documents concerning these settlements are public and speak for themselves, and UBS denies any characterization of them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 224, and UBS therefore denies them.

225.     UBS denies the allegations in ¶ 225 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 225 pertaining to other entities, and UBS therefore denies them.

## CLASS ACTION ALLEGATIONS

226.     Paragraph 226 contains legal conclusions to which no response is required.  To the extent a response is required, UBS admits that Plaintiffs purport to bring this case as a class action on behalf of the class alleged.  UBS denies that this action can be

prosecuted as a class action. To the extent that ¶ 226 contains additional allegations requiring response, UBS denies all such allegations.

227.    UBS denies that this action can be prosecuted as a class action. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 227, and UBS therefore denies them.

228.    Paragraph 228 contains legal conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in ¶ 228.

229.    Paragraph 229 contains legal conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in ¶ 229, including all subparagraphs.

230.    Paragraph 230 contains legal conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in ¶ 230

231.    Paragraph 231 contains legal conclusions to which no response is required. To the extent a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 231, and UBS therefore denies them.

232.    Paragraph 232 contains legal conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in ¶ 232.

233.    Paragraph 233 contains legal conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in ¶ 233.

234.    Paragraph 234 contains legal conclusions to which no response is required. To the extent a response is required, UBS denies the allegations in ¶ 234.

## TRADE AND INTERSTATE COMMERCE

235.     Paragraph 235 contains legal statements to which no response is required. To the extent a response is required, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.   UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 235 pertaining to other entities, and UBS therefore denies them.

236.     Paragraph 236 contains legal statements to which no response is required. To the extent a response is required, UBS denies the allegations to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 236 pertaining to other entities, and UBS therefore denies them.

237.     UBS denies the allegations in ¶ 237 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 237 pertaining to other entities, and UBS therefore denies them.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (Violation of Section 1 of the Sherman Act)

238.     UBS admits that Plaintiffs purport to sue Defendants for alleged actions in violation of Section 1 of the Sherman Act.  To the extent that any further response is required, these allegations are denied.

239.     UBS denies the allegations in ¶ 239 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 239 and its subparts pertaining to

other entities, and UBS therefore denies them.  UBS denies all remaining allegations in ¶ 239 and its subparts.

240.     UBS denies the allegations in ¶ 240 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 240, and UBS therefore denies them.

241.     UBS admits that Plaintiffs seek to recover treble damages and the cost of this suit.  To the extent that any further response is required, these allegations are denied.

**SECOND CLAIM FOR RELIEF**
**(Violation of the California Cartwright Act,**
**Cal. Bus. & Prof. Code section 16720, *et seq.*)**

242.     UBS incorporates its answers to the preceding paragraphs of this Complaint as if set forth herein.

243.     UBS denies the allegations in ¶ 243 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 243 pertaining to other entities, and UBS therefore denies them.  UBS denies that this case can be maintained as a class action, and therefore denies all allegations in ¶ 243 pertaining to the purported Class members.

244.     Paragraph 244 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 244 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 244 pertaining to other entities, and UBS therefore denies them.

245. UBS denies the allegations in ¶ 245and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 245 and its subparts pertaining to other entities, and UBS therefore denies them.

246. UBS denies the allegations in ¶ 246 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 246 pertaining to other entities, and UBS therefore denies them.

247. UBS denies the allegations in ¶ 247 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 247 and its subparts pertaining to other entities, and UBS therefore denies them. UBS denies all remaining allegations in ¶ 247.

248. UBS denies the allegations in ¶ 248 to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 248, and UBS therefore denies them.

249. UBS admits that Plaintiffs seek to recover treble damages and the cost of this suit. UBS denies that they are entitled to any of this. To the extent that any further response is required, these allegations are denied.

### THIRD CLAIM FOR RELIEF
**(Violation of the California Unfair Competition Law,
Cal. Bus. & Prof. Code section 17200, *et seq.*)**

250. UBS incorporates its answers to the preceding paragraphs of this Complaint as if set forth herein.

251.    No response to ¶ 251 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*  22222

252.    No response to ¶ 252 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*

253.    No response to ¶ 253 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq*, and on that basis the allegations are denied.

254.    No response to ¶ 254 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq*., and on that basis the allegations are denied.

255.    No response to ¶ 255 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*, and on that basis the allegations are denied.

