UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION

: ORDER
: MDL No. 1950
: Lead case: 08 Civ. 2516 (VM) (GWG)

-----------------------------------------------------------------x

THIS DOCUMENT RELATES TO: ALL ACTIONS

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I am issuing this order to inform the parties that, for the reasons stated below, I am prepared to recuse myself in this matter unless the parties agree that I should not be disqualified.

The basis for the recusal is the following. My father owned debentures of a company called Genesis Health Ventures, Inc. In 2003, he joined several hundred other individuals in retaining a firm to represent the interests of the debenture holders in a Genesis bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Delaware, 00-2692. At some point, the law firm filed an adversary proceeding against Goldman, Sachs & Co. and other defendants (Adv. Pro. No. 04-53375).

My father died in 2005. I am one of two co-executors of his estate. I became aware of the suit in 2008, when I received a letter from a law firm asking me to sign papers substituting the estate in the adversary proceeding, which I did.

Because Goldman, Sachs & Co. has been made a party to one or more of the instant actions, I believe that this may be a situation where my "impartiality might reasonably be questioned" under Canon 3.C(1) of the Code of Conduct for United States Judges. I note that my belief is based solely on the appearances attendant to the estate's involvement in the adversary proceeding and that I harbor no bias or prejudice against Goldman Sachs & Co. I have no information as to the merits of the adversary proceeding and have no current knowledge (if I ever had knowledge in the past) regarding the allegations in that proceeding. Nonetheless, because I believe the situation fits within Canon 3.C(1), I am obligated to recuse myself unless the parties agree that I should not be disqualified, as provided in Canon 3.D.

Because of the large number of parties to this suit, the Court directs that Michael D. Hausfeld, Esq. determine the position of all plaintiffs on this question and directs that Evan A. Davis, Esq. determine the position of all defendants on this question. Mr. Hausfeld and Mr. Davis may use any reasonable means for making this determination. They should then send a joint letter to the Court stating whether, on behalf of the plaintiffs and on behalf of the defendants, the parties agree that I should not be disqualified. If they so state, the Court will continue to hear the matter. If they do not so state, another United States Magistrate Judge will be randomly assigned to this matter. The letter should not disclose the position of any party on this question.

Mr. Hausfeld and Mr. Davis shall provide the letter on or before June 30, 2010, unless they require additional time.

Dated: June 15, 2010
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge