# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION

_____:

THIS DOCUMENT RELATES TO:

*County of Tulare* (No. 10-628)



_____:

   :
   :
   :     MDL No. 1950
   :
   :     Master Docket No. 08-2516 (VM)(GWG)
   :
   :     Hon. Victor Marrero
   :
   :     **ANSWER AND AFFIRMATIVE**
   :     **DEFENSES OF DEFENDANTS**
   :     **BANK OF AMERICA, N.A. AND**
   :     **MERRILL LYNCH & CO., INC.**
   :     **TO COUNTY OF TULARE'S**
   :     **FIRST AMENDED COMPLAINT**
   :
   :

Defendants Bank of America, N.A. ("BANA")and Merrill Lynch & Co., Inc. ("Merrill Lynch")[1] by their attorneys, King & Spalding LLP, hereby answer the First Amended Complaint ("Complaint") filed by the County of Tulare ("Tulare" or "Plaintiff") as follows:

### PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b)(5), any averment in the Complaint as to which Bank of America denies knowledge or information sufficient to form a belief as to its truth shall have the effect of a denial, unless otherwise stated. Bank of America hereby denies any averment in the Complaint that it does not specifically admit.

Bank of America's Answer is set forth in numbered paragraphs that correspond to the numbered paragraphs in the Complaint. Bank of America has not answered any averment or characterization that is or may be contained in the headings, sub-headings, or footnotes in the Complaint, and Bank of America shall not be deemed to have admitted the truth or accuracy of

---

[1] The term "Bank of America" herein means BANA and Merrill Lynch collectively, except as otherwise noted.

any of the information, allegations or characterizations set forth in such headings, sub-headings, or footnotes. Bank of America uses the Complaint's headings, sub-headings, and footnotes herein only for purposes of organization and neither admits nor denies the appropriateness of the descriptions used by Plaintiff.

The United States Department of Justice ("DOJ") Antitrust Division has granted Bank of America Corporation, its predecessors and wholly-owned subsidiaries ("BAC") conditional leniency under Part A of the DOJ's Corporate Leniency Policy in connection with BAC's reporting of possible bid-rigging or other practices in the municipal derivatives industry violative of the Sherman Act, 15 U.S.C. § 1. In order to receive conditional leniency, BAC was not required, nor did it, admit to the conspiracy alleged by Plaintiff. Instead, BAC was required to report conduct to the DOJ before DOJ had begun an investigation, and to comply with the other five Part A conditions. As the recipient of conditional leniency, the DOJ, subject to BAC's full, continuing, and complete cooperation, agreed not to bring any criminal antitrust prosecution against BAC as well as certain directors, officers, and employees in connection with the matters reported to the DOJ. BAC's cooperation with DOJ, as well as with a number of other federal and state agencies has been full and complete, and continues to this day.

The Antitrust Criminal Penalties Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213(a)-(b), 118 Stat. 665, 66-67 (2004) ("ACPERA"), provides that leniency recipients, such as BAC, may eliminate treble damages as well as exposure to joint-and-several liability in actions by civil claimants, in return for "satisfactory cooperation," as determined by the court in which said civil claimants' actions are pending. *Id.* § 213(b). ACPERA excludes "a State or a subdivision of a State" from the definition of a "claimant," and as a result, such States and subdivisions are not entitled to ACPERA cooperation. BAC, however, has entered a written

cooperation agreement with counsel on behalf of Plaintiff, pursuant to which BAC is entitled to the damages limitations of ACPERA, in exchange for the cooperation it agreed to provide, has provided, and continues to provide to Plaintiff.  As part of its cooperation, and pursuant to its written cooperation agreement with Plaintiff, BAC has provided factual proffers to counsel for Tulare concerning evidence, including information from a cooperating witness, of possible anticompetitive activity related to certain derivatives (hereinafter "factual proffers").

*             *             *

## BANK OF AMERICA'S ANSWER

Bank of America admits that Plaintiff purports to bring this action as set forth in the Complaint's introductory paragraph.

## I.

## NATURE OF THE ACTION

1.      Bank of America is without sufficient information to admit or deny the allegations in the first two sentences of Paragraph 1.  The remainder of the allegations in Paragraph 1 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the remaining allegations in Paragraph 1, except that Bank of America admits that BACs' factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

2.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 2.  The CDR indictment speaks for itself.

3.      The allegations in Paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient

information to admit or deny the allegations in Paragraph 3, except that Bank of America admits the Plaintiff purports to bring this action as set forth in Paragraph 3.

4.      Bank of America is without sufficient information to admit or deny the allegations in the first two sentences of Paragraph 4, except that Bank of America admits that the term "Municipal Derivatives" can include agreements pursuant to which certain types of bond issuers or certain types of entities that receive proceeds of bond issuances invest bond proceeds on a tax-exempt basis and that there are two primary types of agreements issuers or other certain types of entities enter with respect to bond issuances:  (i) municipal-liability management products, *i.e.*, agreements that affect an issuer's liability relating to the interest rate on the underlying bond issuance, which include swaps, caps, floors, collars, and options; and (ii) municipal-investment products for the investment of bond proceeds, as well as other moneys associated with a bond issue that are not bond proceeds, which include:  a) investment agreements (*i.e.*, forward purchase agreements ("FPAs") and forward delivery agreements ("FDAs"), repurchase agreements ("repos"), and secured (or "collaterized") guaranteed investment contracts ("GICs"), and unsecured GICs); and b) escrow portfolios/security sales.  Bank of America is without sufficient information to admit or deny the allegations in the last sentence of Paragraph 4.

5.      The allegations in Paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 5, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

6.      Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 6, except that Bank of America admits that DOJ, the Internal Revenue Service ("IRS"), the Securities and Exchange Commission ("SEC"), and state attorneys general

("AGs") are conducting investigations of practices in the municipal derivatives industry, and that at least some municipal derivatives providers have received subpoenas, the terms of which speak for themselves.

7.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 7.

8.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 8.

9.    Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 9, except that Bank of America admits that BAC issued a press release on February 9, 2007, and the contents of that press release speak for themselves. Bank of America denies the remaining allegations in Paragraph 9.

10.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 10, except that Bank of America admits that BANA has publicly disclosed its receipt of a Wells Notice.

11.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 11, except that Bank of America admits that the DOJ has stated that its investigation continues, the DOJ sought a partial stay of discovery in this consolidated litigation, and the stay and the reasons the DOJ sought the stay speak for themselves.

12.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 12, except that, based on information and belief, Bank of America admits that the City of Riverside executed a $82,500,000 swap with Merrill Lynch on or about September 14, 2005.

13.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 13.

14.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 14.

15.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 15.  The CDR indictment speaks for itself.

16.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 16.  The CDR indictment speaks for itself.

17.     The allegations in Paragraph 17 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 17.  The CDR indictment speaks for itself.

18.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 19, except that Bank of America admits that at least some municipal derivatives providers have received subpoenas, BANA has disclosed publicly its receipt of a Wells Notice, and in February 2007, BAC disclosed publicly its entry into a leniency agreement with the DOJ, as well as a settlement with the IRS.  The CDR indictment speaks for itself.

20.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 20, except that Bank of America admits that the DOJ sought a partial stay of

discovery in this consolidated litigation and the stay and the reasons DOJ sought the stay speak for themselves.

21.     Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 21, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, and those proffers are, in part, based upon information provided by a former Municipal Derivatives Marketing Desk employee (the "cooperating witness"), as well as information gathered from e-mails, deal documentation, and audiotaped 2002 and 2004 conversations.

22.     The allegations in Paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 22, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

23.     The allegations in Paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 23, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

24.     The allegations in Paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 constitute legal conclusions to which no response is required.

## II.

## JURISDICTION AND VENUE

26.     Bank of America admits that Plaintiff purports to bring claims under the statutes cited in Paragraph 26.

27.     Bank of America admits that Plaintiff purports to predicate jurisdiction under the statutes cited in Paragraph 27.

28.     The allegations in Paragraph 28 constitute legal conclusions to which no response is required.

29.     The allegations in Paragraph 29 constitute legal conclusions to which no response is required.

30.     The allegations in Paragraph 30 constitute legal conclusions to which no response is required.

31.     The allegations in Paragraph 31 constitute legal conclusions to which no response is required.

## III.

## PARTIES

A.     Plaintiff

32.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 32.

33.     Bank of America is without sufficient information to admit or deny the allegations in the first three sentences of Paragraph 33, except that, based on information and belief, Bank of America denies that either BANA or Merrill has been a provider of Municipal Derivatives to

Tulare.  The remaining allegations of Paragraph 33 constitute legal conclusions to which no response is required.

