UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950 |
| | Master Docket No. 08-2516 (VM)(GWG) |
| THIS DOCUMENT RELATES TO: | Hon. Victor Marrero |
| *County of San Diego v. Bank of America, N.A., et al.* (No. 09-1195) | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BANK OF AMERICA, N.A. AND MERRILL LYNCH & CO., INC. TO COUNTY OF SAN DIEGO'S THIRD AMENDED COMPLAINT** |

Defendants Bank of America, N.A. ("BANA") and Merrill Lynch & Co., Inc. ("Merrill Lynch")[1] by their attorneys, King & Spalding LLP, hereby file their Answer to the Third Amended Complaint ("Complaint") of the County of San Diego ("San Diego" or "Plaintiff") as follows:

### PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b)(5), any averment in the Complaint as to which Bank of America denies knowledge or information sufficient to form a belief as to its truth shall have the effect of a denial, unless otherwise stated. Bank of America hereby denies any averment in the Complaint that it does not specifically admit.

Counsel for San Diego has filed individual actions—16 in total to date—on behalf of a number of California entities, including San Diego. The complaints in each of those actions have been represented by counsel for San Diego to be identical, but for the allegations in "Part

---

[1] The term "Bank of America" herein means BANA and Merrill Lynch collectively, except as otherwise noted.

1

III" of each complaint that describe the plaintiff in each action (Paragraphs 32-33 in the San Diego Complaint) and BANA and Merrill Lynch (Paragraphs 35-36 in the San Diego Complaint), as well as the allegations in "Part VI" of each complaint that contain plaintiff-specific transactional allegations (Paragraphs 497-532 in the San Diego Complaint). On June 28, 2010, Bank of America filed an answer in response to the County of Tulare's First Amended Complaint in Docket No. 10-628 (S.D.N.Y.). The allegations in the County of Tulare First Amended Complaint have been represented to be, and appear, identical to those alleged by San Diego in the Complaint (except for Paragraphs 32-33; 35-36; and 497-532 in the San Diego Complaint). Therefore in an effort to streamline the number and length of the filings in these matters, Bank of America files this Answer to San Diego's Complaint and hereby incorporates herein by reference its responses to the County of Tulare's First Amended Complaint, except for those paragraphs expressly responded to below. Bank of America has discussed this approach with counsel for San Diego and counsel did not object to this approach.

Bank of America's Answer is set forth in numbered paragraphs that correspond to the numbered paragraphs in the Complaint. Bank of America has not answered any averment or characterization that is or may be contained in the headings, sub-headings, or footnotes in the Complaint, and Bank of America shall not be deemed to have admitted the truth or accuracy of any of the information, allegations or characterizations set forth in such headings, sub-headings, or footnotes. Bank of America uses the Complaint's headings, sub-headings, and footnotes herein only for purposes of organization and neither admits nor denies the appropriateness of the descriptions used by Plaintiff.

The United States Department of Justice ("DOJ") Antitrust Division has granted Bank of America Corporation, its predecessors and wholly-owned subsidiaries ("BAC") conditional

leniency under Part A of the DOJ's Corporate Leniency Policy in connection with BAC's reporting of possible bid-rigging or other practices in the municipal derivatives industry violative of the Sherman Act, 15 U.S.C. § 1. In order to receive conditional leniency, BAC was not required, nor did it, admit to the conspiracy alleged by Plaintiff. Instead, BAC was required to report conduct to the DOJ before DOJ had begun an investigation, and to comply with the other five Part A conditions. As the recipient of conditional leniency, the DOJ, subject to BAC's full, continuing, and complete cooperation, agreed not to bring any criminal antitrust prosecution against BAC as well as certain directors, officers, and employees in connection with the matters reported to the DOJ. BAC's cooperation with DOJ, as well as with a number of other federal and state agencies has been full and complete, and continues to this day.

The Antitrust Criminal Penalties Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213(a)-(b), 118 Stat. 665, 66-67 (2004) ("ACPERA"), provides that leniency recipients, such as BAC, may eliminate treble damages as well as exposure to joint-and-several liability in actions by civil claimants, in return for "satisfactory cooperation," as determined by the court in which said civil claimants' actions are pending. *Id.* § 213(b). ACPERA excludes "a State or a subdivision of a State" from the definition of a "claimant," and as a result, such States and subdivisions are not entitled to ACPERA cooperation. BAC, however, has entered a written cooperation agreement with counsel on behalf of Plaintiff, pursuant to which BAC is entitled to the damages limitations of ACPERA, in exchange for the cooperation it agreed to provide, has provided, and continues to provide to Plaintiff. As part of its cooperation, and pursuant to its written cooperation agreement with Plaintiff, BAC has provided factual proffers to counsel for San Diego concerning evidence, including information from a cooperating witness, of possible anticompetitive activity related to certain derivatives (hereinafter "factual proffers").

3

## BANK OF AMERICA'S ANSWER

## III.

## PARTIES

**A.  Plaintiff**

32.  Bank of America is without sufficient information to admit or deny the allegations in Paragraph 32.

33.  Bank of America is without sufficient information to admit or deny the allegations in the first three sentences of Paragraph 33, except that, based on information and belief, Bank of America denies that BANA has been a provider of Municipal Derivatives to San Diego and admits that San Diego executed two swaps with Merrill Lynch on or about November 22, 2005. The remaining allegations of Paragraph 33 constitute legal conclusions to which no response is required.

