DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION

MDL No. 1950 (VM)

Lead Case No. 08 Civ. 2516 (VM)
(GWG)

THIS DOCUMENT RELATES TO:

ALL ACTIONS

PROTECTIVE ORDER

Pursuant to the Order of this Court dated May 27, 2010 providing for a limited stay of

discovery in this matter, and the July 22, 2010 hearing, the Court hereby enters the following

Protective Order:

1.      This Protective Order governs the disclosure, dissemination and use of Audio

Recordings, and applies to all Audio Recordings, whether analog or digital, and whether on tape,

CD or other media and all copies thereof, obtained by any party to this litigation in connection

with this litigation by subpoena or document request, as well as all transcripts, digests and

summaries thereof ("Audio Recordings"). This Protective Order does not govern, restrict or

otherwise apply to a party's use of its own Audio Recordings.

2.      Any Audio Recordings subject to this Protective Order may be used only in

connection with the litigation of this action.

3.      (a) For the purposes of this Protective Order, the term "Covered Persons" means

outside counsel in this litigation ("Counsel"), their paralegals, their secretarial staff, outside

vendors and testifying and consulting experts ("experts") retained in this litigation and their

respective staff. It also includes persons who qualify under paragraph 3(b) below. All such

persons are bound by this Protective Order.

`        (b) A defendant may seek to include within the group of Covered Persons a maximum of two attorney employees of a defendant provided that any such employee states in writing that he or she is not a witness to any of the conduct that forms the basis of the complaints in these matters and agrees to be bound by this Protective Order by means of a writing substantially similar to the one described in paragraph 6.   Before an employee is deemed to be a Covered Person, the defendant must first supply the name of such employee to the Antitrust Division of the Department of Justice ("DOJ").  DOJ may, within 10 days of being informed of the name of the employee, object to the inclusion of such employee solely on the basis that the employee is a potential witness.  Any dispute on this question may be brought to the Court for resolution.  In the absence of an objection from DOJ, the employee will be deemed a Covered Person.

4.      The Audio Recordings may be played for, disseminated, and their contents disclosed, only to Covered Persons.  The Audio Recordings may not be played for, disseminated, or their contents disclosed, to any person who, or entity which, is not a Covered Person, including any current or former employee of any party, or publicly, except as provided herein.  In the course of deposing a custodian of records, as permitted by this Court's Order of May 27, 2010, revealing the existence of a transaction learned from Audio Recordings, without playing Audio Recordings or disclosing any of the remaining contents of Audio Recordings, shall not be deemed to be disclosing or disseminating the contents of Audio Recordings.

5.      The parties may disclose to any current or former Bank of America employee any Audio Recordings produced by Bank of America, provided (a) such current or former employee is assisting Bank of America in its cooperation with the plaintiffs in this litigation, and (b) Bank of America and such current or former employee consent to such disclosure.

6.      As to outside vendors, Counsel may provide and disclose the Audio Recordings to third party vendors for the purpose of creating, installing, operating and/or hosting a system or systems to assist Counsel and other Covered Persons in organizing, reviewing and using the Audio Recordings.  As to experts, Counsel may provide and disclose the Audio Recordings to expert witnesses and other Covered Persons for the purpose of assisting Counsel in the litigation.

At the time of the initial disclosure to any third party vendor or expert, Counsel shall obtain from a representative of such third party vendor or expert the following written statement:

> I, on behalf of [Vendor or expert and its employees who have been provided the Audio Recordings or given access to them] acknowledge that the Audio Recordings are protected from further disclosure or dissemination by the Protective Order dated August          , 2010, a copy of which I have received and read in its entirety.  I, on behalf of [Vendor or expert and its employees who have been provided the Audio Recordings or given access to them] agree to be bound by its provisions.

Counsel shall maintain a copy of each signed statement.

7.      No Covered Person or other person or entity to whom the Audio Recordings have been played, disclosed or disseminated may play, disclose or disseminate the Audio Recordings or their contents to members of the media or public, or for any commercial or business purpose.

8.      Sealed filings with this Court, in relation to this matter, do not constitute disclosure for purposes of this Protective Order.

9.      Counsel obtaining Audio Recordings shall store them in a secure place and shall use reasonable care to ensure that they are not disclosed or disseminated to any third parties in violation of this Protective Order.  In the event of an inadvertent disclosure of the Audio Recordings, Counsel shall promptly notify the Court, the United States Department of Justice Antitrust Division ("Antitrust Division"), and the parties as to the identity of the recipient of such

inadvertently produced Audio Recordings and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Audio Recordings.

10.     Nothing in this Protective Order shall prevent any party to this litigation from objecting to and contesting any subpoena, document request or other discovery demand relating to the Audio Recordings.

11.     This Stipulation and Protective Order shall expire on February 1, 2011.

12.     Nothing in this Protective Order shall preclude any interested party or the Antitrust Division from filing a motion seeking a modification or extension of the Protective Order, in accordance with the terms of this Court's Order dated May 27, 2010.

13.     Nothing contained herein waives or limits any other protective orders in these actions and the terms of any other such protective orders shall apply fully to any Audio Recordings produced by any party.

14.     Unless otherwise required by law, if any party has obtained Audio Recordings pursuant to this Protective Order and, in the context of another court proceeding or investigation, receives a subpoena or other compulsory or regulatory process commanding the production of such Audio Recordings, that party shall promptly notify the person or entity that produced the Audio Recordings and the Antitrust Division at least fourteen (14) days before disclosure and shall object to their production pursuant to this Protective Order.  If any party receives a motion to compel production of Audio Recordings obtained pursuant to this Protective Order, such party shall advise the person or entity that produced the Audio Recordings and the Antitrust Division and shall advise the court in which such motion is made of the existence of this Protective Order. If a court nonetheless orders the production of Audio Recordings that are subject to this Protective Order, then production of such Audio Recordings pursuant to that court order shall not be deemed a violation of this Protective Order.

15.   Nothing in this Protective Order shall bar or otherwise prevent any Counsel from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of the Audio Recordings; provided however, that in rendering such advice and in otherwise communicating with his or her client, such Counsel shall not disclose the contents or source of any Audio Recording produced by any party to this litigation to any person who is not a Covered Person under the provisions of this Protective Order.

16.   Should any Counsel determine that it is necessary to disclose the contents or source of any Audio Recording to representatives of his or her client, to the extent permissible under other protective orders in this litigation, in order to render advice to his or her client with respect to a proposed settlement of this litigation, such Counsel and representatives of the Antitrust Division shall meet and confer in good faith to determine whether the Antitrust Division objects to such proposed disclosure.  All such discussions between the Antitrust Division and such Counsel in the course of such a meet and confer process shall be deemed privileged and no disclosures made in the course of such a meet and confer process shall constitute a waiver of any applicable privilege and/or protection.  If such Counsel and the Antitrust Division are unable to reach a mutually acceptable resolution through the meet and confer process, Counsel or the Antitrust Division may submit the issue for *in camera* resolution by the Court.

IT IS SO ORDERED this 14th day of September, 2010

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York