UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                              :
IN RE MUNICIPAL DERIVATIVES                   :
ANTITRUST LITIGATION                          : ORDER
                                                MDL No. 1950
                                              : Lead case: 08 Civ. 2516 (VM) (GWG)
-----------------------------------------------------------x
THIS DOCUMENT RELATES TO: ALL ACTIONS

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Certain plaintiffs have filed a motion (Docket # 1098) to modify the existing confidentiality order in this case (Docket # 296). The Court has considered the arguments made in their memorandum of law in support of the motion[1] and does not find that they demonstrate good cause for modifying the order at this time, except in one respect, which is described below.

     With respect to the question of which persons should be allowed to look at materials designated as confidential, the Court notes that an "umbrella" confidentiality order, such as Docket # 296, does not reflect a final ruling by a court as to the treatment of any designated materials. Rather, an umbrella confidentiality order "minimize[s] the involvement of the Court and the parties in unproductive and time consuming disputes about the existence of good cause for protecting individual documents and avoid[s] the litigation of such questions in the abstract." Decarlo v. Archie Comic Publ'ns, Inc., 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000). To the extent a party believes that particular materials designated as confidential are not deserving of such protection, or that, while deserving of some protection, the universe of persons entitled to view the materials should be expanded to include particular individuals not currently permitted by the confidentiality order, it will be best for the Court to determine such issues with respect to identified documents and with respect to identified interests that can be weighed against any assertions of confidentiality (for example, the need to discuss settlement or to conduct depositions of a particular witness).

     On the question of which party should be required to file the first set of papers as to the propriety of a designation, the Court does not view this dispute as terribly important. A party challenging a designation does not bear the burden of showing the need for confidential treatment even if it makes first filing, and the meet and confer requirements will necessarily have

---

[1] Plaintiffs have included in their motion papers a document that reflects various proposed changes to the confidentiality order beyond those discussed in their memorandum of law in support of the motion. The Court has not considered these proposed changes inasmuch as a memorandum of law in support of a motion must "set[] forth the points and authorities relied upon in support of . . . the motion" and provide such arguments with respect to any "points to be determined." Local Civil Rule 7.1(a).

alerted the party to the arguments of the designating party regarding the need for confidentiality.[2]

With respect to the issue of which court has jurisdiction to enforce or modify the order following a remand or transfer, the Court does not view the existing paragraphs 13 and 20 as detracting from any jurisdiction a transferee or remand court would otherwise have had to enforce or modify the terms of the order.  But the Court does see some value in making it clear that such challenges should be brought in those courts and not in this district.  Accordingly, the parties are directed to attempt to agree on the terms of a brief order to clarify this point. They should also discuss whether this clarification necessitates a change to Exhibit A and if so in what manner.  If they cannot reach agreement, they may submit separate proposed orders.

In sum, plaintiffs' motion to modify the existing confidentiality order (Docket # 1086) is denied except that plaintiffs and defendants shall attempt to agree on the text of a stand-alone order to be issued by the Court that would make clear that transferee courts and remand courts will make any rulings regarding the confidentiality order following transfer or remand.

SO ORDERED.

Dated: November 4, 2010
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] Some other points bear mentioning.  In their reply brief, plaintiffs suggest that the language in the confidentiality order governing audio recordings is inconsistent with language contained in the master confidentiality order.  The Court views the substantive obligations as the same, however – namely, that the materials may be used only in connection with the litigation. As to the alleged inconsistency between paragraphs 9 and 16, the Court sees no inconsistency. Paragraph 9 refers to a procedure to take place prior to trial.  Paragraph 16 refers to the trial itself.