UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTIRUST LITIGATION | MDL No. 1950 |
| | Master Docket No. 08-02516 (VM) (GWG) |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF SETTLEMENT
WITH DEFENDANT MORGAN STANLEY**

THIS CAUSE came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant Morgan Stanley, filed on December 3, 2010.  Class Plaintiffs City of Baltimore, MD, University of Mississippi Medical Center, University of Southern Mississippi, Mississippi Department of Transportation, University of Mississippi, Central Bucks School District and Bucks County Water & Sewer Authority entered into a settlement agreement, dated August 27, 2010  ("Settlement Agreement") with Defendant Morgan Stanley.  The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file hereby:

**ORDERS AND ADJUDGES:**

1.    Terms used in the Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

2.    The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below.  The Court finds that the Settlement

Agreement was entered into at arm's length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

<u>Class Certification</u>

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All state, local and municipal government entities, independent government agencies and private entities that purchased by negotiation, competitive bidding or auction municipal derivatives directly from an Alleged Provider Co-Conspirator, or through an Alleged Broker Co-Conspirator, at any time from January 1, 1992 through the present in the United States and its territories or for delivery in the United States and its territories.

As will be reflected in the class notices ultimately approved by the Court, excluded from the Class are Morgan Stanley and its affiliates, and any of its officers, directors or employees. Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

5. The Court hereby appoints Boies, Schiller & Flexner LLP, Hausfeld LLP and Susman Godfrey LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Plaintiffs City of Baltimore, MD, University of Mississippi Medical Center, University of Southern Mississippi, Mississippi Department of Transportation, University of Mississippi, Central Bucks School District and Bucks County Water & Sewer Authority will serve as Class Representatives on behalf of the Settlement Class.

<u>Notice to Potential Class Members</u>

7. No later than 90 days from the date of this Order, Settlement Class Counsel shall begin mailing copies of a Notice of Proposed Class Action Settlement, in a form to be approved in advance by this Court, by first class mail, postage prepaid, to each potential class member whose address has been obtained by Settlement Class Counsel and Morgan Stanley (the "Notice Date").

8. As soon as practicable after the Notice Date, Settlement Class Counsel shall cause to be published a Publication Notice, in a form and manner to be approved in advance by this Court.

9. Prior to the Fairness Hearing, Settlement Class Counsel shall serve and file a sworn statement attesting to compliance with this and any subsequent Orders concerning provision of Notice to class members.

10. Prior to Fairness Hearing, Settlement Class Counsel shall utilize the best available means of providing notice of the proposed Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law. Such means of providing notice will be addressed in a subsequent Order following

submission by Plaintiffs of proposed forms of Notice, Publication Notice, Notice Plan, Claim Form and Distribution Plan.

Class Action Fairness Act ("CAFA") Notice

11. No later than 10 days after the motion for Preliminary Approval of the Settlement has been filed with the Court, Morgan Stanley will serve the CAFA Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Morgan Stanley will serve any supplemental CAFA Notice as appropriate.

Settlement Administration

12. To effectuate the Settlement Agreement and Notice provisions, the Court hereby approves Rust Consulting, Inc. ("Administrator") to be responsible for: (a) establishing a P.O. Box and website (to be included in the Notice of Settlement of Class Action) for the purpose of communicating with Settlement Class Members; (b) disseminating Notice to the Settlement Class; and (c) accepting and maintaining documents sent from the Settlement Class Members, including exclusion requests.

13. The Court approves the designation of Citibank, N.A. as Escrow Agent.

14. The Notice of Proposed Class Action Settlement ultimately submitted to this Court will provide that any Settlement Class Member may opt out of the Settlement Class by notifying the Administrator at the address provided. A Settlement Class Member wishing to request exclusion shall mail a request in written form by first-class mail, postmarked no later than 60 days after the Notice Date to the address of the Administrator designated in the Notice. The exclusion request must clearly state (a) the Settlement Class Member's name, address, and telephone number; (b) all trade names or business names and addresses that the Settlement Class Member has used, as

