IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION <br><br>-------------------------------------------------- <br>This Document Relates to: <br>ALL ACTIONS | Master Docket # 08 Civ. 2516 (VM) (GWG) <br><br>MDL No. 1950 |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

Class Plaintiffs City of Baltimore, MD, University of Mississippi Medical Center, University of Southern Mississippi, Mississippi Department of Transportation, University of Mississippi, Central Bucks School District and Bucks County Water & Sewer Authority ("Class Plaintiffs"), individually and on behalf of the putative class of purchasers in the above-captioned class action, and Defendant Morgan Stanley entered into a Settlement Agreement to fully and finally resolve the Class's claims against Morgan Stanley.  On _____, 2010, the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order").  Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class within 90 days after the Preliminary Approval Order was entered.  Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on _____, 2011.

Having considered Class Plaintiffs' Motion for Final Approval of Proposed Settlement with Defendant Morgan Stanley, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3.     "Actions" means *In re Municipal Derivatives Antitrust Litigation* and each of the cases previously or later consolidated and/or included as part of MDL Docket No. 1950, Master Docket No. 08-2516 (VM) (GWG).

4.     The Preliminary Approval Order outlined the form and manner by which the Class Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *The Wall Street Journal*. Proof that mailing and publication complied with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process. It provided due and adequate notice to the Class.

5.     The Court approves, as to form and content, the Class Action Fairness Act ("CAFA") Notice(s) attached as **Exhibit 1**, including the initial CAFA Notice that was served no less than 10 days after the filing of the Motion for Preliminary Approval of the Settlement and any supplemental CAFA Notice that was served thereafter. The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement Agreement in accordance with the terms of CAFA. 28 U.S.C. § 1715(b).

6.     The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

7.     By order of this Court dated, pursuant to Fed. R. Civ. P. 23 and in light of the proposed settlement, the Court certified the following class for settlement purposes (the "Settlement Class"):

> All state, local and municipal governmental entities, independent government agencies and private entities that purchased by negotiation, competitive bidding or auction municipal derivatives directly from an Alleged Provider Co-Conspirator, or through an Alleged Broker Co-Conspirator, at any time from January 1, 1992 through the present in the United States and its territories or for delivery in the United States

and its territories.[1] Excluded from the Settlement Class are the Defendants and their affiliates, and any of their officers, directors, or employees. Also excluded from the Settlement Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

8. Final approval of Class Plaintiffs' settlement with Defendant Morgan Stanley is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Class. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

9. The entities identified on **Exhibit 2** hereto have timely and validly requested exclusion from the Class and, therefore, are excluded. Such entities are not included in or bound by this Order and Final Judgment. Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement.

10. Pursuant to this Order and Final Judgment, solely with respect to Defendant Morgan Stanley, any and all claims, demands, rights, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever, known or unknown (including, but not limited to "Unknown Claims"), suspected or unsuspected, asserted or unasserted, in law or in equity, which Settlement Class

---

[1] "Alleged Provider Co-Conspirators" means Bank of America, N.A., Bear, Stearns & Co., JP Morgan Chase & Co., Morgan Stanley, National Westminster Bank Plc, Piper Jaffray & Co., Societe General SA, UBS AG, Wachovia Bank N.A., Wells Fargo & Co., Inc., Natixis Funding Corp. f/k/a IXIS Funding Corp., and before that, f/k/a CDC Funding Corp., AIG Financial Products Corp., SunAmerica Life Assurance Co., Financial Security Assurance Holdings, Ltd., Financial Security Assurance, Inc., Trinity Funding Co. LLC, GE Funding Capital Market Services, Inc., Lehman Brothers, LC Capital Ltd., XL Asset Funding Co. I LLC, XL Life Insurance & Annuity, Inc., and any other provider that is added as a defendant in the Actions prior to the time that the Notice is mailed, as well as all employees, direct and indirect parents, subsidiaries, affiliates, predecessors and successors of each of the foregoing. "Alleged Broker Co-Conspirators" means Nataxis Funding Corp. f/k/a IXIS Funding Corp., and before that, f/k/a CDC Funding Corp., Investment Management Advisory Group, Inc., CDR Financial Products, Winters & Co. Advisors, LLC, George K. Baum & Co., Sound Capital Management, Inc., Piper Jaffray & Co., Feld Winters Financial LLC, First Southwest Company, Kinsell Newcomb & De Dios Inc., Mesirow Financial, Morgan Keegan & Co., Inc., PackerKiss Securities, Inc., and any other broker that is added as a defendant in the Actions prior to the time that the Notice is mailed, as well as all employees, direct and indirect parents, subsidiaries, affiliates, predecessors and successors of each of the foregoing.

