**HAUSFELD**LLP

202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

Michael D. Hausfeld
mhausfeld@hausfeldllp.com

December 14, 2010

RECEIVED
DEC 15 2010
CHAMBERS OF
JUDGE MARRERO

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12-15-10_

**VIA HAND DELIVERY**

The Honorable Judge Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 20B
New York, NY 10007-1312

Re:   *In Re Municipal Derivatives Antitrust Litigation*
      MDL No. 1950; Master Docket No. 08-02516 (VM) (GWG)

Dear Judge Marrero:

      Interim Co-Lead Class Counsel ("Class Counsel") write to inform the Court that defendant Bank of America ("BoA") has entered into a national opt-in settlement agreement with 20 State Attorneys General ("AGs") for claims of putative class members arising out of BoA's conduct in the municipal derivatives industry. A copy of the Settlement Agreement in question is enclosed with this letter. However, BoA did not negotiate or enter into this settlement with Class Counsel, and did not involve the parties' mediator, the Hon. Daniel Weinstein, or any of the other plaintiffs' counsel in this case in the negotiations with the State AGs. Neither the AGs nor BoA have informed this Court about entering into this Settlement because by its terms, the Settlement is designed to be implemented without this Court's judicial supervision. Pursuant to Rule II.A of this Court's Individual Practices, Plaintiffs request a pre-motion conference to address the motion(s) that Plaintiffs seek to file regarding this Settlement.

      The Settlement expressly provides that it is more than a private settlement between BoA and the signatory Attorneys General and the undefined entities they represent. Remarkably, BoA has negotiated with counsel other than appointed class counsel to attempt to resolve class claims, not individual claims, outside the supervision of this Court. The BoA settlement is an "opt-in" class settlement to be offered to the non-signatory class members and resolve some or all of BoA's class liability. Settlement ¶ 38. BoA and 20 State Attorneys General have thus agreed to a restitution fund of up to $62.5 million that may be available to participating class members (plus $4.5 million in attorneys' fees). *Id.* ¶ ¶ 4, 18. Whether and how much an eligible party is paid from this fund is not defined in the Agreement and depends on the discretion of the AGs. *Id.* ¶ 10.

**HAUSFELD** LLP

The Honorable Judge Victor Marrero
12/14/2010
Page 2

The proposed opt-in provisions of the settlement conflict with the authority of interim lead counsel ordered by this Court pursuant to Fed. R. Civ. P. 23(g). A stated purpose of Rule 23(g) is the appointment of interim class counsel so that a class settlement may be discussed prior to certification. Fed. R. Civ. P. 23 Advisory Committee Note. Consistent with this, in the order appointing interim class counsel, the Court referenced counsel's negotiations with the BoA under the supervision of mediator Honorable Daniel Weinstein. Order dated 08/01/08.

The proposed opt-in provisions of the settlement further conflict with FRCP 23(e) which provides that class claims may be dismissed or compromised only with Court approval following a preliminary determination and subsequently a hearing finally determining that the settlement is fair, reasonable and adequate both procedurally and substantively. The proposed opt-in settlement here provides no procedure for review of its disposition of class member claims and would lead to dismissal of class claims against BoA with no judicial supervision.

The Seventh Circuit in *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir. 1979) reviewed a similar settlement entered by State AGs without the involvement or authorization of class counsel. The Court held that it would be an abuse of discretion to deny discovery of the procedures that led to the settlement and expressly warned about the dangers of "unauthorized settlement negotiations" by the State AGs in that case. For example, the Court explained "the exclusion of private counsel from the settlement negotiations should weigh heavily against approval of the settlement." *Id.* at 1126.

The proposed opt-in and notice procedures also conflict with Fed. R. Civ. P. 23(e), which provides for a judicially supervised class notice procedure for any proposed class settlement. *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir. 1980) (an important policy of Rule 23 is the protection of class members from "misleading communications"); *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2003 WL 22701241, at *8 (S.D.N.Y. Nov.17, 2003). Under the Settlement Agreement, as soon as BoA selects a Claims Administrator, the Claims Administrator will have 20 days to provide a draft Notice Packet to BoA and the AGs (which could be done as early as December 27, 2010). Settlement ¶5. Only the AGs "shall approve or amend" the Notice Packet within 14 days of its receipt. *Id.* ¶7. Within 30 days after the approval of the Notice Packet, the Claims Administrator "shall send a Notice Packet" to each eligible municipality (as early as January 27, 2011). *Id.* ¶8. Nowhere in the Settlement Agreement does it provide for this Court to oversee this process in any way.

Moreover, if BoA and the AGs have already agreed on a Claims Administrator and the form of Notice, ***nothing in the Settlement Agreement prevents them from issuing nationwide Notice immediately to the putative Class.*** Therefore, Class Counsel submits this pre-motion letter to request that this Court permit Class Counsel to file a motion on the issues before notice is issued.

**HAUSFELD** LLP

The Honorable Judge Victor Marrero
12/14/2010
Page 3


In our requested motion, Interim Class Counsel will describe – in detail – how: (1) the opt-in and notice provisions of the Settlement violate Fed. R. Civ. P. 23 and this Court's order appointing interim lead counsel; and (2) require judicial intervention, including injunctive relief under the All Writs Act, 28 U.S.C. Section 1651, to protect the class and the jurisdiction of this Court. Class counsel will also present several examples of potentially misleading communications to the Class that, even if a settlement is approved, must be protected against in any Notice to the Class. Class members, for example, must be advised about the potential liability of BoA in the class action; the limitations on BoA's liability achieved by a $62.5 million restitution fund; the broad release of all claims required by opt-in class members; the very existence of the present class action proceedings; and the effects on putative class members of extinguishing those rights by electing to participate in the State Agreement.

BoA cannot be allowed to determine for itself what, if any, information should be provided to class members or to make an end-run on court-approved notice. *In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 441-42 (S.D. Tex. 1999); *Georgine v. Amchem Prods.*, 160 F.R.D. 478, 509 (E.D. Pa. 1995).

Class Counsel respectfully requests the opportunity to brief issues related to this Settlement immediately, including whether this Court should: (1) require advance submission to Interim Class Counsel and this Court, and approval by the Court, of an opt-in settlement or written notices and communications to class members; and (2) order State AGs participating in the Settlement Agreement and BAC be joined in this action as indispensable parties pursuant to Fed. R. Civ. P. 19(a). Class Counsel is prepared to file a brief within 24 hours' notice that one is requested by this Court. Given that Notice could be issued by BoA at any time, Class Counsel respectfully requests an expedited examination of these issues.

Sincerely,

Michael D. Hausfeld
On Behalf of Interim Co-Lead Class Counsel

Defendant Bank of America herein is directed to respond by 12-17-10, by letter not to exceed 4 pages, to the matters set forth above by plaintiffs, showing cause why the relief requested by plaintiffs should not be granted.

**SO ORDERED:**

DATE 12-15-10

VICTOR MARRERO, U.S.D.J.

cc:    All Counsel of Record (*Via Electronic Mail with Enclosure*)