```
UNITED STATES DISTRICT COURT                    NICALLY
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
HINDS COUNTY, MISSISSIPPI,           :          ILED: 1/10/2011

              Plaintiff,             :
                                     :          08 Civ. 2516
    - against -                      :
                                     :
                                     :
WACHOVIA BANK N.A., et al.,          :
                                     :
              Defendants.            :
-------------------------------------X
IN RE MUNICIPAL DERIVATIVES          :
ANTITRUST LITIGATION                 :          08 MDL No. 1950
                                     :
                                     :          ORDER
                                     :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

By letter dated December 14, 2010, Interim Co-Lead Class Counsel ("Class Counsel") brought to the Court's attention that defendant Bank of America, N.A. ("BoA") has recently entered into a national opt-in settlement agreement (the "Settlement Agreement") with twenty-one State Attorneys General ("AGs"), none of whom are parties to this multi-district litigation. Class Counsel Class Counsel asserts that, although the Settlement Agreement has the potential to reach putative class members and cause opt-in notices and release forms to be sent to putative class members, it will be implemented outside of the Court's judicial supervision. Class Counsel requests a pre-motion conference and an opportunity to submit briefing

in support of motion for an order: (1) awarding injunctive relief under the All Writs Act, 28 U.S.C. § 1651, and/or (2) directing the AGs to be joined in this litigation as indispensible parties under Fed. R. Civ. P. 19(a).

By letter dated December 17, 2010, counsel for plaintiffs in a related lawsuit brought by several California municipalities (the "Oakland Plaintiffs") wrote to second the concerns raised by Class Counsel. BoA responded to the letters of Class Counsel and the Oakland Plaintiffs in its own letters dated December 17 and December 20, 2010. In addition, also on December 20, 2010, the Court received a letter from the AGs opposing Class Counsel's request. Finally, Class Counsel replied to the letters of BoA and the AGs on December 21, and the Oakland Plaintiffs submitted a reply on December 23, 2010.

As the Court finds the issues presented by the parties' and the AGs' letters cannot be properly resolved on the limited record currently before the Court, it is hereby

**ORDERED** that the parties are directed to confer and submit to the Court by January 18, 2011 a summary of the issues the parties believe are in dispute and will require briefing, as well as a proposed schedule for briefing on Class Counsel's anticipated motion; and further it is

**ORDERED** that the AGs shall be permitted to intervene in this action solely for the limited purpose of submitting briefing on the issues presented by Class Counsel's proposed motion.

**SO ORDERED.**

Dated: New York, New York
10 January 2011

_____
Victor Marrero
U.S.D.J.