# HAUSFELD LLP

202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

Michael D. Hausfeld
mhausfeld@hausfeldllp.com

January 18, 2011

**VIA FACSIMILE**



The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
Suite 660
New York, NY 10007

Re:   *In re Municipal Derivatives Antitrust Litigation*     08 cv 2516
                                                              MDL 08 1950

Dear Judge Marrero:

    Interim Co-Lead Class Counsel for the national Class plaintiffs ("Class plaintiffs"), counsel for the Defendant Bank of America ("BoA"), and counsel for the City of Oakland, the County of Alameda, the City of Fresno and the Fresno County Financing Authority ("Oakland plaintiffs") (collectively, the "Parties") hereby respond to the Court's order of January 10, 2011 requiring: (a) a summary of the issues that will be briefed concerning the settlement of December 7, 2010 ("State Settlement") among the Attorneys General of the Settling States (the "AGs") and BoA and (b) a proposed briefing schedule.

    Counsel representing the Parties conferred by telephone on January 13, 2011. Representatives of the AGs attended and offered their comments where appropriate. At that conference, the Parties agreed that Interim Co-Lead Class Counsel would present the following issues in their motion:

    (1) Under the All Writs Act and Fed. R. Civ. P. 23, is it appropriate that the Court exercise its powers to enjoin BoA and the AGs from proceeding with the implementation of the opt-in provisions of the State Settlement?

    (2) Under the All Writs Act and Fed. R. Civ. P. 23(e), is it appropriate that the Court exercise its equitable powers to subject the aforementioned settlement to fairness proceedings before it?

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/11

www.hausfeldllp.com    WASHINGTON DC   NEW YORK   SAN FRANCISCO   LONDON

## HAUSFELD

Judge Marrero
1/18/2011
Page 2

      (3) Is it appropriate that, pursuant to Fed. R. Civ. P. 23(d), the Court supervise and regulate the content of any communications with putative class members in MDL No. 1950 concerning the aforementioned settlement?

      (4) Is it appropriate that the Court add the 21 state AGs referenced above (and all other state AGs who join them) as necessary parties to MDL No. 1950 pursuant to Fed. R. Civ. P. 19?

      The AGs do not agree with the statement of issues, as they believe that the statement of issues incorrectly omits the threshold issue of whether the Court has the power, under the All Writs Act and/or Fed. R. Civ. P. 23 to enjoin, or alternatively, to supervise, the implementation of an out of court settlement between State Attorneys General and BoA.

      All of these issues are summarized without prejudice to, or waiver of, the ability of BoA and the AGs of the Settling States to present all of their defenses and counterarguments in their respective briefs.

      The Parties further agreed that: (a) Class plaintiffs would file one 30 page brief raising these issues; (b) BoA and the AGs of the Settling States could file separate responses of up to 30 pages each; and (c) the Class plaintiffs shall file a combined reply or separate replies totaling 20 pages. They respectfully ask the Court to modify its individual practices in this instance by allowing these parties to have five additional pages for their respective initial or opposition briefs. The AGs have no objection.

      No agreement was reached on whether the Oakland plaintiffs could file a separate brief. The Class plaintiffs are willing to have the Oakland plaintiffs file a separate, nonduplicative brief. The Oakland plaintiffs' position is that their complaint presents a Cartwright Act class claim that is not present in the other class complaint. They seek to file a short brief, not to exceed 10 pages, expressing the need for the Court to ensure that the putative California municipal entity class members receive full information about the settlement, the pending class case, the release, and their options. BoA and the AGs of the Settling States oppose any such separate filing, because in their view any such entities are subsumed within the putative national class.

      With respect to the proposed briefing schedule contemplated by January 10 order, the Parties agreed to the following: (a) Class plaintiffs will file a motions and supporting papers on January 20; (b) BoA and the AGs of the Settling States will file separate responses by February 10; and (c) Class plaintiffs will file separate replies or a combined reply by February 17. If the Oakland plaintiffs are permitted to file separate briefs, they will abide by this schedule. The AGs do not object to this schedule.

HAUSFELD

Judge Marrero
1/18/2011
Page 3

    Counsel for BoA and the AGs of the Settling States have represented that the earliest date on which "notice packets" will be disseminated pursuant to the State Settlement is March 3. The Parties respectfully request that if the Court decides that it wishes to have a hearing on this matter, it do so prior to March 3.

Very truly yours,

Michael D. Hausfeld

---

Request GRANTED. The briefing schedule with regard to the motion regarding Bank of America's Settlement herein is extended as set forth herein: motion papers submitted by 1-20-11; response 2-10-11; reply 2-17-11. Page limitations on briefs shall be as stated above. The Court does not see the need for the Oakland plaintiffs to file a separate 10-page brief to set forth their interests and concerns in this matter. Their desire to obtain information about the settlement and any release goes without saying and could be recorded and preserved in a statement of one or two pages.

SO ORDERED.

1-18-11
DATE     VICTOR MARRERO, U.S.D.J.