```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
HINDS COUNTY, MISSISSIPPI,          :
                                    :
                    Plaintiff,      :
                                    :       08 Civ. 2516
       - against -                  :
                                    :
                                    :
WACHOVIA BANK N.A., et al.,         :
                                    :
                    Defendants.     :
------------------------------------X
IN RE MUNICIPAL DERIVATIVES         :
ANTITRUST LITIGATION                :       08 MDL No. 1950
                                    :
                                    :       ORDER
                                    :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Pursuant to Orders of this Court dated January 10 and January 18, 2011, Interim Co-Lead Class Counsel ("Class Plaintiffs") in this multidistrict litigation, captioned 08 MDL No. 1950 ("MDL No. 1950"), filed on January 20, 2011 a Motion to Protect the Interests of the Putative Class and Preserve this MDL Court's Jurisdiction and for Addition of Necessary Parties (the "Motion"). Class Plaintiffs seek to enjoin defendant Bank of America ("BoA") from proceeding with certain "opt in" provisions of a settlement agreement entered into on December 7, 2010 (the "State Agreement") among BoA and the Attorneys General ("AGs") of 20 (now 21) states (the "Settling States"). In the alternative, Class Plaintiffs request that the Court (1) supervise all

communications sent to putative class members of MDL No. 1950 concerning the State Agreement and (2) subject the State Agreement to fairness proceedings. Finally, Class Plaintiffs request that each of the AGs identified in the State Agreement, and any AG who subsequently joins the State Agreement, be joined in this multidistrict litigation as a necessary party.

Class Plaintiffs argue that State Agreement was negotiated without their participation, and that the opt in provisions of the State Agreement have the potential to reach and extinguish the claims of a portion of potential plaintiffs ("Eligible Putative Plaintiffs") in MDL No. 1950, at least with respect to claims asserted against BoA. Class Plaintiffs aver that BoA and the AGs of the Settling States have indicated that notice packets containing information about the State Agreement and the opportunity for Eligible Putative Plaintiffs to opt in, as well as a release form discharging BoA from liability as to claims an Eligible Putative Plaintiff might otherwise raise in MDL No. 1950, could be disseminated to putative class members as early as March 3, 2011.

Separately, on January 20, 2011, plaintiffs in a related lawsuit brought by several California municipalities ("Oakland Plaintiffs") and consolidated in

2

this multidistrict litigation filed a similar motion which requested that the Court (1) supervise *ex parte* communications with putative class members pertaining to any release of claims, and (2) require that BoA provide notice to any putative class member of their potential rights in MDL No. 1950.

On February 10, 2011, BoA and the Settling States filed separate submissions opposing Class Plaintiffs' and the Oakland Plaintiffs' motions. Class Plaintiffs submitted reply papers on February 17, 2011, and, for good measure (and without having requested leave to do so), counsel for BoA and Class Plaintiffs each submitted a sur-reply letter on February 18, 2011.

Upon review of the submissions described above, and finding such relief appropriate and the minimum necessary to protect the interests of putative class members in this proceeding, to protect the Court's jurisdiction and to preserve the Court's ability to render meaningful relief on the claims before it, it is hereby

**ORDERED** that the motion of Interim Class Plaintiffs for an order enjoining defendant Bank of America from proceeding with certain provisions of a settlement agreement entered into in December 2010 with the Attorneys General of particular states is DENIED; and it is further

3

**ORDERED** that BoA and all those acting in concert with it shall not disseminate, nor cause to be disseminated, any notice, notice packet or written communication to any putative class member of MDL No. 1950 concerning the State Agreement or its opt in provisions unless (1) this Court first approves such notice(s) or written communication(s) and (2) BoA files with the Court a declaration from its counsel affirming that BoA's consent to the State Agreement and its terms was not achieved as the result, in whole or in part, of threats, coercion, intimidation or other "strong-arm tactics" by the AGs of the Settling States or any other third party; and it is further

**ORDERED** that the parties are directed to confer and submit jointly for the Court's approval proposed language for any notice(s) or written communication(s) concerning the State Agreement and its opt in provisions that BoA may seek to disseminate to putative class members of MDL No. 1950. Such notices and communications shall fully disclose to claimants in clear, concise and neutral terms the nature of any remedies that may be available to them as putative class members in MDL No. 1950 and the attendant consequences of electing to opt in to the State Agreement. Any disagreement that arises as to proposed language may be noted in separate paragraphs.

4

The Court's findings, reasoning and conclusions will be stated in a separate decision to follow.

**SO ORDERED.**

Dated:   New York, New York
         1 March 2011

_____
Victor Marrero
U.S.D.J.