SDC SDNY
'MENT
LECTRONICALLY 1
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION
: MEMORANDUM DECISION
  MDL No. 1950
: Lead case: 08 Civ. 2516 (VM) (GWG)
------------------------------------------------------------------x
THIS DOCUMENT RELATES TO: ALL ACTIONS

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The Government has made an application to extend the stay of discovery in this matter. Having considered the briefing and having applied the factors relevant to this determination, see, e.g., Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 575-77 (S.D.N.Y. 2001), the Government's application is granted in part and denied in part as set forth in a separate Order being issued today.

The Court notes that the Order addresses only the Government's application for a stay – not any issues relating to proper case management independent of the stay request. There may be good reasons for the parties to delay depositions in this matter. But these reasons are independent of the Government's interests and were not raised as part of the briefing on the instant application.[1] Accordingly, while this Order does not address the appropriate commencement date for depositions, the Court assumes the parties will have a reasoned discussion on this issue in the event of a disagreement as to a proposed deposition schedule. Any disagreements on the timing of depositions may be brought to the Court's attention in accordance with its Individual Practices.

Next, the Court recognizes that it has placed limitations on interrogatories or document requests that were not explicitly stated in the May 27, 2010 stay Order to the extent the current Order forbids discovery regarding federal criminal or grand jury investigations. It has done so because of the Court's weighing of the Government's interest in not permitting the unnecessary disclosure of such matters against the limited relevance of such information to the issues in this case. The Court had not assumed that the May 27 Order permitted this sort of discovery anyway. The case law cited by plaintiffs supports at most only the proposition that a Court will not disallow a request to obtain documents merely on the ground that the documents were put before a grand jury. The Order makes clear that such an objection would not be countenanced.

With respect to the issue of questioning a witness on his cooperation with the federal Government, the Court does not see how such questioning can occur at this time consistent with the Government's legitimate interests. The Court believes such information can be obtained via

---

[1] The Court's scepticism at the hearing regarding plaintiffs' need to begin depositions now related to the question of whether it was necessary to begin conspiracy-related depositions immediately, not any possible deposition.

interrogatory rather than deposition, however, once the stay is no longer in effect and paragraph 11 has been inserted to address this issue.[2]

The Court has ruled on the remaining disputes through its inclusion or exclusion of language as reflected in the Order.

Finally, the Court expects that at some point in the future, the balance of factors justifying a stay – in particular, the Government's interest in protecting its investigation and the plaintiffs' need to begin conducting "conspiracy-based" discovery – will have shifted to a sufficient degree that it will be appropriate for plaintiffs to seek to lift the stay in whole or in part. It is doubtful, however, that such an application would be successful if it were made before plaintiffs had fully pursued the discovery available under the terms of the Order.

SO ORDERED.

Dated: March 22, 2011
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] The Court recognizes that this issue was not briefed or discussed prior to or at the hearing. Accordingly, a party dissatisfied with this ruling has leave to raise it again with the Court in accordance with its Individual Practices.