


STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

ELINOR R. HOFFMANN
ASSISTANT ATTORNEY GENERAL
Tel: 212-416-8269
Email: Elinor.Hoffmann@ag.ny.gov

April 14, 2011

**BY HAND**

The Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20B
New York, NY 10007-1312

Re: *In Re Municipal Derivatives Antitrust Litigation* **MDL No. 1950;
Master Docket No. 08-02516 (VM) (GWG)**

Dear Judge Marrero:

Pursuant to the Court's Order dated March 1, 2011 (Doc. No. 272) ("Order"), we submit on behalf of the States[1] and Bank of America Corporation ("BAC") a proposed notice package to parties eligible to make claims under the Settlement Agreement between BAC and the States dated December 7, 2010 (the "State Agreement").

In accordance with your Order, the States have conferred with Interim Co-Lead Counsel for the class and with Counsel for the California entities that have sued separately (collectively, Class Counsel), as well as with BAC. On March 11, 2011, the States sent a proposed notice package (the "Notice"), satisfactory to BAC and the States, to Class Counsel and requested their comments. In lieu of comments, Class Counsel posed a series of questions to the States on March 22, 24, 25 and April 6, and sent an "interim redline" on March 30, 2011. As a result of these exchanges, the States and BAC revised their draft Notice to take into account all of Class Counsel's questions and comments that the States and BAC believe were directed at "fully

---

[1] Alabama, California, Colorado, Connecticut, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Texas, Tennessee, Utah and Wisconsin. Since the execution date of the State Agreement, eight additional jurisdictions have become parties to the State Agreement and are included here.

disclos[ing] to claimants in clear, concise and neutral terms the nature of any remedies that may be available to them as putative class members in MDL No. 1950 and the attendant consequences of electing to opt in to the State Agreement." (Order at 4.) The States sent to Class Counsel the revised proposed "Q & A" section of the Notice (to which all comments and questions were directed) on April 8, 2011, and requested comments by April 14, 2011. The States declined to provide substantive responses to some of Class Counsel's questions due to concerns about potentially compromising ongoing investigations. The States also invited Class Counsel to further discuss the proposed Notice prior to April 14th.

In lieu of a response, the States and BAC received a copy of a letter dated April 13, 2011 that Class Counsel submitted to the Court. We understand from the letter that Class Counsel are not in agreement with the language in the proposed Notice. However, they have not provided any additional comments. Instead, they request that "any issuance of notice be deferred" until they obtain discovery of additional data, as well as confidential information concerning the States' investigation and economic analysis. In addition, Class Counsel previously have advised that they believe it is necessary to delay finalizing their comments on the Notice while they await the Court's separate decision referenced in its Order prior to preparing a Notice.

The States do not believe that Notice and restitution to eligible counterparties under the State Agreement should be delayed pending Class Counsel's unwarranted inquiry into the basis for the State Agreement. The States and BAC carefully considered Class Counsel's comments and addressed many of them in the Notice, and we believe that the proposed Notice meets the standard that the Court set forth in its Order. Therefore, the States respectfully request the Court's expeditious review and approval of the Notice in the form attached.

Respectfully submitted,

Elinor R. Hoffmann

Enclosure
cc: All counsel of record

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _third-party States_.
>
> SO ORDERED.
>
> 4-15-11
> DATE     VICTOR MARRERO, U.S.D.J.

120 BROADWAY, ANTITRUST BUREAU, 26TH FLOOR, NEW YORK, NY 10271 • PHONE (212) 416-8262 • FAX (212) 416-6015 •
WWW.AG.NY.GOV



# NOTICE LETTER

[Date of Mailing]

Re: **A $62.5 Million Settlement between various State Attorneys General and Bank of America Corporation**

Dear Eligible Counterparty:

This letter and the accompanying forms contain important information about your eligibility to share in a $62.5 million settlement (the "Fund") established by Bank of America Corporation ("BAC") to resolve matters more specifically explained in An Agreement Among the Attorneys General of the States and Commonwealths of Alabama, California, Connecticut, Florida, Illinois, Kansas, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Texas, Colorado, the District of Columbia, Idaho, Iowa, Tennessee, Utah, North Dakota and Wisconsin and Bank of America Corporation dated December 7, 2010 (the "Settlement Agreement"). A full copy of the Settlement Agreement can be obtained by visiting www.stateAGmunisettlement.com. Capitalized terms used herein and the accompanying forms shall have the same meanings as specified in the Settlement Agreement, unless otherwise noted.

