STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

ELINOR R. HOFFMANN
ASSISTANT ATTORNEY GENERAL
Tel: 212-416-8269
Email: Elinor.Hoffmann@ag.ny.gov

May 11, 2011

**BY FAX**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/11
```

Re: **In Re Municipal Derivatives Antitrust Litigation, MDL No. 1950,
Master Docket No. 08-cv-2516 (VM)(GWG)(SDNY)**

Dear Judge Marrero:

The States write in response to the Oakland Plaintiffs May 6, 2011 letter, Docket number 1328, and Class Counsel's May 9, 2011 letter, Docket number 1329. In light of Your Honor's order on March 1, 2011 (the "Order"), that notice of the State Agreement with Bank of America ("BoA") regarding the States' municipal bond derivatives investigation must be approved by the Court prior to its issuance, the States deem it advisable to use the approved BoA notice as a model for notice of the States' settlement agreement with UBS dated May 4, 2011 ("UBS State Agreement") regarding the same. If, however, approval of the BoA Notice is unnecessarily delayed, we may choose to seek review of the UBS Notice before the BoA Notice is approved.[1]

The States respectfully request that Your Honor deny Class Counsel's request to brief that the Court enjoin the UBS State Agreement. May 9 letter at 2-3. There already has been extensive briefing on this same issue regarding the State Agreement with BoA, after which Your Honor denied Class Counsel's motion. See Order, Docket number 1253. Likewise, Your Honor did not grant Class

---

[1] The States reserve their objection to required Court approval of notices of State Agreements in the States' municipal bond derivatives investigation.

Counsel's explicit request "that the State Settlement be subject to discovery and fairness procedures."[2] The UBS State agreement similarly is not subject to discovery or Rule 23 fairness evaluation. Rather, it is a sovereign state out-of-court settlement pursuant to the State Attorneys General's statutory authority to investigate improper conduct and resolve it in the matter they believe is in the public interest.[3] The sufficiency of the settlement amount thus is not subject to examination. It is also not relevant to adequacy of notice, which was the Court's concern in the Order.

The latest letters regarding the UBS State Agreement are yet another part of Class Counsel's strategy to use meritless arguments to interfere with the State Agreements, to delay issuance of notice to Eligible Counterparties, and to seek discovery to which they are not entitled. Having failed in their attempt to obtain a favorable ruling, Class Counsel have tried to circumvent the Order and delay implementation of the BoA Settlement Agreement by other means, most recently, by seeking discovery into the settlement negotiations and basis of the settlement.[4] Rather than focusing on the wording of the Notice to ensure it is clear, concise, and neutral, they have requested the Court to delay its issuance to eligible claimants until Class Counsel's unauthorized discovery demands are met.[5] Magistrate Judge Gorenstein denied such discovery requests in today's hearing, apart from notice addressees to be produced by BoA. Nonetheless, Class Counsel have indicated their intent to raise their discovery demands anew with Your Honor.

The UBS State Agreement, as with other settlement agreements reached by enforcement authorities, is based on a host of factors: considerations such as the public interest, the defendant's agreement to cooperate in the States' ongoing investigation, economic analysis, assessment of factual evidence, assessment of litigation risk, timing and facilitation of a timely recovery by injured parties all enter into the equation. Allowing private counsel to fabricate reasons for a prolonged inquiry concerning the State Agreement here would unduly interfere with the States' ability to resolve law enforcement matters with certainty and finality, have a chilling effect on the States' ability to reach settlement with wrongdoers, and ultimately delay or deny a remedy.

---

[2] *See* Mem. of Law in Supp. of Class Pls.' Mot. to Protect the Interests of the Putative Class and Preserve this MDL Court's Jurisdiction and for Addition of Necessary Parties, Master Docket Entry No. 1212-1 at 3, 30.

[3] In the States' Memorandum of Law In Opposition to the Plaintiffs' Motions to Enjoin (hereinafter "States' Opp."), filed February 10, 2011, the States discussed at length, and will not repeat here, the Eleventh Amendment bar on Class Counsel using this Court to interfere with the State Agreement. *See generally* States' Opp., Master Docket Entry No. 1227, at 11-15.

[4] Such discovery demands include, for example, "on what evidence BoA provided to the State AGs in support of settlement," "the settlement authority of the State AGs during negotiations of the State Agreement with BoA," and whether the State AGs "alluded to the use of other State penalties against Bank of America." May 3, 2011 Meagan Jones letter at 4-5.

