LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

CHRISTOPHER N. MANNING
(202) 434-5121
cmanning@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 11, 2011

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/11

**Via Fax**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

    Re:   *In re Municipal Derivatives Litigation*
            **MDL No. 1950, Master Docket No. 08-2516 (VM) (GWG)**

Dear Judge Marrero:

        As directed by the Court, I am writing on behalf of Defendants UBS AG, UBS Financial Services, Inc., and UBS Securities LLC (collectively, "UBS") in response to the Oakland Plaintiffs' May 6, 2011 letter (Docket No. 1328) and Class Counsel's May 9, 2011 letter (Docket No. 1329) regarding the recent settlement between UBS and the group of 25 State Attorneys General (the "States") on May 4, 2011 (the "UBS/SAG Agreement").

        The UBS/SAG Agreement is part of a broader resolution between UBS and several federal and state agencies, including the Department of Justice, the U.S. Securities and Exchange Commission, and the Internal Revenue Service. The settlement with the States is modeled after the similar agreement involving Bank of America ("BoA") announced on December 7, 2010 (the "BoA Agreement"). Among other things, the UBS/SAG Agreement provides for UBS to pay $63.3 million into a restitution fund, out of which specific amounts would be paid to claimants that entered into municipal derivative transactions with UBS, or that used UBS as a broker on municipal derivative transactions, between 2001 and 2004.

        Like the BoA Agreement, the UBS/SAG Agreement is <u>not</u> a class settlement and does not resolve class claims. Rather, the States have released UBS from any claims that the States could have brought in their sovereign capacity, and eligible counterparties that submit claims will execute an individual release of claims against UBS. As with the BoA Agreement, neither release applies to putative class members that are not covered by the UBS/SAG Agreement or that choose not to claim from the restitution fund. Moreover, the individual release does not affect a putative class member's rights as to other defendants in this action.

WILLIAMS & CONNOLLY LLP

The Honorable Victor Marrero
May 11, 2011
Page 2

As Plaintiffs acknowledge, the relief that they now demand with respect to the UBS/SAG Agreement is precisely the same as what they had sought in connection with the BoA Agreement.[1] As in the case of the BoA Agreement, for example, Class Counsel asks the Court to "enjoin opt-in provisions of the UBS settlement pursuant to the All Writs Act." Ltr. from S. Ard (5/9/11) at 2. This issue was exhaustively briefed by Plaintiffs, BoA, and the States in connection with the BoA Agreement, and the Court denied those aspects of Plaintiffs' motions after considering these submissions. *See* Docket No. 1253, at 3.

Plaintiffs raise no new arguments regarding the UBS/SAG Agreement that would warrant additional briefing or reconsideration of the Court's prior analysis of the same issues. The points raised by Class Counsel are matters of public record and known to the States (*e.g.*, the relative amounts of the two settlements, UBS's role as a broker, Mr. Zaino's plea, and the fact that UBS is not an amnesty applicant under ACPERA), or otherwise immaterial (*e.g.*, litigation reserves). In particular, there is no obligation that parties to an out-of-court settlement resolving an investigation by sovereign State Attorneys General "coordinat[e] with Class Counsel or shar[e] information among economists retained by all parties" in a class action proceeding, nor is "[d]iscovery . . . needed" regarding "the intent and operation" of an unambiguous provision restricting the use of settlement funds to pay putative class members that choose not to participate in the restitution fund. Ltr. from S. Ard (5/9/11) at 2.

The Court's March 1, 2011 Order concerning the BoA Agreement ordered the parties "to confer and submit jointly for the Court's approval proposed language for any notice(s) or written communication(s) concerning the [BoA] State Agreement and its opt in provisions that BoA may seek to disseminate to putative class members of MDL No. 1950." Docket No. 1253, at 4. We anticipate that the Court, consistent with that ruling, also will require the parties here to confer and submit jointly for the Court's approval any proposed notices or written communications concerning the UBS/SAG Agreement, and we are prepared to act accordingly.[2]

---

[1] *See* Ltr. from S. Ard (5/9/11) at 2 ("Just as they did with respect to the BoA settlement, Class Counsel request the right to brief that the Court enjoin opt in provisions of the UBS settlement pursuant to the All Writs Act or, in the alternative, take control, pursuant to Fed. R. Civ. P. 23(d), over any notice to claimants disseminated in effectuation of the UBS settlement."); Ltr. from J. Saveri (5/6/11) at 1 ("The same rationale that the Court applied to the agreement between the State Attorneys General and Bank of America applies with respect to the UBS Agreement."). UBS joins in the arguments made by the States and BoA on these issues.

[2] While UBS joins in the arguments made by the States and BoA that there is no basis for federal court approval of notice procedures in these kinds of settlements (*see, e.g.*, Docket Nos. 1227 & 1231), we recognize that the Court has already ruled on this issue.

WILLIAMS & CONNOLLY LLP

The Honorable Victor Marrero
May 11, 2011
Page 3

Very truly yours,

Christopher N. Manning

cc:    Counsel of Record (via email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants VBS entities.

**SO ORDERED.**

5-18-11
DATE              VICTOR MARRERO, U.S.D.J.