# HAUSFELD LLP

202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

Megan E. Jones
mjones@hausfeldllp.com

May 12, 2011

**VIA FACSIMILE**

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/11
```

Re: *In re Municipal Derivatives Antitrust Litigation*
MDL No. 1950, Master Docket No. 08-2516 (VM) (GWG)

Dear Judge Marrero:

Class Plaintiffs write to advise the Court of what transpired at yesterday's hearing before Judge Gorenstein. The subject of that hearing was Plaintiffs' requested discovery from Bank of America and the State AGs relating to the Notice Packet for the State Agreement with Bank of America. We believe the record from that bears directly on the relief requested in our letter of May 9, 2011 letter regarding UBS.

At yesterday's hearing,[1] Plaintiffs set forth their requests for discovery. As the hearing progressed, Judge Gorenstein repeatedly noted that this Court needs to resolve several policy issues before the notice content, and hence the extent of any discovery, could be determined. We respectfully submit that any decision on the UBS State Agreement be deferred until such policy issues are presented to this Court.

When Plaintiffs asked for discovery of the addresses to whom notice would be sent, the State AGs revealed that their analysis of which entities are entitled to restitution under the Bank of America settlement *is not complete,* and that such a list was unavailable for production to Plaintiffs at this time. Thus, despite their oft-repeated claim that Plaintiffs are attempting to "delay" the notice process, the State AGs admitted they themselves are not ready to issue the Notice Packet at this time. Thus, there is no credible claim that Plaintiffs' requests for discovery are the source of any delay associated with issuing notice about the State Agreement with Bank of America. This discovery was granted by Judge Gorenstein, and the State AGs stated that they thought an address list could be produced to Plaintiffs within one week.

---

[1] Class Plaintiffs will submit a transcript upon receipt. An expedited copy has been ordered.

HAUSFELD LLP

Judge Marrero
5/12/2011
Page 2

When Plaintiffs asked for discovery of the allocation formula, the State AGs admitted that their expert has not produced an economic report regarding how the settlement amount would be distributed among claimants. Despite advising this Court in February 2011 that "models to quantify the nature and extent of economic injury" already existed, the State AGs stated that the expert's conclusions were contained in a series of emails to the State AGs, which could not be easily produced to Plaintiffs.[2] Judge Gorenstein denied this discovery and other related requests, noting policy issues (about what should be contained within the notice) that required resolution by this Court.

With recitation of claims of burden, privilege and/or confidentiality, the State AGs rejected each of Plaintiffs' requests for discovery relating to application of the State Agreement. This led Class Plaintiffs' counsel to remark that it is apparent that Notice Packet (as drafted) will be akin to telling a potential claimant of the State Agreement with Bank of America that its monetary share came from a "black box," a remark Judge Gorenstein stated was appropriate.

Judge Gorenstein set a schedule for Plaintiffs to present policy issues implicated by Plaintiffs' discovery requests to this Court. We respectfully submit that any decision on the UBS State Agreement be deferred until such policy issues are presented to this Court. The delay would be minimal: approximately two weeks. The schedule is premised on the State AGs' production of the addresses of claimants entitled to restitution under the State Agreement to Plaintiffs. The States told Judge Gorenstein yesterday that they expected to produce this information within one week. One week from such production, Plaintiffs would then submit a brief to this Court outlining the policy issues for resolution. Resolving policy issues associated with the Bank of America notice will only streamline any objections related to the UBS State Agreement. Thus, for efficiency, Class Plaintiffs respectfully request that this Court defer ruling on the relief requested in our May 9, 2011 letter until after the policy issues associated with the Bank of America State Agreement are resolved.

Respectfully submitted,

Megan E. Jones

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Class Plaintiffs
SO ORDERED.
5-18-11
DATE   VICTOR MARRERO, U.S.D.J.

[2] It is unclear why the State AGs could not produce the economic models that they have previously disclosed the existence of, regardless of format. See Docket No. 1228, Declaration of E. Hoffman dated February 11, 2011, ¶ 8, ("In the spring of 2008, the States retained a highly respected and experienced economic consulting firm to assist them. The consulting firm has analyzed transaction and other data produced to the States, and *has developed models to quantify the nature and extent of economic injury to governmental and not-for-profit entities.*") (emphasis added)