# BINGHAM

Kenneth I. Schacter
Direct Phone: 212.705.7487
Direct Fax: 212.702.3622
kenneth.schacter@bingham.com

June 6, 2011

**BY HAND**

Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/11

Re: *In re Municipal Derivatives Antitrust Litigation*, MDL No. 1950

Dear Judge Marrero:

We represent Defendant Royal Bank of Canada ("RBC") in the above-referenced litigation. We write to respond briefly to the June 2, 2011 letter submitted by the Cotchett Plaintiffs in response to the Court's endorsed Order dated May 26, 2011, directing Plaintiffs to show cause why their claims against RBC should not be dismissed as barred by the statute of limitations.[1]

In RBC's letter dated May 26, 2011, we demonstrated that the Cotchett Plaintiffs' claims are barred by the statute of limitations because any tolling based on fraudulent concealment expired as of January 2005, when the news media reported the existence of an investigation concerning municipal derivatives by the Antitrust Division and the IRS, or at the latest, by November 15, 2006, when it was broadly reported that the FBI had executed search warrants at the offices of CDR and other brokers, and many firms had received grand jury subpoenas. Indeed, the 20 Cotchett Complaints themselves acknowledge these public disclosures. The Complaints allege that "in the fall of 2006, the Antitrust Division of the DOJ, through its spokeswoman Kathleen Blomquist, announced that it had begun 'an investigation of anti-competitive practices in the municipal bond industry'" and further state that grand jury "subpoenas were issued and served on more than 25 Broker and Provider Defendants and search warrants were issued authorizing raids on November 15, 2006 upon the offices of Broker Defendants CDR, IMAGE and Sound Capital." *See, e.g.*, Jefferson's Ferry Second Am. Compl., ECF No. 268, ¶ 645 (Feb. 23, 2011).

In light of their own allegations, it is unsurprising that, in their June 2 letter, the Cotchett Plaintiffs do not dispute that the massive publicity surrounding the DOJ's investigation put them on notice of potential antitrust claims. Indeed, courts have routinely held that awareness of a government investigation provides notice sufficient to trigger the statute of limitations. *See, e.g., GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177-79 (4th Cir. 2007) (awareness of investigation helped trigger statute of limitations with

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

---

[1] Defined terms used here have the meaning set forth in RBC's May 26, 2011 letter to the Court.

Honorable Victor Marrero
June 6, 2011
Page 2

respect to plaintiffs' antitrust action); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975) (denying tolling because congressional hearings "should have aroused [plaintiff's] suspicions"); *Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1523 (D.D.C. 1984) (investigation triggered notice); *see also Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993) (noting that actual, constructive, or inquiry notice triggers the statute of limitations and that "[t]he means of knowledge are the same thing in effect as knowledge itself").

Instead, the Cotchett Plaintiffs contend that, while they may have been aware of antitrust claims against others, they cannot be charged with notice of potential claims against RBC until the indictment of Dominick Carollo, a former RBC employee, and two other individuals on July 27, 2011.[2] The premise of this argument – that Plaintiffs did not have enough information to sue until the *Carollo/Goldberg/Grimm* Indictment was filed in 2010 – ignores the history of these cases. In July 2008, the Cotchett Plaintiffs began filing antitrust suits against 41 defendants in this litigation. *See, e.g., City of Stockton v. Bank of America et al.*, No. 08-cv-4060, ECF No. 1 (N.D. Cal.) (asserting industry-wide conspiracy to rig bids and naming 41 financial institutions, but not RBC, as defendants). Critically, the July 2008 complaint was filed more than a year before *any* indictments had been filed against *anyone*.

Moreover, having pled a broad industry-wide conspiracy covering market participants generally in the July 2008 complaint and subsequent pleadings, the Cotchett Plaintiffs cannot credibly contend that they were aware of some alleged participants and not others. *United States ex rel. Miller v. Bill Harbert Int'l Constr.*, 505 F. Supp. 2d 1, 9 n.11 (D.D.C. 2007) ("a plaintiff would be held to know of certain individuals' involvement in a fraudulent scheme based solely on their relationship to known perpetrators of the fraud"); *see also Hobson v. Wilson*, 737 F.2d 1, 35 n.109 (D.C. Cir. 1984), *overruled in part on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

Moreover, as a matter of law, the relevant inquiry for fraudulent concealment is when a plaintiff becomes aware of the existence of a claim, not when it learns the identity of all potential defendants. As one court held,

> [T]he doctrine of fraudulent concealment will toll a statute of limitations only insofar as the injury to the plaintiff and its cause is concealed by the defendants. Once a plaintiff becomes aware of these two pieces of information, however, the clock begins to run for statute of limitations purposes. *Neither a lack of knowledge of the specific pattern of fraudulent activity, or an inability to know the particular identities of some of the perpetrators of the fraud alters this result.*

---

[2] As the Court is aware, Mr. Carollo has been charged with wire fraud and conspiracy to commit wire fraud and to defraud the IRS. He has not been charged with violating the Sherman Antitrust Act. A superseding indictment, filed in the case on May 31, 2011, contains allegations concerning only a single RBC transaction – the payment of a $4,500 fee by RBC to CDR in October 2003 that the indictment alleges was a "kickback." *See United States v. Carollo, Goldberg and Grimm*, S1 10-CR-654 (HB) ("*Carollo/Goldberg/Grimm* Indictment") ¶ 70 (attached hereto as Exhibit A).

Honorable Victor Marrero
June 6, 2011
Page 3

*Bill Harbert Int'l Constr.*, 505 F. Supp. 2d at 9 (emphasis added).

This Court has also recognized that the "requisite notice required to defeat a claim of fraudulent concealment is an awareness of sufficient facts to identify . . . *the particular cause of action at issue*." *Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 399-400 (S.D.N.Y. 2010) (emphasis added); *see also Zeleznik v. United States*, 770 F.2d 20, 23 (3rd Cir. 1985) (denying tolling and noting that "[o]nce the injured party is put on notice, the burden is upon him to determine within the limitations period whether any party may be liable to him"). Even the Cotchett Plaintiffs' own authority recognizes that the "doctrine of fraudulent concealment does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim." *Hobson*, 737 F.2d at 35.

Further, the 20 Cotchett Complaints contain no particularized allegations that RBC did anything to fraudulently conceal the existence of any potential claims from these plaintiffs. Indeed, RBC is not mentioned at all in the fraudulent concealment section of the Complaints. *See, e.g.*, Jefferson's Ferry Second Am. Compl. ¶¶ 732-54.

For these reasons and those set forth in RBC's May 26, 2011 letter, the Cotchett Complaints are time-barred and should be dismissed.

Respectfully,

Kenneth I. Schacter

cc: Daniel R. Sterrett, Esq., Counsel for the Cotchett Plaintiffs
Joshua I. Barrett, Esq., Counsel for West Virginia
(via email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant Royal Bank of Canada.

**SO ORDERED.**

6-6-11
DATE

VICTOR MARRERO, U.S.D.J.

Bingham McCutchen LLP
bingham.com