UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED
DATE FILED: 6/14/13

IN RE MUNICIPAL DERIVATIVES ) MDL No. 1950
ANTITRUST LITIGATION )
_____ ) Master Docket No. 08-02516 (VM) (GWG)
 )
THIS DOCUMENT RELATES TO: )
 )
ALL ACTIONS )
_____ )

### JOINT REPORT REGARDING THE STATUS OF DISCOVERY AND ORDER ~~AND PROPOSALS FOR SCHEDULING~~

Pursuant to this Court's May 2, 2013 Order, the parties submit for this Court's consideration this Joint Report Regarding the Status of Discovery and Proposals for Scheduling.

### I. OVERVIEW OF DISCOVERY CONDUCTED TO DATE

1. The initial complaint in the above-captioned Consolidated Action was filed on March 13, 2008.

2. By Order dated June 16, 2008, the Judicial Panel on Multidistrict Litigation transferred to this Court for coordination for pretrial proceedings four class actions challenging the sale of municipal derivatives as well as all subsequently-filed putative class actions relating to the sale of municipal derivatives products (collectively, the "Actions"). By Order dated July 16, 2008, the Court entered a Case Management Order governing the Actions and ordering the actions consolidated for all pre-trial purposes (the "Consolidated Action").

3. By Order dated May 27, 2010, the Court granted a motion by the Department of Justice (the "DOJ") to intervene in the Consolidated Action for the limited purpose of moving to stay discovery and granted in part and denied in part the DOJ's motion to stay. While the Court

largely stayed merits discovery in the Consolidated Action, the Court permitted the parties to take the following types of discovery in the Consolidated Action:

> (a) Requests (including subpoenas) for documents and other tangible things (including, but not limited to, electronically stored information and tape recordings);
>
> (b) Interrogatories pursuant to Local Rule 33.3(a);
>
> (c) Interrogatories seeking the identities of speakers, transactions, or other summary information relating to tape recordings; and
>
> (d) Depositions of custodians of documents concerning matters relating to the production of documents.

The Court stayed all other types of discovery until February 1, 2011, granting the DOJ leave to move to extend the stay before December 31, 2010. The DOJ so moved.

4. By Order dated March 22, 2011, the Court granted the DOJ's motion to extend the stay. The Court reiterated that the stay reflected in the May 27, 2010 Order remained in full effect, with certain modifications, including:

> (a) Plaintiffs and Defendants were permitted to seek to depose on any topic related to the Consolidated Action any of the approximately 100 individuals identified in the DOJ's Antitrust Division's (the "Division") List of Permitted Deponents;[1]
>
> (b) Plaintiffs and Defendants in any of the Consolidated Cases were permitted to seek to take Rule 30(b)(6) depositions on "non-conspiracy" issues such as record keeping, industry organization, authentication of documents or things, the extent of commerce in the municipal derivatives industry, the manner in which bidding on municipal derivatives contracts generally is conducted, the profitability of municipal derivatives, how profits are calculated, databases, and the identity of individuals who were involved in the industry; and
>
> (c) Plaintiffs and Defendants in any of the Consolidated Cases were permitted to propound interrogatories pursuant to Federal Rule of Civil Procedure 33.

---

[1] The parties were permitted within one week of the entry of the March 22, 2011 Order to provide to the Division a list of additional proposed deponents. The Division could then add to the list of Permitted Deponents any deposition the Division did not oppose.

5.   To date, the parties have engaged in discovery as described in paragraphs (a)-(g) below. However, discovery remains to be completed due, in part, to the limited scope of discovery that has been permissible to date.

> (a) Class Plaintiffs have served sets of Requests for Production of Documents on Class Defendants, seeking production of (1) all documents produced to the DOJ from GE Capital Market Services, Inc., Trinity Funding Co. LLC; and (2) certain audio recordings, transcripts, CIDs, deal files, and other documents, from JP Morgan, Bear Stearns, Natixis, Societe Generale, UBS, Wachovia, Wells Fargo, George K Baum, IMAGE, Nat West, CDR, Piper Jaffray, and Sound Capital. Defendants timely served objections and responses, and have produced significant volumes of documents, including thousands of pages of documents and thousands of audio recordings, which the Class Plaintiffs have been reviewing. In some cases, the parties continue to meet and confer regarding any outstanding issues in connection with these Requests.
>
> (b) The parties have exchanged Rule 26(a) initial disclosures.
>
> (c) Class Plaintiffs and Certain Public Entity Plaintiffs have served Requests for Interrogatories seeking the identities of all municipal derivatives transactions, the individual involved in such transactions, communications between conspirators, agreements, the identification of audio recordings, and the identities of persons speaking on audio recordings. Defendants timely objected and answered, and in some cases the parties continue to meet and confer regarding any outstanding issues in connection with these Requests.
>
> (d) Class Plaintiffs served Notices of 30(b)(6) depositions seeking testimony concerning the location of documents and ESI, documents provided to the DOJ, relevant custodians, organizational structure, the location of audio tapes, and document retention policies, from Bear Stearns, JP Morgan, Nat West, Piper Jaffray, Societe Generale, UBS, Wachovia, Wells Fargo, Natixis, IMAGE, George K. Baum, Sound Capital, and CDR. The parties negotiated written responses in lieu of testimony for certain topics and other topics were withdrawn.
>
> (e) Class Plaintiffs served Defendants with Notices of 30(b)(6) depositions seeking testimony regarding municipal derivative products, identification of brokers and providers, policies and practices for the bid process, and calculation of profits. Defendants served timely objections and responses. 30(b)(6) witnesses for two Defendants have been deposed and an additional deposition has been scheduled. In some cases, the parties continue to meet and confer regarding any outstanding issues with these Notices.

