**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ) | Master Docket No. 08 Civ. 2516 (VM)(GWG) |
| ANTITRUST LITIGATION ) | MDL No. 1950 |
| This Document Relates to: ) | |
| ALL ACTIONS ) | |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPROVAL OF NOTICE PROGRAM AND FORMS RELATED TO
SETTLEMENTS WITH DEFENDANT BANK OF AMERICA, N.A. AND DEFENDANTS
TRINITY FUNDING CO., LLC, TRINITY PLUS FUNDING CO., LLC,
AND GE FUNDING CAPITAL MARKET SERVICES, INC.**

1

I.     INTRODUCTION

In connection with Plaintiffs' Motion for Preliminary Approval of Settlements With Defendant Bank of America, N.A. ("Bank of America") and Defendants Trinity Funding Co., LLC, Trinity Plus Funding Co., LLC, and GE Funding Capital Market Services, Inc. (collectively, "G.E."), Class Plaintiffs bring this motion to seek the Court's approval of the Bank of America Notice Program and Forms attached to the Declaration of Katherine Lloyd ("Lloyd Decl.") as Exhibits A-C, the G.E. Notice Program and Forms attached to the Lloyd Declaration as Exhibits D-F, and the re-issuance of the previously submitted Banner Advertisement (Docket No. 1513-7) (collectively, the "Notice Program and Forms").  The Notice Program and Forms provide a robust, multi-pronged approach to deliver plain and easy-to-understand information regarding the respective settlements reached between Class Plaintiffs and Bank of America and Class Plaintiffs and G.E. (collectively the "Settling Parties").

The Bank of America and G.E. Notice Program and Forms squarely and comprehensively address the specific nature of the settlements and the Settlement Classes.  Class Plaintiffs plan to re-implement the notice program that was recently approved by this Court in connection with the Wells Fargo settlement (Docket No. 1700).  Declaration of Seth Ard, ¶ 3 ("Ard Decl."); Lloyd Decl. ¶ 2.  Class Plaintiffs have consulted with Bank of America and G.E. in the development of this Notice, and the Settling Parties believe it achieves the kind of robust and vigorous notice program that will give members of the class ample opportunity to be apprised of their rights under the Settlements.  Ard Decl., ¶ 4.

Class Plaintiffs will utilize the same program already approved by this Court to provide the best notice practicable to the class, consisting of:  (1) mailed notice to all individual members of the settlement class for whom identification or contact information was provided by Defendants; (2) mailed notice to potential class members based on purchased address lists that

target potential class members; (3) multiple and targeted publication of the notice in both national and trade publications to alert Class Members about the settlements; (4) press releases that are uniquely targeted to Class Members, and (5) establishment of a website that provides notice of the settlements. *See* Class Plaintiffs' Motion and Memorandum in Support of Motion for Approval of Notice Program and Forms Related to Settlement with Defendant Wells Fargo, Docket Nos. 1694-95 ("Wells Fargo Notice Plan"). Class Plaintiffs' proposed Notice Program meets the requirements of Rule 23, comports with due process, and will fairly apprise potential members of the Classes of the existence of the respective Settlement Agreement and their options under the Agreement. *See* Docket No. 1696 at ¶¶ 3-4. Because the proposed Notice Program agreed upon by the Settling Parties would provide the best notice practicable under the circumstances, this Court should approve the dissemination of notice in the manner and form proposed herein.

## II.     OVERVIEW OF CLASS PLAINTIFFS' PROPOSED NOTICE PROGRAM

### A. Class Plaintiffs Have Retained a Renowned Notice Expert Specializing in the Provision of Class Action Notification Programs

For these Settlements, Class Plaintiffs have retained the same well-known expert to select media placements for use in a Notice Program identical to the one the Court approved in conjunction with the Wells Fargo settlement. *See* Docket No. 1700 at 3. Based on a comprehensive analysis of the Settlement Agreements, the demographic characteristics of the Classes, and the appropriate mechanisms by which those class members can be reached, Class Plaintiffs will re-implement the Wells Fargo Notice Program, which Kinsella Media first designed in the Morgan Stanley settlement and that this Court reapproved in the Wells Fargo settlement, to provide the best notice practicable to members of the class. *See* Docket No. 1513 at ¶ 26; Docket No. 1695 at 3. The details of the current Notice Program are outlined in depth in

the Wells Fargo Notice Plan, Docket No. 1695.

