```
          CCEUMUNC

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------------x

 3    IN RE

 4    MUNICIPAL DERIVATIVES ANTITRUST          08 CV 2516(VM)

 5    LITIGATION

 6
      ------------------------------------x
 7                                             New York, N.Y.
                                               December 14, 2012
 8                                             2:10 p.m.

 9    Before:

10                        HON. VICTOR MARRERO

11                                             District Judge

12                              APPEARANCES

13    HAUSFELD LLP
           Attorneys for Plaintiffs
14    BY:  MEGAN E. JONES
           SWATHI BOJEDLA
15            -and-
      BOIES, SCHILLER & FLEXNER LLP
16    BY:  BILL ISAACSON
              -and-
17    SUSMAN GODFREY LLP
      BY:  SETH ARD
18            -and-
      LABATON SUCHAROW
19    BY:  BERNARD PERSKY

20    SIMPSON THACHER & BARTLETT LLP
           Attorneys for Defendant JP Morgan
21    BY:  TOM RICE
           RYAN KANE
22
      SULLIVAN & CROMWELL LLP
23         Attorneys for Defendant Wachovia Bank
      BY:  CHRISTOPHER VIAPIANO
24         DAVID B. TULCHIN

25
```

1            (Case called)

2            THE COURT:  This is a proceeding in the matter of

3    Municipal Derivatives Antitrust Litigation.  It is docket

4    number 08 Civil 2516.

5            The Court scheduled this proceeding to consider the

6    class plaintiffs' motion for final approval of a settlement

7    with defendants JP Morgan and Wells Fargo.

8            MS. JONES:  Good afternoon, your Honor.

9            Megan Jones from Hausfeld, co-lead counsel.

10           With me is Bill Isaacson, also co-lead counsel from

11   Boies Schiller and Seth Ard, also co-lead counsel from Susman

12   Godfrey.

13           THE COURT:  For the defendants?

14           MR. RICE:  Good afternoon, your Honor.

15           Tom Rice from Simpson Thacher for JP Morgan Chase and

16   Company.

17           Here with me is Ryan Kane also from my firm.

18           MR. VIAPIANO:  For Wells Fargo, Christopher Viapiano

19   of Sullivan Cromwell and my colleague David Tulchin.

20           MS. JONES:  Your Honor, class plaintiffs, I believe

21   our papers are complete on this issue but are willing to set

22   forth the factors that support granting these orders if the

23   Court wishes.

24           THE COURT: Could you just briefly summarize what you

25   believe are the factors warranting the granting of the

1   approval.
2            Have any objections been raised since preliminary
3   approval?
4            MS. JONES:  No -- to either settlement, your Honor.
5            Class plaintiffs are here today seeking final approval
6   of $77,720,502.57 total in settlements from Wells Fargo and JP
7   Morgan.  Each settlement was the product of extensive arms
8   length negotiations and represents what we believe is an
9   excellent result for the class.
10           In addition to the approximately 77.7 million, both
11  defendants have agreed to provide cooperation to the class,
12  including discovery in connection with the ongoing prosecution
13  of this complex antitrust transaction.  This has already
14  resulted in hundreds of thousands of tapes being produced to
15  class plaintiffs without having to result to formal discovery
16  and millions of pages of documents, in addition to the
17  transactions that were produced to the class.  We are using
18  this information in ongoing settlement negotiations and can see
19  an immediate impact.
20           The Court has already preliminarily approved the Wells
21  Fargo settlement as well as the JP Morgan settlement.  Notice
22  of both settlements was directly sent to over 60,000 potential
23  class members as well as publication notice took place in 22
24  publications that reached over 4 million potential class
25  members.

1    There have been no objections to either settlement.
2 There were 83 class members that opted out of the Wells Fargo
3 settlement and 92 class members that opted out of the JP Morgan
4 settlement.

5    In connection with the final approval, there are three
6 orders for decision before the Court.  The first is the
7 proposed final approval for JP Morgan located at docket number
8 1736 and it is ready for entry upon decision by the Court.  The
9 proposed final approval for Wells Fargo located at docket
10 number 1737 is ready for entry at any point after February 15,
11 2013, at which point CAFA notice will be complete.

12    THE COURT:  At this point, let me note for the record
13 that the Court has received a letter dated November 15 from
14 counsel for Wachovia, also known as Wells Fargo Bank,
15 requesting that final action on the approval, if granted, be
16 put off for 60 days.

17    MS. JONES:  Your Honor, class plaintiffs have no
18 objection to that, obviously.

19    Lastly, class plaintiffs have submitted an amended
20 order reducing this Court's award of legal fees by $1.2
21 million.  This is as a result of an agreement with the settling
22 defendants about opt-outs.  That is located at 1726-1 and it is
23 submitted to the Court without opposition from the settling
24 defendants, so the Court's previous award has been adjusted
25 downward and is ready for entry at any time.

