UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ) <br> ) <br> ANTITRUST LITIGATION ) <br> ) <br> _____ ) <br> ) <br> This Document Relates to: ) <br> ) <br> ALL ACTIONS ) <br> ) <br> _____ ) | Master Docket No. 08 Civ. 2516 (VM) (GWG) <br><br> MDL No. 1950 <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC # _____ <br> DATE FILED: 2/25/16 |

[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT AND
APPROVING FORM OF NOTICE TO CLASS MEMBERS

WHEREAS, pursuant to the Settlement Agreements dated February 2016 ("Agreements"), Class Plaintiffs' Counsel[3] have applied for an order preliminarily approving the terms and conditions of the Settlement with defendants UBS AG ("UBS"), Société Générale, S.A. ("Soc Gen"), Natixis Funding Corp., f/k/a IXIS Funding Corp., and before that, f/k/a CDC Funding Corp. ("Natixis"), Piper Jaffray & Co. ("Piper"), National Westminster Bank plc ("NatWest"), and George K. Baum & Company ("GK Baum") (collectively, "Defendants"), as set forth in the Agreements, together with any Exhibit annexed thereto and any Supplemental Agreement referenced in the Agreement;

WHEREAS, the Agreements require, among other things, that all Released Claims against Releasees be settled and compromised;

WHEREAS, Defendants have joined in this application; and

---

[3] Capitalized terms herein have the same meaning as in the Agreements.

WHEREAS, this Court having considered the Agreements and any Exhibit annexed thereto, Class Plaintiffs' Motion for Preliminary Approval of the Settlement and all papers filed in support of such motion;

NOW, THEREFORE, pursuant to the Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the respective Agreements.

2. The Court preliminarily approves the Settlements as set forth in the Agreements, including the releases contained therein, as being fair, reasonable, and adequate to the Class, subject to the right of any Class Member to challenge the fairness, reasonableness, or adequacy of the Agreements and to show cause, if any exists, why a final judgment dismissing the Action against Defendants, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreements and after a hearing on final approval.

3. The Court finds that the Agreements were entered into at arm's length by highly experienced counsel and are sufficiently within the range of reasonableness that notice of the Agreements should be given as provided in the Agreements.

4. The Court conditionally certifies the Class (set forth herein) for purposes of the Settlement as to Defendant UBS:

> All state, local, and municipal government entities; independent government agencies; quasi-government, non-profit, and private entities that purchased Municipal Derivatives from Defendant or any Alleged Provider Defendant or Alleged Provider Co-Conspirator, or through any Alleged Broker Defendant or Alleged Broker Co-Conspirator, at any time from January 1, 1992, through August 18, 2011, in the United States and its territories or for delivery in the United States or its territories. Excluded from the

>   class are (a) Defendant; and (b) any Alleged Provider Defendant, Alleged Provider Co-Conspirator, Alleged Broker Defendant, or Alleged Broker Co-Conspirator. Also excluded from the class are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

The Court also conditionally certifies the Classes set forth in paragraph 4 of each of the other Settlement Agreements.

5. The Court finds that the certification of each Class for purposes of each Settlement as to each Defendant is warranted in light of the Settlement because: (i) each Class is so numerous that joinder is impracticable; (ii) Class Plaintiffs' claims present common issues that are typical of each Class; (iii) Class Plaintiffs and Class Plaintiffs' Counsel will fairly and adequately represent each Class; and (iv) common issues predominate over any individual issues affecting the Class Members. The Court further finds that Class Plaintiffs' interests are aligned with the interests of all other Class Members. The Court also finds that resolution of this Action on a class basis for purposes of the Settlements as to Defendants is superior to other means of resolution.

6. The Court hereby appoints Class Plaintiffs' Counsel as counsel to the Class for purposes of the Settlements, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. Class Plaintiffs City of Baltimore, Maryland, and the Central Bucks School District will serve as representatives of the Classes for purposes of the Settlement.

8. The Court appoints Rust Consulting, a competent firm, as the Claims Administrator. The Claims Administrator shall have the responsibilities indicated in the Agreement.

9.  As of the date hereof, all proceedings in the Action as to Defendants shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlements or comply with the terms of the Agreements.

10. All protective orders in force as of the date of this Order are hereby amended to apply to all materials and information provided by Defendant in connection with the Settlement (including but not limited to information with respect to the potential or actual Class Members).

11. The Court hereby schedules a hearing to occur on ___July 8___, 2016, at _2:00_ p.m. in Courtroom __11B__ at __500 Pearl St.__ to determine whether (i) the proposed Settlements as set forth in the Agreements, should be finally approved as fair, reasonable, and adequate pursuant to the Federal Rule of Civil Procedure 23; (ii) the Final Approval Order and Judgment should be entered; and (iii) the application of Class Plaintiffs' Counsel for an award of Fees and Expenses in this matter should be approved.  The Motion for Final Approval shall be filed thirty (30) days before the Settlement Hearing.  No later than twenty (20) days before the Settlement Hearing, all papers shall be filed and served by objectors or persons other than the parties to the Action.  No later than seven (7) days before the Settlement Hearing, all relevant reply papers shall be filed and served by the Parties to the Action.

12. Neither this Order, the Agreements, the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreements or Settlements is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendants or (ii) of any fault or omission of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

13. Neither this Order, the Agreements, the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreements or Settlements is or may be used as an admission or evidence that the claims of Class Plaintiffs lacked merit in any proceeding against anyone other than Defendants in any court, administrative agency, or other tribunal.

14. In the event that any Agreement is terminated in accordance with its provisions, that Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Class Plaintiffs, Defendant, and the Class Members.

15. No later than ten (10) days after the Motion for Preliminary Approval of the Settlements has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Defendants will serve any supplemental CAFA Notice as appropriate. Pursuant to 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held, and no Final Approval Order and Judgment shall issue, until after ninety (90) days following the completion by Defendant of the notice requirement in 28 U.S.C. § 1715.

ENTERED this 27th day of February 2016.

Hon. Victor Marrero