UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

SDNY
MEN:
TRONICALLY FILED
#:
E FIL: 1/18/17

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**ORDER FOR NOTICE OF MOTION SEEKING ENTRY OF
UNOBJECTED-TO ORDER RELATING TO SETTLEMENT FUND
ADMINISTRATION AND SUPPLEMENTAL EXPENSE APPLICATION**

This Court, having read the papers submitted in connection with the Class Plaintiffs' Notice of Motion Seeking Entry of Unobjected-To Order Relating to Settlement Fund Administration and Supplemental Expense Application ("the Motion"), hereby ORDERS that the Motion is GRANTED.

WHEREAS, settlement funds were created from settlements reached with Morgan Stanley; JPMorgan Chase & Co., J.P. Morgan Securities LLC, n/k/a J.P. Morgan Securities LLC, and Bear Stearns & Co., Inc., n/k/a J.P. Morgan Securities LLC; Wachovia Bank, N.A., n/k/a Wells Fargo Bank, N.A., and Wells Fargo & Company; Bank of America, N.A. ("BOA") and Trinity Funding Co., LLC; Trinity Plus Funding Co., LLC; and GE Funding Capital Market Services, Inc. (the "Tranche 1" settlement funds), the distribution of which was approved by the Court on June 6, 2014 (Dkt. No. 1904) (amended, March 18, 2016 at Dkt. No. 2006);

WHEREAS, settlement funds were created from settlements reached with Société Générale, S.A., Nataxis Funding Corp., f/k/a IXIS Funding Corp., and before that, f/k/a CDC Funding Corp., Piper Jaffray & Co., George K. Baum Company, National Westminster Bank

1

plc., and UBS AG (the "Tranche 2" funds, and together with the Tranche 1 funds, the "Settlement Funds"), the distribution of which was approved on March 11, 2016 at Dkt. No. 2004;

WHEREAS, Class Plaintiffs' Lead Counsel (consisting of Hausfeld LLP, Boies Schiller Flexner LLP, and Susman Godfrey LLP) seek to finalize distribution of funds from Tranche 1 and distribute funds from Tranche 2, and seek approval of their final expense application;

WHEREAS notice of this requested relief was sent to interested claimants in a manner approved by this Court (Dkt. 2054), none of whom have objected;

It is FURTHER ORDERED as follows:

1. All funds not distributed from the Tranche 1 settlements shall be redistributed to those who claim funds from the Tranche 2 settlements, using the same pro rata distribution plan approved by this Court for Tranche 1 settlements (see Dkt. No. 1904 (approving Distribution Plan, submitted at Dkt. No. 1876-1)). The claims of any person or entity that did not cash its Tranche 1 settlement check as May 18, 2017 are deemed withdrawn. The sole exception is that one uncashed check for $54,456.00 from Tranche 1 shall be reissued.

2. Class Plaintiffs Lead Counsel and the Claims Administrator (Rust Consulting, Inc.) are hereby authorized to distribute funds from the Tranche 2 settlements according to the distribution plan approved on March 11, 2016 at Dkt. No. 2004.

3. The claims for distributions from the Tranche 2 settlement funds that the Claims Administrator deemed ineligible, as set forth in Exhibit G to the Declaration of Jessica Jenkins in Support of Class Plaintiffs' Distribution Motion, filed on May 18, 2017 at Dkt. No. 2053-2, are ineligible for any distribution from the Tranche 2

settlement funds for the reasons stated in the Motion, as are any claims filed after the date of that declaration.

4. All persons involved in the review, verification, calculation, tabulation or any other aspect of the processing of the distribution of the Settlement Funds, including the Claims Administrator, Class Plaintiffs, Class Counsel, Defendants, and Defense Counsel, are hereby released and discharged from any and all claims arising out of such involvement for the reasons stated in the Motion.

5. Claimants to funds from the Settlement Funds, whether or not they receive a distribution from the Settlement Funds, are hereby barred from making any further claims against the Settlement Funds for the reasons stated in the Motion.

6. The Claims Administrator may discard both electronic and paper copies of claim forms and all supporting documentation two years after the distribution of the Settlement Funds for the reasons stated in the Motion.

7. If there is any balance remaining in the Settlement Funds (whether by reason of tax refunds, uncashed checks, or otherwise), Class Plaintiffs' Lead Counsel shall submit an additional distribution plan to the Court for approval.

8. This case will remain open until all proceeds from the Settlement Funds have been distributed – and Class Counsel will notify the Court when that occurs.

9. Class Plaintiffs' Lead Counsel (consisting of Hausfeld LLP, Boies Schiller & Flexner LLP, and Susman Godfrey LLP) shall be reimbursed $447,244.48 in costs and expenses reasonably incurred in representing the Class in prosecuting and settling this action, to be paid out of the Settlement Funds.

10. Class Plaintiffs' Lead Counsel shall have the sole authority to distribute the expenses

reimbursed pursuant to this Order in a manner which, in the opinion of Lead Counsel, fairly compensates other firms.

11. Reasonable costs and expenses borne by the Claims Administrator in administering and disbursing funds may be reimbursed from the Settlement Funds without further order of the Court.

It is SO ORDERED this 18th day of July, 2017.

_____
Victor Marrero
United States District Court Judge