256.    No response to ¶ 256 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*, and on that basis the allegations are denied.

257.    No response to ¶ 257 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*, and on that basis the allegations are denied.

258.     No response to ¶ 258 is required, as Plaintiffs have voluntarily dismissed their Third Claim for Relief (Paragraphs 250-258) under the Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*, and on that basis the allegations are denied.

## FOURTH CLAIM FOR RELIEF
### (Violation of the California False Claims Act, Cal. Gov. Code § 12650, *et seq.*)

259.     UBS incorporates its answers to the preceding paragraphs of this Complaint as if set forth herein.

260.     Paragraph 260 and its subparts contain legal conclusions for which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 260 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS. UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 260 and its subparts pertaining to other entities, and UBS therefore denies them.

261.     UBS denies the allegations in ¶ 261 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 261, and UBS therefore denies them.  UBS denies that this case can be maintained as a class action, and therefore deny all allegations in ¶ 261 pertaining to the purported Class members.

262.     UBS denies the allegations in ¶ 262 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 262, and UBS therefore denies them.  UBS denies that this case can be maintained as a class action, and therefore deny all allegations in ¶ 262 pertaining to the purported Class members.

## ACCRUAL OF CLAIM, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

263.     UBS denies that it was involved in any conspiracy.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 263, and UBS therefore denies them.

264.     UBS denies the allegations in the first and third sentences of ¶ 264.  The information alleged to have been quoted from the Bond Buyer article referenced in the fourth sentence of ¶ 264 speaks for itself, and UBS denies any characterization of it.  The allegations in the second sentence of ¶ 264 are assertions of law requiring no further answer.  To the extent that an answer is required, UBS denies these allegations.  UBS denies all remaining allegations in ¶ 264.

265.     UBS denies the allegations in ¶ 265 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 265 pertaining to other entities, and UBS therefore denies them.

266.     Paragraph 266 contains legal conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in the first sentence of ¶ 266.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of ¶ 266 regarding Plaintiffs' alleged lack of knowledge of the allegations contained in the Complaint, and UBS therefore denies them.  UBS denies that this case may be properly maintained as a class action, and UBS therefore denies all allegations in ¶ 266 regarding purported Class Members.  UBS denies the remainder of the allegations in ¶ 266 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks

sufficient information or knowledge to form a belief as to the truth of the allegations of ¶ 266 pertaining to other entities, and UBS therefore denies them.

267.    UBS denies that it was involved in any conspiracy.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in¶ 267, and UBS therefore denies them.

268.    UBS denies the allegations in ¶ 268 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 268 pertaining to other entities, and UBS therefore denies them.  UBS denies that this case may be properly maintained as a class action, and therefore denies all allegations in ¶ 268 regarding purported Class Members.

269.    UBS denies the allegations in ¶ 269.

270.    UBS denies the allegations in ¶ 270 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 270 pertaining to other entities, and UBS therefore denies them.

271.    UBS denies the allegations in the first sentence of ¶ 271 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of ¶ 271 pertaining to other entities, and UBS therefore denies them.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 271, and UBS therefore denies them.

272.    The allegations in ¶ 272 are not directed to UBS, and therefore no response by UBS is required.  To the extent that a response is required, UBS lacks sufficient

information or knowledge to form a belief as to the truth of the allegations in ¶ 272, and UBS therefore denies them.

273.     UBS states that the information alleged to have been quoted from the Bond Buyer and Bloomberg articles referenced in ¶ 273 speak for themselves, and UBS denies any characterization of them.  UBS denies all remaining allegations in ¶ 273.

274.     Paragraph 274 contains legal or other conclusions to which no response is required.  To the extent a response is required UBS denies the allegations in ¶ 274 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS denies that this case may be properly maintained as a class action, and therefore denies all allegations in ¶ 274 regarding purported Class Members.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 274 pertaining to other entities, and UBS therefore denies them.

275.     Paragraph 275 and its subparts contains legal or other conclusions to which no response is required.  To the extent a response is required, UBS denies the allegations in ¶ 275 and its subparts to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 275 and its subparts pertaining to other entities, and UBS therefore denies them.

276.     The allegations in ¶ 276 are not directed to UBS, and therefore no response by UBS is required. To the extent that a response is required, UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 276, and UBS therefore denies them.