**B.**     **Defendants**

       **1.**     **Provider Defendants**

34.     The first sentence of Paragraph 34 does not contain allegations to which a response is required.  The allegations in the second sentence of Paragraph 34 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 34, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.  Bank of America is without sufficient information to admit or deny the allegations in the third sentence of Paragraph 34, except that Bank of America admits that the term "provider" in the municipal derivatives industry is used to refer to insurance companies, commercial banks, and investment banks that provide various types of financial products to various government, quasi-governmental, and not-for-profit entities.

35.     Bank of America admits the allegations in the first sentence of Paragraph 35.  The remaining allegations in Paragraph 35 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BANA and Merrill Lynch were counter-parties to certain Municipal Derivatives with public and non-profit entities.

36.     Bank of America admits the allegations in the first and second sentences of Paragraph 36 that Merrill Lynch is a Delaware corporation with its principal place of business in Charlotte, North Carolina, and that on January 1, 2009, Merrill Lynch was acquired by BAC through the merger of a wholly-owned subsidiary of BAC with and into Merrill Lynch, with

Merrill Lynch continuing as the surviving corporation and as a subsidiary of BAC. The third sentence of Paragraph 36 contains legal conclusions to which no response is required. To the extent that a response is required, Bank of America admits that Merrill Lynch was a counterparty to certain Municipal Derivatives with public and non-profit entities.

37.     The allegations in Paragraph 37 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 39.

40.     Paragraph 40 does not contain allegations to which a response is required.

41.     The allegations in Paragraph 41 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 42.

43.     Paragraph 43 does not contain allegations to which a response is required.

44.     The allegations in Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 47.

48.     Paragraph 48 does not contain allegations to which a response is required.

49.     The allegations in Paragraph 49 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 58.

59.     Paragraph 59 does not contain allegations to which a response is required.

60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 60.

61. The allegations in Paragraph 61 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 61.

62. The allegations in Paragraph 62 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 62.

63. Paragraph 63 does not contain allegations to which a response is required.

64. The allegations in Paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 64.

65. The allegations in Paragraph 65 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 65.

66. The allegations in Paragraph 66 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 66.

67. Paragraph 67 does not contain allegations to which a response is required.

**2.** **Broker Defendants**

68. The first sentence of Paragraph 68 does not contain allegations to which a response is required. Bank of America is without sufficient information to admit or deny the

allegations in the second sentence of Paragraph 68, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

69.     The allegations in Paragraph 69 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 77.

78.     Paragraph 78 does not contain allegations to which a response is required.

**C.    Named and Unnamed Co-conspirators**

79.     The allegations in Paragraph 79 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 82.

83.     Paragraph 83 does not contain allegations to which a response is required.

84.     The allegations in Paragraph 84 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 92.

93.     Paragraph 93 does not contain allegations to which a response is required.

94.     The allegations in Paragraph 94 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 99.

100.     The allegations in Paragraph 100 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 100.

101.     The allegations in Paragraph 101 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 101.

102.     Paragraph 102 does not contain allegations to which a response is required.

103.     The allegations in Paragraph 103 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 103.

104.     The allegations in Paragraph 104 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 104.

105.     The allegations in Paragraph 105 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 105.

106.     The allegations in Paragraph 106 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 106.

107.     The allegations in Paragraph 107 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 107.

108.     The allegations in Paragraph 108 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 108.

**IV.**

**OVERVIEW OF MUNICIPAL DERIVATIVES**

**A.     Municipal Bond Basics**

109.     Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 109, except that Bank of America admits that the entities identified in Paragraph 109 are among the entities that issue municipal bonds and the projects identified in Paragraph 109 are among the reasons issuers issue municipal bonds.  Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 109.

110.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 110, except that Bank of America admits that the term "issuer" can refer to a public or non-profit entity that issues bonds and that the term "issuer" can refer to an entity that enters into a municipal derivatives agreement with a provider, although other terms such as "counter-party" can also apply and a "counter-party" for purposes of a municipal derivatives agreement is not always the same entity as the "issuer" of the bonds.

111.     Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 111, except that Bank of America admits that insurance companies,

commercial banks, and investment banks have provided either some or all types of Municipal Derivatives.

112.    Bank of America admits the allegations in Paragraph 112 that there are entities that seek to enter into certain types of Municipal Derivatives that hire a broker, bidding agent, or financial advisor to conduct a bidding process amongst potential providers of Municipal Derivatives and such brokers, bidding agents, or financial advisors can be engaged for this purpose as well as others.

113.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 113, except that Bank of America denies that all municipal bonds are tax-exempt.

114.    Bank of America is without sufficient information to either admit or deny the remaining allegations in Paragraph 114, except that Bank of America admits that municipal bonds bear interest at either a fixed or variable rate of interest and issuers of municipal bonds receive money in exchange for a promise to repay the holders of the bonds over time.

115.    Bank of America is without sufficient information to either admit or deny the allegations in Paragraph 115, except that Bank of America admits that bond issuers have sometimes issued VRDBs and ARSs.

116.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 116, except that Bank of America admits that municipal bonds may be issued for any number of purposes, including to pay off previously issued bonds or for working capital, but the proceeds of municipal bonds that are issued to finance a particular project are generally placed into one or more of the following bond funds:  (i) construction project or acquisition funds, in which an issuer of bonds invests the proceeds of a bond issuance until they are spent for the purpose for which the bonds were issued; (ii) debt service funds, in which an issuer of bonds

invests a portion of a bond issuance that it sets aside to pay future debt service on the bonds; and (iii) debt service reserve funds, in which an issuer invests a portion of a bond issuance that it sets aside to cover a temporary shortfall in revenues to make payments of debt service on the bonds.

**B.** **Municipal Derivatives Basics**

117.    Bank of America admits the allegations in the first sentence of Paragraph 117 that the term "Municipal Derivatives" can include agreements pursuant to which certain types of bond issuers or certain types of entities that receive proceeds of bond issuances invest bond proceeds on a tax-exempt basis and that there are two primary types of agreements issuers or certain types of entities that receive proceeds of bond issuances enter with respect to bond issuances:  (i) municipal-liability management products, *i.e.*, agreements that affect an issuer's liability relating to the interest rate on the underlying bond issuance, which include swaps, caps, floors, collars, and options; and (ii) municipal-investment products for the investment of bond proceeds, as well as other moneys associated with a bond issue that are not bond proceeds, which include:  a) investment agreements (*i.e.*, forward purchase agreements ("FPAs") and forward delivery agreements ("FDAs"), repurchase agreements ("repos"), and secured (or "collaterized") guaranteed investment contracts ("GICs"), and unsecured GICs); and b) escrow portfolios/security sales.  Bank of America is without sufficient information to admit or deny the remaining allegations Paragraph 117.

118.    Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 118.  The last sentence of Paragraph 118 does not contain factual allegations to which a response is required.

119.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 119, except that Bank of America admits that a "GIC" can include a contract under

which a provider agrees to accept funds from an issuer and agrees to repay those funds in the future on a specified date or dates together with interest at a specified rate. The last sentence of Paragraph 119 does not contain factual allegations to which a response is required.

120. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 120, except that Bank of America admits that issuers may use swaps to address the interest rate obligation on underlying bond issuances and that some swaps involve an exchange of payments as described in the second sentence of Paragraph 120. The fourth sentence of Paragraph 120 does not contain factual allegations to which a response is required.

121. Bank of America is without sufficient information to admit or deny the allegations in the first three sentences of Paragraph 121, except that Bank of America admits that some Municipal Derivatives may involve an exchange of periodic payments from an issuer to a provider in exchange for a lump sum from the provider.

1. **Guaranteed Investment Contracts "GICs"**

122. Bank of America admits the allegations in the first sentence of Paragraph 122 that a "GIC" can include a contract under which a provider agrees to accept funds from an issuer and agrees to repay those funds in the future on a specified date or dates together with interest at a specified rate. Bank of America denies that all GICs involve periodic payments to the issuer, and that all GICs are the result of a competitive bidding process. Bank of America denies the allegations in the second sentence of Paragraph 122. Bank of America is without sufficient information to either admit or deny the remaining allegations in Paragraph 122, except that Bank of America admits that some GICs involve future payments from a provider based on either a fixed or variable rate of interest.

123. Bank of America denies the allegations in Paragraph 123.

124.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 124, except that Bank of America admits that an unsecured GIC is an agreement to provide a specific rate of return on funds subject to an agreement that is not secured or collateralized and that unsecured GICs can include a number of terms, including those identified in the last sentence of Paragraph 124. Bank of America denies the allegations in the second sentence of Paragraph 124.