**B.  Defendants**

35.  Bank of America admits the allegations in the first sentence of Paragraph 35. The remaining allegations in Paragraph 35 constitute legal conclusions to which no response is required.  To the extent a response is required, Bank of America admits that BANA and Merrill Lynch were counter-parties to certain Municipal Derivatives with public and non-profit entities.

36.  Bank of America admits the allegations in the first and second sentences of Paragraph 36 that Merrill Lynch is a Delaware corporation with its principal place of business in Charlotte, North Carolina, and that on January 1, 2009, Merrill Lynch was acquired by BAC through the merger of a wholly-owned subsidiary of BAC with and into Merrill Lynch, with Merrill Lynch continuing as the surviving corporation and as a subsidiary of BAC.  The third

sentence of Paragraph 36 contains legal conclusions to which no response is required. To the extent that a response is required, Bank of America admits that Merrill Lynch was a counter-party to certain Municipal Derivatives with public and non-profit entities, including the County of San Diego.

## VI.

## SAN DIEGO MUNICIPAL DERIVATIVE TRANSACTIONS

497. The allegations in Paragraph 497 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 497.

498. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 498.

499. The allegations in Paragraph 499 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 499.

500. The allegations in Paragraph 500 consist of legal conclusions to which no response is required. To the extent a response is required, Bank of America denies the allegations in Paragraph 500.

**A.** **Reinvestment Derivative Transactions**

    **1.** **County of San Diego 2005 Certificates of Participation Edgemoor Project and 1996 Regional Communications System Refunding , Construction Fund GIC and 2006 Certificates of Participation Edgemoor Project, Capitalized Interest Account GIC**

501. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 501.

502. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 502.

503. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 503.

504. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 504.

**2. San Diego County and School District Tax and Revenue Anticipation Note Program Note Participation Series 2007 B, Proceeds and Payment Fund GIC**

505. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 505.

506. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 506.

507. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 507.

508. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 508.

**3. San Diego Community College District and San Diego County General Obligation Bonds Election of 2006 Series 2007, Uncollateralized Investment GIC**

509. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 509.

510. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 510.

511. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 511.

### 4. Board of Education of the San Diego Unified School District 2007-2008 TRANS A, Fixed Rate Investment GICs

512. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 512.

513. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 513.

514. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 514.

515. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 515.

516. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 516.

### 5. San Diego Unified School District 2006-2007 Tax and Revenue Anticipation Notes, Series A, Note Repayment Fund and Payment Fund GICs

517. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 517.

518. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 518.

519. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 520.

### 6. Grossmont-Cuyamaca Community College District 2005B General Obligation Bond, Building Fund GIC

521. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 521.

### 7. San Diego Unified School District 2005B General Obligation Bond, Building Fund GIC

522. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 522.

523. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 523.

524. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 524.

### 8. Debt Service Forward Sale Agreements

525. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 525.

## B. Swap Transactions

### 1. SWAPs - County of San Diego Taxable Pension Bonds, Series 2002B

526. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 526.

527. Bank of America is without sufficient information to admit or deny the allegations in Paragraph 527.

**C.     Repeat Appearances Of The Same Representatives Of The Same Defendants In San Diego Municipal Derivative Transactions**

528.    The allegations in Paragraph 528 consist of legal conclusions to which no response is required.  To the extent an answer is required, Bank of America is without sufficient information to admit or deny the allegations in Paragraph 528.

529.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 529.

   **1.     The Same Representatives of two Defendants Appeared in Three Auctions Together**

530.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 530.

   **2.     Three Representatives For Three Provider Defendants and Co-Conspirators Engaged In Auction Bidding Involving Two Transactions**

531.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 531.

   **3.     Three Individuals For Three Defendants Engaged In Auction Bidding Involving Two Transactions**

532.    Bank of America is without sufficient information to admit or deny the allegations in Paragraph 532.

**JURY TRIAL DEMAND**

Bank of America admits that Plaintiff purports to demand a jury trial in the Complaint's "Jury Trial Demand."  The "Jury Trial Demand," however, does not contain allegations to which a response is required.  To the extent a response is required, Bank of America is without sufficient information to admit or deny the allegations in the "Jury Trial Demand."  Bank of America hereby demands a jury trial.

*     *     *

## BANK OF AMERICA'S AFFIRMATIVE DEFENSES

Bank of America states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

### THIRD AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred, or must be reduced, as a result of Plaintiff's failure to mitigate any alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, because the losses or damages, if any, are speculative, uncertain, or otherwise not cognizable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has incurred no damages as a result of Bank of America's conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages and/or losses, if any, were not proximately caused by Bank of America.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or capacity to assert the claims asserted in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has already been compensated for the damages and/or losses claimed in this action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and/or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred in whole or in part or must be reduced by the set-off doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred or must be reduced as provided for in the cooperation agreement between Plaintiff and BAC and as contemplated by the damages limitations provisions of the Antitrust Criminal Penalties Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213(a), 118 Stat. 665, 66-67 (2004) ("ACPERA").

### FIFTEENTH AFFIRMATIVE DEFENSE

Bank of America hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this Answer to assert all such defenses..

\*             \*             \*

Bank of America asserts, and expressly reserves all rights with respect to, all other affirmative defenses that may be revealed during the course of discovery.

Dated: June 28, 2010          By: _____
*Kevin R. Sullivan* (*pro hac vice*)
Patricia L. Maher (*pro hac vice*)
Shannon M. Kasley (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4706
Telephone: (202) 626-2426
Facsimile: (202) 626-3737

Attorneys for Defendants, Bank of America, N.A. and Merrill Lynch & Co., Inc.