well as any subsidiaries or affiliates that have purchased by negotiation, competitive bidding or auction municipal derivatives directly from an Alleged Provider Co-Conspirator, or through an Alleged Broker Co-Conspirator, at any time from January 1, 1992 through the present in the United States and its territories or for delivery in the United States and its territories who are also requesting exclusion; (c) the municipal derivatives purchased by the Settlement Class Member that fall within the class definition (e.g. identify the provider, the date of the transaction, and the notional amount of the derivatives) to the extent such information is available (d) the name of the Action ("In re Municipal Derivatives Antitrust Litigation"); and (e) a signed statement that the Settlement Class Member requests to be excluded from the Settlement Class.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the exclusion is otherwise accepted by the Court.  Persons or entities that request exclusion from the Settlement Class shall not be entitled to share the benefits of the Settlement Agreement, nor be bound by any judgment, whether favorable or adverse.

The Fairness Hearing

15.     A Fairness Hearing will be scheduled after Plaintiffs and Morgan Stanley compile a list of potential class members.  The Fairness Hearing shall consider the fairness, reasonableness, and adequacy of the Settlement Agreement and the request for litigation expenses.

16.     All papers in support of final approval of this settlement shall be filed thirty (30) days before the Fairness Hearing.

17.     Any member of the Settlement Class that has not provided notification of its intent to opt out of the Settlement Class in the manner set forth above may object to the fairness, reasonableness, and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or

on behalf of any such person shall be accepted or considered by the Court, unless, twenty (20) days or more before the Fairness Hearing, such person (a) files with the Clerk of the Court a signed statement that indicates the basis for such person's opposition to the Settlement Agreement and includes proof of membership in the Settlement Class; and (b) serves copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Settlement Class Counsel and Counsel for Morgan Stanley.

18.     Any member of the Settlement Class that has not provided notification of its intent to opt out of the Settlement Class in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement; and/or in opposition to the request for litigation expenses; provided, however, that no person shall be heard, unless, twenty (20) days or more before the Fairness Hearing, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a signed statement that indicates such person's position on the Settlement Agreement and includes proof of membership in the Settlement Class; and (b) serves copies of such notice and statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Settlement Class Counsel and Counsel for Morgan Stanley.

19.     The date of the Fairness Hearing shall be set forth in the Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website.

## Other Provisions

20.     In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be

null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Morgan Stanley, and the members of the Settlement Class.

21.     The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, (i) the rights of any defendants to contest certification of any other class proposed in these consolidated actions; or (ii) the rights and/or arguments asserted by any defendant in a motion to dismiss.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss.

IT IS SO ORDERED.

Dated this ____ day of _____ , 2010.

_____
HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that on December 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all counsel of record whoa re CM/ECF participants.  In additiona, I further certify that I caused a copy of the above-referenced document and the notice of electronic filing to be mailed by first-class mail, postage paid, to the following non-ECF participates at the following addressed:

| | |
|---|---|
| Eric B. Fastiff<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street<br>San Francisco, CA 94111-3339 | Eugene A. Spector<br>Jeffrey L. Spector<br>Spector, Roseman, Kodroff & Willis, PC<br>1818 Market Street<br>Suite 2500<br>Philadelphia, PA 19103 |
| G. Scott Emblidge<br>Moscone, Emblidge & Quandra, LLP<br>220 Montgomery Street<br>Suite 2100<br>San Francisco, CA 94101 | Matthew Friedrich<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Avenue, NW<br>Suite 800<br>Washington, DC  20015 |
| Richard A. Koffman<br>Cohen, Milstein, Hausfeld & Toll, PLLC<br>West Tower, Suite 500<br>1100 New York Avenue, North West<br>Washington, DC  20005 | Richard M. Heimann<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Batter Street<br>30th Floor<br>San Francisco, CA 94111 |
| Rudolph DiTrapano<br>DiTrapano Barrett & DiPiero<br>604 Virginia Street, East<br>Charleston, WV 25301 | Sylvia Sokol<br>Moscone, Emblidge & Quadra, LLP<br>220 Montgomery Street<br>Suite 2100<br>San Francisco, CA 94101 |
| Christopher B. Hall<br>Cook, Hall & Lampros, LLP<br>1230 Peachtree Street NE<br>Promenade Two, Suite 3700<br>Atlanta, GA 30309 | |

/s/ Arun Subramanian