Members, whether directly, or representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct prior to the date of Settlement Agreement and arising out of or related in any way to the purchase of municipal derivatives in the United States during the period from January 1, 1992 to the present, or any conduct alleged in the Actions or that could have been alleged in the Actions, are hereby dismissed with prejudice and without costs.

11.  Releasees are discharged and released from all Released Claims by all Class Plaintiffs and Settlement Class Members, and Class Plaintiffs and Settlement Class Members are hereby permanently barred and enjoined from the institution and prosecution of any other action against the Releasees in any court asserting any Released Claims.

12.  The Escrow Account established by Class Plaintiffs' Co-Lead Counsel, and into which Defendant Morgan Stanley will deposit/has deposited a total of six million five hundred thousand dollars ($6,500,000.00) as the Gross Settlment Fund, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13.  Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

14.  Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for attorneys' fees and reimbursement made by Plaintiffs' Counsel; (d) any application for notice and administration costs, taxes and tax expenses fees; (e) any application for incentive awards for the Class Plaintiffs; and (f) the distribution of the settlement proceeds to the Class Members.

15.  Pursuant to Fed. R. Civ. P. 54, the Court hereby directs the entry of judgment as to Defendant Morgan Stanley.

16. This Order shall become effective immediately upon Defendant Morgan Stanley making the settlement payment provided for in paragraph 7 of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____, 2011      _____
                                        HON. VICTOR MARRERO
                                        UNITED STATES DISTRICT JUDGE

6

**CERTIFICATE OF SERVICE**

       I certify that on December 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all counsel of record whoa re CM/ECF participants.  In additiona, I further certify that I caused a copy of the above-referenced document and the notice of electronic filing to be mailed by first-class mail, postage paid, to the following non-ECF participates at the following addressed:

| | |
|---|---|
| Eric B. Fastiff<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street<br>San Francisco, CA 94111-3339 | Eugene A. Spector<br>Jeffrey L. Spector<br>Spector, Roseman, Kodroff & Willis, PC<br>1818 Market Street<br>Suite 2500<br>Philadelphia, PA 19103 |
| G. Scott Emblidge<br>Moscone, Emblidge & Quandra, LLP<br>220 Montgomery Street<br>Suite 2100<br>San Francisco, CA 94101 | Matthew Friedrich<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Avenue, NW<br>Suite 800<br>Washington, DC 20015 |
| Richard A. Koffman<br>Cohen, Milstein, Hausfeld & Toll, PLLC<br>West Tower, Suite 500<br>1100 New York Avenue, North West<br>Washington, DC 20005 | Richard M. Heimann<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Batter Street<br>30th Floor<br>San Francisco, CA 94111 |
| Rudolph DiTrapano<br>DiTrapano Barrett & DiPiero<br>604 Virginia Street, East<br>Charleston, WV 25301 | Sylvia Sokol<br>Moscone, Emblidge & Quadra, LLP<br>220 Montgomery Street<br>Suite 2100<br>San Francisco, CA 94101 |
| Christopher B. Hall<br>Cook, Hall & Lampros, LLP<br>1230 Peachtree Street NE<br>Promenade Two, Suite 3700<br>Atlanta, GA 30309 | |

                                              /s/ Arun Subramanian