*What this Packet Includes:* This packet includes: (1) This Notice Letter; (2) an Election to Participate; (3) a Release Form ("Release"); and (4) a Question and Answer Pamphlet. All of these documents have been reviewed and approved by the Attorneys General who are parties to the Settlement Agreement.

*Your Eligibility:* You have been identified as an Eligible Counterparty because you (1) entered into one or more Municipal Bond Derivative transactions between January 1, 1998 and December 31, 2003, inclusive; (2) where the provider of the Municipal Bond Derivative was BAC; and (3) the Municipal Bond Derivative has been alleged by the Attorneys General to have been impacted by the Relevant Conduct.

*Requirements:* In order to receive a share of the $62.5 million Fund, you must complete and submit to the Claims Administrator both the (1) Election to Participate form <u>and</u> (2) the executed Release. Your submission must be postmarked **no later than** [insert date 45 days from the date of the letter].

*Your Share:* As identified in paragraph 1 of the Release, if you elect to participate in the Settlement you will receive a payment of [INSERT $ amount].

As noted above, you may review the Settlement Agreement in its entirety at www.stateAGmunisettlement.com. What follows is a brief summary of the Settlement Agreement followed by instructions on how to receive payment. You may also refer to the enclosed Question and Answer Pamphlet and Addendum A thereto, or visit www.stateAGmunisettlement.com for more information.

### General Description and Summary of the Settlement Agreement:

The Settlement Agreement describes the details of an investigation conducted by certain Attorneys General concerning alleged violations of state and federal antitrust and other laws by BAC and other providers, brokers and advisors, involving the marketing, sale and placement of Municipal Bond Derivatives. As discussed more fully in the Settlement Agreement, BAC was the first entity to voluntarily self-report evidence relating to improper bidding and other practices in the Municipal Bond Derivatives industry. BAC has continued to cooperate in the investigation by voluntarily disclosing evidence related to its role in the Relevant Conduct and by agreeing to pay restitution to parties injured by the Relevant Conduct.

Following an investigation, BAC and the Attorneys General entered into the Settlement Agreement whereby, among other things, BAC agreed to pay restitution to Eligible Counterparties in return for a Release of claims against BAC alone. By claiming from the Fund, you will not give up your rights as to any other entity which may also be responsible for injuries to you related to the Relevant Conduct.

Any variance between this Notice Letter and the Settlement Agreement will be controlled by the Settlement Agreement.

### Related Pending Civil Actions

Beginning in March 2008, Bank of America, N.A. ("BANA"), a wholly-owned subsidiary of BAC, was named as a defendant along with numerous other financial institutions and brokers in civil suits filed in state and federal courts in New York, the District of Columbia, California, and West Virginia. The named plaintiffs in those complaints are governmental, quasi-governmental, and not-for-profit entities that issue and/or receive the proceeds of municipal bonds and invest those bond proceeds in municipal derivatives provided by the defendants. To date, 34 such actions have been filed, 31 of which named BANA as a defendant. Some of the cases have been brought as putative class actions on behalf of these entities nationwide, and others as individual actions.

There is also an action that purports to bring class actions on behalf of private and public entities in California under California's Cartwright Act (Business & Professions Code § 16720)("California Cartwright Class Action"). All of the cases have now been transferred to the U.S. District Court for the Southern District of New York and consolidated for pretrial proceedings in a single proceeding, the In re Municipal Derivatives Antitrust Litigation, MDL No. 1950, Master Civil Action No. 08-2516 (S.D.N.Y.). The complaints allege that the defendants including BANA, conspired to violate federal and state antitrust laws by allocating customers, and fixing or stabilizing rates of return on certain municipal derivatives from 1992 to the present. The lawsuits purport to seek damages, including treble damages, under federal and various state laws, restitution, disgorgement and such other relief as may be granted by the court. At this point in time no class action has been certified, and it is therefore not known whether there will be any recovery in the class actions, whether the court will approve the same, or whether your recovery, if any, will be greater or smaller than the recovery under this Settlement Agreement.

As noted, a number of these actions purport to bring class actions on behalf of a putative class of private as well as public entities that entered into Municipal Derivatives transactions with any provider or broker (not just BAC) at any point in time from 1992 through the present. Thus, you might be both a member of a putative class and also eligible to receive restitution under this Settlement. In order to participate in this Settlement, you will be required to provide a release to BAC. By participating in this Settlement and providing the Release, you would be giving up the right to pursue certain additional claims for damages in other lawsuits pending against BAC (being pursued on your behalf in the nationwide class action and, if you are located in California, in the California Cartwright Act class action) or in any suit you may decide to file on your own behalf. These additional claims could include claims for treble damages (only in the California

Cartwright Act class action) as well as claims based on derivative transactions that you executed and that BAC bid on but did not win.