[5] Class Counsel already have much of the information they seek; they propound requests for information already answered in the BoA Settlement Agreement and proposed Notice. Other disclosures sought would potentially compromise the States' -- and possibly the federal enforcement agencies' -- ongoing civil and criminal law enforcement investigations by prematurely revealing work product, economic analysis, the identities of cooperating witnesses and entities, and investigative materials obtained pursuant to the States' subpoena power.

Although the States strongly believe it is improper to probe the sufficiency of the UBS State Agreement, the States note for the Court's benefit that the UBS State Agreement's definition of a Covered Derivative is based on the States' evaluation of who likely suffered injury, grounded in evidence developed in the course of a three year investigation. Based on their analysis of the evidence, the States have determined that UBS's role in the wrongful conduct was at its height between January 1, 2001 and December 31, 2004, and accordingly, have structured their settlement to enable those entities who entered into municipal bond derivative transactions with UBS during that time period, and who have been identified by the States as likely injured parties, to claim restitution from the settlement fund. Class Counsels' argument that the UBS settlement amount should be larger than the BoA settlement amount because BoA was an amnesty applicant under ACPERA is irrelevant and only highlights private counsels' lack of understanding of the breadth and nature of the wrongful conduct they purport to have investigated. BoA and UBS each had different strengths and weaknesses in the municipal bond derivative marketplace, emphasized different investment products, had relationships with different coconspirators during different periods of time and had differing levels of culpability. The remaining arguments raised by Class Counsel concerning the settlement amount similarly are specious and do not justify duplicative briefing.[6]

Class counsel additionally argue that the eligible claimants are forced to decide whether or not to participate in the UBS State Agreement fund without access to information like audio tapes or transactional data. May 9 letter at 3. However, Class Counsel already have access to this information through their own discovery in this litigation and, in any event, they do not, as a matter of practice, share this type of information with their own putative class members.[7]

In conclusion, to avoid any further delay of relief to injured entities, the States respectfully request that the Court deny briefing as to the State Agreement with UBS.

---

[6] Class counsel fault the States for settling with UBS "without coordinating with Class Counsel or sharing information among economists retained by all parties." May 9 letter at 2. The State Attorneys General, in their dual role as public officials and law enforcement authorities, are presumed to act in the public interest and thus have very different motives and interests than do private class counsel; they are acting in their sovereign capacity, are not parties to the federal class action and are not required to coordinate or share information with private class counsel here. That UBS set aside funds in anticipation of litigation or settlement is irrelevant because UBS could have set aside more than it expected to pay; litigation reserves are a common business practice. Lastly, the provision of the UBS State Agreement raised by Class Counsel states that UBS may not use the residue to pay more to otherwise eligible claimants who choose not to participate in the State Agreement than they would have gotten under the State Agreement. ¶14(ii) p. 16 of UBS State Agreement. It does not limit what UBS can pay in settlement to the MDL litigants. Rather, it incentivizes UBS to make payments to other injured parties, whether they are class members or not.

[7] *In Re Southeastern Milk Antitrust Litig.*, cited by Class Counsel, does not bear on this case as it involved settlements and communications between potential class plaintiffs and defendants in a filed class action, where coercion was suspected. No. 08-MD-1000, 2009 WL 3747130 at 3 (E.D. Tenn. Nov. 3, 2009). It did not involve an out of court settlement with States not party to the private litigation.

120 BROADWAY, ANTITRUST BUREAU, 26TH FLOOR, NY, NY 10271 • PHONE (212) 416-8262 • FAX (212) 416-6015 • WWW.AG.NY.GOV

Respectfully submitted,

Elinor R. Hoffmann /sa

Elinor R. Hoffmann

cc: (all counsel via e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the State Attorneys General.

**SO ORDERED.**

5-18-11
DATE

VICTOR MARRERO, U.S.D.J.

---

120 BROADWAY, ANTITRUST BUREAU, 26TH FLOOR, NY, NY 10271 • PHONE (212) 416-8262 • FAX (212) 416-6015 • WWW.AG.NY.GOV