 (f) Class Defendants served Requests for Production of Documents seeking documents and information relating to the municipal derivative transactions to which a plaintiff has been a party, the individuals involved in those transactions, policies and investment guidelines relating to those transactions, IRS filings, draw schedules, financial statements, and board materials, from the Class Plaintiffs, the Named Class Plaintiffs, the State of West Virginia, the Oakland Plaintiffs, and the Individual Plaintiffs represented by Cotchett, Pitre & McCarthy LLP (the "CPM Individual Plaintiffs")[2].

 (g) Class Plaintiffs have received hundreds of thousands of audio recordings from defendants, and have had teams of attorneys reviewing them, in addition to thousands of pages of documents. *See* Isaacson Affidavit (Dkt. No. 1722).

 (h) Additionally, the State of West Virginia and the CPM Individual Plaintiffs have joined in Class Plaintiffs' written discovery and Rule 30(b)(6) deposition notices served on common defendants, and have conducted written discovery of certain entities that were not named defendants in Class Plaintiffs' Second Amended Complaint. The Oakland Plaintiffs have also joined in certain written discovery requests. The State of West Virginia and the CPM Plaintiffs' counsel have participated in meet and confer communications and have conducted independent review and analysis of the discovery produced to date.

 (i) Defendant Bank of America, N.A. has also received discovery from various plaintiffs, to which it has timely objected, responded, and provided discovery as agreed with plaintiffs in various meet-and-confer meetings.

## II. PROPOSAL FOR SCHEDULING

 6. <u>Fixing a Discovery Schedule.</u> Plaintiffs have conferred with the U.S. Department of Justice ("DOJ").[3] The DOJ will not seek to extend the terms of the stay embodied in the

---

[2] Plaintiffs City of Los Angeles, City of Redwood City, City of Richmond, City of Riverside, City of San Jose, City of Stockton, Contra Costa County, County of San Diego, County of San Mateo, County of Tulare, East Bay Municipal Utility District, Los Angeles World Airports, Los Angeles Unified School District, Sacramento Municipal Utility District, Sacramento Suburban Water District, Public Financing Authority of the City of Riverside, Public Financing Authority of the City of Stockton, Redevelopment Agency of the City of Riverside, Redevelopment Agency of the City and County of San Francisco, Redevelopment Agency of the City of Stockton, The San Jose Redevelopment Agency, Active Retirement Community, Inc., d/b/a Jefferson's Ferry, Kendal on Hudson, Inc., and Peconic Landing at Southhold, Inc. are the "CPM Individual Plaintiffs."

[3] Plaintiffs also asked the Working Group of Select State Attorneys General whether they wished to opine on the proposed schedule, and they stated they did not wish to do so.

4

March 22, 2011 Order provided that those parties listed on **Exhibit A** are 1) not deposed and 2) not subject to interrogatories. The DOJ requests this prohibition remain in place until April 1, 2014. The Parties do not oppose this request. In light of this continued limitation on discovery requested by the DOJ (hereinafter referred to as the "Modified Discovery Stay"), and the ongoing efforts of the parties, the parties do not believe a fixed schedule is appropriate until such time as the Modified Discovery Stay requested by the DOJ is fully lifted. The parties propose that within thirty (30) calendar days from the termination of the Modified Discovery Stay requested by the DOJ, the parties shall submit to the Court a proposed date for the close of fact and expert discovery. The submission shall also include a proposal for addressing class certification and summary judgment scheduling. If, within twelve (12) months of the date of this Report, the Modified Discovery Stay has not been lifted, the parties shall submit a status report to this Court regarding same.

7.    Ongoing Discovery.   Except as stated in paragraph 8 below, the parties specifically agree to the following with respect to ongoing discovery:

- (a) Service to DOJ. All parties will contemporaneously serve the DOJ with any discovery request in this matter.

- (b) Depositions. The DOJ no longer requests that depositions be limited as described in the March 22, 2011 Order, including limiting depositions to those individuals listed on the "List of Permitted Deponents," as referenced in Paragraph 1 of this Court's March 22, 2011 Order. The DOJ has requested, instead, that the parties only be precluded from deposing the individuals listed on **Exhibit A** to this Report while the Modified Discovery Stay is in effect. Accordingly, the parties should be permitted to conduct depositions of any

5

individuals not listed on **Exhibit A** to this Report, subject to all applicable court rules.