> **B. The Proposed Notice Program Combines Direct Mail, Publication, Press Releases, and Internet Notice to Provide the Best Notice Practicable to Members of the Settlement Classes.**

To reach members of the Settlement Classes, Kinsella Media has created a comprehensive five-part notification program that employs multiple platforms to reach Class Members and includes: (1) mailed notice to all individual members of the settlement class for whom identification or contact information was provided by Defendants; (2) mailed notice to potential class members based on purchased address lists that target potential class members; (3) multiple and targeted publication of the notice in national, U.S. territory, trade, and online publications to alert Class Members about the settlement; (4) press releases that are uniquely targeted to Class Members; and (5) establishment of a website that provides notice of the settlement.

The five-part notification program will employ the same platforms that were described in detail to this Court in conjunction with the approval of the Wells Fargo Notice Plan, Docket No. 1695, at 4-6.

**III.   CLASS PLAINTIFFS' PROPOSED NOTICE PROGRAM MEETS THE REQUIREMENTS OF RULE 23 AND DUE PROCESS**

Federal Rule of Civil Procedure 23(e)(1) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." For Rule 23(c)(2)(B) actions, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." As discussed in Docket No. 1695 and referenced above, both Class Plaintiffs as well as the settling Defendants have identified members of each Class through reasonable effort. This requirement has been met. Due process requires that Class

4

members be given notice of, and an opportunity to be heard regarding, a settlement.  As the Second Circuit has explained:

> The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness.  *See Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983); Fed. R. Civ. P. 23(e).  There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (internal quotation marks and brackets omitted).  Notice is "adequate if it may be understood by the average class member."  4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, §11:53, at 167.

*Walmart*, 396 F.3d at 113-14.  *See also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974) (discussing elements notice program must meet to satisfy due process requirements); *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286-87 (11th Cir. 2007) (discussing elements of notice plan that satisfied due process and Rule 23 requirements); *DeJulius v. New England Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (due process does not require actual notice to every party.  Focus is on providing best notice practicable under the circumstances); *In re Prudential Ins. Co. Am. Sales Practices Litig. Agent Actions*, 148 F.3d 283, 326-28 (3d Cir. 1998) (discussing constitutional adequacy of notice program).

The Notice Program proposed by Plaintiffs, and previously approved by this Court, provides for individual notice to all class members for whom contact information is available.  In addition to the customer information produced by Defendants, the Notice Program provides for purchasing lists of contacts from a national company specializing in list development in order to send direct notice to state, county, city, and government offices, as well as schools, universities, and healthcare facilities.

To supplement the provision of direct notice to members of the Settlement Classes,

Plaintiffs' proposed Notice Program also includes comprehensive and tailored publication notice programs as described in detail in Docket No. 1695 and referenced above.  Such publication notice is appropriate where direct notice cannot reasonably be provided.  *See Macarz v. Transworld Systems, Inc.*, 201 F.R.D. 54, 59 (D. Conn. 2001) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950) (publication is an acceptable means of providing adequate notice for those whose names and addresses cannot be determined through reasonable efforts)).

The Notice Program, which has previously been approved by this Court, is "the best practicable notice under the circumstances" and, as designed, "complies fully with the requirements of Federal Rules of Civil Procedure 23 and the due process requirements of the Constitution."  *See* Docket No. 1700 at ¶ 1.

### IV.    CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request the Court issue an order approving the Notice Program and Forms for the Bank of America and G.E. Settlements.

Dated:  December 20, 2013

        Respectfully submitted,
        */s/ Michael D. Hausfeld*

        Michael D. Hausfeld
        Megan E. Jones
        HAUSFELD LLP
        1700 K Street, NW
        Suite 650
        Washington, DC 20006
        Telephone: (202) 540-7200
        Facsimile: (202) 540-7201

        William C. Carmody
        Arun S. Subramanian
        Seth D. Ard
        SUSMAN GODFREY L.L.P.

654 Madison Avenue, 5th Floor
New York, NY 10065-8440
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Marc M. Seltzer
SUSMAN GOODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA. 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

William A. Isaacson
Tanya Chutkan
Jonathan M. Shaw
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

**Plaintiffs' Co-Lead Interim Class Counsel**