1          At the final approval stage, the Court must determine
2    whether the settlement is fair, adequate and reasonable.  It
3    must also determine that the notice was adequate, including
4    CAFA notice.  I will address each of these briefly.
5          The Second Circuit has set forth nine factors for
6    determining whether the settlement was fair and reasonable in
7    the City of Detroit v. Grinnell.
8          The first factor is the complexity and expense and
9    likely duration of the litigation, factor 1.  Federal antitrust
10   cases are notoriously complex and protracted, and this case is
11   no exception.  It has been pending since 2008 and involves bid
12   rigging and other activities in this complex municipal
13   derivatives industry.  Demonstrating liability and proving
14   damages against a large number of defendants here has already
15   required extensive discovery work and we have set that forth in
16   the Isaacson declaration, including the review of thousands of
17   hours of audio recordings and millions of pages of documents.
18         The second factor is the reaction of the class to the
19   settlement.  As mentioned earlier, there were no objections,
20   despite having millions of potential class members being
21   noticed.
22         The stage of the proceedings and the amount of
23   discovery completed is factor 3.  Plaintiffs' counsel have
24   reviewed thousands of hours of tapes and had complex and
25   extensive settlement proffers with each defendant and we feel

1    that the amount of discovery was sufficient when we entered
2    into the settlement.
3               Factors 4, 5 and 6 are the risk of establishing
4    liability and damages and in maintaining the class action
5    through trial.  Plaintiffs have no doubt that if we continue to
6    litigate against Wells Fargo and JP Morgan, they would assert
7    defenses at each stage of the litigation including class cert,
8    summary judgment and trial.  We would face steep monetary
9    expenses associated with discovery and retention of experts to
10   rebut these defenses.  We think the settlement secures their
11   immediate cooperation which is particularly valuable at this
12   stage of litigation as co-lead counsel attempt to negotiate a
13   settlement.
14              Accordingly, the benefits of settlement outweigh the
15   costs and risks associated with further litigation against
16   these defendants.
17              Grinnell factor 7 is the ability to withstand a
18   greater judgment.  It is possible that Wells Fargo and JP
19   Morgan can withstand a greater judgment, however, given the
20   costs and risks of further litigation against each of these
21   defendants as well as the ongoing difficult financial climate,
22   the settlement represents a significant recovery.
23              Factors 8 and 9, the range of reasonableness of the
24   settlement fund in light of the best possible recovery and all
25   attendant risks of litigation.  The settlement contains a

1   substantial cash payment of over $77 million and valuable
2   cooperation that will likely improve our chance of recovery
3   from non-settling defendants.
4            For all of these reasons, plaintiffs respectfully
5   submit that the settlement with Wells Fargo and JP Morgan are
6   fair, reasonable and adequate.
7            In terms of finding under Rule 23(e)(1) that the
8   notice was reasonable and Rule 23(c)(2)(b) that this was the
9   best notice practicable, we will note for the record that we
10  submitted the Livesay and Miller affidavits to the Court
11  establishing that the notices for the settlement took place
12  timely and in full accord with the order that this Court
13  entered regarding our notice plan.
14           I can go into that further, your Honor, if you wish,
15  but we will say that direct notice was mailed timely and we
16  made publication notice in 22 publications, each of that
17  contained abbreviated information regarding the settlement
18  including the monetary terms and each direct notice to
19  plaintiff received information in plain language about the
20  action.
21           So plaintiffs respectfully submit that the notice
22  program comports with due process and the requirements of Rule
23  23.
24           Turning to the CAFA notice, under the settlement
25  agreement, each defendant was required to file with the notice

1    requirements of CAFA.  JP Morgan has timely complied with the
2    CAFA notice and the 90-day waiting period has expired.  The
3    actual CAFA notice is attached to plaintiffs' proposed final
4    approval order for JPM.  Nothing prevents this Court from entry
5    of this order.
6            Wells Fargo issued its CAFA notice November 18, 2012
7    and as a result, under CAFA, this Court cannot grant final
8    approval until the expiration of 90 days or February 15, 2014.
9    Once that statutory waiting period has expired, the Wells Fargo
10   approval order can be entered by the Court.
11           I have nothing further.
12           THE COURT:  Thank you.
13           Anything from any of the defendants for the Court's
14   consideration?
15           MR. RICE:  Unless your Honor has any questions,
16   nothing from JP Morgan.
17           MR. VIAPIANO:  Your Honor, for Wells Fargo the only
18   thing I would add, we have spoken to the two addressees of the
19   OCC as to Wells Fargo CAFA notice and we are authorized to
20   represent that the OCC believes that after the 90 days have
21   passed from February 15th that it has received adequate notice
22   under CAFA and has no intention of objecting either to the
23   notice or to the substance of the settlement of Wells Fargo.
24           THE COURT:  Thank you.
25           Upon consideration of the submission from the parties,

1    the draft of the final settlement and the record of the case up
2    to this point, the Court finds that granting final approval to
3    the settlement with defendants JP Morgan and Wells Fargo is
4    warranted.  I find the factors of the Second Circuit in
5    Grinnell to be present here.
6             I am satisfied that the settlement is adequate, fair
7    and reasonable in light of the various considerations of the
8    complexity of this case being antitrust and involving many,
9    many parties from both sides; the response of the class
10   indicating no objections; the stage of the proceedings; the
11   discovery; the extent and the amount of discovery that would be
12   obviated by the settlement; the various risks of liability and
13   damages; the potential defenses that would have to be litigated
14   if the case proceeds; the impact of the settlement on the
15   non-settling defendants at this point as far as the plaintiffs,
16   it may enhance the ability of the plaintiffs to bring about
17   additional settlements.
18            Overall, I am satisfied that the Grinnell factors have
19   been demonstrated here.
20            I also find that the notice of the settlement under
21   Rule 23 and due process are satisfied as well and I make those
22   findings.
23            So I will endorse the granting of the final approval
24   as to JP Morgan Chase and I will withhold the approval of Wells
25   Fargo until on or after February 15, 2013.

1                Is there anything else, Ms. Jones?
2                MS. JONES:  No, your Honor.
3                THE COURT:  Anything else from defense?
4                MR. RICE:  No, your Honor.  Thank you.
5                THE COURT:  Thank you very much.
6           Have a good day and a good holiday.
7                MS. JONES:  Would it be inconvenient for the Court for
8    us to hand up the orders to your clerk?
9                THE COURT:  Not at all, if you have final copies.
10               MS. JONES:  Thank you.

                              o   0   o