277.     UBS denies the allegations in ¶ 277 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge

to form a belief as to the truth of the allegations in ¶ 277 pertaining to other entities, and UBS therefore denies them.

278.    The information alleged to have been quoted from the Bond Buyer and Bloomberg articles speak for themselves, and UBS denies any characterization of them.  UBS denies the allegations in the first and last sentences of ¶ 278 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in ¶ 278, and UBS therefore denies them.

279.    UBS denies the allegations in ¶ 279 to the extent they are intended to reference actions taken by or on behalf of UBS.  UBS lacks sufficient information or knowledge to form a belief as to the truth of the allegations in ¶ 279 pertaining to other entities, and UBS therefore denies them.  The last sentence of ¶ 279 is a legal statement to which no response is required.  To the extent that a response is required, UBS denies these allegations.  UBS denies all remaining allegations in ¶ 279.

UBS further states that to the extent that any allegation which is asserted in the JSAC is not specifically admitted herein, such allegation is hereby expressly denied.

## AFFIRMATIVE DEFENSES

UBS sets forth below its affirmative defenses.  By setting forth these affirmative defenses, UBS does not assume the burden of proof for any issue, fact or element of a claim as to which applicable law places the burden on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The JSAC, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The JSAC fails to plead the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that UBS is considered a co-conspirator in any antitrust conspiracy alleged by Plaintiffs, UBS withdrew from any such conspiracy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and any damages, to the extent any exist, are barred, in whole or in part, by the federal statutes and regulations, and enforcement thereof, governing the investment of the proceeds of tax-exempt bonds.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury in fact.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury as the result of the alleged conduct because, among other reasons, they had no right to earn arbitrage on any investment of the proceeds from the issuance of tax-exempt bonds.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged damages, if any, are too remote and/or speculative to allow recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Any injury or damage to Plaintiffs, to the extent that any exist, were caused, in whole or in part, by the conduct of third parties for whom UBS was not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are deemed to have participated in the alleged anticompetitive scheme and/or misconduct, their claim is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

The JSAC concerns conduct expressly or impliedly immune from the antitrust laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims may be subject to forum-selection clauses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege facts sufficient to support a claim for attorneys' fees or costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because UBS did not engage in any materially deceptive trade conduct with respect to the Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not detrimentally rely on any alleged deceptive trade conduct by UBS.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any of the events alleged took place outside the state of California without impact on California residents.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under Cal. Bus. & Prof. Code §§ 16700, *et seq.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their state false claims act claims, in whole or in part, under Cal. Gov. Code §§ 12650, *et seq.*,

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of action for alleged violations of Cal. Bus. & Prof. Code §§ 16700, *et seq.*, and Cal. Gov. Code §§ 12650, *et seq.*, are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of UBS occurring outside of California.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any award of treble damages, punitive damages and/or restitution pursuant to Cal. Bus. & Prof. Code §§ 16700, *et seq.*, would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have the right to bring a suit on behalf of certain entities they purport to represent in this lawsuit.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' purported class claims are barred, in whole or in part, because they were not asserted by Interim Lead Class Counsel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorneys' fees are barred by Cal. Code Civ. Proc. § 1021.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' California False Claims Act claims are barred, in whole or in part, because UBS has not made any false claims for payment directed to any Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

UBS adopts by reference all other applicable defenses asserted by all other parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

UBS hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defense.

## JURY TRIAL DEMAND

UBS demands a trial by jury of all issues triable by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, UBS prays as follows:

1.      That this action be dismissed with prejudice and that Plaintiffs take nothing by their JSAC;

2.      That judgment be entered in favor of UBS and against Plaintiffs with respect to the causes of action asserted in the JSAC;

3.      That the Court award UBS reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit; and

4.      That the Court award such other relief as may be appropriate.


Dated: June 10, 2010


By:     /s/ Christopher N. Manning


Christopher N. Manning
Jesse T.  Smallwood
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for UBS AG and UBS Financial Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Jesse T. Smallwood, hereby certify that on June 10, 2010, I caused the attached

*UBS AG's and UBS Financial Services, Inc.'s Answer to Joint Second Amended Class Action*

*Complaint* to be served upon the attorney of record for each party by transmission through the

Court's electronic filing system.

<u>/s/ Jesse T. Smallwood</u> _
Jesse T. Smallwood