## 2.    **Forward Agreements**

125.    Bank of America is without sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 125, except that Bank of America admits that Forward Purchase and Forward Delivery Agreements can be used in connection with debt service funds and escrow funds and Forward Purchase and Forward Delivery Agreements can be described as one in which the counterparties agree to settle their obligations at some identified future date based upon market conditions at the time the agreement is reached. Bank of America denies the allegations in the third sentence of Paragraph 125. Bank of America is without sufficient information to admit or deny the allegations in the last sentence of Paragraph 125, except that Bank of America admits that the allegations in the last sentence of Paragraph 125 state generally the description of a forward bond refunding.

## 3.    **Advanced Refunding Escrow**

126.    Bank of America admits that all issuers can issue bonds to refund previously issued bonds, but only public and non-profit entities can do "advance refundings." Bank of America admits that the allegations in the second sentence of Paragraph 126 state generally the description of an "advance refunding."

127.    Paragraph 127 does not contain allegations to which a response is required.

### 4. <u>Swaps</u>

128.     Bank of America denies the allegations in Paragraph 128 that all swaps involve an exchange of future cash flows between an issuer and a provider.

129.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 129, except that Bank of America admits that there are many types of swaps, some involving interest rates, others involving commodities, and to the extent that the allegations in Paragraph 129 relate to interest rate swaps, Bank of America admits that issuers may use swaps to address the interest rate obligation on an underlying bond issuance.

130.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 130, except that Bank of America admits that Paragraph 130 identifies different types of interest rate swaps.

131.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 131, except that Bank of America admits that issuers may use swaps to address the interest rate obligation on underlying bond issuance.

132.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 132, except that Bank of America admits that the allegations in Paragraph 132 generally describe a synthetic fixed rate transaction, which is one type of swap.

### a. <u>Basic Swap Valuation - Logic of "Rational Pricing"</u>

133.     The allegations in Paragraph 133 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 133.

134.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 134.

135.     The allegations in Paragraph 135 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 135.

136.     The allegations in Paragraph 136 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 136.

137.     The allegations in Paragraph 137 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 137.

138.     The allegations in Paragraph 138 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 138.

139.     The allegations in Paragraph 139 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 139, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

**5.     Interest Rate Agreements, Options, And Swaptions**

140.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 140, except that Bank of America admits that there are many types of "floors" and generally a floor is a minimum price or rate agreed to by two parties.

141.     Bank of America denies the allegations in Paragraph 141.

142.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 142, except that Bank of America admits that the allegations in the first two sentences of Paragraph 142 describe generally a type of "collar."  Bank of America denies the allegations in the last sentence of Paragraph 142.

143.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 143, except that Bank of America admits that an option can include a contract or agreement that gives a provider the right to cancel or terminate a municipal derivative pursuant to the terms and conditions of the contract or agreement.

144.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 144, except that Bank of America admits that in the context of a "swaption" relating to a municipal derivatives agreement, a "swaption" is a commonly used term and can include where a provider has an option to terminate or require the counterparty to perform under a swap agreement.

145.    Paragraph 145 does not contain allegations to which a response is required.

146.    The allegations in Paragraph 146 constitute legal conclusions to which no response is required.

## V.

## DEFENDANTS' ILLEGAL MANIPULATION OF THE MUNICIPAL DERIVATIVE MARKET

### A.    Overview Of Defendants' Illegal Conspiracy

147.    The allegations in Paragraph 147 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

148.     Bank of America admits that BAC's factual proffers included information from the cooperating witness contained in Paragraph 148.

149.     The allegations in Paragraph 149 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegation in Paragraph 149, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 149.

150.     The allegations in Paragraph 150 constitute legal conclusions to which no response is required.

151.     The allegations in Paragraph 151 constitute legal conclusions to which no response is required.

1.     **Mechanics Of The Conspiracy**

152.     The allegations in Paragraph 152 constitute legal conclusions to which no response is required.

a.     **Bid-Rigging Of Auctions**

153.     The allegations in Paragraph 153 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 153, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

154.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 154.

155.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 155.

156.     The allegations in Paragraph 156 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 156, except that Bank of America admits that the competitive bidding process may be used for various types of municipal derivatives.

157.     The allegations in Paragraph 157 contain legal conclusions to which no response is required.

158.     The allegations in Paragraph 158 constitute legal conclusions to which no response is required.

159.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 159.

### i.     Pre-Selecting A Particular Provider Defendant To Win An Auction for a Municipal Derivative

160.     The allegations in Paragraph 160 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 160, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

161.     The allegations in Paragraph 161 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 161.

162.    The allegations in Paragraph 162 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 162, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations and information from the cooperating witness contained in Paragraph 162.

163.    The allegations in Paragraph 163 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 163, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations and information from the cooperating witness contained in Paragraph 163.

164.    The allegations in Paragraph 164 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 165, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations and information from the cooperating witness contained in Paragraph 165.

166.    The allegations in Paragraph 166 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient

information to admit or deny the allegations in Paragraph 166, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations and information from the cooperating witness contained in Paragraph 166.

167.    The allegations in Paragraph 167 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 167, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations and information from the cooperating witness contained in Paragraph 167.

168.    The allegations in Paragraph 168 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 169, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations and information from the cooperating witness contained in Paragraph 169.

170.    Bank of America denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 171, except that Bank of America

admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 171.

172.     The allegations in Paragraph 172 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 172, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 172.

173.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 173.

174.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 174.

175.     Bank of America denies the allegations in Paragraph 175.

176.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 176.

177.     Bank of America admits that BAC's factual proffers included information from the cooperating witness contained in Paragraph 177.

178.     Bank of America denies the allegations in Paragraph 178.

179.     The allegations in Paragraph 179 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 179, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

180.     Bank of America denies the allegations in Paragraph 180.

181.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 181, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 181.

182.     The allegations in Paragraph 182 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 182, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations and information from the cooperating witness contained in Paragraph 182.

183.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 183, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 183.

184.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 184.

185.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 185.

186.     The allegations in Paragraph 186 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Campbell and McConnell, the contents of which speak for themselves.

187.     The allegations in Paragraph 187 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Campbell and McConnell, the contents of which speak for themselves.

188.     The allegations in Paragraph 188 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Campbell and McConnell, the contents of which speak for themselves.

189.     The allegations in Paragraph 189 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Murphy and a JP Morgan employee, Campbell and a Peter (last name unknown) at UBS, and an employee of BAC's

Municipal Derivatives Marketing Desk and a UBS employee, the contents of which speak for themselves.

190.     The allegations in Paragraph 190 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2002 conversation between a UBS employee and an employee of BAC's Municipal Derivatives Marketing Desk, the content of which speaks for itself.

191.     The allegations in Paragraph 191 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2002 conversation between a UBS employee and an employee of BAC's Municipal Derivatives Marketing Desk, the content of which speaks for itself.

**ii.     Submitting Courtesy Bids To Help a Pre-Selected Provider Defendant Win a Municipal Derivative Auction**

192.     The allegations in Paragraph 192 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 192, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

193.     The allegations in Paragraph 193 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives,

including information from the cooperating witness contained in the first sentence of Paragraph 193.

194.    The allegations in Paragraph 194 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 194, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 194**.**

195.    The allegations in Paragraph 195 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 195**.**

196.    The allegations in Paragraph 196 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 196**.**

197.    The allegations in Paragraph 197 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 197**.**

198.    The allegations in Paragraph 198 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 198**.**

199.     The allegations in Paragraph 199 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 199, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, information from the cooperating witness contained in Paragraph 199 and also including references to audiotaped 2002 and 2004 conversations, the contents of which speak for themselves.

200.     The allegations in Paragraph 200 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 200, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 200 and also including references to audiotaped 2002 and 2004 conversations, the contents of which speak for themselves.

201.     The allegations in Paragraph 201 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 201.

202.     The allegations in Paragraph 202 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 202.

203.     The allegations in Paragraph 203 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 203.

204.     The allegations in Paragraph 204 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 204, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 204**.**

205.     The allegations in Paragraph 205 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Campbell and Towne, the contents of which speak for themselves.

206.     The allegations in Paragraph 206 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 206, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 206.

207.     The allegations in Paragraph 207 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 207, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 207.

208.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations involving Murphy, the contents of which speak for themselves.

209.     The allegations in Paragraph 209 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Campbell and Goldberg, the contents of which speak for themselves.