> If you participate in this Settlement, you will give up your right to pursue recovery against BAC for these additional claims. However, even if you participate in this Settlement you will retain your right to seek recovery for any claims (including these additional claims) in the class actions against any other defendant on a direct or joint and several basis, and for treble damages (including recovery for treble damages based on the Covered Derivatives).

> Your ability to seek recovery from any other defendant is not affected in any way by this Settlement.

> Your release would NOT APPLY to any claims brought on your behalf in the civil class actions to the extent there is any recovery against BAC for periods before January 1, 1998 or after December 31, 2007.

Any class settlement would be subject to a hearing, court approval and certification of a settlement class. As of the date of this notice, there is no settlement between any of the plaintiffs in the civil litigation and BAC. Your allocated share of any recovery resulting from a class resolution, should it occur and be approved by the court, or from the resolution of litigation you institute, may be more or less than your eligible share under this Settlement.

The accompanying Question and Answer Pamphlet contains a more detailed explanation of the Settlement Agreement and your rights thereunder. See Addendum A to the Question and Answer Pamphlet included in this Packet for a listing of the civil actions pending in the Southern District of New York in the *In re Municipal Derivatives Antitrust Litigation*. A listing is also included at www.stateAGmunisettlement.com.

### Instructions on How You May Receive Payment

To receive a payment from the Fund, you must timely submit to the Claims Administrator the enclosed (1) Election to Participate and (2) Release. You should carefully read through the materials and be sure to submit both the Election to Participate and the executed Release. Failure to submit both forms in accordance with the instructions and as set forth in the Settlement Agreement may result in the rejection of your claim.

The documents must be postmarked **NO LATER THAN [insert date 45 days from the date of the letter]**. It should be returned to the following address in the enclosed self-addressed postage prepaid envelope:

AG Muni Bond Derivative Settlement
c/o GCG, Inc.
Claims Administrator
P.O. Box 9682
Dublin, OH 43017-4982

### Election to Not Participate or Otherwise Not Respond

If you elect not to participate or otherwise do not respond to this Notice Letter, the Settlement Agreement shall have no effect on the claims or causes of action for damages, disgorgement, restitution or any other relief that you may have against BAC for the Relevant Conduct, including any right you might have to participate in the pending class actions or to pursue your own independent action. **It is recommended that you consult with an attorney for legal advice as to your options.**

### Additional Information

For more information please refer to the Question and Answer Pamphlet enclosed with this Notice Letter. You may also:

- Visit the website: www.stateAGmunisettlement.com
- Write the Claims Administrator, GCG, Inc. at:

*AG Muni Bond Derivative Settlement*
c/o GCG, Inc.
Claims Administrator
P.O. Box 9682
Dublin, OH 43017-4982

Sincerely,

The Claims Administrator

Question and Answer Pamphlet

1. <u>What is the purpose of this Notice Packet?</u>

The purpose of this Notice Packet is to inform you of a $62.5 million settlement (the "Fund") established by Bank of America Corporation ("BAC") to resolve allegations that it engaged in violations of state and federal antitrust and other laws as more specifically explained in An Agreement Among the Attorneys General of the States and Commonwealths of Alabama, California, Colorado, Connecticut, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Wisconsin and Bank of America Corporation dated December 7, 2010 (the "Settlement Agreement"). A full copy of the Settlement Agreement can be obtained by visiting www.stateAGmunisettlement.com. This Notice Packet provides an overview of the Settlement Agreement along with your rights and steps you must take in order to receive your share of the Fund as an Eligible Counterparty.

2. <u>Why did I receive this Notice Packet?</u>

You have received this Notice Packet because you have been identified as an Eligible Counterparty pursuant to the terms in the Settlement Agreement. Based on the investigation conducted by the Attorneys General, with cooperation from BAC, the Attorneys General allege that the Municipal Bond Derivative you engaged in with BAC was impacted by the Relevant Conduct outlined in the Settlement Agreement.

3. <u>What are the benefits of the Settlement?</u>

BAC has agreed to pay a total of $62.5 million into a Fund to be used to make restitution to certain Municipal Bond Derivative Counterparties, including you. The Settlement Agreement provides a simple and efficient process for you to easily receive your share of the Fund. All you need to do to receive the payment is return the Election to Participate and the Release. No other documentation is required.