(c) <u>Written and documentary discovery.</u> The parties may continue to engage in written and documentary discovery subject to all applicable court rules, and any individual agreements or limitations that exist between the parties. The parties will continue to meet and confer regarding any outstanding discovery dispute, including the production of documents and their confidentiality designations.

(d) <u>Interrogatories.</u> Interrogatories are permissible so long as they are in accord with the Federal Rules of Civil Procedure, Local Rule 33.3(a) and (b), and the DOJ's request that all individuals listed on **Exhibit A** not be subject to interrogatories during the Modified Discovery Stay.

(e) <u>Electronically-Stored Information.</u> The parties have agreed to work together to resolve necessary issues relating to the preservation and production of electronically-stored information ("ESI"), including the sources to be searched for ESI and the format and costs of ESI production.

8. <u>Stay of Discovery in *Utah Housing*.</u> On January 7, 2013, defendants Transamerica Life Insurance Company and Transamerica Life Insurance and Annuity Company (collectively "Transamerica") filed a motion to dismiss in *Utah Housing Corp. v. CDR Financial Products, Inc.* No discovery requests have been served and Utah Housing has not been a party to any of the discovery conducted in the other actions pending in MDL No. 1950. The parties request that discovery in the Utah Housing case remain stayed pending resolution of the Transamerica motion, at which point the parties will promptly meet and confer regarding a

6

discovery schedule. In the meantime, the Utah Housing parties request that the Utah Housing case not be subject to the foregoing proposed scheduling order and discovery plan.

DATED: June 7, 2013                                  Respectfully Submitted by:

| /s/ Megan Jones | J. David Jackson |
|---|---|
| | Kirsten Schubert |
| Michael D. Hausfeld | DORSEY & WHITNEY LLP |
| Megan E. Jones | 50 South Sixth Street |
| HAUSFELD LLP | Suite 1500 |
| 1700 K Street, NW. Suite 650 | Minneapolis, MN 55401 |
| Washington, DC. 20006 | Telephone: (612) 340-2760 |
| Telephone: (202) 540-7200 | Facsimile: (952) 516-5596 |
| Facsimile: (202) 540-7201 | |
| | *Defendants' Liaison Counsel (other than* |
| William A. Isaacson | *Defendant Bank of America)* |
| Jonathan M. Shaw | |
| BOIES, SCHILLER & FLEXNER LLP | |
| 5301 Wisconsin Ave. NW | |
| Washington, DC. 20015 | |
| Telephone: (202) 237-2727 | |
| Facsimile: (202) 237-6131 | |
| | |
| William C. Carmody | |
| Seth Ard | |
| SUSMAN GODFREY L.L.P | |
| 560 Lexington Avenue | |
| 15th Floor | |
| New York, New York 10022-6828 | |
| Telephone: (212) 336-8330 | |
| Facsimile: (212) 336-8340 | |
| | |
| *Plaintiffs' Interim Co-Lead Counsel* | |
| Nanci E. Nishimura | Michael Ciatti |
| Ian Atkinson | Shannon M. Kasley |
| COTCHETT, PITRE & McCARTHY | KING & SPALDING, L.L.P. |
| San Francisco Airport Office Center | 1700 Pennsylvania Avenue, N.W. |
| 840 Malcolm Road, Suite 200 | Washington, D.C. 20006-4706 |
| Burlingame, CA 94010 | Telephone: (202) 737-0500 |
| Telephone: (650) 697-6000 | Facsimile: (202) 626-3737 |
| Facsimile: (650) 697-0577 | |
| | *Counsel for Defendant Bank of America, N.A.* |
| *Counsel for Public Entity Plaintiffs* | |

7

| | |
|---|---|
| Eric Fastiff<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>Sylvia Sokol<br>CONSTANTINE CANNON LLP<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>Telephone: (212) 350-2700<br>Facsimile: (212) 350-2701<br><br>*Counsel for Oakland Plaintiffs* | Joshua I. Barrett<br>DITRAPANO BARRETT DIPIERO<br>McGINLEY & SIMMONS, P.L.L.C.<br>604 Virginia Street East<br>Charleston, WV 25301<br>Telephone: (304) 342-0133<br>Facsimile: (304) 342-4605<br><br>*Counsel for State of West Virginia* |

SO ORDERED: DATE: 6/14/13

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

CDR Financial Products:

1. David Rubin
2. Zevi Wolmark
3. Evan Zarefsky
4. Douglas Goldberg
5. Dani Naeh
6. Matthew Rothman

Bank of America, N.A.:
7. Douglas Campbell
8. Brian Zwerner
9. Jay Saunders
10. James Engel
11. Scott Harris
12. Matthew Della Bitta
13. Dan Eppeneter
14. Gordon Seebacher
15. Hugh Cummings
16. William Fall
17. Greg Kurts
18. India Travis
19. Ron Brinson
20. Jeffrey Klein
21. Dean Pinard

UBS AG:
22. Mark Zaino

JPMorgan Chase and Co.:
23. Alexander Wright