210.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 210.

211.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 211, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 211.

212.     The allegations in Paragraph 212 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 212.

213.     The allegations in Paragraph 213 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2004 conversation between Epeneter and Harris, the content of which speaks for itself.

214.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2004 conversations between a Piper Jaffray employee and an employee of BAC's Municipal Derivatives Marketing Desk, the contents of which speak for themselves.

215.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2004 conversations between BAC Municipal Derivatives Marketing Desk employees, the contents of which speak for themselves.

216.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2004 conversations between a Piper Jaffray employee and an employee of BAC's Municipal Derivatives Marketing Desk, the contents of which speak for themselves.

217.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2004 conversations between an IMAGE employee and BAC Municipal Derivative Marketing Desk employees, the contents of which speak for themselves.

218.     Bank of America denies the allegations in Paragraph 218.

219.     The allegations in Paragraph 219 constitute legal conclusions to which no response is required.

### iii.     Passing to Help a Pre-Selected Provider Defendant Win a Municipal Derivative Auction

220.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 220.

221.     The allegations in Paragraph 221 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 221.

222.     The allegations in Paragraph 222 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 222.

223.     The allegations in Paragraph 223 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 223.

**iv.     The Pre-Selected Provider Defendant Gets A "Last Look" At Other Bids to Ensure Winning a Municipal Derivative Auction**

224.     The allegations in Paragraph 224 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 224.

225.     The allegations in Paragraph 219 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 225.

226.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 226.

227.     The allegations in Paragraph 227 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives,

including information from the cooperating witness contained in Paragraph 227, except to the extent that Paragraph 227 identifies Provider Defendant Bear Stearns.

228. The allegations in Paragraph 228 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 228.

229. The allegations in Paragraph 229 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to an audiotaped 2002 conversation between Towne and Campbell, the content of which speaks for itself.

230. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 230.

### v. The Pre-Selected Provider Defendant Gets Guidance and The Terms Of Other Bids to Ensure Winning a Municipal Derivative Auction

231. The allegations in Paragraph 231 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 231.

232. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 232.

233. The allegations in Paragraph 233 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 233.

234. The allegations in Paragraph 234 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 234.

235. The allegations in Paragraph 235 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 235.

236. The allegations in Paragraph 236 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 236.

237. The allegations in Paragraph 237 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 237.

238. The allegations in Paragraph 238 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 238.

239. Bank of America denies the allegations in Paragraph 239.

240. The allegations in Paragraph 240 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 240 admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 240.

241.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 241.

242.     The allegations in Paragraph 242 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 242.

243.     Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations involving Campbell, Murphy, and a Feld Winters broker, the contents of which speak for themselves.

### b.     Manipulation Of Negotiated Deals

244.     The allegations in Paragraph 244 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 244.

245.     The allegations in Paragraph 245 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 245.

246.     The allegations in Paragraph 246 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 conversations between Murphy and a JP Morgan employee, as well as Campbell and a Peter (last name unknown) at UBS, the contents of which speak for themselves.

247.     Bank of America denies the allegations in the first sentence of Paragraph 247 and admits the allegations in the second sentence of Paragraph 247.

248.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 248.

249.     Bank of America denies the allegations in Paragraph 249.

250.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 250.

251.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 251.

252.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 252.

253.     Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 253, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives. Bank of America denies the allegations in the second sentence of Paragraph 253.

### c.     <u>Kickbacks And Other Types Of Unlawful Consideration</u>

254.     The allegations in Paragraph 254 constitute legal conclusions to which no response is required.

255.     The allegations in Paragraph 255 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 255, except that Bank of America admits that a June 28, 2002 e-mail identifies Campbell as its author, Murphy as its recipient, and the content of the e-mail speaks for itself.

256.     The allegations in Paragraph 256 constitute legal conclusions to which no response is required.  To the extent a response is required, the content of the e-mail speaks for itself.

257.     The allegations in Paragraph 257 consist of legal conclusions to which no response is required.  To the extent a response is required, the e-mail reproduced in Paragraph 257 speaks for itself.

258.     Paragraph 258 does not contain allegations to which a response is required.

259.     The allegations in Paragraph 259 consist of legal conclusions to which no response is required.  To the extent a response is required, the e-mail reproduced in Paragraph 257 speaks for itself.

260.     The allegations in the Paragraph 260 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 260.

261.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 261.

262.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 262.

263.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 263.

264.     The allegations of Paragraph 264 consist of legal conclusions to which no response is required.  To the extent a response is required, and to the extent that Paragraph 264 is referring to the e-mail reproduced in Paragraph 257, the content of that e-mails speaks for itself.

265. The allegations in Paragraph 265 consist of legal conclusions to which no response is required. To the extent a response is required, the e-mail reproduced in Paragraph 257 speaks for itself.

266. The allegations in Paragraph 266 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 266.

267. The allegations in Paragraph 267 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 267.

268. The allegations of Paragraph 268 consist of legal conclusions to which no response is required. To the extent a response is required, and to the extent that Paragraph 268 is referring to the e-mail reproduced in Paragraph 257, the content of that e-mails speaks for itself.

269. The allegations of Paragraph 269 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 269 and to the extent that Paragraph 269 is referring to the e-mail reproduced in Paragraph 257, the content of that e-mails speaks for itself.

270. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 270.

271. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 271.

**d.    Defendants' Overt Acts To Prevent Discovery Of Their Conspiratorial Communications**

272.    The allegations in the first sentence of Paragraph 272 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 272, except that Bank of America admits that tapes of telephone conversations to and from BAC's Municipal Derivatives Marketing Desk exist for a portion of 2004.  Bank of America admits the first half of the second sentence of Paragraph 272, but denies the remainder of the second sentence of Paragraph 272.  Bank of America is without sufficient information to admit or deny the allegations in the third sentence of Paragraph 272.

273.    The allegations Paragraph 273 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 273, except Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations, the contents of which speak for themselves, and also including information from the cooperating witness contained in Paragraph 273.

274.    The allegations Paragraph 274 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 274, except Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including references to audiotaped 2002 and 2004 conversations, the contents of which speak for themselves, and also including information from the cooperating witness contained in Paragraph 274.

275.     The allegations Paragraph 275 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 275, except Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from e-mails contained in Paragraph 275.

**2.     "It's nice to have friends": Repeat Appearances By Defendants' Representatives In Different Transactions, Personal Relationships Amongst Them, And Other Factors Encouraging And Enabling The Conspiracy**

276.     The allegations in the first sentence of Paragraph 276 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that in order to conspire, co-conspirators need an opportunity to do so.  The remainder of Paragraph 276 does not contain allegations to which a response is required.

277.     The allegations in Paragraph 277 consist of legal conclusions to which no response is required.

**a.     Repeat Appearances In Multiple Transactions**

278.     The allegations in Paragraph 278 consist of legal conclusions to which no response is required.

279.     The allegations in Paragraph 279 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 279.

280.     The allegations in Paragraph 280 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 280, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related

to certain derivatives, including information from the cooperating witness contained in Paragraph 280.

281.    The allegations in Paragraph 281 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 281, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 281.

282.    Bank of America denies the allegations in the first sentence of Paragraph 282. The allegations in the second sentence of Paragraph 282 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the second sentence of Paragraph 282.

**b.    Personal Relationships Amongst Defendants' Representatives**

283.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 283.

284.    Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 284.

285.    Bank of America denies the allegations in the first sentence of Paragraph 285. The remaining allegations in Paragraph 285 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 285.

286.     Bank of America admits that BAC's factual proffers included information from the cooperating witness contained in Paragraph 286.

287.     Bank of America is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 287, except that Bank of America admits that BAC's factual proffers included information from the cooperating witness contained in Paragraph 287.

288.     The allegations in Paragraph 288 consist of legal conclusions to which no response is required.

289.     Bank of America admits the allegations in Paragraph 289 that marketers on BAC's Municipal Derivatives Marketing Desk worked with brokers at IMAGE, CDR, Sound Capital, Feld Winters, and Baum, as well as other brokers.

290.     The allegations in Paragraph 290 consist of legal conclusions to which no response is required.

291.     The allegations in Paragraph 291 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that a July 8, 2002 e-mail identifies Naeh as its author, Pinard as its recipient, and the content of that e-mail speaks for itself.

292.     The allegations in Paragraph 292 consist of legal conclusions to which no response is required.

293.     The allegations in Paragraph 293 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 293, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related

to certain derivatives, including information from the cooperating witness contained in Paragraph 293.

294.    The allegations Paragraph 294 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 294, except Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 294.