4. <u>What is the Relevant Conduct?</u>

Generally, the Relevant Conduct means engaging in anticompetitive conduct and/or unfair trade practices between January 1, 1998 through December 31, 2007 in the marketing, sale and placement of any Municipal Bond Derivatives, or in the offer to market, sell or place any Municipal Bond Derivatives. See the Settlement Agreement for a more detailed explanation of the Relevant Conduct. The Settlement Agreement is available on line at www.stateAGmunisettlement.com.

5. <u>What is an "Eligible Counterparty"?</u>

An Eligible Counterparty means Municipal Bond Derivatives Counterparties that entered into one or more Covered Derivatives with BAC from January 1, 1998 to December 31, 2003.

6. <u>What is a "Municipal Bond Derivatives Counterparty"?</u>

A Municipal Bond Derivatives Counterparty is the entity that actually entered into one or more Municipal Bond Derivatives with BAC, but does not include Providers, Brokers, other financial institutions or any for-profit entities.

7. <u>What is a "Covered Derivative"?</u>

A Covered Derivative is a Municipal Bond Derivative that was 1) awarded through a competitive bidding process or a negotiated process where the provider is BAC; 2) entered between January 1, 1998 and December 31, 2003, inclusive; and 3) identified by the Attorneys General as a transaction they believe was impacted by the Relevant Conduct, based upon evidence developed by the Investigation.

8. <u>What State Attorneys General are parties to the Settlement?</u>

The Attorneys General of Alabama, California, Colorado, Connecticut, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Wisconsin have elected to participate in the Settlement Agreement. Relevant contact information for these Attorneys General is available on line at www.stateAGmunisettlement.com.

Regardless of whether your State Attorney General is a party to the Settlement, you can choose whether to participate in the Settlement and release your claim(s) against BAC. It is your decision.

9. <u>If I reside in a State where the Attorney General is not a party to the Settlement Agreement can I still participate?</u>

Yes, you can participate because you are an Eligible Counterparty. That the Attorney General for the State in which you reside is not a party to the Settlement Agreement does not affect your ability to claim from the Fund. You should be guided by the Notice Packet and follow the instructions for filing an Election to Participate and Release. If you have any questions you can contact the Claims Administrator or the State Attorneys General's Claims Representative, and/or counsel of your own choosing (see Question 17, below).

10. <u>How do I participate?</u>

In order to participate and receive payment from the Fund, you must submit a timely 1) Election to Participate and 2) Release. Your Release and Election to Participate must be postmarked no later than 45 days from the date of the letter accompanying this Notice Packet. No other documentation is required.

### 11. Do I have to participate?

No. If you decide you do not want to participate in this Settlement you do not have to take any affirmative action. That is, if you do not return the Election to Participate and Release you will be excluded from the Settlement and none of your claims or causes of action for damages, disgorgement or restitution that you may have against BAC for the Relevant Conduct detailed in the Settlement Agreement will be affected in any way, including any right you might have to participate in the pending class actions or to pursue your own independent action.

Should you decide not to claim under this Settlement Agreement, you would still be able to seek recovery for any eligible claims which you might have by either of the following means:

- ➤ Making such claims in any of the pending class actions against BAC (See Addendum A);

- ➤ Pursuing your own action against BAC with counsel of your choice.

### 12. How was my share calculated?

Your share was based on a formula developed by the Attorneys General with the assistance of an independent expert economist hired by the Attorneys General. Although the Attorneys General consulted with BAC in connection with developing the formula, the Settlement Agreement provides that the Attorneys General have the right to adopt a formula they deem appropriate for payments from the Fund.

The Attorneys General expert economist was retained early in the Attorneys General's investigation to review and analyze data obtained by the Attorneys General as part of their investigation, and to assist in identifying the estimated overcharges caused by the relevant conduct. Once the Attorneys General and BAC had reached agreement on the amount of restitution (which included an estimate of the overcharge plus interest) that BAC would pay into the Fund ($62.5 million), the Attorneys General asked their expert to develop a formula and plan to allocate the Fund.

"Pursuant to this plan, each Eligible Counterparty, including you, will receive a distribution based on the estimated overcharge (including interest) for the type(s) of Covered Derivative(s) to which each Eligible Counterparty was a party with BAC. The total amount of your distribution is set forth on page 1 of the Notice under the heading "Your Share." Because this is a nationwide recovery, the same formula was applied to all Eligible Counterparties for the type(s) of Covered Derivatives they purchased, regardless of the state in which they reside. There will be no deductions whatsoever from the Fund for attorneys' fees, expenses or administrative costs. For additional information, see Q&A No. 15 below."