295.    The allegations in Paragraph 295 consist of legal conclusions to which no response is required.

296.    The allegations in Paragraph 296 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 296, except that Bank of America admits that Campbell and Murphy were at one time BAC Municipal Derivatives Marketing Desk employees.

297.    The allegations in Paragraph 297 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 297, except that Bank of America admits that Saunders was at one time a BAC Municipal Marketing Desk employee.

298.    The allegations in Paragraph 298 consist of legal conclusions to which no response is required.

299.    The allegations in Paragraph 299 consist of legal conclusions to which no response is required.

300.     The allegations in Paragraph 300 consist of legal conclusions to which no response is required.

301.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 301, except that Bank of America admits that Bank of America is a member of SIFMA.

302.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 302.

303.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 303, except that Bank of America admits that BANA is a member of ISDA.

304.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 304, except that Bank of America admits that BANA is a member of the American Bankers Association.

305.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 305.

**3.     Industry-Wide Quality And Market-Wide Effect Of Conspiracy**

306.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 306.

307.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 307.

308.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 308, except that Bank of America admits that the DOJ is conducting an investigation into bidding practices in the municipal derivatives industry and at least some municipal derivatives providers have received a subpoena from the DOJ.

309. The allegations in Paragraph 309 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 309.

310. The allegations in Paragraph 310 consist of legal conclusions to which no response is required.

311. The allegations in Paragraph 311 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 311.

312. The allegations in Paragraph 312 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 312.

313. The allegations in Paragraph 313 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 313.

314. The allegations in Paragraph 314 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 314.

315. The allegations in Paragraph 315 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 315.

316. The allegations in Paragraph 316 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 316.

317. The allegations in Paragraph 317 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 317.

**B.** **Evidence Of The Conspiracy's Operation Through Specific Municipal Derivative Transactions**

318. The allegations in Paragraph 318 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 318, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

319. The allegations in Paragraph 319 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 319, except that Bank of America admits that the DOJ has prohibited Bank of America from providing tapes from BAC's Municipal Derivatives Marketing Desk (or transcripts thereof) to Plaintiff and the DOJ sought a partial stay of certain discovery in this and related litigation.

**1.** **Examples Of The Conspiracy's Operation In Particular Municipal Derivative Transactions Identified In The CDR Indictment**

320. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 320. To the extent a response is required, the CDR Indictment speaks for itself.

**a.** **Municipal Derivative Transactions Manipulated By Provider A, CDR, And Co-Conspirators**

321. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 321. To the extent a response is required, the CDR indictment speaks for itself.

322.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 322.  To the extent a response is required, the CDR indictment speaks for itself.

323.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 323.  To the extent a response is required, the CDR indictment speaks for itself.

324.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 324.  To the extent a response is required, the CDR indictment speaks for itself.

325.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 325.  To the extent a response is required, the CDR indictment speaks for itself.

             **i.      Three 2003 State Water Development Authority Municipal Derivative Transactions**

326.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 326.  To the extent a response is required, the CDR indictment speaks for itself.

327.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 327.  To the extent a response is required, the CDR indictment speaks for itself.

328.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 328.  To the extent a response is required, the CDR indictment speaks for itself.

329.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 329.  To the extent a response is required, the CDR indictment speaks for itself.

330.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 330.  To the extent a response is required, the CDR indictment speaks for itself.

331.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 331.  To the extent a response is required, the CDR indictment speaks for itself.

332.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 332.  To the extent a response is required, the CDR indictment speaks for itself.

333. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 333. To the extent a response is required, the CDR indictment speaks for itself.

334. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 334. To the extent a response is required, the CDR indictment speaks for itself.

335. The allegations in Paragraph 335 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 335 and the CDR indictment speaks for itself.

336. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 336. To the extent a response is required, the CDR indictment speaks for itself.

337. The allegations in Paragraph 337 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 337.

ii. **A 2002 Municipal Port Facility Municipal Derivative Transaction**

338. The allegations in Paragraph 338 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 338 and the CDR indictment speaks for itself.

339. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 339. To the extent a response is required, the CDR indictment speaks for itself.

340. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 340. To the extent a response is required, the CDR indictment speaks for itself.

341.	Bank of America is without sufficient information to admit or deny the allegations in Paragraph 341.  To the extent a response is required, the CDR indictment speaks for itself.

342.	Bank of America is without sufficient information to admit or deny the allegations in Paragraph 342.  To the extent a response is required, the CDR indictment speaks for itself.

343.	Bank of America is without sufficient information to admit or deny the allegations in Paragraph 343.  To the extent a response is required, the CDR indictment speaks for itself.

344.	The allegations in Paragraph 344 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 344 and the CDR indictment speaks for itself.

345.	The allegations in Paragraph 345 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 345.

346.	The allegations in Paragraph 346 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 346 and the CDR indictment speaks for itself.

b.	**Municipal Derivative Transactions Manipulated By Provider B, CDR, And Co-Conspirators**

The allegations in the unnumbered Paragraph in the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the unnumbered Paragraph and the CDR indictment speaks for itself.

347.     The allegations in Paragraph 347 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 347 and the CDR indictment speaks for itself.

348.     The allegations in Paragraph 348 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 348 and the CDR indictment speaks for itself.

349.     The allegations in Paragraph 349 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 349 and the CDR indictment speaks for itself.

350.     The allegations in Paragraph 350 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 350 and the CDR indictment speaks for itself.

          **i.**       **2004 State Housing Agency Municipal Derivative Transaction**

351.     The allegations in Paragraph 351 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 351 and the CDR indictment speaks for itself.

352.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 352 and the CDR indictment speaks for itself.

353.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 353 and the CDR indictment speaks for itself.

354.     The allegations in Paragraph 354 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 354 and the CDR indictment speaks for itself.

2.     **Examples Of The Conspiracy's Operation In Particular Municipal Derivative Transactions Proffered By Defendant Bank Of America**

a.     **Pennsylvania Intergovernmental Cooperation Authority Forward Purchase Agreement**

355.     The allegations in Paragraph 355 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 355.

b.     **Hillcrest Healthcare System (Oklahoma) Forward Purchase Agreement**

356.     The allegations in Paragraph 356 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 356.

c.     **Guam Power Forward Purchase Agreement**

357.     The allegations in Paragraph 357 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 357.

#### d.      Pennsylvania School Districts and Other Entities Escrows

358.      The allegations in Paragraph 358 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 358.

359.      The allegations in Paragraph 359 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 359, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 359.

360.      The allegations in Paragraph 360 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 360, except for the "Tyne-Richland School District," which was instead the Pine-Richland School District and the "Pattiston Area School District," which was instead the Pittston Area School District.

#### e.      Springfield Township (Pennsylvania) Collateralized Deposit

361.      The allegations in Paragraph 361 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from e-mails contained in Paragraph 361.

### f.  Biola University (California) Forward Purchase Agreement

362. The allegations in the first four sentences of Paragraph 362 contain legal conclusions to which no response is required.  To the extent a response is required to the allegations in the first four sentences of Paragraph 362, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 362. Bank of America denies the allegations in the last sentence of Paragraph 362.

### g.  Santa Barbara County (California) Forward Purchase Agreement

363. The allegations in Paragraph 363 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from e-mails contained in Paragraph 362, and also including references to audiotaped 2002 conversations between Murphy and a Feld Winters employee, as well as internal conversations at BAC's Municipal Derivatives Marketing Desk, the contents of which speak for themselves.

### h.  Art Center College of Design (California)

364. The allegations in Paragraph 364 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 364, and also including references to audiotaped 2002 conversations between Murphy and Naeh, as well as internal conversations at BAC's Municipal Derivatives Marketing Desk, the contents of which speak for themselves.

i. **Beacon Tradeport Community Development District (Florida) and The Olympic Club (California) Transactions**

365. The allegations in Paragraph 365 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 365.

366. The allegations in Paragraph 366 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 366, and also including an April 11, 2002 Market Pricing Letter from Stallone at IMAGE to Murphy for an interest rate swap agreement with The Olympic Club and a March 11, 2002 e-mail from Murphy to Pinard, the contents of which speak for themselves.

j. **University of Tampa (Florida) Forward Purchase Agreement**

367. The allegations in Paragraph 367 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 366, and also including references to e-mails between Naeh and Pinard, the contents of which speak for themselves.

k. **Puerto Rico Electric Power Authority Escrow Deposit Agreements**

368. The allegations in Paragraph 368 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 366, and also including references to audiotaped

2002 conversations between Campbell and Zaino, as well as internal conversations at BAC's Municipal Derivatives Marketing Desk, the contents of which speak for themselves.