13. <u>What happens to any money left in the Fund after all participating Eligible Counterparties are paid?</u>

If any money remains in the Fund after all Eligible Counterparties who want to participate are paid their full allocation, the Fund can be used to pay other claims against BAC by Municipal Bond Derivative Counterparties (including claims asserted in the actions described in response to question number 16 below) arising from the same Relevant Conduct as is the subject of the Settlement Agreement. In the event any money remains after all eligible claims have been paid, the remaining funds may be used by the Attorneys General for additional distribution to Eligible Counterparties that participated in the Attorneys General Settlement, for the antitrust training of deputy and assistant attorneys general, or as otherwise directed by the Attorneys General. Under no circumstances will any money be returned to BAC.

14. <u>What are the tax ramifications if I elect to participate and are there any ramifications for holders of tax exempt bonds which I issued or that were issued in connection with my Municipal Bond Derivative(s)?</u>

BAC entered into a settlement agreement with the Internal Revenue Service ("IRS") which required BAC to make payments to the IRS that satisfy any outstanding liability to the IRS that you may have as a result of any of BAC's Relevant Conduct in connection with your Municipal Bond Derivative(s) that are the subject of the Settlement Agreement.

Under its settlement with the IRS, and for purposes of your compliance with the arbitrage requirements of Section 148 of the Internal Revenue Code, the Municipal Bond Derivative(s) that you entered into with BAC during the period 1998 through 2006 are deemed to have been entered into on terms which represented the fair market value of such Municipal Bond Derivative(s). Moreover, pursuant to the Settlement Agreement, BAC has agreed to indemnify and hold you harmless for any claims, demands or penalties of any nature whatsoever attributable to, arising out of or related to any liability that you may have to the IRS under the Internal Revenue Code as a result of BAC's participation in the Relevant Conduct that is not satisfied by BAC pursuant to its settlement with the IRS.

If you have further questions on the tax ramifications of this Settlement, you should contact your tax advisor.

15. <u>Do I have to pay attorney fees or administrative costs?</u>

No. Under the Settlement Agreement, BAC is responsible for paying all of the costs of administering the Settlement. In addition, you do not need to pay any attorney fees to the

State Attorneys Generals in order to participate in this Settlement. BAC has made a separate Additional Payment of $4.5 million to an escrow fund that will be used to pay fees and expenses in connection with the Attorneys General's investigation and for other purposes that the Attorneys' General deem appropriate, consistent with state laws.

16. <u>What are the details of the related pending civil actions?</u>

Beginning in March 2008, Bank of America, N.A. ("BANA"), a wholly-owned subsidiary of BAC, was named as a defendant along with numerous other financial institutions and brokers in civil suits filed in state and federal courts in New York, the District of Columbia, California, and West Virginia. The named plaintiffs in those complaints are governmental, quasi-governmental, and not-for-profit entities that issue and/or receive the proceeds of municipal bonds and invest those bond proceeds in municipal derivatives provided by the defendants. To date, 34 such actions have been filed, 31 of which named BANA as a defendant. Some of the cases have been brought as putative class actions on behalf of these entities nationwide, and others as individual actions. There is also an action that purports to bring class actions on behalf of private and public entities in California under California's Cartwright Act (Business & Professions Code § 16720)("California Cartwright Class Action"). All of the cases have now been transferred to the U.S. District Court for the Southern District of New York and consolidated for pretrial proceedings in a single proceeding, the In re Municipal Derivatives Antitrust Litigation, MDL No. 1950, Master Civil Action No. 08-2516 (S.D.N.Y.). The complaints allege that the defendants including BANA, conspired to violate federal and state antitrust laws by allocating customers, and fixing or stabilizing rates of return on certain municipal derivatives from 1992 to the present. The lawsuits purport to seek damages, including treble damages, under federal and various state laws, restitution, disgorgement and such other relief as may be granted by the court. At this point in time no class action has been certified, and it is therefore not known whether there will be any recovery in the class actions, whether the court will approve the same, or whether your recovery, if any, will be greater or smaller than the recovery under this Settlement Agreement.

As noted, a number of these actions purport to bring class actions on behalf of a putative class of private as well as public entities that entered into Municipal Derivatives transactions with any provider or broker (not just BAC) at any point in time from 1992 through the present. Thus, you might be both a member of a putative class and also eligible to receive restitution under this Settlement. In order to participate in this Settlement, you will be required to provide a release to BAC. By participating in this Settlement and providing the Release, you would be giving up the right to pursue certain additional claims for damages in other lawsuits pending against BAC (being pursued on your behalf in the nationwide class action and, if you are located in California, in the California Cartwright Act class action) or in any suit you may decide to file on your own behalf. These additional claims could include claims for treble damages (only in the California Cartwright Act class action) as well as claims based on derivative transactions that you executed and that BAC bid on but did not win. If you participate in this Settlement, you will give up your right to pursue recovery against BAC for these additional claims. However, even if you participate in this Settlement you will retain your right to seek recovery for any claims (including these additional claims) in the class actions against any other defendant on a direct or joint and several basis, and for treble damages (including for treble damages based on the Covered Derivatives). Your ability to seek recovery from any other defendant is not affected in any way by this Settlement. Your release would NOT APPLY to any claims brought on your behalf in the civil class

actions to the extent there is any recovery against BAC for periods before January 1, 1998 or after December 31, 2007.