### l.     <u>Rhode Island Gross Funded Escrow Agreement</u>

369.    The allegations in Paragraph 369 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 369, except that Bank of America admits that BAC's factual proffers included information contained in Paragraph 369.

### m.     <u>Williamson County (Tennessee) Escrow Deposit Agreements</u>

370.    The allegations in Paragraph 370 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 370, and also including references to audiotaped 2002 conversations between Campbell and Rosenberg, the contents of which speak for themselves.

### n.     <u>Jackson Lab (Maine) Interest Rate Swaps</u>

371.    The allegations in Paragraph 371 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 371, and also including references to audiotaped 2002 conversations between Campbell and Steinhauer, the contents of which speak for themselves.

### o.     <u>Commonwealth of Massachusetts Forward Purchase Agreement</u>

372.    The allegations in Paragraph 372 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual

proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 372, and also including references to audiotaped 2002 conversations between Campbell and Zaino, as well as Campbell and Goldberg, the contents of which speak for themselves.

**p.      Virgin Islands Debt Service Reserve Fund**

373.     The allegations in Paragraph 373 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information and e-mails contained in Paragraph 373.

374.     The allegations in Paragraph 374 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 374, and also including references to audiotaped 2002 conversations between Campbell and Stallone, the contents of which speak for themselves.

**q.      New Jersey Transit Corporation Escrow Agreement**

375.     The allegations in Paragraph 375 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 375, and also including references to audiotaped 2002 conversations between Campbell and Naeh, the contents of which speak for themselves.

**r.      Tampa (Florida) Port Authority Forward Purchase Agreement**

376.     The allegations in Paragraph 376 contain legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BAC's factual

proffers included evidence of possible anticompetitive activity related to certain derivatives, including information and e-mails contained in Paragraph 376.

s.      <b><u>City of Chicago (Illinois) Wastewater Facility Swap</u></b>

377.      The allegations in Paragraph 377 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 377, and also including references to audiotaped 2004 conversations between an employee of BAC's Municipal Derivatives Marketing Desk and Mesirow employees, the contents of which speak for themselves.

t.      <b><u>2007 Bank of America IRS Settlements</u></b>

378.      Bank of America admits that on February 9, 2007 BAC issued a press release announcing a settlement with the IRS in connection with the provision of GICs in blind pool deals to some state and local government entities, including the entities listed in Paragraph 378, except the "Western Virginia Hospital Finance Authority," which was instead the West Virginia Hospital Finance Authority.

379.      The allegations in Paragraph 379 contain legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information contained in Paragraph 379. Bank of America denies the allegations in the last sentence of Paragraph 379.

### 3. Preliminary Statistical Analysis Of Municipal Derivative Transactions Of California Issuers Reveals Probative Evidence Of Bid-Rigging

#### a. Evidence Suggesting Courtesy Bids

380. The allegations in Paragraph 380 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 380.

381. The allegations in Paragraph 381 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives, including information from the cooperating witness contained in Paragraph 381.

382. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 382.

383. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 383.

384. The allegations in Paragraph 384 constitute legal conclusions to which no response is required.

385. Bank of America admits the allegations in Paragraph 385.

386. The allegations in Paragraph 386 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 386.

387. The allegations in Paragraph 387 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 387.

**i.     City of Riverside (California) GIC May 28, 2004 (Row 1)**

388.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 388.

389.     The allegations in Paragraph 389 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 389.

390.     The allegations in Paragraph 390 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 390.

391.     The allegations in Paragraph 391 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 391.

392.     The allegations in Paragraph 392 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 392.

393.     The allegations in Paragraph 393 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 393.

394.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 394.

395.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 395.

## ii. <u>City of Riverside (California) GIC Aug. 1, 2003 (Row 2)</u>

396.     The allegations in Paragraph 396 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 396.

397.     The allegations in Paragraph 397 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 397.

398.     The allegations in Paragraph 398 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 398.

399.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 399.

400.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 400.

## iii. <u>Los Angeles World Airports (California) GIC March 5, 1998 (Row 3)</u>

401.     The allegations in Paragraph 401 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 401.

402.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 402.

403.     The allegations in Paragraph 403 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 403.

404. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 404.

405. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 405.

406. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 406.

### iv. City of Riverside (California) GIC February 12, 2004 (Row 4)

407. The allegations in Paragraph 407 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 407.

408. The allegations in Paragraph 408 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 408.

409. The allegations in Paragraph 409 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 409.

410. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 410.

411. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 411.

412. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 412, except that Bank of America admits that Saunders was, at one time, an employee of BAC's Municipal Derivatives Marketing Desk.

**v.**      <u>City of Riverside (California) GIC July 16, 2003 (Row 5)</u>

413.      The allegations in Paragraph 413 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 413.

414.      The allegations in Paragraph 414 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 414.

415.      The allegations in Paragraph 415 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 415.

416.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 416, except that, based on information and belief, Bank of America admits that Jay Saunders was involved in the consideration of what to bid for a City of Riverside GIC that was awarded on July 16, 2003.

417.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 417.

418.      Bank of America is without sufficient information to admit or deny the allegations in Paragraph 418, except that Bank of America admits that Saunders was, at one time, an employee of BAC's Municipal Derivatives Marketing Desk, and, based on information and belief, Bank of America admits that Saunders was involved in the consideration of what to bid for a City of Riverside GIC that was awarded on July 16, 2003.

419.    The allegations in Paragraph 419 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 419.

420.    The allegations in Paragraph 420 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 420.

421.    The allegations in Paragraph 421 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 421.

422.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 422.

423.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 423.

424.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 424.

vii.    **City of Riverside (California) GIC Nov. 17, 2004 (Row 7)**

425.    The allegations in Paragraph 425 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 425.

426.    The allegations in Paragraph 426 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 426.

427.     The allegations in Paragraph 427 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 427.

428.     The allegations in Paragraph 428 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 428.

429.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 429.

430.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 430.

### viii.     City of Los Angeles (California) GIC April 27, 2005 (Row 8)

431.     The allegations in Paragraph 431 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 431.

432.     The allegations in Paragraph 432 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 432.

433.     The allegations in Paragraph 433 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 433.

434.     The allegations in Paragraph 434 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 434.

435.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 435.

ix.     **San Mateo County (California) GIC September 6, 2001 (Row 9)**

436.     The allegations in Paragraph 436 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 436.

437.     The allegations in Paragraph 437 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the first four sentences in Paragraph 437 and denies the allegations in the last two sentences of Paragraph 437.

438.     The allegations in Paragraph 438 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 438.

439.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 439, except that, based on information and belief, Bank of America admits that bid forms received by BANA on September 5 and 6, 2001 for a San Mateo County deal, also appear to have been sent to Lehman, Bear Stearns, Morgan Stanley, First Union, and Salomon Smith Barney employees.

x.     **City of Los Angeles (California) GIC March 19, 2002 (Row 10)**

440.     The allegations in Paragraph 440 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 440.

441.    The allegations in Paragraph 441 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 441.

442.    The allegations in Paragraph 442 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 442.

443.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 443.

    **b.    San Mateo County (California) November 14, 2003 Swap Transaction**

444.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 444.

445.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 445.

446.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 446.

447.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 447.

448.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 448.

449.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 449.

450.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 450.

451. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 451.

452. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 452.

453. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 453.

454. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 454.

455. The allegations in Paragraph 455 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 455.

456. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 456.

457. The allegations in Paragraph 457 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 457.

458. The allegations in Paragraph 458 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 458.

459. The allegations in Paragraph 459 constitute legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 459.

4. **Publicized Evidence Of The Conspiracy's Operation In Municipal Derivative Transactions**

      a.      **Pacific Matrix - Stifel Transactions**

460.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 460.

461.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 461.

      i.      **Oklahoma Turnpike Authority GIC**

462.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 462.

463.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 463.

464.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 464.

465.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 465.

      ii.      **Pottawatomie County (Oklahoma) Development Authority**

466.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 466.

      iii.      **Oklahoma Turnpike Authority Forward Purchase Agreement**

467.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 467.

468.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 468.

469.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 469.

### iv.    Sisters of St. Mary's Forward Purchase Agreement

470.    The allegations in Paragraph 470 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 470.

471.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 471.

### b.    Baum - CDC Funding Transactions

472.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 472.