Any class settlement would be subject to a hearing, court approval and certification of a settlement class. As of the date of this notice, there is no settlement between any of the plaintiffs in the civil litigation and BAC. Your allocated share of any recovery resulting from a class resolution, should it occur and be approved by the court, or from the resolution of litigation you institute, may be more or less than your eligible share under this Settlement.

See Addendum A to this Pamphlet for a listing of the civil actions pending in the Southern District of New York in the In re Municipal Derivatives Antitrust Litigation. A listing is also included at www.stateAGmunisettlement.com.

In determining whether to participate in this Settlement, in any of the pending class actions or whether to pursue your own action, it is recommended that you consult with counsel of your own choosing. THESE QUESTIONS AND ANSWERS ARE NOT LEGAL ADVICE. They are provided for informational purposes only. **Actual legal advice can only be provided after consultation by a licensed attorney.**

17. <u>Whom can I contact if I have additional questions</u>?

You are free to consult with counsel of your own choosing to discuss this Notice Packet.

You or your counsel may contact GCG, Inc., the independent Claims Administrator, by writing to:

AG Muni Bond Derivative Settlement
c/o GCG, Inc.
Claims Administrator
P.O. Box 9682
Dublin, OH 43017-4982


Or

Questions@stateAGmunisettlement.com

You or your counsel may also contact your Attorney General's Office. If you would like to speak to your Attorney General but the State in which you are located does not have a participating Attorney General, we ask that you e-mail us at Questions@stateAGmunisettlement.com, and your question will be forwarded to State Attorneys General's Claims Representative, Paula Lauren Gibson, Deputy Attorney General for the State of California. You may visit the website at: www.stateAGmunisettlement.com

## ELECTION TO PARTICIPATE IN
## SETTLEMENT WITH BANK OF AMERICA

Name of Participating Counterparty, hereby elects to participate in the Settlement Agreement Among the Attorneys General of the States and Commonwealths of Alabama, California, Colorado, Connecticut, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Wisconsin and Bank of America Corporation, dated December 7, 2010.

By signing below, I am confirming that: (1) I have authority to act on behalf of the Participating Counterparty; (2) the Participating Counterparty was the counterparty to each of the Covered Derivatives listed in the Release; and (3) the Participating Counterparty has not assigned, sold, or otherwise transferred its rights to any of the Covered Derivatives (or did not assign, sell, or transfer its rights prior to termination of any of the transactions).

_____
Print or Type Name of Counterparty

_____
Signature

_____
Title and Capacity of Person Signing

_____
Date

_____
Address

_____
Phone Number

_____
Email Address

# ADDENDUM A:

## *IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIG.*
## CIVIL LITIGATION

| Case Caption | Named Plaintiff(s) |
|---|---|
| Hinds County, MS v. Wachovia Bank, N.A., et al.<br><br>This is the lead class action in the consolidated litigation under Master Docket No. 08-2516 (S.D.N.Y.) & MDL No. 1950 | City of Baltimore, MD<br>Univ. of Miss. Med. Ctr.<br>Univ. of South. Miss.<br>Miss. Dept. Transportation<br>Univ. of Miss.<br>Central Bucks Sch. Dist.<br>Bucks County Water & Sewer Auth. |
| Oakland v. AIG Fin. Prods. Corp., et al. (08-6340 S.D.N.Y.) | City of Oakland, CA |
| Alameda v. AIG Fin. Prods. Corp., et al. (08-7034 S.D.N.Y.) | County of Alameda, CA |
| Fresno v. AIG Fin. Prods. Corp., et al. (08-7355 S.D.N.Y.) | City of Fresno, CA |
| Fresno County Fin. Auth. v. AIG Fin. Prods. Corp., et al. (09-1199 S.D.N.Y.) | Fresno County Financing Auth. |
| West Virginia v. Bank of America, N.A., et al. (10-769 S.D.N.Y.) | State of West Virginia by and through the Attorney General Darrell V. McGraw, Jr. |
| Los Angeles v. Bank of America, N.A., et al. (08-10351 S.D.N.Y.) | City of Los Angeles, CA |
| Stockton v. Bank of America, N.A., et al. (08-10352 S.D.N.Y.) | City of Stockton, CA |
| San Diego v. Bank of America, N.A., et al. (09-1195 S.D.N.Y.) | County of San Diego, CA |
| San Mateo v. Bank of America, N.A., et al. (09-1196 S.D.N.Y.) | County of San Mateo, CA |
| Contra Costa v. Bank of America, N.A., et al. (09-1197 S.D.N.Y.) | County of Contra Costa, CA |
| Sacramento Mun. Util Dist. v. Bank of America, N.A., et al. (09-10103 S.D.N.Y.) | Sacramento Municipal Utility District (SMUD) |
| Riverside v. Bank of America, N.A., et al. (09-10102 S.D.N.Y.) | City of Riverside |
| Tulare v. Bank of America, N.A., et al. (10-628 S.D.N.Y.) | County of Tulare, CA |
| Sacramento Suburban Water Dist. v. Bank of America, N.A., et al. (10-629 S.D.N.Y.) | Sacramento Suburban Water District |