### c.    Baum - Bank of America Transaction (Rural Enterprises of Okla.)

473.    The allegations in Paragraph 473 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 473.

### d.    CDR - Bank of America Transaction (City of Atlanta)

474.    The allegations in Paragraph 474 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 474.

475.    The allegations in Paragraph 475 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 475.

### e.　　CDR - SocGen Transactions (Lease-to-Own And California School Advance Refunding Deals)

476.　　Bank of America is without sufficient information to admit or deny the allegations in Paragraph 476.

### f.　　Oxnard California School District And Delano California Joint High School District

477.　　The allegations in Paragraph 477 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 477.

### g.　　Baum

478.　　The allegations in Paragraph 478 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 478, except that Bank of America hereby incorporates herein by reference BANA's June 8, 2010 response to Paragraph 134 of Class Plaintiffs' Second Consolidated Amended Class Action Complaint.

479.　　The allegations in Paragraph 479 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 479, except that Bank of America hereby incorporates herein by reference BANA's June 8, 2010 response to Paragraph 134 of Class Plaintiffs' Second Consolidated Amended Class Action Complaint.

480.　　The allegations in Paragraph 480 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 480.

### h.      Butler Area School District Swaptions

481.    The allegations in Paragraph 481 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 481.

### i.      North Carolina University State Student Aid Association

482.    Bank of America admits that BAC's factual proffer included the information in Paragraph 482, as well as references to audiotaped 2004 conversations between an employee of BAC's Municipal Derivatives Marketing Desk and a Wachovia employee, the contents of which speak for themselves.

### j.      Jefferson County (Alabama) Sewer Swaps

483.    The allegations in Paragraph 483 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 483, except that Bank of America admits that Jefferson County executed a $379,847,000 swap with BANA on June 10, 2004.

484.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 484 and the SEC filings referenced in Paragraph 484 speak for themselves.

485.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 485 and the SEC filings referenced in Paragraph 485 speak for themselves.

486.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 486 and the SEC filings referenced in Paragraph 486 speak for themselves.

487.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 487.

488.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 488.

489.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 489 and the SEC filings referenced in Paragraph 489 speak for themselves.

490.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 490 and the SEC filings referenced in Paragraph 490 speak for themselves.

491.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 491 and the SEC filings referenced in Paragraph 491 speak for themselves.

492.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 492 and the SEC filings referenced in Paragraph 492 speak for themselves.

493.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 493.

494.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 494, except that Bank of America denies the allegations in the first half of the second sentence in Paragraph 494.

495.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 495.

**k.      Biola University (California) Swap**

496.     The allegations in Paragraph 496 constitute legal conclusions to which no response is required.  To the extent a response is required, the complaint in the Biola lawsuit speaks for itself.

**VI.**

**TULARE MUNICIPAL DERIVATIVE TRANSACTIONS**

497.     The allegations in Paragraph 497 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 497.

498. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 498.

499. The allegations in Paragraph 499 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 499.

500. The allegations in Paragraph 500 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 500.

A.      **Reinvestment Derivative Transactions**

1.      **County of Tulare, California 1998-1999 Tax and Revenue Anticipation Notes**

501. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 501.

502. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 502.

503. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 503.

2.      **County of Tulare, California 1999-2000 Tax and Revenue Anticipation Notes**

504. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 504.

505. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 505.

506. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 505.

**3.       Tulare GIC Transactions Entered Into After 1992**

507.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 507.

508.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 508.

509.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 5009.

510.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 510.

511.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 511.

512.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 512.

513.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 513.

514.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 514.

515.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 515.

516.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 516.

517.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 517.

518.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 518.

**B.      Repeat Appearances Of The Same Representatives Of The Same Defendants In Tulare Municipal Derivative Transactions**

519.     The allegations in Paragraph 519 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 519.

520.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 520.

**1.      The Same Representatives Of Five Provider Defendants Appeared In Two Auctions Together Along With Other Repeat Players**

521.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 521.

522.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 522.

**VII.**

**DOJ ANTITRUST DIVISION EMPANELS GRAND JURY TO PURSUE INDUSTRY-WIDE CRIMINAL INVESTIGATION - BOFA SEEKS AMNESTY**

523.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 523, except that Bank of America admits that the DOJ is conducting an investigation into bidding practices in the municipal derivatives industry, and that at least some municipal derivatives providers have received subpoenas, the terms of which speak for themselves.

524.     Bank of America admits that BAC's factual proffers included information contained in Paragraph 524.  Bank of America admits that in addition to the DOJ, the IRS and

SEC are conducting investigations of practices in the municipal derivatives industry. Bank of America denies the allegations in the fourth sentence of Paragraph 524. Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 524.

525. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 525, except that Bank of America admits that at least some municipal derivatives providers have received a DOJ subpoena, the terms of which speak for themselves.

526. The subpoenas referenced in Paragraph 526 speak for themselves.

527. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 527, except that Bank of America admits that the DOJ has not permitted Bank of America to produce tapes or transcripts of tapes in the course of BAC's cooperation with certain civil plaintiffs.

528. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 528, except that, based on information and belief, Bank of America admits that the City of Riverside executed a $82,500,000 swap with Merrill Lynch on or about September 14, 2005.

529. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 529.

530. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 530, except that Bank of America admits that BAC sought and received leniency under Part A of the DOJ's Corporate Leniency Policy, the requirements of which speak for themselves.

531.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 531.  Part A of the DOJ's Corporate Leniency Policy speaks for itself.  Bank of America admits that BAC's factual proffers included information contained in Paragraph 531.

532.     Bank of America denies that the DOJ's Corporate Leniency Policy is administered "under ACPERA."  The remaining allegations of Paragraph 532 constitute legal conclusions to which no response is required.  To the extent a response is required, the requirements of Part A of the DOJ's Corporate Leniency Policy speak for themselves.

533.     The allegations in the first two sentences of Paragraph 533 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the first two sentences of Paragraph 533.  In response to the third sentence of Paragraph 533, BAC's most-recent SEC Form 10-K speaks for itself.

534.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 534.

535.     The allegations of Paragraph 535 constitute legal conclusions to which no response is required.  To the extent a response is required, the applicable requirements of Part A of the DOJ's Corporate Leniency Policy speak for themselves.

536.     The allegations in Paragraph 536 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 536, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives.

537.    The allegations in Paragraph 537 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 537.

538.    The allegations in Paragraph 538 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 538.

539.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 539.

540.    The allegations in Paragraph 540 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 540, except that BANA admits that it has disclosed publicly its receipt of a Wells Notice.

A.    **BofA Admits To Participation In Conspiracy - Enters DOJ Leniency Program**

541.    Bank of America denies the allegations in the first sentence of Paragraph 541, except that Bank of America admits that on January 11, 2007, the DOJ granted BAC conditional leniency pursuant to Part A of the DOJ's Corporate Leniency Policy and the requirements of Part A of the DOJ's Corporate Leniency Policy speak for themselves.  As to the remainder of Paragraph 541, BAC's February 27, 2009 SEC Form 10-K speaks for itself.

542.    The allegations in the first two sentences of Paragraph 542 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the first two sentences of Paragraph 542.  Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 542,

except that Bank of America admits the individuals listed in Paragraph 542 are former employees of BAC's Municipal Derivatives Marketing Desk.

543.     Bank of America is without sufficient information to admit or deny the remaining allegations in Paragraph 543, except that Bank of America admits that Pinard once headed BAC's Municipal Derivatives Marketing Desk and Pinard was terminated by Bank of America on April 26, 2007.

544.     Bank of America admits that BANA has publicly disclosed its receipt of a Wells Notice from the SEC and has received document requests from a number of state AGs, the terms of which vary and speak for themselves.

**B.     The DOJ's Indictment Of Defendant CDR And CDR Executives Implicates Other Defendant Providers In Conspiracy**

545.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 545.  The CDR indictment speaks for itself.

546.     The CDR indictment speaks for itself.

547.     The CDR indictment speaks for itself.

548.     The CDR indictment speaks for itself.

549.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 549.

550.     The CDR indictment speaks for itself.

551.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 551.

552.     The CDR indictment speaks for itself.

553.     The CDR indictment speaks for itself.

554.     Bank of America is without sufficient information to admit or deny the allegations in Paragraph 554.

555.     The allegations in Paragraph 555 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 555, except that Bank of America admits that BAC's factual proffers included evidence of possible anticompetitive activity related to certain derivatives and the CDR indictment speaks for itself.

556.     The allegations in Paragraph 556 consist of legal conclusions to which no response is required.  To the extent a response is required, the CDR indictment speaks for itself.

557.     The allegations in Paragraph 557 constitute legal conclusions to which no response is required.  To the extent a response is required, the CDR indictment speaks for itself.