1

# ADDENDUM A:

## *IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIG.*
## CIVIL LITIGATION

| Case Caption | Named Plaintiff(s) |
|---|---|
| City of Stockton Redev. Agency & Pub. Fin. Auth. v. Bank of America, N.A., et al. (10-630 S.D.N.Y.) | City of Stockton Redevelopment Agency & Public Financing Authority |
| L.A. World Airports v. Bank of America, N.A., et al. (10-627 S.D.N.Y.) | Los Angeles World Airports |
| Redevel. Agency of the City and County of San Francisco v. Bank of America, N.A., et al. (10-4987 S.D.N.Y.) | Redevelopment Agency of the City and County of San Francisco |
| Richmond v. Bank of America, N.A., et al. (10-4989 S.D.N.Y.) | City of Richmond, CA |
| Redwood City v. Bank of America, N.A., et al. (10-4988 S.D.N.Y.) | Redwood City, CA |
| East Bay Mun. Util. Dist. v. Bank of America, N.A., et al. (10-4990 S.D.N.Y.) | East Bay Municipal Utility District |
| San Jose & San Jose Redevel. Agency v. Bank of America, N.A., et al. (10-4991 S.D.N.Y.) | City of San Jose & San Jose Redevelopment Agency |
| Active Retirement Community, Inc. d/b/a Jefferson's Ferry v. Bank of America, N.A., et al. (10-8273 S.D.N.Y.) | Active Retirement Community, Inc. d/b/a/ Jefferson's Ferry |
| Los Angeles Unified School District v. Bank of America, N.A., et al. (11-361 S.D.N.Y.) | Los Angeles Unified School Distr. (LAUSD) |
| Kendal on Hudson, Inc. v. Bank of America, N.A., et al. (10-9496 S.D.N.Y.) | Kendal on Hudson, Inc. |
| Peconic Landing at Southhold, Inc. v. Bank of America, N.A., et al. (11-682 S.D.N.Y.) | Peconic Landing at Southhold, Inc. |
| Utah Housing Corp. v. CDR Fin. Prods. Inc., et al., (11-1019 S.D.N.Y.) | Utah Housing Corporation |

# RELEASE BY PARTICIPATING COUNTERPARTIES

This release executed this _____ day of _____, 20__, by the Releasor (as defined below) in favor of the Releasee (as defined below).

## DEFINITIONS

A. "Releasor" shall mean the Participating Eligible Counterparty [insert name_____] and any of its affiliates, subsidiaries, associates, general or limited partners, or partnerships, predecessors, successors, or assigns, including any of its present or former directors or officers.

B. "Releasee" shall mean Bank of America Corporation ("BAC"), a corporation existing and organized under the laws of the State of Delaware, with its headquarters in Charlotte, North Carolina, and its successors, assigns, subsidiaries, divisions, groups, affiliates and partnerships. BAC also includes all current officers, directors and employees of the foregoing, along with any individual who was an officer, director or employee of the foregoing as of January 8, 2007.