558.     The allegations in Paragraph 558 consist of legal conclusions to which no response is required.  To the extent a response is required, the CDR indictment speaks for itself.

559.     The CDR indictment speaks for itself.

560.     The CDR indictment speaks for itself.

561.     The allegations in Paragraph 561 consist of legal conclusions to which no response is required.  To the extent a response is required, the CDR indictment speaks for itself.

## C.     Other Defendants Report That They And Their Former Employees Are Under Investigation Related To Their Involvement In The Conspiracy

562.     The allegations in Paragraph 562 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 562.

563.    The allegations in Paragraph 563 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 563.

564.    The allegations in Paragraph 564 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 564, except that Bank of America admits that the DOJ, SEC, IRS, and state attorneys general are conducting investigations of practices in the municipal derivatives industry.

1.    **UBS**

565.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 565.

566.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 566.

567.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 567.

2.    **JP Morgan**

568.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 568.

569.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 569.

570.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 570.

571.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 571.

### 3.    <u>**Bear Stearns**</u>

572.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 572.

573.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 573.

574.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 574.

575.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 575.

576.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 576.

577.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 577.

578.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 578.

### 4.    <u>**Piper Jaffray**</u>

579.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 579.

580.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 580.

5. **Wachovia**

581. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 581.

582. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 582.

583. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 583.

584. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 584.

6. **FSA**

585. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 585.

586. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 586.

587. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 587.

588. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 588.

7. **CDC Funding**

589. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 589.

# VIII.

## ACCRUAL OF CLAIMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

590.     Bank of America repeats and incorporates, as if fully contained herein, each of its responses in the preceding paragraphs of this Answer.

591.     The allegations in Paragraph 591 constitute legal conclusions to which no response is required.

592.     The allegations in Paragraph 592 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 592.

593.     The allegations in Paragraph 593 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 593, except that Bank of America admits that the first complaint filed in connection with the above-captioned consolidated litigation was filed by Class Plaintiffs on March 12, 2008.

594.     The allegations in the first two sentences of Paragraph 594 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the first two sentences of Paragraph 594.  Bank of America denies the allegations in the last sentence of Paragraph 594.

595.     The allegations in Paragraph 595 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 595.

596.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 596.

597.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 597.

598.    The allegations in Paragraph 598 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 598.

599.    The allegations in Paragraph 599 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 599.

600.    The allegations in Paragraph 600 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 600, except that Bank of America admits that BAC's factual proffers included information from the cooperating witness and e-mails contained in Paragraph 600.

601.    The allegations in Paragraph 601 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that the its factual proffers included information from the cooperating witness contained in Paragraph 601.

602.    The allegations in Paragraph 602 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 602, except that Bank of America admits that the DOJ has not permitted Bank of America to produce tapes or transcripts of tapes to Plaintiff.

603.     The allegations in Paragraph 603 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 603.

604.     The allegations in Paragraph 604 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 604, except that Bank of America admits that BAC's factual proffers included information contained in Paragraph 604.

605.     The allegations in Paragraph 605 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in Paragraph 605.

606.     The allegations in Paragraph 606 consist of legal conclusions to which no response is required.  To the extent a response is required, BAC's February 27, 2009 SEC Form 10-K and the CDR indictment speak for themselves.

607.     Bank of America is without sufficient information to admit or deny the allegations in the first three sentences of Paragraph 607, except that Bank of America admits that Pinard was terminated in April 2007.  The allegations in the fourth sentence of Paragraph 607 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America denies the allegations in the fourth sentence of Paragraph 607.  Bank of America is without sufficient information to admit or deny the allegations in the last sentence of Paragraph 607, except that Bank of America admits that Murphy was at one time an employee of BAC's Municipal Derivatives Marketing Desk.

608.     The allegations in Paragraph 608 consist of legal conclusions to which no response is required.

609.     The allegations in Paragraph 609 consist of legal conclusions to which no response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 609.

610.     The allegations in Paragraph 610 consist of legal conclusions to which no response is required.

## IX.

## TULARE SUFFERED INJURY
## THROUGH THE CONDUCT OF THE DEFENDANTS

611.     Bank of America repeats and incorporates, as if fully contained herein, each of its responses in the preceding paragraphs of this Answer.

612.     The allegations in Paragraph 612 consist of legal conclusions to which no response is required.

613.     The allegations in Paragraph 613 consist of legal conclusions to which no response is required.

614.     The allegations in Paragraph 614 consist of legal conclusions to which no response is required.

615.     The allegations in Paragraph 615 consist of legal conclusions to which no response is required.

## X.

## TRADE AND INTERSTATE COMMERCE

616.     The allegations in Paragraph 616 consist of legal conclusions to which no response is required.

617.     The allegations in Paragraph 617 consist of legal conclusions to which no response is required.

618.     The allegations in Paragraph 618 consist of legal conclusions to which no response is required.

## XI.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## VIOLATION OF SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1

619.     Bank of America repeats and incorporates, as if fully contained herein, each of its responses in the preceding paragraphs of this Answer.

620.     The allegations in Paragraph 620 consist of legal conclusions to which no response is required.

621.     The allegations in Paragraph 621 consist of legal conclusions to which no response is required.

622.     The allegations in Paragraph 622 consist of legal conclusions to which no response is required.

623.     The allegations in Paragraph 623 consist of legal conclusions to which no response is required.

624.     The allegations in Paragraph 624 consist of legal conclusions to which no response is required.

625.     Bank of America admits that Tulare purports to bring this action seeking the relief identified in Paragraph 625.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA CARTWRIGHT ACT

## CAL. BUSINESS AND PROFESSIONS CODE §§ 16700, *ET SEQ.*

626. Bank of America repeats and incorporates, as if fully contained herein, each of its responses in the preceding paragraphs of this Answer.

627. The allegations in Paragraph 627 consist of legal conclusions to which no response is required.

628. The allegations in Paragraph 628 consist of legal conclusions to which no response is required.

629. The allegations in Paragraph 629 consist of legal conclusions to which no response is required.

630. The allegations in Paragraph 630 consist of legal conclusions to which no response is required.

631. The allegations in Paragraph 631 consist of legal conclusions to which no response is required.

632. The allegations in Paragraph 632 consist of legal conclusions to which no response is required.

633. The allegations in Paragraph 633 consist of legal conclusions to which no response is required.

634. Paragraph 634 does not contain any factual allegations to which a response is required.

<u>**PRAYER FOR RELIEF**</u>

Bank of America admits that Plaintiff purports to seek the relief set forth in the Complaint's "Prayer for Relief." The "Prayer for Relief," however, consists of legal conclusions and does not contain allegations to which a response is required. To the extent a response is required, Bank of America denies the allegations in the "Prayer for Relief."

## JURY TRIAL DEMAND

Bank of America admits that Plaintiff purports to demand a jury trial in the Complaint's "Jury Trial Demand." The "Jury Trial Demand," however, does not contain allegations to which a response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the "Jury Trial Demand." Bank of America hereby demands a jury trial.

\*                              \*                              \*

## BANK OF AMERICA'S AFFIRMATIVE DEFENSES

Bank of America states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

### THIRD AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred, or must be reduced, as a result of Plaintiff's failure to mitigate any alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, because the losses or damages, if any, are speculative, uncertain, or otherwise not cognizable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has incurred no damages as a result of Bank of America's conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages and/or losses, if any, were not proximately caused by Bank of America.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or capacity to assert the claims asserted in the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has already been compensated for the damages and/or losses claimed in this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and/or waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred in whole or in part or must be reduced by the set-off doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred or must be reduced as provided for in the cooperation agreement between Plaintiff and BAC and as contemplated by the damages limitations provisions of the Antitrust Criminal Penalties Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213(a), 118 Stat. 665, 66-67 (2004) ("ACPERA").

## FIFTEENTH AFFIRMATIVE DEFENSE

Bank of America hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its  right to amend this Answer to assert all such defenses..

*        *        *

Bank of America asserts, and expressly reserves all rights with respect to, all other affirmative defenses that may be revealed during the course of discovery.

Dated: June 28, 2010          By: _____

            Kevin R. Sullivan (*pro hac vice*)
            Patricia L. Maher (*pro hac vice*)
            Shannon M. Kasley (*pro hac vice*)
            KING & SPALDING LLP
            1700 Pennsylvania Avenue, N.W.
            Washington, D.C.  20006-4706
            Telephone:  (202) 626-2426
            Facsimile:  (202) 626-3737

            Attorneys for Defendants, Bank of America, N.A. and Merrill Lynch & Co., Inc.