C. "Relevant Conduct" shall mean engaging in the conduct set forth in the Allegations section in the Settlement Agreement (as defined herein) from January 1, 1998 through December 31, 2007 thereby unreasonably restraining competition in the marketing, sale and placement of any Municipal Bond Derivatives, or in the offer to market, sell or place any Municipal Bond Derivatives by, among other means, (i) rigging bids and fixing prices and other terms and conditions of any Municipal Bond Derivatives; (ii) conspiring with certain other Providers and/or Brokers in a scheme to engage in unfair and deceptive trade practices in the marketing, sale and/or placement of any Municipal Bond Derivatives or in the offer to market, sell or place any Municipal Bond Derivatives; (iii) engaging in unfair and deceptive trade practices, including making misrepresentations or omitting material facts in the marketing, sale and/or placement of any Municipal Bond Derivatives or in the offer to market, sell or place any Municipal Bond Derivatives; and/or (iv) any anticompetitive, deceptive, unfair or fraudulent conduct between and among Providers and or Brokers related to the bidding or negotiating for any Municipal Bond Derivatives including agreements not to bid on or otherwise not to market, sell or place any Municipal Bond Derivative.

D. "Municipal Bond Derivatives" shall mean contracts involving the investment or reinvestment of the proceeds of tax-exempt bond issues, Qualified Zone Academy Bonds, or bonds issued by or on behalf of any governmental or quasi-governmental or non-profit entity, including, but not limited to, states, cities, towns, counties, villages, parishes, school districts, clubs, or various economic development, redevelopment, development, financing, lottery, parking, housing, educational, medical, religious, public safety, building, water, sewer, hospital, transportation, public works, waste management, environmental, port, airport, telecommunications and power authorities, corporations or boards; and (ii) related transactions involving the management or transferral of the interest rate risk associated with those bond issues including, but not limited to, guaranteed investment contracts, forward supply, purchase, or delivery agreements, repurchase agreements, escrow agreements, security sales, swaps, caps, options and swaptions. Notwithstanding the foregoing, Municipal Bond Derivatives does not include (i) contracts to underwrite the issuance of municipal bonds, (ii) credit default products, such as credit default swaps and credit default options, (iii) inter-dealer swaps or (iv) swaps or other agreements between Providers to hedge, manage or otherwise share or transfer their risk on a Municipal Bond Derivative.

E. "Covered Derivatives" shall mean Municipal Bond Derivatives that meet the criteria set forth in Attachment A to the Settlement Agreement.

F. "Settlement Agreement" shall mean the Settlement Agreement between Bank of America Corporation and the Attorneys General of the States and Commonwealths of Alabama, California, Connecticut, Florida, Illinois, Kansas, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Texas, Colorado, the District of Columbia, Idaho, Iowa, Tennessee, Utah, North Dakota, and Wisconsin dated December 7, 2010 (the "Settlement Agreement").

G. Effective Date" shall mean the Effective Date of the Settlement Agreement, December 7, 2010.

## RELEASE

1. In consideration of the receipt by Releasor of $_____ for damages relating to the [list of specific Covered Derivatives], payment of which is made by BAC in accordance with the terms of the Settlement Agreement, Releasor hereby releases Releasee from all civil claims, counterclaims, cross-claims, set-offs, causes of action of any type (whether common law, equitable, statutory, regulatory or administrative, class, individual or otherwise in nature, and whether reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured) demands, disputes, damages, restitution, whenever incurred, and liabilities (including joint and

several) of any nature whatsoever, including without limitation, costs, fines, debts, expenses, penalties and attorneys fees, known or unknown, that it has against the Releasee arising from the Relevant Conduct through December 31, 2007 in relation to the marketing, sale or placement of Municipal Bond Derivatives.

2. The Releasor intends by this Release to settle with and release only BAC and does not intend this Release, or any part hereof or any other aspect of the Settlement Agreement or the Release, to extend to, to release or otherwise to affect in any way any rights that the Participating Counterparties have or may have against any other party or entity whatsoever, other than BAC.

3. In the event that the total payment referenced in Paragraph 1 above is not made, regardless of the reason for such non-payment, then this Release shall be null and void; provided however, that any payments made by the Releasee may be credited against any settlement, judgment, or penalties arising out of the Relevant Conduct.

4. The Releasor hereby waives the provisions of California Civil Code section 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." This provision shall not be deemed to turn a specific release into a general release.

5. The Releasor represents and warrants that the released claims have not been sold, assigned or hypothecated, in whole or in part.

_____

Print or Type Name of Counterparty (Releasor)

_____

Signature

_____

Title and Capacity of Person Signing

_____

Date

_____

Address

_____

Phone Number

_____

Email Address

**AG Muni Bond Derivatives Settlement**
c/o GCG, Inc.
Claims Administrator
P.O. Box 9682
Dublin, OH 43017-4982

**IMPORTANT LEGAL NOTICE OF RIGHT TO PARTICIPATE IN SETTLEMENT FUND ESTABLISHED BY STATE ATTORNEYS GENERAL**

**- - DO NOT DISCARD**

**Forwarding Service Requested**